

U.S. Department of Justice

Antitrust Division

---

*Liberty Place Building*
*325 Seventh Street NW*
*Washington, D.C. 20530*

March 28, 2006

Lucius B. Lau
White & Case LLP
701 Thirteenth Street, N.W.
Washington, D.C. 20005

      Re:    <u>Stolt-Nielsen v. United States</u>, Civil Case No. 1:05cv02217 (D.D.C.)

Dear Mr. Lau:

      This letter is a supplemental and final response to your six Freedom of Information Act (FOIA) requests, 5 U.S.C. § 552, at issue in the above-entitled litigation. These requests bear Stolt-Nielsen's ("Stolt's") request numbers one through six and Antitrust Division ("ATR") Control Numbers ATFY05-071, ATFY05-072, ATFY05-080, ATFY05-088, ATFY05-113, and ATFY05-131, all of which were submitted in the 2005 Fiscal Year ("FY"). The letter also confirms the revisions to those requests (described below) to which we agreed during our January 10, 2006 meeting.

      You will recall that, on September 13, 2005 the Antitrust Division produced 280 pages of documents responsive to five of the six requests noted above. At our January 10, 2006 meeting you amended the scope of the first five requests, in some cases limiting the information in which you are interested and, in others, adding requests for information not previously sought. You stated that in the interest of narrowing or dismissing the above-entitled action, you would be willing to withdraw requests for which we: produce all responsive records requested, redacted as appropriate pursuant to identified exemptions; state whether records responsive to a request or a portion of a request exist; state whether responsive documents, including their volume, exist but are withheld in full pursuant to identified exemptions. The following responds to all six requests subject to the above-entitled litigation.

      During our January 10, 2006 meeting we also discussed four of the six FOIA requests you submitted in FY 2006: Stolt Numbers seven through ten: ATR Control Numbers ATFY06-002, ATFY06-003, ATFY06-019 and ATFY06-026. Two additional requests were submitted after January 10, 2006 and, therefore, were not addressed in the meeting. I am in receipt of a courtesy copy of the complaint and related documents filed on March 14, 2006 concerning these six FOIA requests. We are completing the processing of information responsive to these six requests and plan to release all disclosable information in the near future.

GOVERNMENT EXHIBIT 4

**Stolt No. 1: ATR Control No. ATFY05-071. The December 4, 2002 Meeting**

As originally submitted, this request seeks internal memoranda or notes relating to a December 4, 2002 meeting between Division officials and Stolt counsel, John Nannes, regarding Stolt's application to the Division's Leniency Program. We located seven sets of notes (forty pages) responsive to this request. All forty pages are exempt from disclosure pursuant to Exemption 5 of the FOIA, 5 U.S.C. § 552(b)(5), which exempts from disclosure information subject to the work-product doctrine and/or the deliberative process privilege of that exemption. The notes are also exempt from disclosure pursuant to Exemption 7C of the FOIA, 5 U.S.C. § 552(b)(7)(C), because their release could reasonably be expected to constitute an unwarranted invasion of personal privacy.

During our January 10, 2006 discussion of this request, you asked for notes or memoranda concerning a purported conversation between Deputy Assistant Attorney General ("DAAG") Scott D. Hammond and Antitrust Division staff during a break in the December 4, 2002 meeting with John Nannes, which is referred to in paragraph 25a of your recently filed complaint in relation to the March 3, 2005 National Institute on White Collar Crime. The Division has no records responsive to this amended portion of the request.

Based upon the foregoing, we assume that you will dismiss request Stolt No. 1: ATR Control No. ATFY05-071 from the above-entitled litigation.

**Stolt No. 2: ATR Control No. ATFY05-072. Speeches by Deputy Assistant Attorney General Scott Hammond and Information About the Article Entitled *The Curious Case of Stolt-Nielsen S.A. v. United States***

The first portion of this request seeks copies of and notes relating to speeches given by DAAG Hammond at the following venues: Las Vegas, Nevada (March 3-4, 2005); the ABA Spring 2005 Meeting in Washington, D.C. (March 30 - April 1, 2005); and Langdon Hall, Toronto, Canada (May 6, 2005), as well as other public speeches by Mr. Hammond. Copies of these speeches were released to you in their entirety in our September 13, 2005 response. You will note that none of the above speeches discuss Stolt or possible future action(s) against Stolt. Nor do any other written speeches by Mr. Hammond. The second portion of the request seeks drafts of the article, *The Curious Case of Stolt-Nielsen S.A. v. United States*, and documents relating to the article. Records responsive to this portion of the request were disclosed in our September 13, 2005 response and additional documents responsive to this portion are being produced to you today.

In addition to the amendment above, you limited the scope of this request to the following records, some of which are sought in the request as originally submitted and others that were added during our meeting:

2

- Brochures or programs discussing the contents of the above speeches or reflecting any discussion of the presentation with the sponsor of the event. The Division has no documents in its possession that are responsive to this portion of the request.

- Notes or typed outlines of Mr. Hammond's speeches. Documents responsive to this portion of the request are discussed below.

- Emails exchanged between or among Antitrust Division staff concerning the above speeches. Documents responsive to this portion of the request are discussed below.

- You also inquired whether the Division is in possession of any type of recordings of DAAG Hammond's speech at Langdon Hall, Toronto, Canada. The Division has no recordings of this speech or any other speeches.

We are enclosing two documents (22 pages) of documents in response to this request. In addition, we are withholding seven documents (36 pages) in their entirety. These seven documents reflect attorney work-product and the deliberative process of Antitrust Division staff and are, accordingly, exempt from public disclosure pursuant to 5 U.S.C. § 552(b)(5). Certain portions of these documents also reflect information which, if released, could reasonably be expected to constitute an unwarranted invasion of personal privacy and are, accordingly, exempt from public disclosure pursuant to FOIA Exemption 7C, 5 U.S.C. § 552(b)(7)(C). These seven documents also relate to ongoing enforcement proceedings and their disclosure could reasonably be expected to interfere with such proceedings. Accordingly, this material is withheld from public disclosure pursuant to FOIA Exemption 7A, 5 U.S.C. § 552(b)(7)(A).

You stated that this request, Stolt No. 2: ATR Control No. ATFY05-072, would be satisfied by a statement of the existence *vel. non* of the above listed records and, if the records exist but are withheld, the volume of those records. Having provided answers to the above listed information, we assume you will dismiss request.

## Stolt No. 3: ATR Control No. ATFY05-080. The Opening of the Stolt Investigation

As originally submitted, this request sought information relating to the opening of the parcel tanker investigation, particularly the Preliminary Inquiry Memorandum (PI Memo). The PI Memorandum was withheld from disclosure in its entirety from our September 13, 2005 response to this request because it reflects attorney work-product and the deliberative processes of Antitrust Division staff and is, therefore, exempt from public disclosure pursuant to 5 U.S.C. § 552(b)(5). It also relates to ongoing enforcement proceedings and its disclosure could reasonably be expected to interfere with such proceedings. Accordingly, it is also exempt from public disclosure pursuant to 5 U.S.C. § 552(b)(7)(A). Certain portions of this document also reflect information which, if released, could reasonably be expected to constitute an unwarranted invasion of personal privacy and disclosure the identity of a confidential source of information. These portions and are

therefore withheld from public disclosure pursuant to 5 U.S.C. §§ 552(b)(7)(C) and (7)(D). Finally, one portion of the document reflects information exempt pursuant to statute and, accordingly, is withheld pursuant to FOIA Exemption 3, 5 U.S.C. § 552(b)(3).

At our January 10, 2006 meeting you limited your request for the PI Memo to its date. As noted above, the PI memo is exempt in its entirety.

However, because you seek the date of the opening of the investigation, we are enclosing copies of the title page and two pages of text (three pages) of Jim Griffin's April 13, 2004 testimony before Judge Savage. The testimony reflects the date of the opening of the parcel tanker industry investigation.

**Stolt No. 4: ATR Control No. ATFY05-088. International Competition Network (ICN) Communications**

During our January 10, 2006 meeting you limited this request to speeches or outlines of presentations concerning any investigation of Stolt, the parcel tanker industry, or the Stolt amnesty revocation by any official of the Antitrust Division at an International Competition Network (ICN) meeting. We reviewed all published speeches by Division officials from January 2002 to date. None of these speeches, including any at an ICN meeting, is responsive to this request.

**Stolt No. 5: ATR Division Control No. ATFY05-113. Correspondence Relating to the Article Entitled *The Curious Case of Stolt-Nielsen S.A. v. United States***

You limited this request to a January 26, 2005 email from Robert Connolly to DAAG Hammond that was copied to James Walden. The email had been inadvertently redacted when originally released on September 13, 2005. We forwarded a corrected version of that email to you on January 31, 2006. Given that we have produced the above-described record, it is our understanding that you will dismiss this request.

**Stolt No. 6: ATR Control No. ATFY05-131: Communications to or from Specified Entities and Individuals**

On September 29, 2005 the Division responded to your sixth FOIA request, Stolt No. 6: ATR Control No. ATFY05-131, withholding all responsive records on the grounds that their disclosure could reasonably be expected to interfere with enforcement proceedings. Upon further review of the records released on September 13, 2005 we determined that we had, at that time, disclosed a number of documents responsive to this request.

In our subsequent search for any additional records responsive to Stolt No. 6: ATR Control No. ATFY05-131 we located and are releasing 109 pages of records responsive to this request. Redacted portions of certain of these documents reflect attorney work-product and the

4

deliberative process of Antitrust Division staff and are, therefore, exempt from public disclosure pursuant to 5 U.S.C. § 552(b)(5). Certain portions of this document also reflect information which, if released, would constitute an unwarranted invasion of personal privacy and are, accordingly, withheld from public disclosure pursuant to FOIA Exemption 6, 5 U.S.C. § 552(b)(6). Other portions of these records relate to ongoing enforcement proceedings, the disclosure of which could reasonably be expected to interfere with such proceedings. Those document portions are, accordingly, withheld from public disclosure pursuant to 5 U.S.C. § 552(b)(7)(A).

In addition, we are withholding sixty-two documents (130 pages) in their entirety. Sixty-one of these sixty-two documents reflect attorney work-product and the deliberative processes of Antitrust Division staff and are exempt from public disclosure pursuant to 5 U.S.C. § 552(b)(5). Certain portions of these documents also relate to the following: (1) ongoing enforcement proceedings, the disclosure of which could reasonably be expected to interfere with such proceedings and are, accordingly, exempt from public disclosure pursuant to 5 U.S.C. § 552(b)(7)(A); (2) information which, if released, could reasonably be expected to constitute an unwarranted invasion of personal privacy, withheld from public disclosure pursuant to 5 U.S.C. § (b)(7)(C); (3) the identity of a confidential source of information, withheld from public disclosure pursuant to 5 U.S.C. § 552(b)(7)(D); and (4) matters occurring before a federal grand jury and thus exempt pursuant to Rule 6(e) of the Federal Rules of Criminal Procedure and 5 U.S.C. § 552(b)(3).

If this letter misstates any of your amendments and/or limitations to the FOIA requests discussed above, or if you have any questions about this response to those requests, please do not hesitate to contact United States Attorney Charlotte Abel at 202-307-2332. Thank you for your patience and cooperation.

Sincerely,

Ann Lea Richards
Chief, Freedom of Information Act Unit

Enclosures

cc: Charlotte Abel



**U.S. Department of Justice**

Antitrust Division

*Liberty Place Building*
*325 Seventh Street NW*
*Washington, D.C. 20530*

March 29, 2006

BY FACSIMILE

Lucius B. Lau
White & Case LLP
701 Thirteenth Street, N.W.
Washington, D.C. 20005

      Re:   *Stolt-Nielsen v. United States*, Civil
              Case No. 1:05cv02217 (D.D.C.): Errata

Dear Mr. Lau:

     This letter is to correct two errors in the penultimate paragraph of our March 28, 2006 response to Stolt-Nielsen's Freedom of Information Act (FOIA) requests numbered one through six and bearing Antitrust Division ("ATR") Control Numbers ATFY05-071, ATFY05-072, ATFY05-080, ATFY05-088, ATFY05-113, and ATFY05-131. The changes are identified by the page and the line number of that paragraph. Deleted text is struck out; added text is in bold.

Page 5, line 1.

    ~~Sixty-one of~~ **These** ~~sixty-two~~ documents reflect attorney work-product and the . . .

Page 5, line 9.

    . . . pursuant to 5 U.S.C. § **552(b)(7)(C);** (3) the identity of a confidential source of . . .

                                  Sincerely,

                                  Ann Lea Richards
                                  Chief, Freedom of Information Act Unit

cc:  Charlotte Abel