

U.S. Department of Justice

Antitrust Division

*Liberty Place Building*
*325 Seventh Street NW*
*Washington, DC 20530*

April 27, 2006

Lucius B. Lau
Mark Gidley
White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Re: Freedom of Information Act Request No. ATFY06-026

Dear Messrs. Lau and Gidley:

This letter responds to a December 7, 2005 Freedom of Information Act (FOIA) request submitted by Ruta Kalvaitis Skuĉas of your firm, for any and all materials relating to communications, presentations, or speeches by any Antitrust Division official to the participants in the International Competition Network ("ICN") which discuss in any way SNTG, SNTG's status in the Division's Amnesty Program, the circumstances and rationale for what you characterize as the Division's "attempted" withdrawal of amnesty from SNTG, and/or the litigation with SNTG over SNTG's amnesty status in the Eastern District of Pennsylvania, the appeal to the U.S. Court of Appeals for the Third Circuit and/or the investigation into SNTG (the "SNTG matters"). Ms. Skuĉas' request includes, but is not limited to the following: (1) presentations, speeches and discussions ("speeches"), including copies of speeches, PowerPoint slides, speech outlines, audio or video recordings of speeches including audio tapes, video tapes, CD-ROM or DVDS, notes of any DOJ participant at a presentation or speech, email communications, and any other documents related to any speeches (collectively "speeches and speech-related materials") made to the ICN by any Antitrust Division officials or any other ICN member relating to the SNTG matters; (2) electronic mail or facsimile communications between Antitrust Division officials and ICN members relating to the SNTG matters; and (3) any documents within the possession or control of the Antitrust Division or its officials memorializing communications, correspondence, presentations, meeting minutes or agenda relating to the SNTG matters with ICN members. This request is a subject of the current lawsuit filed by your client styled *Stolt-Nielsen Transportation Group Ltd. v. United States Department of Justice* (D.D.C. filed March 14, 2006).

We are enclosing fourteen pages responsive to this request. Redacted portions of certain of these pages reflect the following: the deliberative process privilege and attorney work-product doctrine prongs of Exemption 5, 5 U.S.C. § 552(b)(5); information the release of would constitute an unwarranted invasion of personal privacy, withheld from public disclosure pursuant

GOVERNMENT EXHIBIT 8

to 5 U.S.C. § 552(b)(6); and, information the release of which could reasonably be expected to constitute an unwarranted invasion of personal privacy, withheld from public disclosure pursuant to 5 U.S.C. § 552(b)(7)(C).

In addition, we are withholding sixty-eight documents (154 pages) in their entirety. Sixty-six of the sixty-eight documents reflect the deliberative process privilege and attorney work-product doctrine prongs of Exemption 5, and are, accordingly, withheld pursuant to 5 U.S.C. § 552(b)(5). Certain of these sixty-six documents also reflect information relating to ongoing enforcement proceedings and their disclosure could reasonably be expected to interfere with such proceedings, exempt from public disclosure pursuant to 5 U.S.C. § 552(b)(7)(A); information which could reasonably be expected to constitute an unwarranted invasion of personal privacy, withheld from public disclosure pursuant to 5 U.S.C. § 552(b)(7)(C); the identities of confidential sources of information, withheld from public disclosure pursuant to 5 U.S.C. § 552(b)(7)(D); and matters occurring before a federal grand jury. The latter is withheld from public disclosure pursuant to Federal Rule of Criminal Procedure 6(e) and 5 U.S.C. § 552(b)(3). Two of the sixty-eight documents (23 pages) reflect matters occurring before a federal grand jury and information which relates to ongoing enforcement proceedings and their disclosure could reasonably be expected to interfere with such proceedings. These documents are exempt pursuant to Federal Rule of Criminal Procedure 6(e), and 5 U.S.C. § 552(b)(3) and 5 U.S.C. § 552(b)(7)(A), respectively.

We were unable to locate any additional documents responsive to this request.

Sincerely yours,

Ann Lea Richards
Chief, FAIA/PA

Enclosures