# Exhibit 1

Case 1:06-cv-00474-RJL    Document 15-2    Filed 05/13/2006    Page 1 of 6



# Department of Justice

## CORPORATE LENIENCY POLICY

The Division has a policy of according leniency to corporations reporting their illegal antitrust activity at an early stage, if they meet certain conditions. "Leniency" means not charging such a firm criminally for the activity being reported. (The policy also is known as the corporate amnesty or corporate immunity policy.)

A.  **Leniency Before an Investigation Has Begun**

Leniency will be granted to a corporation reporting illegal activity before an investigation has begun, if the following six conditions are met:

1. At the time the corporation comes forward to report the illegal activity, the Division has not received information about the illegal activity being reported from any other source;

2. The corporation, upon its discovery of the illegal activity being reported, took prompt and effective action to terminate its part in the activity;

3. The corporation reports the wrongdoing with candor and completeness and provides full, continuing and complete cooperation to the Division throughout the investigation;

4. The confession of wrongdoing is truly a corporate act, as opposed to isolated confessions of individual executives or officials;

5. Where possible, the corporation makes restitution to injured parties; and

6. The corporation did not coerce another party to participate in the illegal activity and clearly was not the leader in, or originator of, the activity.

B. **Alternative Requirements for Leniency**

If a corporation comes forward to report illegal antitrust activity and does not meet all six of the conditions set out in Part A, above, the corporation, whether it comes forward before or after an investigation has begun, will be granted leniency if the following seven conditions are met:

1. The corporation is the first one to come forward and qualify for leniency with respect to the illegal activity being reported;

2. The Division, at the time the corporation comes in, does not yet have evidence against the company that is likely to result in a sustainable conviction;

3.  The corporation, upon its discovery of the illegal activity being reported, took prompt and effective action to terminate its part in the activity;

4.  The corporation reports the wrongdoing with candor and completeness and provides full, continuing and complete cooperation that advances the Division in its investigation;

5.  The confession of wrongdoing is truly a corporate act, as opposed to isolated confessions of individual executives or officials;

6.  Where possible, the corporation makes restitution to injured parties; and

7.  The Division determines that granting leniency would not be unfair to others, considering the nature of the illegal activity, the confessing corporation's role in it, and when the corporation comes forward.

In applying condition 7, the primary considerations will be how early the corporation comes forward and whether the corporation coerced another party to participate in the illegal activity or clearly was the leader in, or originator of, the activity.  The burden of satisfying condition 7 will be low if the corporation comes forward before the Division has begun an investigation into the illegal activity.  That burden will increase the closer the Division comes to having evidence that is likely to result in a sustainable conviction.

C. **Leniency for Corporate Directors, Officers, and Employees**

If a corporation qualifies for leniency under Part A, above, all directors, officers, and employees of the corporation who admit their involvement in the illegal antitrust activity as part of the corporate confession will receive leniency, in the form of not being charged criminally for the illegal activity, if they admit their wrongdoing with candor and completeness and continue to assist the Division throughout the investigation.

If a corporation does not qualify for leniency under Part A, above, the directors, officers, and employees who come forward with the corporation will be considered for immunity from criminal prosecution on the same basis as if they had approached the Division individually.

D. **Leniency Procedure**

If the staff that receives the request for leniency believes the corporation qualifies for and should be accorded leniency, it should forward a favorable recommendation to the Office of Operations, setting forth the reasons why leniency should be granted. Staff should not delay making such a recommendation until a fact memo recommending prosecution of others is prepared. The Director of Operations will review the request and forward it to the Assistant Attorney General for final decision. If the staff recommends against leniency, corporate counsel may wish to seek an appointment with the Director of Operations to make their

4

views known.  Counsel are not entitled to such a meeting as a matter of right, but the opportunity will generally be afforded.

                                            Issued August 10, 1993