# Exhibit 11



U.S. Department of Justice

Antitrust Division

*Philadelphia Office*

| | |
|---|---|
| *The Curtis Center, Suite 650 W* | *215/597-7405* |
| *170 S. Independence Mall West* | *(Commercial & FTS)* |
| *7th and Walnut Streets* | *FAX 215/597-8838* |
| *Philadelphia, Pennsylvania 19106-2424* | |

Direct Dial:
(215) 597-1058

Reply to:
60-483111-0002

April 8, 2003

Express Mail

John M. Nannes, Esquire
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W.
Washington, DC 20005-2111

Re:    Stolt-Neilsen Transportation Group Ltd.

Dear Mr. Nannes:

I am writing to confirm our telephone conversation of April 8, 2003, in which I informed you that the Antitrust Division of the United States Department of Justice is considering whether to withdraw the conditional leniency granted on January 15, 2003, to your client, Stolt-Nielsen Transportation Group Ltd. (Bermuda) (hereinafter SNTG). The grant of conditional leniency was based, *inter alia*, on SNTG's representation that in or about March 2002 it "took prompt and effective action to terminate its part in the anticompetitive activity being reported upon discovery of the activity."[1]

The Antitrust Division has received specific, credible evidence that SNTG did not terminate its part in the illegal activity in or about March 2002, and that in fact it continued its illegal activities until at least as late as the second half of 2002. If further investigation substantiates that SNTG did not terminate its part in the conspiracy as it represented when seeking leniency, the Antitrust Division intends to withdraw the conditional leniency granted to SNTG.

Accordingly, we are hereby suspending all obligations of SNTG to cooperate under the terms of the conditional leniency letter. Enclosed is a subpoena *duces tecum* to SNTG for documents relating to the investigation. Further, the interview of Philip Fecher pursuant to the

---

[1] Conditional Leniency Letter, dated January 15, 2003, to John M. Nannes, Esquire from James M. Griffin, Deputy Assistant Attorney General, January 15, 2003, Paragraph 1(a).

conditional leniency letter is cancelled. Also enclosed is a subpoena for Mr. Fecher. In light of the present circumstances, it is the Division's position that Mr. Fecher should obtain separate counsel. We agree to postpone his appearance until he has had an opportunity to consult with new counsel. We also withdraw our request to interview Stephen White.

Before the Division makes a final determination in this matter, STNG will have an opportunity to present its position to James M. Griffin, Deputy Assistant Attorney General.

Sincerely yours,

ROBERT E. CONNOLLY
Chief
Philadelphia Office
Antitrust Division

Enclosures

# United States District Court

EASTERN _____ DISTRICT OF _____ PENNSYLVANIA

TO: Custodian of Records
     Stolt-Neilsen Transportation Group Ltd.

## SUBPOENA TO TESTIFY
## BEFORE GRAND JURY

SUBPOENA FOR:

☐ PERSON   ☒ DOCUMENTS OR OBJECT(S)

    YOU ARE HEREBY COMMANDED to appear and testify before the Grand Jury of the United States District Court at the place, date, and time specified below.

| PLACE | ROOM |
|---|---|
| Robert Nix Federal Building<br>900 Market Street<br>Room 601<br>Philadelphia, PA 19107-4299 | Room 601 |
| | DATE AND TIME<br>April 16, 2003<br>9:30 a.m. |

    YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):*
See attached.

☐ *Please see additional information on reverse*

    This subpoena shall remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court.

| CLERK | DATE |
|---|---|
| *[signature]* | April 6, 2003 |
| (BY) DEPUTY CLERK | 60-483111-0002 |

This subpoena is issued upon application
of the United States of America

NAME, ADDRESS AND PHONE NUMBER OF ASSISTANT U.S. ATTORNEY
Antonia R. Hill
Attorney for the United States of America
Antitrust Division, Department of Justice
The Curtis Center, Suite 650 West
170 South Independence Mall West
Philadelphia, PA 19106; Tel.: 215-597-1058

*If not applicable, enter "none."    To be used in lieu of AO110    FORM OBD-223
JAN 86

## ATTACHMENT A

I

## PRELIMINARY INSTRUCTIONS

A.   Unless otherwise specified, this subpoena requires production of the originals of documents. Submission of photocopies in lieu of original documents is unacceptable.

B.   In lieu of the documents called for in the paragraphs marked with an asterisk (*), a notarized document prepared and signed by a duly authorized officer of your company containing the information required may be submitted.

C.   For each document or portion thereof withheld under a claim of privilege, you shall submit a sworn or certified statement identifying: the basis for the claim of privilege; the paragraph in this schedule to which the document is responsive; the withheld document by author, addressee, date, number of pages, and subject matter; each person to whom the withheld material was sent; and each person to whom the withheld material or its contents, or any part thereof, was disclosed. If a portion of a document contains privileged material, the entire document shall be produced with the privileged material redacted. Any document or part of a document withheld under a claim of privilege must be preserved.

D.   The following guidelines refer to any document requests that you choose to provide in machine-readable form. You must contact the attorney who issued the subpoena to determine if the proposed data formats and choice of magnetic media will be readable by the government.

Magnetic and other electronic media types

The Antitrust Division will accept:

1.   CD-ROMs formatted to ISO 9660 specifications.

2.   DVD-ROM compatible with PCs.

3.   3.5 inch microcomputer diskettes, formatted for IBM compatible computers.

4.   9-track computer tapes recorded in ASCII or EBCDIC at a density of either 1600 or 6250 BPI.

5.   Iomega ZIP disks in IBM-compatible format, with capacity of 100 or 250 MB.

6.   3480 / 3490 IBM tape cartridges.

7.     The Division will accept 4mm DAT and other types of cartridge tapes only with explicit approval.  The tapes should be written with generic copy utilities rather than proprietary backup systems that require specific hardware and/or software.  If data is from a UNIX-based system, the Division will accept DAT and DLT tapes written in TAR format.

## File and record formats

1.     Electronic data from microcomputer (PC) systems.

(a)     Email - The Division will accept MS-Outlook PST files, or Lotus Notes NSF files.  Also acceptable is email as ASCII text files.  Any other electronic submission of email must be approved by Division technical staff prior to submission.

(b)     Document images - When submitting documents that have been scanned, please adhere to the following specifications:
(i) All images must be single-page Group IV TIFF files.
(ii) Image files must conform to the 8.3 naming convention, such as 12345678.TIF, or ABC00001.TIF
(iii) You must supply a cross-reference file that links the image files' location to the following pieces of information:  beginning bates number, ending bates number, custodian or file source, and any other indexed information that you are providing such as document type, document date, author,  addressee, etc.  This file should be in comma-delimited format.

(c)     Other PC files - The Division will accept word processing documents in ASCII text, WordPerfect version 10 or earlier, or Microsoft Word 2000 versions or earlier.  Spreadsheets should be in MS-Excel 2000 (.xls) version or earlier, or Lotus-compatible format (.wk*).  Database files should be in MS-Access 2000 or earlier.  Database files may also be submitted as delimited ASCII text files, with field names as the first record, or as fixed-length flat files with an appropriate record layout.  For ASCII text files, field-level documentation should also be provided.  Other proprietary formats for PC files should not be submitted without explicit discussion with Division technical staff.  Files may be submitted using the compressed ZIP format to reduce size and ease portability.

2.     Electronic data from centralized non-microcomputer-based systems, such as IBM mainframes and UNIX machines:

The Division will accept sequential files only, with the data fields in fixed-column positions.  The data records must be fixed-length records, unless

2

otherwise agreed to by the Division. For each sequential file provided, the following information is required: a record layout, a short narrative description of what the file contains, translation of any coded fields, the number of records in the file, and a printout of the first 100 records in report format (hexadecimal dumps of the data are not appropriate). Date fields must contain year/month/day values and may not be a reference number. A record layout must contain the following pieces of information: the name of the field, starting and ending position in the record, length of the field, and characteristics of the field (i.e. packed decimal, zoned decimal, alphanumeric, etc.).

## Security

All submissions of electronic data to the Division must be free of computer viruses. In addition, any passwords protecting documents or files must be removed or provided to the Division.

## II

## IDENTIFYING AND GROUPING DOCUMENTS

In order to facilitate the handling of documents, the orderly maintenance of documents and to insure the accurate and expeditious return of documents submitted pursuant to this subpoena, the following procedures should be observed.

A.    All documents that respond to any paragraph of this subpoena must be produced in their entirety.

B.    Documents produced pursuant to this subpoena shall be produced in the order in which they appear in the company's files and shall not be shuffled or otherwise rearranged. If documents responsive to this subpoena are located in file folders in your company's files, those file folders shall also be produced with the responsive documents in them. Documents that in their original condition were stapled, clipped, or otherwise maintained together shall be produced in such form. Alteration of such documents may have serious consequences for the company and the individuals involved in the alteration.

C.    Please mark each document with two letters such as SN and number each document consecutively, commencing with the number 0001. The marks should be placed in the lower right-hand corner of each page, but should not obscure any information on the document.

D.    The documents should be identified by consecutive numbers. However, only the first page of multipage-bound documents need be numbered.

III

## INTERPRETATION AND SCOPE

A.    Use of either the singular or the plural should not be deemed a limitation, and the use of the singular should be construed to include, where appropriate, the plural.  The conjunctive form "and" and the disjunctive form "or" are mutually interchangeable and are meant to encompass one another.  "Any" and "all" are mutually interchangeable and are meant to encompass one another.  Use of a verb in the present tense in referring to activities being carried on shall include such activity at any time during the time period of the subpoena, regardless of whether such activities are carried on at present.

B.    Unless otherwise specified, documents to be produced pursuant to this subpoena include all documents prepared, sent, dated, received or in effect at any time during the period January 1, 1998 to the present.

C.    Unless otherwise specified, this subpoena relates to the ocean transportation to or from the United States of bulk liquid chemicals, edible oils, acids, and other specialty liquids by parcel tanker, under either long-term contract or on a per-voyage or "spot" basis.

D.    The demands set out in Section V below call for the production of all responsive documents in the possession, custody or control of your company within the United States without regard to whether prepared by or for your company.

IV

## DEFINITIONS

A.    "Document" means information in any recorded or retrievable form whatsoever.  It includes the original document (or copy thereof if the original is not available) and all copies which differ in any respect from the original, including copies containing any notation, underlining, marking or information not on the original.

B.    "Parcel tanker shipping" means the ocean transportation to or from the United States of bulk liquid chemicals, edible oils, acids, and other specialty liquids by parcel tanker either under a long-term contract or on a per-voyage or "spot" basis.

C.    "Person" means a natural person (an "individual"), or a corporation (public or private), firm, company, association, cooperative, joint venture, partnership, sole proprietorship, institute or other business or legal entity.

D.    "Your company" means Stolt-Nielsen Transportation Group Ltd. and its business units,

4

divisions, subsidiaries, parent, affiliates and predecessors engaged in parcel tanker shipping, and/or sale of the relevant products, and all directors, officers, employees, representatives and agents thereof.

V

## DOCUMENTS TO BE PRODUCED

1.    All organizational charts or other documents that reflect, in whole or in part, the organization of your company's parcel tanker shipping business.

*2.    Such documents as show the full name, last known home address and telephone and telefax numbers, last known business address and telephone and telefax numbers, including wireless telephone (or other communications device) numbers and electronic addresses, positions held with your company and responsibilities and dates of service therein, date of birth, passport number and country of issuance, and social security number, if any, of:

       (a)    each officer of your company;

       (b)    each person who had final authority to decide whether to offer bids or proposals to customers for parcel tanker shipping or the pricing of any such bids or proposals;

       (c)    to the extent not shown in response to Paragraph 2(b), each person who had authority to propose, recommend, or establish your company's prices for parcel tanker shipping; and

       (d)    each secretary or administrative assistant assigned to each individual identified in response to Paragraphs 2(a), 2(b), and 2(c).

3.    For each person identified in response to Paragraphs 2(b), and 2(c):

       (a)    all travel and expense vouchers, credit and charge card or account statements and bills, invoices and other records of expenses, including all attached, supporting, or explanatory documents, relating to any travel, entertainment or other expenses incurred in connection with such individual's employment by your company;

       (b)    all desk calendars, diaries, appointment books, journals, log books, day books, reminders or other documents maintained by or for such individual that reflect or refer, in whole or in part, to the business activities of such individual;

       (c)    all documents prepared or maintained by or for such individual that refer or relate, in whole or in part, to parcel tanker shipping; and

        (d)      all telephone note pads, logs, journals, and notes of conversations or meetings made by or maintained for such individual.

    \*4.     For each year and for each United States customer, such documents as show:

        (a)      the business name and address of the customer;

        (b)      the annual dollar volume of such contracts; and

        (c)      the names, business addresses and telephone numbers of your company's principal contact persons at that customer.

    5.     All documents which reflect or refer to any communication with a parcel tanker shipping customer concerning:

        (a)      whether your company would submit a bid or proposal for parcel tanker shipping; and

        (b)      the price or other terms of your company's parcel tanker shipping bid or proposal.

    6.     All documents which reflect or refer to any communication with a parcel tanker shipping broker, including but not limited to Odin Marine, Inc. and Quincannon Associates, Inc., concerning:

        (a)      whether your company would submit a bid or proposal to a customer for parcel tanker shipping;

        (b)      whether any other parcel tanker shipping company would submit a bid or proposal to a customer for parcel tanker shipping; and

        (c)      the price or other terms of your company's parcel tanker shipping bid or proposal.

    7.     All of your company's parcel tanker shipping customer files, excluding post-contract award documents such as documents which refer to contract administration, maintenance, technical specifications or invoices.

    8.     All bids and proposals submitted by your company for parcel tanker shipping.

**The demands in Paragraphs 9, 10, 11, 12 and 13 are made without limitation to any time period.**

9.    Any document given by or received by your company to/from any other provider of parcel tanker shipping which reflects or refers to parcel tanker shipping customers, pricing or other market information.

10.    All documents that reflect or refer to competition in the parcel tanker shipping industry, including, but not limited to, all reports of competitive activity.

11.    All documents which reflect or refer to any meeting, conversation or other oral, electronic or written communication, agreement or understanding between any officer, director, employee or agent of any provider of parcel tanker shipping and any officer, director, employee or agent of any other provider of parcel tanker shipping.

12.    All documents which reflect or refer to any communication, agreement or understanding (expressed or implied) between or among two or more providers of parcel tanker shipping concerning:

      (a)    customers to whom they would offer parcel tanker shipping services;

      (b)    the timing or amount of price changes;

      (c)    the prices at which they will offer parcel tanker shipping services;

      (d)    the trade lanes in which they will offer parcel tanker shipping services; or

      (e)    maintaining status quo, limiting competition through cooperation; or otherwise restraining competition in the parcel tanker shipping industry.

13.    All market studies, surveys, forecasts or summaries for parcel tanker shipping services including, but not limited to, all documents which reflect or refer to:

      (a)    the market share of your company and any of its competitors; and

      (b)    the relative competitive strengths or weaknesses of providers of parcel tanker shipping services.

14.    Each annual report created by your company.

15.    For each year, your company's antitrust compliance program together with such documents as show the officers and employees to whom it was distributed and who acknowledged that they had read it or were in compliance with it.

16. A copy of your company's document retention policy.

17. All minutes, agendas, notes, memoranda, reports and correspondence regarding or generated from meetings of the National Petrochemical and Refiners Association (NPRA), the European Petrochemical Association (EPCA) or any trade association to which your company belongs. This request excludes documents relating to technical, environmental or safety committees or matters.

**U.S. Department of Justice**

Antitrust Division

_____

*Philadelphia Office*

*The Curtis Center, Suite 650 W*　　　　　　　*215/597-7405*

*170 S. Independence Mall West*　　　　　　*(Commercial & FTS)*

*7th and Walnut Streets*　　　　　　　　　*FAX 215/597-8838*

*Philadelphia, Pennsylvania 19106-2424*

To the Recipient of the Subpoena:

　　The subpoena served herewith requires that your company produce certain documents before the grand jury in the Robert Nix Federal Building, 900 Market Street, Suite #3, 6th Floor, Philadelphia, Pennsylvania 19107, on April 16, 2003, at 9:30 a.m.  The documents should be produced by the officer or management official who supervised compliance with the subpoena and can testify with respect thereto.

　　In lieu of production and appearance before the grand jury in Philadelphia, your company may deliver, by mail or otherwise, the documents that respond to this subpoena on or before April 16, 2003 to:

> Antonia R. Hill, Attorney
> USDOJ - Antitrust Division
> The Curtis Center, Suite 650 West
> 170 South Independence Mall West
> Philadelphia, Pennsylvania 19106

If you choose this option, the documents must be accompanied by an affidavit sworn to by the officer responsible for compliance.  The affidavit must set forth:  (a) The name and position of the person or persons who supervised the search of the company's files for the documents called for in the subpoena, and of the persons who took part in that search; (b) That a complete and comprehensive search was made for the documents called for in the subpoena; (c) That all documents which are responsive to the subpoena are included in the company's return; (d) That the documents submitted are authentic and genuine; and (e) Which documents are produced under each of the paragraphs of the subpoena.

　　Robert E. Connolly, Antonia R. Hill, and Richard S. Rosenberg, attorneys in this office, are familiar with this matter and will be available to discuss subpoena compliance with you or your counsel.  Their telephone numbers are (Area Code 215) 597-7405, 597-1058 and 597-7417, respectively.  Please advise this office by April 9, 2003, as to which method of production will be used by your company.

　　　　　　　　　　　　　Sincerely yours,

　　　　　　　　　　　　　ANTONIA R. HILL
　　　　　　　　　　　　　Attorney
　　　　　　　　　　　　　Philadelphia Office
　　　　　　　　　　　　　Antitrust Division

# United States District Court

EASTERN _____ DISTRICT OF _____ PENNSYLVANIA _____

TO:  Philip Fecher

## SUBPOENA TO TESTIFY
## BEFORE GRAND JURY

### SUBPOENA FOR:
☒ PERSON    ☐ DOCUMENTS OR OBJECT(S)

YOU ARE HEREBY COMMANDED to appear and testify before the Grand Jury of the United States District Court at the place, date, and time specified below.

| PLACE Robert Nix Federal Building<br>900 Market Street<br>Room 601<br>Philadelphia, PA 19107-4299 | ROOM<br>Room 601 |
|---|---|
| | DATE AND TIME<br>April 16, 2003<br>9:30 a.m. |

YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):*

☐ Please see additional information on reverse

This subpoena shall remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court.

| CLERK *(signature)* Michael E. ~~~~<br>(BY) DEPUTY CLERK | DATE<br>April 6, 2003<br><br>60-483111-0002 |
|---|---|

| This subpoena is issued upon application<br>of the United States of America | NAME, ADDRESS AND PHONE NUMBER OF ASSISTANT U.S. ATTORNEY<br>Antonia R. Hill<br>Attorney for the United States of America<br>Antitrust Division, Department of Justice<br>The Curtis Center, Suite 650 West<br>170 South Independence Mall West<br>Philadelphia, PA 19106; Tel.: 215-597-1058 |
|---|---|

*If not applicable, enter "none."        To be used in lieu of AO110        FORM OBD-227
JAN. 86

## NOTICE CONCERNING DOCUMENT WITHHOLDING, ALTERATION OR DESTRUCTION

**Any person who withholds, alters or destroys documents demanded by this subpoena may be subject to criminal prosecution for obstruction of justice, contempt of court, or other federal criminal violations. Conviction of any of these offenses is punishable by a substantial fine, imprisonment, or both.**

## DOCUMENTS TO BE PRODUCED

1.    All of your business calendars, diaries, day books, phone logs and journals.

2.    All documents that relate or refer to any meeting or communication between you or any other employee or representative of Stolt-Nielsen Transportation Group Ltd. and any employee or representative of JO Tankers Inc., JO Tankers B.V., Odfjell USA, Inc., Odfjell ASA, Tokyo Marine Co., Ltd., or any other parcel tanker shipping company.

3.    All documents which list, compile or tabulate parcel tanker shipping customers of JO Tankers Inc., JO Tankers B.V., Odfjell USA, Inc., Odfjell ASA, Stolt-Nielsen Transportation Group Ltd., Tokyo Marine Co., Ltd., or any other parcel tanker shipping company.

4.    All documents which relate or refer to any agreement or understanding between Stolt-Nielsen Transporation Group Ltd. and Odfjell USA, Inc., Odfjell ASA, JO Tankers USA, Inc., JO Tankers B.V., Tokyo Marine Co., Ltd., or any other parcel tanker shipping company relating or referring to maintaining status quo, allocating customers, or restraining competition for parcel tanker shipping customers.

5.    All documents which relate or refer to bids submitted or the price charged or offered to any customer by any parcel tanker shipping company.

## ADVICE OF RIGHTS

1.    The Grand Jury is conducting an investigation of possible violations of Federal criminal law involving, among others,18 U.S.C. §§ 371, 2113, 1956 and 21 U.S.C. § 846.

2.    When you are a witness before the Grand Jury, you may refuse to answer any question if a truthful answer to the question would tend to incriminate you.

3.    When you are a witness before the Grand Jury, anything that you do say may be used against you by the Grand Jury or in a subsequent legal proceeding.

4.    You are entitled to be represented by an attorney when you appear as a witness before the Grand Jury. If you have obtained counsel, you will be permitted a reasonable opportunity to step outside the grand jury room during the proceedings to consult with counsel if you so desire.

5.    Should you wish to get an attorney, do so well in advance of your scheduled appearance, since postponements are not easily granted. If you are unsure about how to obtain an attorney, you may telephone the Bar Association Lawyer Referral and Information Service, 1101 Market Street, Eleventh Floor, Philadelphia, PA 19107, telephone number (215) 238-6333, or the Defender Association, Federal Court Division, at Lafayette Building, Suite 800, 437 Chestnut Street, Philadelphia, PA 19106, telephone number (215) 928-1100.

6.    On the upper right hand corner of the subpoena is the designation number for this Grand Jury matter. Local Rule of Criminal Procedure 6.1(b) of the United States District Court for the Eastern District of Pennsylvania requires that should any document be filed with the Clerk of the Court concerning this Grand Jury matter, they shall bear that designation number in the caption of the document and that papers filed by any person with respect to that Grand Jury matter be filed under seal and subject to the secrecy requirements of Local Rule of Criminal Procedure 6.1(c).

Revised 3/22/99

U.S. DEPARTMENT OF JUSTICE

INSTRUCTIONS FOR FACT WITNESSES APPEARING ON
BEHALF OF THE UNITED STATES GOVERNMENT
(Not Applicable to Federal Employees)



**READ** THE INFORMATION CONTAINED ON THIS FORM BEFORE YOUR COURT APPEARANCE. PLEASE CALL
THE INDIVIDUAL(S) LISTED BELOW FOR INFORMATION REGARDING TRAVEL ARRANGEMENTS AND
SPECIFIC ENTITLEMENTS. IF YOU HAVE A MEDICAL CONDITION OR FAMILY SITUATION THAT REQUIRES
SPECIAL CONSIDERATION, PLEASE ADVISE THE INDIVIDUAL LISTED BELOW **AS SOON AS POSSIBLE**.

CONTACT PERSON(S): Marie Lightcap          TELEPHONE NUMBER:    215-597-0249/7401

*≈ VERIFY YOUR ATTENDANCE ≈*

On the last business day **BEFORE** you travel to court, call the above number to verify that your attendance is
required. This may prevent a wasted trip in the event the trial date is changed.

*≈ APPEARANCE IN ANOTHER CITY ≈*

If you are required to travel to another city to appear in court, immediately contact the individual listed above and
'uest instructions. Any amount advanced to you will be deducted from your fees and allowances.

*≈ REIMBURSEMENT OF EXPENSES AND ATTENDANCE FEES ≈*

A.    **ATTENDANCE FEE:** You will be paid a fee of $40 per day, including travel days.

B.    **TRANSPORTATION:** Call the individual listed above to obtain information on transportation. Reimbursement
will be made for travel by the least expensive method reasonably available to you. The following rules apply to
transportation expenses:

1.    **Local Travel:** The recommended method of travel in the local area of court is transit bus/subway.

2.    **Privately Owned Vehicles (POV):** You will be reimbursed the following amounts:

        Motorcycle 27.5 per mile    Automobile 36.0 per mile    Airplane 95.5 per mile

    In addition to the above mileage allowance, necessary tolls, parking and other fees may be reimbursed. You
    must keep a record of your odometer readings if you travel by motorcycle or automobile. If two or more
    witnesses travel in the same vehicle, only one reimbursement for mileage can be made.

    **IF POV EXPENSES, INCLUDING MILEAGE, TOLLS, PARKING AND OTHER ASSOCIATED COSTS, ARE
    GREATER THAN THE GOVERNMENT AIRFARE, YOU WILL BE RESPONSIBLE FOR THE DIFFERENCE.**

3.    **Common Carrier:** If you are located outside the local court area, **CALL THE INDIVIDUAL LISTED ABOVE
FOR INSTRUCTIONS.** Train, bus or airfare will be reimbursed at the Government rate. Reimbursement **WILL
NOT** be made for First Class accommodations, "Frequent Flyer" tickets, or charter service. **DO NOT** purchase
non-refundable tickets. If your appearance date changes or is cancelled, you **WILL NOT** be reimbursed for
non-refundable tickets. If you have any questions concerning transportation arrangements, please contact
the individual(s) listed above.

C.    **MEALS:** If it is necessary for you to remain away from home **overnight**, you will receive the following daily
meal allowances:

        $ 25.00  for each travel day    PLUS    $  50.00 for each full day at court

D.    **LODGING:** If it is necessary for you to remain away from home **overnight**, you will be reimbursed for the
**ACTUAL COST** of your hotel/motel room, which may not exceed $ 124.00  per night, including tax.

*≈ YOU MUST RETAIN RECEIPTS ≈*

**ALL CLAIMS FOR PARKING MUST BE SUPPORTED BY A RECEIPT. OTHER EXPENSES EQUAL TO $25 OR
MORE MUST BE SUPPORTED BY A RECEIPT, WITH THE EXCEPTION OF MEALS AND MILEAGE.**

*◦ DISMISSAL ≈*

When you are advised that your attendance is no longer required, you should request information regarding the payment of the fees and
allowances outlined above. The individual requiring your attendance will provide you with a Fact Witness Voucher. You will be required to list
your expenses on this Voucher. The Voucher will be submitted to the U.S. Marshals Service for payment. The U.S. Marshals Service will process
the voucher and MAIL the payment to you. If you require funds to return home, you must bring this fact to the attention of the individual
requiring your attendance, who will notify the U.S. Marshals Service.

*U.S. Government Printing Office: 1996 - 405-020/43933

Form OBD-2
MARCH 1996