# Exhibit 16

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STOLT-NIELSEN S.A. and<br>STOLT-NIELSEN TRANSPORTATION<br>GROUP LTD. | ) <br> ) <br> ) <br> ) | Filed Under Seal |
| Plaintiffs,<br>v. | ) <br> ) <br> ) | Civil Action No. 04-537 |
| UNITED STATES OF AMERICA | ) <br> ) | |
| Defendant. | ) | |
| RICHARD B. WINGFIELD | ) <br> ) | |
| Plaintiff,<br>v. | ) <br> ) <br> ) | Civil Action No. 04-684 |
| UNITED STATES OF AMERICA | ) <br> ) | |
| Defendant. | ) | |

GOVERNMENT'S MOTION TO UNSEAL

The United States of America, by and through its attorneys at the Antitrust Division of

the United States Department of Justice, hereby respectfully requests that the Court enter an

Order unsealing the above-captioned lawsuits and records related thereto, excluding the

Government's in camera, ex parte submissions which contain grand jury material covered by

Federal Rule of Criminal Procedure 6(e). As explained in the accompanying memorandum of

law, the reasons first raised by plaintiffs for sealing their respective matters are now insufficient

to overcome the strong presumption of the public's right to know. Moreover, it is evident that

the existence of the hearing held in connection with these actions already is public knowledge.

Given this fact, it will be very prejudicial to the Government and the administration of the

Antitrust Division's Conditional Leniency Program if the plaintiffs' lawsuits and the ensuing

records remain sealed.  A proposed Order is attached.

Respectfully submitted,

ROBERT E. CONNOLLY
Chief

ANTONIA R. HILL
WENDY BOSTWICK NORMAN
KIMBERLY A. JUSTICE
RICHARD S. ROSENBERG
Attorneys, Antitrust Division
U.S. Department of Justice
Philadelphia Office
170 S. Independence Mall West
The Curtis Center, Suite 650 West
Philadelphia, PA 19106
Tel.: (215) 597-7405

Dated: May 13, 2004

2

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STOLT-NIELSEN S.A. and | ) | Filed Under Seal |
| STOLT-NIELSEN TRANSPORTATION | ) | |
| GROUP LTD. | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 04-537 |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| RICHARD B. WINGFIELD | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 04-684 |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S MEMORANDUM IN SUPPORT OF MOTION TO UNSEAL

Plaintiffs Stolt-Nielsen S.A. and Stolt-Nielsen Transportation Group Ltd. (collectively, "Stolt-Nielsen") and Richard B. Wingfield asked the Court to seal not only the entire record, but the very existence of their respective civil actions seeking a declaratory judgment and other equitable relief. In its motion to seal, Stolt-Nielsen claimed it was necessary that all records be sealed because (1) public disclosure of the action will harm its relations with investors and lenders; and (2) "the theme revealed" in certain motions Stolt-Nielsen filed previously in connection with the grand jury matters "will permeate Stolt-Nielsen's arguments" in this case. (Stolt-Nielsen Mot. to Seal at 3-4). Wingfield's sole basis for sealing the existence of his lawsuit and the entire record was to spare him the publicity and embarrassment that may be caused by the

Government's decision to seek his indictment. (Wingfield Mot. to Seal at 2-3). Now that the
Court has held a hearing on plaintiff's motions for a preliminary injunction , it is clear that the
reasons first raised by plaintiffs for sealing their respective matters are insufficient to overcome
the strong presumption of the public's right to know. Moreover, as set forth below, it is evident
that the existence of the hearing held in connection with these actions already is public
knowledge. Given this fact, it will be very prejudicial to the Government and the administration
of the Antitrust Division's Conditional Leniency Program if the plaintiffs' lawsuits and the
ensuing records remain sealed.

Accordingly, the Government moves this Court for an Order unsealing the existence of
the Stolt-Nielsen and Wingfield lawsuits and accompanying record, excluding the Government's
in camera, ex parte submissions which contain grand jury material covered by Federal Rule of
Criminal Procedure 6(e). The Government requests that the unsealing order be issued at the time
that the Court issues an Order deciding the merits of the underlying lawsuits.[1]

## I

## General Legal Principles

The existence of a common law right of access to judicial proceedings is beyond dispute.
In re Cendant Corp. v. Forbes, 260 F.3d 183, 192 (3d Cir. 2001). The strong presumption of
openness does not permit routine closing to the public of judicial records. There are, however,
certain exceptions to the presumptive openness of judicial proceedings. See Publicker Indus. Inc.
v. Cohen, 733 F.2d 1059, 1070 (3d Cir. 1984). Cases where sealing has been permitted,

---

[1] Because the existence of the lawsuits and subsequent litigation is currently under seal,
the Court may wish to continue the seal until the Court issues a decision on the merits of each
case. This will prevent any confusion or speculation that may result from an incomplete record.

however, are the exception. See, e.g., Capital Cities Media, Inc. v. Chester, 797 F.2d 1164 (3d

Cir. 1986) (en banc) (internal documents of administrative agencies); First Amendment

Coalition v. Judicial Inquiry & Review Bd., 784 F.2d 467 (3d Cir. 1986) (en banc) (state judicial

discipline proceedings); Publicker, 733 F.2d at 1073 (trade secrets); United States v. Criden, 681

F.2d 919, 921 (3d Cir.1982) (material expressly determined injurious and embarrassing to third

parties); United States v. Criden, 648 F.2d 814, 829 (same). The party seeking to overcome the

strong presumption of openness and seal even a part of the record bears a heavy burden of

showing that the material at issue contains information that courts typically will protect and that

"disclosure will work a clearly defined and serious injury to the party seeking closure." Miller v.

Indiana Hosp., 16 F.3d 549, 551 (3d Cir. 1994) (citation omitted). "A party who seeks to seal an

*entire* record faces an even heavier burden." Id. Under the stricter standard articulated in Miller,

an order sealing an entire record of the type plaintiffs sought here warrants *exceptional* scrutiny.

See Cendant Corp., 260 F.3d at 194 (emphasis added).

Before sealing an entire record, alternatives to closure should be considered. See

Publicker, 733 F.2d at 1074. A court also should consider whether interested third parties should

be provided an opportunity to be heard. In making its ruling, the Court should articulate the

compelling countervailing interests to be protected and make specific findings concerning the

effects of disclosure. See Miller, 16 F.3d at 551.

## II

### There is No Compelling Need For These Records to Remain Sealed

Stolt-Nielsen filed its lawsuit on February 6, 2004 and Richard B. Wingfield filed his suit

shortly thereafter on February 18, 2004. At that time, each plaintiff sought to have their

3

respective matters sealed. The Government submits that the reasons advanced by plaintiffs then

no longer hold true and, therefore, there is no basis for their lawsuits to remain under seal.

One basis Stolt-Nielsen advanced for filing under seal was that its standing with investors

would be damaged if the Government's intent to remove Stolt-Nielsen from the leniency

program and seek the company's indictment were publically known. This rationale for the

sealing order evaporated on March 22, 2004 when Stolt-Nielsen issued a press release stating:

> . . . the Antitrust Division of the United States Department of Justice has voided
> its Conditional Leniency Agreement with the Company and revoked Stolt-
> Nielsen's conditional acceptance into the Division's Corporate Leniency Program.
>
> Niels G. Stolt-Nielsen, Chief Executive Officer of SNSA, said, "The Company
> fundamentally disagrees with the Department of Justice's decision, and SNSA's
> legal counsel will vigorously challenge it."[2]

Press Release, Stolt-Nielsen S.A., Stolt-Nielsen S.A. Reports Withdrawal of Amnesty by

Department of Justice (March 22, 2004) (attached hereto as Exhibit A).

The Government also has recently learned that the investing community is aware that

Stolt-Nielsen has challenged the Government's leniency revocation decision in court. On April

27, 2002, Stolt-Nielsen S.A. conducted an Earnings Conference Call. The conference call was

recorded and transcribed. On May 11, 2004, the Government became aware that the transcript

was publically available and obtained a copy. The following portion of the conference call

relates to the revocation of Stolt-Nielsen's conditional leniency:

ROY ANDERSON, ANALYST, VERDENSGAN: Yes, hello gentlemen.

---

[2] Stolt-Nielsen made this announcement pursuant to its obligation to disclose publicly
information which may have a material impact on the company. Now that the decision to
remove the company from the Leniency Program is public, the same public disclosure
requirement counsels that the existence of the lawsuit and subsequent record likewise be
disclosed.

> My understanding is that Stolt-Nielsen appeared in court in Philadelphia a few days or weeks ago. Was that appearance related to your decision to fight the withdrawal from the amnesty program?
>
> JIM HURLOCK:[3]  Niels, do you want me to answer that one?
>
> NIELS STOLT-NIELSEN:[4]  Yes, please.
>
> JIM HURLOCK:  The same restraint that I cited a moment ago prevents me from giving you a specific answer. However, when we say we were going to challenge the decision of the Department of Justice, that should mean that we were going to challenge it in the only logical way there is to do it, and you can draw your own conclusions.

Transcript, CCBN, Inc., Q1 2004 Stolt-Nielsen S.A. Earnings Conference Call - Final at 8-9 (attached hereto as Exhibit B).

It is clear from this exchange that the analyst, and now everyone else who heard the call or read the transcript, is aware of the hearing in connection with these matters held in Philadelphia. And while Mr. Hurlock did not expressly confirm this, his answer certainly did nothing to dispel that conclusion. Moreover, on April 29, 2004, Lloyds List International reported on Stolt-Nielsen's earnings report. The article included this passage:

> Stolt-Nielsen Transportation Group interim chief executive James Hurlock declined to answer questions on details surrounding the dispute with US anti-trust authorities.
>
> However, it emerged that the SNTG had this month appeared in court in Philadelphia as part of its fight with the US investigator's decision.

Jerry Frank, Refinance lifts Stolt-Nielsen back in black, Lloyds List International, Issue 58647,

---

[3]  Mr. Hurlock is a former partner at White & Case who became the interim Chief Executive at Stolt-Nielsen Transportation Group Ltd. when Samuel Cooperman was reassigned in July 2003.

[4]  Niels Stolt-Nielsen is Chief Executive Officer, Director, Stolt-Nielsen S.A.

Business & Insurance at 2 (April 29, 2004) (attached hereto as Exhibit C).

Because the public already knows about the leniency revocation and the existence of the hearing, there is simply no basis for keeping this matter sealed. Moreover, as a publicly-traded company, the existence of the lawsuit is exactly the kind of information that should be available to all Stolt-Nielsen shareholders, not just select management and other insiders. Unsealing the lawsuit, including the Court's decision, will put all investors on an equal footing concerning knowledge of Stolt-Nielsen's legal position from which they can make their own decisions about the likely impact, positive or negative, on the company.

Stolt-Nielsen has also argued that the relationship between this action and In re Grand Jury Matter 03-0010 also favors the extraordinary action of sealing the entire record. (Stolt-Nielsen Mot. to Seal at 4). Now that the hearing has been held, however, it is clear that no grand jury matters were disclosed in the hearing. Accordingly, preserving grand jury secrecy is not a reason for keeping the record sealed. Any evidence introduced by Stolt-Nielsen and/or Wingfield was, by definition, not grand jury material because a witness or subject is free to disclose information he has related to the investigation. It is the Government that is precluded by Fed R. Evid 6(e) from disclosing matters occurring before the grand jury. The Government introduced no such evidence at the hearing. In fact, the Government, with the Court's permission, filed a limited submission in camera and ex parte that related to grand jury information. This limited submission is the only evidence disclosing matters occurring before the grand jury and that evidence will remain under seal even if the Court grants the

6

Government's Motion to Unseal the respective records in these cases.[5]

Mr. Wingfield's sole basis for seeking to seal the entire record in his matter is to spare him any negative publicity or embarrassment. This simply is not a sufficient basis for sealing a record, especially where, as here, Wingfield already has been criminally charged. Because there is no legal authority for keeping the Wingfield suit under seal, the existence of his lawsuit and the record relating thereto, excluding the Government's in camera, ex parte submission, should likewise be unsealed.

### III

### There Is a Strong Public Need for Disclosure of the Lawsuits and Hearing

On March 22, 2004, Stolt-Nielsen publicly disclosed that it had been removed from the Leniency Program. Based on the Stolt-Nielsen S.A. Earnings Conference Call, it is also apparent that it has become public information that the Court held a hearing on the revocation of Stolt-Nielsen's leniency in April. Given the level of public knowledge about the situation, continuing to keep both the entire records as well as the existence of the cases under seal may have a significant adverse impact on the Division's Conditional Leniency Program. As noted repeatedly by Stolt-Nielsen at the April hearing, the Division has never revoked a conditional leniency agreement before. Moreover, there is great interest in the legal and business community for understanding the basis for the Division's decision. Based on their understanding of the Leniency Program and its application to their situation, companies and business persons make difficult and important decisions about whether to take advantage of the Program that affect a

---

[5] If there were any merit to Stolt-Nielsen's concern regarding grand jury secrecy, the appropriate way to deal with its concern would be to seal portions of the record selectively, not the entire record.

7

company's future, an individual's liberty and the Government's success in prosecuting criminal cartels. The success of the Leniency Program has rested largely on public guidance the Division has given about how the program works, the reliance the legal and business community has placed on the Division's policy, and the Antitrust Division's good faith in administering its program.

Whether the Division wins or loses these lawsuits, there is a strong public interest in disclosing the existence of both lawsuits, the positions of the parties and the outcome. It is the Antitrust Division's belief that the Division had a clear, reasonable basis for revoking Stolt-Nielsen's leniency. Now that the revocation has become public knowledge, it is imperative that the Division be able to explain its decision. There is public concern that the Division's decision may reflect some change in policy regarding implementation of the Leniency Program. The Division believes that potential leniency applicants are entitled to learn the basis for the decision to revoke Stolt-Nielsen's leniency, and whether they agree or disagree with the Division's decision in these cases, they will at least understand that the Division's decision was not based simply on arbitrary "buyer's remorse." Such speculation, which may emerge in the absence of any facts, will seriously and unfairly undermine the Leniency Program and the public's confidence in its fair administration.

The Government is filing this motion to unseal at this time, rather than waiting until after the Court rules, to demonstrate its strongly held belief that the lawsuits and records (with the exception of the Government's in camera, ex parte submissions, should be unsealed whether or not the Government prevails in the matter. The public has a right to know the issues and positions taken by the parties in these matters.

8

Finally, other persons may have more specific reasons to seek the unsealing of these records, but have been unable to do so because the very existence of the lawsuits have been kept secret from them. For example, Paul O'Brien has filed a lawsuit in Connecticut state court for wrongful termination based on the events that are at issue in the matters before the Court. Claims Stolt-Nielsen has made in its matter before the Court may conflict with claims it has made in the O'Brien matter, but only by making these records public would O'Brien know.[6] It may be in Mr. O'Brien's interest to unseal this case. By placing its lawsuit under seal, Stolt-Nielsen can make such claims without fear that Paul O'Brien will offer evidence to show the falsity of the claim, or that by making such a claim Stolt-Nielsen has waived its attorney-client privilege as to what Mr. O'Brien knew and to whom he reported it within Stolt-Nielsen.

Should the Court decline to unseal the entire record, the Government maintains that at least the existence of the lawsuits should be made public so that third parties can be heard on their right to disclosure. See Miller, 16 F. 3d at 551; Publicker, 733 F. 2d at 1074.

## IV

## Conclusion

When Stolt-Nielsen first filed suit in February 2004, it offered two plausible justifications for keeping the lawsuit under seal.[7] These justifications, however, have been undercut by the public announcement of its removal from the Conditional Leniency Program. Moreover, now that the hearing is complete, it is clear that no grand jury material was revealed in the lawsuits,

---

[6] Significant filings made in the O'Brien lawsuit are also under seal.

[7] The Government submits that Wingfield's justification for seeking a sealing order was never sufficient to justify the sealing of his case. Nevertheless, Wingfield's lawsuit was properly sealed only because of its relation to Stolt-Nielsen's matter.

9

the legal briefs filed or the hearing held on April 13-14, 2004. Finally, now that the public

knows that Stolt-Nielsen was removed from the leniency program and that the Court held a

hearing on the matter in April 2004, it will prejudice greatly the public's right to know about the

Division's administration of its Leniency Program if the record is not unsealed. For these

reasons, the Government respectfully requests that at the time the Court issues a decision on

plaintiffs' preliminary injunction motions, it do so publicly and also enter an order unsealing the

lawsuits and records in these cases, excluding the Government's in camera, ex parte submissions

which contain grand jury material covered by Federal Rule of Criminal Procedure 6(e).

Respectfully submitted,

ROBERT E. CONNOLLY/
Chief

ANTONIA R. HILL
WENDY BOSTWICK NORMAN
KIMBERLY A. JUSTICE
RICHARD S. ROSENBERG
Attorneys, Antitrust Division
U.S. Department of Justice
Philadelphia Office
The Curtis Center, Suite 650 W.
170 South Independence Mall West
Philadelphia, PA 19106
Tel: (215) 597-7405

Dated: May 13, 2004

10

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STOLT-NIELSEN S.A. and<br>STOLT-NIELSEN TRANSPORTATION<br>GROUP LTD. | ) ) ) ) | Filed Under Seal |
| Plaintiffs,<br>v. | ) ) ) | Civil Action No. 04-537 |
| UNITED STATES OF AMERICA | ) ) | |
| Defendant. | ) ) | |
| RICHARD B. WINGFIELD | ) ) | |
| Plaintiff,<br>v. | ) ) ) | Civil Action No. 04-684 |
| UNITED STATES OF AMERICA | ) ) | |
| Defendant. | ) | |

CERTIFICATE OF SERVICE

This is to certify that on the 13th day of May 2004, a copy of the Government's Motion to

Unseal has been sent via FEDEX to counsel of record as follows:

Counsel for Plaintiff Stolt-Nielsen:

        William H. Roberts, Esquire
        Ian M. Comisky, Esquire
        Blank Rome LLP
        One Logan Square
        Philadelphia, PA 19103-6998
        Tel: (215) 569-5646
        Fax: (215) 832-5646

George J. Terwilliger III, Esquire
J. Mark Gidley, Esquire
White & Case LLP
601 Thirteenth Street, N.W.
Washington, DC 20005
Tel: (202) 626-3600
Fax: (202) 639-9355

Counsel for Plaintiff Wingfield:

James A. Backstrom, Esquire
2 Penn Center, Suite 200
Philadelphia, PA 19102-1706
Tel: (215) 864-7797
Fax: (215) 864-7798 or (801) 469-9381

Roberta D. Liebenberg, Esquire
Fine, Kaplan and Black, RPC
1845 Walnut Street, 23rd Floor
Philadelphia, PA 19103
Tel: (215) 567-6565
Fax: (215) 568-5872


ROBERT E. CONNOLLY
Chief, Philadelphia Office
Antitrust Division
U.S. Department of Justice
The Curtis Center, Suite 650 W.
170 South Independence Mall West
Philadelphia, PA 19106
Tel: (215) 597-7405

2

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STOLT-NIELSEN S.A. and | ) | Filed Under Seal |
| STOLT-NIELSEN TRANSPORTATION | ) | |
| GROUP LTD. | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 04-537 |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| RICHARD B. WINGFIELD | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 04-684 |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

And now, this        day of June, 2004, upon consideration of the Government's Motion

to Unseal, IT IS HEREBY ORDERED that the Government's Motion is GRANTED and the

above-captioned lawsuits and records related thereto are unsealed, excluding the Government's

in camera, ex parte submissions which contain grand jury material covered by Federal Rule of

Criminal Procedure 6(e).

BY THE COURT:

_____
TIMOTHY J. SAVAGE
United States District Judge