# Exhibit 19

# 05-1480

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

STOLT-NIELSEN, ET AL.
*Plaintiffs-Appellees,*

v.

UNITED STATES OF AMERICA,
*Defendant-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(Honorable Timothy J. Savage, Jr.)

## BRIEF FOR APPELLANT UNITED STATES OF AMERICA

R. HEWITT PATE
*Assistant Attorney General*

ROBERT E. CONNOLLY
ANTONIA R. HILL
WENDY B. NORMAN
KIMBERLY JUSTICE
RICHARD S. ROSENBERG
*Attorneys*
U.S. Department of Justice
One Independence Square West
7th & Walnut Streets
Suite 650
Philadelphia, PA 19106-2424

SCOTT D. HAMMOND
MAKAN DELRAHIM
*Deputy Assistant Attorneys General*

JOHN J. POWERS III
JOHN P. FONTE
*Attorneys*
U.S. Department of Justice
Antitrust Division
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
(202) 514-2435

The Division formally revoked SNTG's conditional leniency on March 2, 2004.[12] (JA682).

### D. The District Court's Decision

Nine months after holding the two-day hearing, the court issued an order permanently enjoining the Division from indicting plaintiffs. The court first drew "guid[ance]" (JA31) from the Seventh Circuit's decision in *United States v. Meyer*, 157 F.3d 1067, 1077 (7th Cir. 1998), and concluded that SNTG had a due process right to a pre-indictment hearing on its claim that it did not breach the Agreement. (JA32-33). The court believed that if the hearing was held post-indictment, and the "indictment w[as] . . . determined to have been wrongfully secured, it would be too late to prevent the irreparable consequences." (JA31). On the other hand, the court reasoned that "the government's interest will not be significantly compromised by a judicial proceeding and decision prior to indictment," an ongoing grand jury investigation notwithstanding. (JA32).

Turning to the merits, the court never addressed when SNTG "discovered" its illegal activity or when it "terminated" it. It concluded that "the negotiations" did

---

[12] This is the only time that the Division has revoked a grant of conditional leniency. (JA413). *See* Jim Walden, Kristopher Dawes, *The Curious Case of Stolt-Nielsen S.A. v. United States*, The Antitrust Source (March 2005), *available at* http://www.abanet.org/antitrust/source/03-05/02-mar05-walddawe323.pdf.

18