# Exhibit 30



U.S. Department of Justice

Antitrust Division

*Liberty Place Building*
*325 Seventh Street NW*
*Washington, DC 20530*

April 27, 2006

Lucius B. Lau
Mark Gidley
White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

    Re:   <u>Freedom of Information Act Request No. ATFY06-003</u>

Dear Messrs. Lau and Gidley:

      This letter responds to an October 14, 2005 Freedom of Information Act request submitted by Ruta Kalvaitis Skuĉas of your firm, for any and all documents that reflect, memorialize, embody or contain communications regarding the investigation into the parcel tanker industry, to or from the following: (1) David S. Golub; (2) Jonathan M. Levine; (3) James M. Griffin, following his departure from the Antitrust Division in December 2004; and (4) Donald I. Baker, the author of a September 26, 2005 article published in the Legal Times entitled *True Confessions*. This request is a subject of the current lawsuit filed by your client styled *Stolt-Nielsen Transportation Group Ltd. v. United States Department of Justice* (D.D.C. filed March 14, 2006).

      We are enclosing 158 pages of documents responsive to Ms. Skuĉas' request. Redacted portions of certain of these pages reflect the deliberative process privilege and attorney work-product doctrine incorporated into Exemption 5 and are, accordingly, withheld from disclosure pursuant to 5 U.S.C. § 552(b)(5).

      In addition, we are withholding thirty-six documents (151 pages) in their entirety. Twenty-two of the thirty-six documents reflect the deliberative processes and attorney work-product of Antitrust Division, withheld from public disclosure pursuant to 5 U.S.C. § 552(b)(5). Certain of these twenty-two documents also reflect the following: matters occurring before a federal grand jury, withheld from public disclosure pursuant to Federal Rule of Criminal Procedure 6(e) and 5 U.S.C. § 552(b)(3); information that relates to ongoing enforcement proceedings, the disclosure of which could reasonably be expected to interfere with those proceedings, withheld from public disclosure pursuant to 5 U.S.C. § 552(b)(7)(A); information the release of which could reasonably be expected to constitute an unwarranted invasion of personal privacy, withheld from public disclosure pursuant to 5 U.S.C. § 552(b)(7)(C); and information the release of which could reveal the identity of confidential sources of information,

withheld from public disclosure pursuant to 5 U.S.C. § 552(b)(7)(D). Eleven of the thirty-six documents (93 pages) reflect information that relates to ongoing enforcement proceedings and their disclosure could reasonably be expected to interfere with those proceedings. They are, accordingly, withheld from public disclosure pursuant to 5 U.S.C. § 552(b)(7)(A). Certain of these eleven documents also reflect the following: matters occurring before a federal grand jury, withheld from public disclosure pursuant to Federal Rule of Criminal Procedure 6(e) and 5 U.S.C. § 552(b)(3); information the release of which could reasonably be expected to constitute an unwarranted invasion of personal privacy, withheld from public disclosure pursuant to 5 U.S.C. § 552(b)(7)(C); and information the release of could reveal the identity of confidential sources of information, withheld from public disclosure pursuant to 5 U.S.C. § 552(b)(7)(D). Three of the thirty-six documents also reflect matters occurring before a federal grand jury. They are, accordingly, withheld from public disclosure pursuant to Federal Rule of Criminal Procedure 6(e) and 5 U.S.C. § 552(b)(3). Certain of these three documents also reflect information the release of which could reasonably be expected to constitute an unwarranted invasion of personal privacy, withheld from public disclosure pursuant to 5 U.S.C. § 552(b)(7)(C); and information the release of which could reveal the identity of confidential sources of information, withheld from public disclosure pursuant to 5 U.S.C. § 552(b)(7)(D).

We were unable to locate any additional documents responsive to this request.

Sincerely yours,

Ann Lea Richards
Chief, FOIA/PA

Enclosures

2