UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                            )
STOLT-NIELSEN TRANSPORTATION    )
GROUP LTD.,                                 )
                                            )
               Plaintiff,                   )          Civil Action No. 06-474 (RJL)
                                            )
                                            )
               v.                           )
                                            )
U.S. DEPARTMENT OF JUSTICE,       )
                                            )
               Defendant.                   )
_____)

**MOTION OF DEFENDANT
TO ENLARGE THE TIME TO RESPOND TO
MOTION FOR PARTIAL SUMMARY JUDGMENT**

Federal defendant moves,  pursuant to Fed.R.Civ.P. 6(b)(1), to extend the time within

which it may file a response to plaintiff's partial motion for summary judgment filed on May 13,

2006.  Pursuant to the Federal Rules of Civil Procedure, defendant's response is due on May 30,

2006.

This is an action brought pursuant to the Freedom of Information Act ("FOIA").  Plaintiff

claims that it made several FOIA requests to the Department of Justice ("DOJ") but that DOJ has

not released all responsive records.  Plaintiff correctly notes in the complaint that the instant

action is related to another case before this Court, *Stolt-Nielsen Transportation Group v. United

States*, 05-cv-2217.  On May 23, 2006, defendant moved to consolidate the two cases to avoid

piecemeal litigation.[1]  Judicial economy will best be served through consolidation of the cases so

that the evidence and briefs can be presented to the Court in a logical, coherent, and complete

manner and the parties will not have to duplicate their efforts by briefing the same issues twice.

Defendant proposed in its motion to consolidate that the Court adopt a single briefing schedule

so that the parties can address all of the issues in one round of cross motions for summary

judgment.

In the event the Court denies the motion to consolidate, the defendant moves for this

extension of time to respond to the partial summary judgment motion so that the litigation

schedule for the instant case will be compatible with the schedule in civil action 05-2217.  The

grounds for the motion to extend time are that on April 17, 2006, the Court entered a scheduling

order in 05-cv-2217.  The order set the following deadlines: May 25, 2006[2], for a *Vaughn* index;

June 30, 2006, for cross motions for summary judgment; July 31, 2006 for responses to summary

judgment motions, and August 17, 2006, for replies.  The defendant is currently responding to

plaintiff's FOIA requests, compiling a *Vaughn* index, and preparing a motion for summary

judgment in the earlier related case.

Defendant had anticipated that the parties would confer with regard to a joint proposed

scheduling order in the instant case that would be compatible with the scheduling order entered

in the 2005 case.  In due course, defendant voluntarily agreed to produce a *Vaughn* index in the

---

[1]If this Court grants the motion to consolidate and adopts the proposed comprehensive scheduling order attached to that motion, this motion to enlarge time to respond to plaintiff's motion for partial summary judgment will become moot.

[2]On May 24, 2006, Defendant filed a consent motion to extend this deadline to June 2, 2006.

instant case on June 9, 2006.  However, on May 13, 2006, before the parties could confer with

regard to a briefing schedule in the instant case, plaintiff unilaterally filed a partial motion for

summary judgment in an apparent attempt to accelerate the proceedings.  This meant that

defendant would be required to respond to plaintiff's motion before it completed its 2006

*Vaughn* index.

Because the government's resources are finite, defendant must necessarily focus its

attention and direct its resources to meeting the deadlines in the earlier-filed case.  In addition,

defendant cannot respond to plaintiff's motion for summary judgment until it completes a

*Vaughn* index in the 2006 case.  Defendant is working on the *Vaughn* indexes in both cases, but

defendant will not complete the *Vaughn* index in the 2006 case until sometime after the 2005

*Vaughn* index is complete.

For the foregoing reasons, defendant moves to extend time to oppose plaintiff's motion

for summary judgment until November 30, 2006.[3]  This will allow the parties to complete the

briefing in the 2005 case, and allow defendant to complete the *Vaughn* index in the instant case

so that it will have the information necessary to respond to plaintiff's motion for summary

judgment.

WHEREFORE, defendant moves to extend the time in which it opposed plaintiff's

motion for partial summary judgment, until and including, November 30, 2006.

### CERTIFICATE PURSUANT TO LCvR 7(m)

Plaintiff's counsel does not consent to this motion.

---

[3]This date is compatible with the other dates in defendant's proposed briefing schedule
filed separately this day, which proposes a due date of September 11, 2006, for the 2006 *Vaughn*
index, and a due date of October 27, 2006, for cross motions for summary judgment.

A proposed order is attached.

Respectfully submitted,

___/s/_____
KENNETH L. WAINSTEIN
D.C. Bar No. 451058
United States Attorney

___/s/_____
RUDOLPH CONTRERAS
D.C. Bar No. 434122

___/s/_____
CHARLOTTE A. ABEL
D.C. Bar No. 388582
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C. 20530
(202) 307-2332