UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Stolt-Nielsen Transportation Group Ltd.,

    *Plaintiff,*

v.

United States Department of Justice,

    *Defendant.*

Civil Action No. 06cv474 (RJL)

**Oral Argument Requested**

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR EXTENSION OF TIME

On May 13, 2006, Stolt-Nielsen filed a motion for partial summary judgment in this action. Stolt-Nielsen has made clear that it is agreeable to an extension of time that would allow the government *34 days* in which to respond to the motion (*i.e.*, to June 16, 2006) (Exhibit 1). The government has now filed a motion in which it seeks a remarkable *201 days* in which to respond to Stolt-Nielsen's motion. Once again, the government's actions reveal that its main goal is to delay resolution of Stolt-Nielsen's FOIA requests. Because this delay is prejudicial, Stolt-Nielsen opposes the motion.

Stolt-Nielsen commenced this action on March 15, 2006. On April 5, 2006, counsel for Stolt-Nielsen conferred with counsel for the government concerning scheduling in this case. At that time, the government sought an extension for the filing of its answer. Stolt-Nielsen agreed. In return, Stolt-Nielsen sought a deadline by which the Antitrust Division would release documents pursuant to the FOIA requests subject to this lawsuit (given that none had ever been disclosed by the Division) as well as the date of June 9, 2006 for the government to file a *Vaughn* index in this case. The government agreed. Exhibit 2. Stolt-Nielsen also sought a briefing

schedule for dispositive motions in this case. The government would not agree to a schedule for dispositive motions.

Because the government would not commit to a briefing schedule, Stolt-Nielsen filed its own motion for partial summary judgment, as authorized by Rule 56(a) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 56(a) (a party seeking to recover on a claim "may, at any time after the expiration of 20 days from the commencement of the action" move for summary judgment). As explained in Stolt-Nielsen's opposition to the government's motion to consolidate (filed in 05cv2217 (RJL)), time is of the essence here because Stolt-Nielsen could be subject to indictment in the near future and the documents improperly withheld by the government may well prove instrumental to Stolt-Nielsen's defense. Notwithstanding its legitimate desire to expedite this case, Stolt-Nielsen gave its consent to the government for an extension of time, to and including June 16, 2006, in which the government may respond to the pending summary judgment motion. But Stolt-Nielsen cannot agree to a response date of November 30, 2006. And the government has made no showing that it needs an extraordinary *201 days* in which to respond to the motion.

The government makes two arguments in support of its requested extension. Neither has merit.

*First*, the government argues that its resources are "finite" and that it must "necessarily focus its attention and direct its resources to meeting the deadlines in the earlier-filed case." Motion at 3. But this is not a case involving hundreds of thousands of documents that tax the resources of the government. Instead, the government has indicated that that it is withholding 864 pages of documents, plus an unspecified number of amnesty agreements. The 864 pages of documents would fit into two redwells. An experienced attorney could undertake a privilege

review of these documents in half a day. Although the government has not disclosed how many amnesty agreements it is withholding, Stolt-Nielsen presumes it is about 96 in light of the Antitrust Division's public pronouncements that it has granted amnesty in approximately 100 instances and the fact that the Division has produced only four agreements to Stolt-Nielsen. These agreements are typically short, about 4 pages in length. Thus, the withheld amnesty agreements should total about 400 pages, which would fill a single redwell. An experienced attorney could undertake a privilege review of these documents in a few hours. Thus, the total privilege review in this case will take perhaps a day.

Responding to Stolt-Nielsen's 17-page memorandum of points and authorities should take only a couple of days, particularly for an attorney experienced in FOIA litigation. Stolt-Nielsen's statement of material facts as to which there is no genuine dispute is 11 pages. Responding to that document should take no more than a day. As a result, the actual work that needs to be done to respond to Stolt-Nielsen's summary judgment motion will, in reality, take no more than 4 days. Even when accounting for client review of draft briefs, 34 days will provide the government will more than ample time to respond to the motion.

***Second***, the government argues that an extension of time is needed because it must complete a *Vaughn* index before it can respond to the summary judgment motion and "defendant will not complete the *Vaughn* index in the 2006 case until sometime after the 2005 *Vaughn* index is complete." Motion at 3. As a result, the government proposes that the *Vaughn* index be filed in this action on September 11, 2006. This argument ignores the fact that the government already ***agreed*** to produce the *Vaughn* index in this case ***no later than June 9, 2006***. Exhibit 2. The Court should enforce scheduling agreements made between parties. And the government

simply has not demonstrated that it needs an additional 94 days between June 9, 2006 and September 11, 2006 in which to file the *Vaughn* index.

The government's argument also ignores the fact in that in its motion to consolidate filed in 05cv2217 (RJL) on May 23, 2006, the government proposed that the *Vaughn* index for both 05cv2217 (RJL) and 06cv474 (RJL) be filed on July 17, 2006. And, on May 24, 2006, the government moved for an extension of time to file the *Vaughn* index in 05cv2217 (RJL) to June 2, 2006. In that motion, the government represented to the Court that it "now anticipates that it can complete the *Vaughn* index by June 2, 2006." Exhibit 3 at 1. Thus, even if preparation of the *Vaughn* index in this case must await the preparation of the *Vaughn* index in 05cv2217 (RJL) — and the government has provided no proof on this issue — then the period from June 2, 2006 to June 16, 2006 provides the government with ample time to finalize the *Vaughn* index in this case. Stolt-Nielsen has informed the government that it is amenable to a *Vaughn* index being filed in this case no later than June 16, 2006. Exhibit 1.

In the end, the government's latest motion simply confirms its litigation strategy is to delay resolution of this matter at all costs. Such an approach is squarely at odds with one of the purposes of FOIA, which is to encourage the "speedy resolution of requests." *Afshar v. Dep't of State*, 702 F.2d 1125, 1137 (D.C. Cir. 1983); *see also Payne Enterprises, Inc. v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988) ("Congress did not intend for the IRS, or any other agency, to use the FOIA offensively to hinder the release of non-exempt documents . . . . These unreasonable delays in disclosing non-exempt documents violate the intent and purpose of the FOIA, ***and the courts have a duty to prevent these abuses***.") (quoting *Long v. IRS*, 693 F.2d 907, 910 (9th Cir. 1982)) (emphasis added).

For these reasons, the Court should deny the government's motion for extension of time to respond to Stolt-Nielsen's motion for partial summary judgment. A proposed order is attached. Alternatively, the Court should allow the government until June 16, 2006 to file its *Vaughn* index and file its response to the summary judgment motion. A proposed order to this effect is also attached.

Pursuant to Local Rule 7(f), Stolt-Nielsen respectfully requests oral argument on the government's motion, at the earliest time that is convenient to the Court.

Dated: May 26, 2006

Respectfully submitted,

**WHITE & CASE LLP**

By: _____
J. Mark Gidley (D.C. Bar No. 417280)
Christopher M. Curran (D.C. Bar No. 408561)
Lucius B. Lau (D.C. Bar No. 446088)
701 Thirteenth St., N.W.
Washington, D.C. 20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Stolt-Nielsen Transportation Group Ltd.*