UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| _____ | ) | |
| STOLT-NIELSEN TRANSPORTATION GROUP LTD., | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 06-474 (RJL) |
| v. | ) ) ) | |
| U.S. DEPARTMENT OF JUSTICE, | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

**REPLY TO OPPOSITION TO
MOTION OF DEFENDANT
TO ENLARGE THE TIME TO RESPOND TO
MOTION FOR PARTIAL SUMMARY JUDGMENT**

This action arises out of a series requests made to the Department of Justice pursuant to the Freedom of Information Act ("FOIA") by Stolt-Nielsen Transportation Group Ltd. ("Stolt-Nielsen") concerning a criminal investigation of collusion in the parcel tanker shipping industry. Stolt-Nielsen made thirteen FOIA requests to the Antitrust Division of the Department of Justice, six of which are the subject of the instant lawsuit, and six of which are the subject of an earlier civil action 05-CV-002217-RJL (D.D.C.) which was filed on November 15, 2005. The thirteenth FOIA request is not yet the subject of legal action.

On May 23, 2006, defendant moved to consolidate the two cases to avoid piecemeal litigation.[1]  Judicial economy will best be served through consolidation of the cases so that the

_____

[1]If this Court grants the motion to consolidate and adopts the proposed comprehensive scheduling order attached to that motion, defendant's motion to enlarge time to respond to

1

evidence and briefs can be presented to the Court in a logical, coherent, and complete manner and the parties will not have to duplicate their efforts by briefing the same issues twice. Defendant proposed in its motion to consolidate that the Court adopt a single briefing schedule so that the parties can address all of the issues in one round of cross motions for summary judgment. Defendant's motion to consolidate is fully briefed and ripe for decision.

On May 25, 2006, the defendant moved for an extension of time to respond to plaintiff's motion for partial summary judgment motion in the instant case only in the event the motion to consolidate is denied. If the motion to consolidate is granted, defendant proposes that cross-motions for summary judgment be filed on August 11, 2006, and responses to motions be filed on September 11, 2006. Defendant's proposed consolidated schedule would only add two months to the briefing schedule already in effect in civil action 05-2217. If the motion to consolidate is not granted, defendant seeks until September 11, 2006 to file a *Vaughn* index, October 27, 2006, to file motions for summary judgment, and November 30, 2006, to file responses to motions in the instant case. Defendant explained in its status report and proposed scheduling order filed in this case on May 25, 2006, that such a schedule is compatible with the schedule already in effect in 05-cv-2217, which concludes on August 17, 2006, for replies.

Plaintiff opposes defendant's motion for an extension of time to respond to plaintiff's motion for partial summary judgment. Plaintiff argues that the length of time requested by the government is unreasonable, that the government is interposing the requested extension for the improper purpose of delay, and that the Court should prevent such abuses by allowing the government only as much time as plaintiff considers to be reasonable, *i.e.*, until June 16, 2006.

---

plaintiff's motion for partial summary judgment will become moot.

Plaintiff did not address why civil action 06-474 should proceed along a faster track than the earlier-filed suit.

Defendant had initially anticipated that the parties would negotiate a briefing schedule in the 2006 case that was compatible with the scheduling order entered by the Court on April 17, 2006 in the 2005 case. Instead, ten days after defendant answered the complaint in the 2006 case, plaintiff unilaterally filed a motion for partial summary judgment. The risk of piecemeal litigation is high if the parties litigate the two cases independently of one another. Moreover, it will be difficult for defendant to adhere to the schedule in the 2005 case if the briefing schedule is accelerated in the 2006 case.

Because the government's resources are finite, defendant must necessarily focus its attention and direct its resources to meeting the court-imposed deadlines in 05-cv-2217. Defendant cannot respond to plaintiff's motion for summary judgment until after the agency completes a *Vaughn* index in the instant case. Moreover, defense counsel is ever-mindful of court-ordered obligations in other cases, as well as other work demands, that must be taken into account when proposing realistic due dates to the Court.

In *Nishnic, et al. v. U.S. Department of Justice*, 671 F.Supp. 776 (D.D.C. 1987), the district court acknowledged the public interest in "the government's conducting itself fairly and humanely," and "the court's role in ensuring that there is no undue delay in the administrative processing of FOIA requests and the judicial review of the response." *Nishnic* at 813. The court found that despite plaintiff's protestations to the contrary, "defendant has gone to great lengths to be prompt, thorough, and forthcoming to the fullest extent required by law. The courts should require no more." *Nishnic*, at 791. Just like in *Nishnic*, defendant has been "prompt,"

3

"thorough," "and forthcoming to the fullest extent required by law." The documents being withheld by defendant are either exempt from production under the FOIA or are non-responsive to the plaintiff's twelve FOIA requests. Defendant has acted in a timely manner and most recently timely filed a detailed 167-page *Vaughn* index in 05-cv-2271, referring to more that 3,158 pages of documents.

For the foregoing reasons, and in the event the Court denies the motion to consolidate, defendant's motion to extend time to oppose plaintiff's motion for summary judgment should be granted until November 30, 2006. This will allow the parties to complete the briefing in the 2005 case on schedule, and allow defendant to complete the *Vaughn* index in the instant case so that it will have the information necessary to respond to plaintiff's motion for summary judgment.

Respectfully submitted,

\_\_/s/ _____
KENNETH L. WAINSTEIN
D.C. Bar No. 451058
United States Attorney

\_\_/s/_____
RUDOLPH CONTRERAS
D.C. Bar No. 434122

\_\_/s/_____
CHARLOTTE A. ABEL
D.C. Bar No. 388582
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C. 20530
(202) 307-2332

4