

**U.S. Department of Justice**

Antitrust Division

---

*Liberty Place Building*
*325 Seventh Street NW*
*Washington, DC 20530*

September 13, 2005

Ruta Kalvaitis Skučas
White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

    Re:  <u>Freedom of Information Act Request Nos. ATFY05-071,-072,-080,-088,-and-113</u>

Dear Ms. Skučas:

    This letter is in response to your five Freedom of Information Act (FOIA) requests seeking information relating to Stolt-Nielsen Transportation Group, Ltd. ("STNG"). You specifically requested the information described in the FOIA requests listed above.

**ATFY 05-071**

    All internal memoranda or notes relating to a December 4, 2002 meeting between Antitrust Division officials and John Nannes relating to a STNG application to, and participation in, the Antitrust Division's Amnesty Program.

**ATFY 05-072**

    Copies of, and notes relating to, speeches given by Scott D. Hammond, Deputy Assistant Attorney General of the Antitrust Division, at the following events: (1) the 19th Annual National Institute on White Collar Crime 2005, held on March 3-4, 2005; (2) the Spring 2005 American Bar Association Antitrust Section Meeting, held March 30 through April 1, 2005; and (3) the Langdon Hall 2005 Competition Law and Policy Invitational Forum in Canada, held on May 6, 2005. You also seek any other public speeches or presentations in which Mr. Hammond discussed the Antitrust Division's pending action(s) against STNG and any drafts, notes, or other documents prepared by any Antitrust Division employee that relate to an article entitled *The Curious Case of Stolt-Nielsen, S.A. v. United States*, written by Jim Walden and Kristopher Dawes.

**ATFY 05-080**

    All documents relating to the opening of an Antitrust Division investigation of the parcel tanker industry in November 2002 including, but not limited to, documents and information specifically relating to the following: (1) the article, *Stolt-Nielsen Is Probed*



*For Traffic With Iran,* published in the Wall St. J., Nov. 2, 2002; (2) an Antitrust Division Philadelphia Field Office request to open an investigation, including but not limited to, a preliminary request memorandum and any memoranda to the Federal Bureau of Investigation requesting assistance; and (3) any documents memorializing actions taken by the Antitrust Division in opening any such investigation.

ATFY 05-088

Any and all materials relating to presentations or communications by, or involving, officials of the Antitrust Division to the International Competition Network ("ICN") regarding any investigation of STNG including, but not limited to, the following: (1) presentations, speeches and discussions made to the ICN by any Antitrust Division officials or any other ICN member relating to any STNG investigation or to the STNG amnesty revocation; (2) any electronic mail or facsimile communications between Antitrust Division officials and ICN members relating to any STNG investigation or to the STNG amnesty revocation; and (3) any documents in the possession of the Antitrust Division or its officials memorializing communications, correspondence, presentations, meeting minutes or agenda relating to any STNG investigation or to the STNG amnesty revocation with ICN members.

ATFY 05-113

Any and all correspondence between Antitrust Division officials and Jim Walden and/or Kristopher Dawes of O'Melveny & Myers LLP relating to an antitrust investigation into the parcel tanker industry, particularly relating to the article written by Messrs. Walden and Dawes.

We are enclosing 277 pages of documents responsive to all five of your requests. Deleted portions of certain of these documents contain information which, if released, would constitute an unwarranted invasion of personal privacy, and, accordingly, are withheld from public disclosure pursuant to 5 U.S.C. § 552(b)(6). They also contain information protected by the attorney work-product and deliberative process privileges and are withheld from public disclosure pursuant to 5 U.S.C. § 552(b)(5).

Please be advised that additional documents responsive to your request relate to ongoing enforcement proceedings and their disclosure could reasonably be expected to interfere with such proceedings. Accordingly, such materials are exempt from public disclosure pursuant to 5 U.S.C. § 552(b)(7)(A).

If you are dissatisfied with my action on your request, you may appeal within 60 days to the Co-Director, Office of Information and Privacy, U.S. Department of Justice, Flag Building, Suite 570, Washington, DC 20530. Any appeal should be clearly identified as a "FOIA/PA

Appeal." 28 C.F.R. § 16.9. Judicial review is available thereafter in any of the following jurisdictions: (1) where you reside; (2) where you have your principal place of business (if any); (3) in the District of Columbia; or (4) where the records are located if they are not located in the District of Columbia. 5 U.S.C. § 552(a)(4)(B).

Sincerely yours,

Ann Lea Richards<br>
Chief, FOIA/PA

Enclosures