

U.S. Department of Justice

Antitrust Division

---

*Liberty Place Building*
*325 Seventh Street NW*
*Washington, DC  20530*

April 27, 2006

Lucius B. Lau
Mark Gidley
White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

      Re:  <u>Freedom of Information Act Request No. ATFY06-040</u>

Dear Messrs. Lau and Gidley:

      This letter responds to your January 26, 2006 Freedom of Information Act (FOIA) request for "any and all documents that reflect, memorialize, embody or contain communications regarding the investigation into the parcel tanker industry, to or from:  (1) any attorney with St. Martin & Williams, including but not limited to Conrad S.P. "Duke" Williams III; and (2) any attorney with Kasowitz, Benson, Torres & Friedman LLP, including but not limited to Hector Torres, Harold G. Levinson, or Gary W. Dunn.  This request is a subject of the current lawsuit filed by your client styled *Stolt-Nielsen Transportation Group Ltd. v. United States Department of Justice* (D.D.C. filed March 14, 2006).

      We are enclosing forty-six pages of documents responsive to your request.  Redacted portions of certain of these pages relate to ongoing enforcement proceedings and their disclosure could reasonably be expected to interfere with such proceedings.  The redacted information is, accordingly, withheld from public disclosure pursuant to Exemption 7A, 5 U.S.C. § 552(b)(7)(A).  In addition, the redacted information could reasonably be expected to constitute an unwarranted invasion of personal privacy, and is, thus, withheld from public disclosure pursuant to Exemption 7C, 5 U.S.C. § 552(b)(7)(C).

      We are withholding thirty-seven documents (526 pages) in their entirety.  Twenty-six of these thirty-seven documents reflect the deliberative process privilege and attorney work-product doctrine prongs of Exemption 5, and are, accordingly, withheld pursuant to 5 U.S.C. § 552(b)(5).  Certain of these twenty-six documents also reflects information relating to ongoing enforcement proceedings the disclosure of which could reasonably be expected to interfere with such



GOVERNMENT EXHIBIT AA

proceedings, withheld pursuant to Exemption 7A, 5 U.S.C. 552(b)(7)(A); information which could reasonably be expected to constitute an unwarranted invasion of personal privacy, withheld from public disclosure pursuant to Exemption 7C, 5 U.S.C. § 552(b)(7)(C); the identities of confidential sources of information, withheld from public disclosure pursuant to Exemption 7D, 5 U.S.C. § 552(b)(7)(D); and matters occurring before a federal grand jury, withheld from public disclosure pursuant to Exemption (3), 5 U.S.C. § 552(b)(3), and F. R. Crim. P. 6(e).

Ten of the thirty-seven documents reflect information relating to ongoing enforcement proceedings the disclosure of which could reasonably be expected to interfere with such proceedings. They are, accordingly, withheld pursuant to Exemption 7A, 5 U.S.C. § 552(b)(7)(A). Certain of these ten documents also reflect information which could reasonably be expected to constitute an unwarranted invasion of personal privacy, withheld from public disclosure pursuant to Exemption 7C, 5 U.S.C. § 552(b)(7)(C); the identities of confidential sources of information, withheld from public disclosure pursuant to Exemption 7D, 5 U.S.C. § 552(b)(7)(D); and matters occurring before a federal grand jury, withheld from public disclosure pursuant to Exemption (3), 5 U.S.C. § 552(b)(3), and F. R. Crim. P. 6(e). One of the thirty-seven documents reflects matters occurring before a federal grand jury, withheld from public disclosure pursuant to Exemption (3), 5 U.S.C. § 552(b)(3), and F. R. Crim. P. 6(e), and information which could reasonably be expected to constitute an unwarranted invasion of personal privacy, withheld from public disclosure pursuant to Exemption 7C, 5 U.S.C. § 552(b)(7)(C).

We were unable to locate any additional documents responsive to this request.

Sincerely yours,

Ann Lea Richards
Chief, FOIA/PA

Enclosures