IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Stolt-Nielsen Transportation Group Ltd., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-2217 (RJL) |
| | ) |
| United States of America, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |
| | ) |
| Stolt-Nielsen Transportation Group Ltd. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-0474 (RJL) |
| | ) |
| United States Department of Justice, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

Amended 2006 Vaughn Index

Bates Numbers: <u>ATR-2012 to 2376, ATR-84 to 91, ATR-647 to 650, ATR-663 to 667, ATR-669 to 671, ATR-864 to 870, ATR-872 to 875, ATR-1542 to 1561, ATR- 2377 to 2544, 3995 to 4989</u>

**W** means Document Withheld in Full
**R** means Document Released as Redacted
**F** means Document Released in Full

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-2012-2014 (3) | F | Document Released in Full | | | | | 06-002. |
| ATR-2015-2018 (4) | F | Document Released in Full | | | | | 06-002. |
| ATR-2019-2022 (4) | F | Document Released in Full | | | | | 06-002. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-2023-2025 (3) | F | Document Released in Full | | | | | 06-002. |
| ATR-2026-2030 (5) | F | Document Released in Full | | | | | 06-003. |
| ATR-2031-2035 (5) | F | Document Released in Full | | | | | 06-003. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-2036-2038 (3) | R | 10/8/05 | James Griffin, private practice attorney[1] | Belinda Barnett, Senior Counsel to DAAG Scott Hammond Donald Baker, private practice attorney | E-mails[2] | (b)(5) | 06-003. E-mails reflecting communications between James Griffin and Donald Baker discussing oral arguments before the 3rd Circuit. One redaction in an internal e-mail between DOJ staff ("staff") was made pursuant to the attorney work-product privilege because it is was created in anticipation of litigation. All other remaining material was released in its entirety.[3] |

---

[1] The title of each person whose name is listed on this Vaughn index is included in the index the first time this person's name appears, but, in the interest of efficiency and space, it is rarely repeated. The attached name and title list was created to assist the reader to identify individuals.

[2] Each internal e-mail consisting of more than one communication is only identified by the information on the most recent e-mail. All e-mails that contain one or more communications between Antitrust Division employees and persons outside the government are identified by the name of the third party and the Division employee.

[3] Each document obtained during defendant's search was carefully reviewed to determine its responsiveness to plaintiff's FOIA requests. While processing those records, defendant carefully segregated and released all disclosable, responsive information unless the document was rendered unintelligible by redacting exempt information.

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-2039-2040 (2) | R | 11/03/05 | Belinda Barnett | James Griffin | E-mails | (b)(5) | 06-003. E-mails exchanged between staff and Mr. Griffin concerning 3rd Circuit oral arguments. One redaction in internal e-mail between staff was made pursuant to the attorney work-product privilege because it was created in anticipation of litigation. All other material was released in its entirety. |
| ATR-2041-2066 (26) | R | 3/24/05 | James Griffin | Scott Hammond, DAAG for Criminal Enforcement and Belinda Barnett | E-mail with attached paper | (b)(5) | 06-003 and 131. An e-mail from Mr. Griffin to staff attaching a paper Mr. Griffin intended to issue during the ABA Antitrust Section Spring Meeting which refers to the Stolt-Nielsen amnesty litigation in passing. Mr. Griffin's communication to staff and attached paper were released in full. A comment made by DOJ superior to subordinate was redacted pursuant to the attorney work-product privilege because it was created in anticipation of litigation. |
| ATR-2067-2139 (73) | F | Document Released in Full | | | | | 06-003 |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-2140 (1) | F | Document Released in Full | | | | | 06-003 |
| ATR-2141 (1) | F | Document Released in Full | | | | | 06-003 |
| ATR-2142-2144 (3) | F | Document Released in Full | | | | | 06-003 |
| ATR-2145-2146 (2) | F | Document Released in Full | | | | | 06-003 |
| ATR-2147-2148 (2) | F | Document Released in Full | | | | | 06-003 |
| ATR-2149-2150 (2) | F | Document Released in Full | | | | | 06-003 |
| ATR-2151-2157 (7) | F | Document Released in Full | | | | | 06-003 |
| ATR-2158-2160 (3) | F | Document Released in Full | | | | | 06-003 |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-2161-2163 (3) | F | Document Released in Full | | | | | 06-003 |
| ATR-2164-2166 (3) | F | Document Released in Full | | | | | 06-003 |
| ATR-2167-2170 (4) | F | Document Released in Full | | | | | 06-003 |
| ATR-2171-2173 (3) | F | Document Released in Full | | | | | 06-003 |
| ATR-2174-2175 (2) | F | Document Released in Full | | | | | 06-003 |
| ATR-2176-2178 (3) | F | Document Released in Full | | | | | 06-003 |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-2179-2180 (2) | F | Document Released in Full | | | | | 06-003 |
| ATR-2181-2182 (2) | F | Document Released in Full | | | | | 06-003 |
| ATR-2183 (1) | F | Document Released in Full | | | | | 06-003 |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-2184 (1) | W | 11/22/02 | Joseph Muoio, Assistant Chief of Philadelphia Field Office | Robert Connolly, Chief of Philadelphia Field Office | E-mail | (b)(5), (7)(A), (7)(C) and (7)(D) | 06-003.  An internal e-mail from subordinate informing superior about his communication with a confidential source.  It summarizes the conversation and reflects author's thoughts and recommendations.  The document was created in anticipation of litigation and withheld pursuant to the attorney work-product privilege.  It is also exempt pursuant to the deliberative process privilege which is designed to prevent injury to the quality of agency's communications.  Disclosure could reasonably be expected to interfere with an ongoing enforcement proceeding because it could reveal the direction and strategies of the Division's investigation.  It contains the name of a confidential source and its disclosure could also reasonably be expected to constitute an unwarranted invasion of the individual's personal privacy. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-2185 (1) | W | 3/29/04 | Robert Connolly | Antonia Hill, Wendy Norman, Kimberly Justice, Richard Rosenberg (all attorneys Philadelphia Field Office) and Beth Fuhrhop (secretary, Philadelphia Field Office) | E-mail | (b)(5), (7)(A), (7)(C) and (7)(D) | 06-003. An internal e-mail from superior to staff summarizing a communication with a confidential source. The document reflects the opinion and thoughts of the superior and is withheld pursuant to that deliberative process privilege. Disclosure could reasonably be expected to interfere with an ongoing enforcement proceeding because it could reveal the direction of the Division's investigation. Disclosure of the individual's identity could reasonably be expected to constitute an unwarranted invasion of the individual's personal privacy. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-2186 (1) | W | 3/11/04 | Robert Connolly | Antonia Hill, Wendy Norman, Kimberly Justice, Richard Rosenberg and Beth Fuhrhop | E-mail | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R.Crim. P. | 06-003.  An internal e-mail from superior to staff reflecting certain aspects of the ongoing enforcement proceeding.  It contains the names of third parties the release of which could reasonably be expected to invade their personal privacy and could subject those parties to unnecessary public scrutiny. It summarizes a phone conversation with the attorney for a grand jury subpoena recipient.  The e-mail was prepared in anticipation of litigation and reflects Division staff attorney work-product. The e-mail also contains the names of confidential sources.  The document is withheld pursuant to the deliberative process privilege because it reflects the thoughts and opinion of the superior and its disclosure could impede the flow of information among Division staff. compiled for law enforcement purposes. Its release could adversely affect the ongoing proceeding because it could reveal the direction of the investigation. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-2187 (1) | W | 4/29/03 | James Griffin, DAAG for Criminal Enforcement | Robert Connolly, Antonia Hill, Wendy Norman, Kimberly Justice, Jeffrey Parker (paralegal, Philadelphia Field Office), Chima Shaan (paralegal, Philadelphia Field Office) and Constance Webster (secretary, Philadelphia Field Office)<br><br>Cc: Scott Hammond and Laura Starling (Special Assistant to | E-mails | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 06-003.  Internal e-mails summarizing a phone conversation with an attorney for a recipient of a grand jury subpoena concerning the production of documents. This information is exempt in accordance with Rule 6(e) of the Federal Rules of Criminal Procedure. This e-mail was prepared in anticipation of litigation and is, therefore, exempt from disclosure pursuant to the attorney work-product privilege.  Its disclosure could interfere with an open investigation by revealing the direction and strategies of the investigation, invade the privacy of an individual, and reveal the identity of a confidential source. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-2188 (1) | W | 4/23/04 | Robert Connolly | Richard Rosenberg | E-mails | (b)(5), (7)(A), (7)(C) and (7)(D) | 06-003. Internal e-mails from superior to staff reflecting developments in ongoing investigation. It also summarizes a communication with a confidential source. The document is withheld in its entirety because it was prepared in anticipation of litigation and its release could also inhibit frank and open discussions among staff. It is exempt pursuant to the attorney work-product and the deliberative process privileges. It is also withheld because its disclosure could interfere with an ongoing grand jury investigation and case by revealing the direction and strategies of the investigation. The identities of third parties are exempt because release could reasonably be expected to constitute an unwarranted invasion of personal privacy and could reveal the identity of a confidential source. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-2189 (1) | W | 4/22/03 | Robert Connolly | James Griffin, Scott Hammond (Director of Criminal Enforcement) and Laura Starling<br><br>Cc: Antonia Hill, Wendy Norman, Kimberly Justice, Jeffery Parker and Shaan Chima | E-mail | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 06-003. Internal e-mail from subordinate to superiors that discusses potential response to a grand jury subpoena. It is an internal document created in anticipation of litigation and is withheld pursuant to the attorney work-product privilege. It is also withheld because disclosure could inhibit frank and open discussions among staff, and is thus exempt pursuant to the deliberative process privilege. Release could reveal the identity of a confidential source, could reasonably be expected to constitute an unwarranted invasion of personal privacy of identified third parties, and could reasonably be expected to interfere with ongoing enforcement proceedings by revealing the direction and strategies of the investigation. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-2190 (1) | W | 5/13/03 | Robert Connolly | Constance Webster (secretary, Philadelphia Field Office) | E-mails | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 06-003. Internal e-mails from a superior to his subordinates. It was created as a record for the file and reflects a phone conversation with attorney for a grand jury recipient for the production of documents. It also discusses other information relating to the investigation. The document was prepared in anticipation of litigation, and is exempt from disclosure pursuant to the attorney work-product privilege. It is also exempt from disclosure because it could interfere with the ongoing grand jury investigation and case by revealing the direction and strategies of the investigation. In addition, its release could reveal the identity of confidential sources and could invade individuals' personal privacy. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-2191 (1) | W | 4/28/03 | Robert Connolly | Lucy McClain (attorney, Philadelphia Field Office), Regina Kedziora (secretary, Philadelphia Field Office), Tanya Turner, (IT Specialist, Philadelphia Field Office), Constance Webster, Beth Fuhrhop, Shaan Chima, Jeffery Parker, Antonia Hill, Wendy Norman and Kimberly Justice | E-mail | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 06-003. Internal e-mail from superior to staff instructing them about a grand jury subpoena document production that was prepared in anticipation of litigation and is exempt pursuant to the attorney work-product privilege. The document reflects the identity of a subpoena recipient and its disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy and could reveal the identity of a confidential source of information.  It is also exempt from disclosure because it could interfere with the ongoing grand jury investigation and case by revealing the direction and strategies of the investigation. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-2192 (1) | W | 9/21/04 | Robert Connolly | Antonia Hill, Wendy Norman, Richard Rosenberg and Beth Fuhrhop | E-mail | (b)(5), (7)(A), (7)(C) and (7)(D) | 06-003. Internal e-mail from superior to staff describing his communication with confidential source, the release of which could reasonably be expected to interfere with the ongoing enforcement proceeding and could reasonably be expected to constitute and invasion of the privacy of identified individuals. The e-mail was prepared in anticipation of litigation and is exempt pursuant to the work-product privilege. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-2193 (1) | W | 5/6/04 | Robert Connolly | Antonia Hill, Wendy Norman, Kimberly Justice and Richard Rosenberg | E-mails | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 06-003. Exchange of internal e-mails between subordinate and a superior about a confidential source and information that could be presented to the grand jury. Disclosure could reasonably be expected to constitute an unreasonable invasion of the privacy of identified individuals. Staff's communications reveal their thoughts and opinions and their release could inhibit the flow of Division communications. They are, accordingly, exempt from disclosure pursuant to the deliberative process privilege. In addition, the e-mails were prepared in anticipation of litigation and exempt pursuant to the attorney work-product privilege. Disclosure could also reveal the direction and strategies of the ongoing grand jury investigation and litigation. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-2194 (1) | W | 8/8/05 | Antonia Hill | Robert Connolly, Richard Rosenberg, Beth Fuhrhop, Laura Heiser (attorney, Philadelphia Field Office), Kimberly A. Justice, Melissa Lenzi (paralegal, Philadelphia Field Office), Wendy Norman and Jeffrey Parker (attorney, Philadelphia Field Office) | E-mails | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 06-003. Internal e-mail communications among staff prepared in anticipation of litigation and reflecting staff's advice and opinions about the issuance of a grand jury subpoena to a named individual, withheld pursuant to the deliberative process privilege. The communications, which reflect staff's questions and opinions on how to proceed with the ongoing investigation, was prepared in anticipation of litigation and, accordingly, are exempt pursuant to the attorney work-product privilege. The e-mails contains the names of third parties and confidential sources. Their disclosure could invade the personal privacy of named individuals and identify confidential sources. Their disclosure could also interfere with ongoing grand jury investigation and litigation. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-2195-2196 (2) | W | 8/11/05 | Kimberly A. Justice | Wendy Norman, Jeffery Parker and Antonia Hill | E-mails | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 06-003. Internal (running) e-mail communications among staff.  A portion of this e-mail contains information identical to that described above in ATR- 2194 and is, accordingly, withheld for the same reasons. The additional material in staff's reply reflects investigative information compiled by subordinate for superiors in anticipation of litigation during the course of the ongoing investigation and is exempt from public disclosure pursuant to the attorney work-product privilege.  The additional material also reflects the name of a confidential source, the disclosure of which could interfere with ongoing enforcement proceedings and invade the personal privacy of the named individual. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-2197-2198 (2) | W | 8/11/05 | Jeffrey Parker | Antonia Hill, Robert Connolly, Richard Rosenberg, Laura Heiser, Kimberly A. Justice and Wendy Norman<br><br>Cc: Monica Hamilton (paralegal, Philadelphia Field Office) | E-mails | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 06-003.  Internal e-mail communications among staff.  A portion of this e-mail contains information identical to that described in ATR-2194 - 2196 above.  It is, accordingly, withheld for the same reasons. The remaining material is staff's reply which reflects superior's opinions and information compiled by subordinate for superiors in anticipation of litigation. That portion of the e-mail is exempt from public disclosure pursuant to the attorney work-product privilege. The additional material also reflects the name of a confidential source, the disclosure of which could interfere with ongoing enforcement proceedings and invade the personal privacy of the named individual. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-2199-2200 (2) | W | 8/11/05 | Laura Heiser | Jeffery Parker | E-mails | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 06-003. Internal (running) e-mail communications among staff. A portion of this e-mail contains identical information as described in ATR-2194-2198. It is, accordingly, withheld for the same reasons. The additional material is staff's reply which reflects staff's opinions and information compiled by subordinate for superiors in anticipation of litigation during the course of the ongoing investigation. That portion of the e-mail is exempt from public disclosure pursuant to the attorney work-product privilege. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-2201-2202 (2) | W | 8/8/05 | Kimberly A. Justice | Jeffrey Parker | E-mails | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 06-003. Internal (running) e-mail communications among staff. A portion of this e-mail contains identical information as described in ATR-2194-2200. It is, accordingly, withheld for the same reasons. The additional material is staff's reply which reflects their opinions and information compiled by subordinate for superiors in anticipation of litigation during the course of the ongoing investigation. That portion of the e-mail is exempt from public disclosure pursuant to the attorney work-product privilege. The disclosure of the additional material could also interfere with ongoing enforcement proceedings by revealing the direction and strategy of the investigation. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-2203 (1) | W | 8/8/05 | Jeffery Parker | Kimberly A. Justice | E-mails | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 06-003. Internal (running) e-mail communications among staff. These e-mails are duplicates of e-mails contained within ATR-2201-2202. E-mails were prepared in anticipation of litigation reflecting staff's deliberative processes and attorney work-product. E-mails contain staff's advice and opinions about the issuance of a grand jury subpoena to a named individual. The communications reflect staff's questions and opinions on how to proceed with the ongoing investigation. It also contains the names of third parties and confidential sources. Its disclosure could interfere with ongoing enforcement proceedings and invade the personal privacy of named individuals. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-2204 (1) | W | 4/21/03 | Robert Connolly | James Griffin, Scott Hammond and Laura Starling<br><br>Cc: Antonia Hill, Wendy Norman, Kimberly Justice, Jeffrey Parker, Shaan Chima and Constance Webster | E-mail | (b)(5), (7)(A), (7)(C), (7)(D) (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 06-003. Internal e-mail prepared in anticipation of litigation summarizing selected facts from meeting with outside counsel, exempt from disclosure pursuant to the attorney work-product privilege. It also contains information about grand jury documents, an actual grand jury witness, and a potential grand jury witness. It contains thoughts and opinions regarding the meeting and the ongoing investigation, exempt pursuant to the deliberative process privilege. It also contains the names of third parties and confidential sources. Its disclosure could interfere with ongoing enforcement proceedings and invade the personal privacy of named individuals. |
| ATR-2205 (1) | W | 4/21/03 | Robert Connolly | James Griffin, Scott Hammond and Laura Starling | E-mail | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 06-003. E-mail is a duplicate of ATR-2204, except that ATR- 2204 shows from whose e-mail box the document was produced, and is withheld for the same reasons as stated above. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-2206 (1) | W | 4/24/03 | Robert Connolly | Antonia Hill, Wendy Norman, Kimberly A. Justice, Jeffery Parker, Constance Webster and Shaan Chima | E-mail | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 06-003. Internal e-mail from superior to staff. It discusses a grand jury subpoena, contains the name of a confidential source, and reflects discussion among Division staff regarding investigation procedures. It was prepared in anticipation of litigation, is exempt as attorney work-product, and its release could interfere with ongoing enforcement proceedings. Its disclosure could invade the personal privacy of a named individual. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-2207-2214 (8) | W | undated | not specified | not specified | Memorandum | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 06-003.  Internal draft memorandum concerning matters before a federal grand jury.  It contains the names of subpoena recipients and confidential sources, potential grand jury testimony, and discusses evidence and facts regarding the ongoing investigation.  It reflects staff's thought processes, research and was prepared in anticipation of litigation, exempt pursuant to the deliberative process and work-product privileges.  Its release could reveal the direction of an ongoing grand jury investigation and litigation and invade the privacy of named individuals. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-2215-2223 (9) | W | 3/19/03 | Robert Connolly | James M. Griffin and Scott Hammond | Memorandum | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 06-003. Internal memorandum to superiors regarding recommended action by the grand jury. Disclosure could reveal the direction and strategies of an ongoing investigation; the identity of a confidential source; staff's thoughts and opinions and staff's selection and evaluation of information relating to ongoing investigation, exempt pursuant to the deliberative process and attorney work-product privileges; and information the release of which could be expected to constitute an unwarranted invasion of personal privacy. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-2224-2231 (8) | W | 6/27/03 | Robert Connolly, Antonia Hill, Wendy Bostwick Norman and Kimberly A. Justice | James M. Griffin and Scott Hammond | Memorandum | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 06-003.  Internal memorandum to superiors regarding recommended action by the grand jury.  Disclosure could reveal the direction and strategies of an ongoing investigation; the identity of confidential sources; staff's thoughts and opinions and staff's selection and evaluation of information relating to the ongoing investigation, exempt pursuant to the deliberative process and attorney work-product privileges; and information the release of which could be expected to constitute an unwarranted invasion of personal privacy. |
| ATR-2232 (1) | W | 9/9/03 | Robert Connolly | Withheld | Letter | (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 06-003. Letter seeking to schedule an appearance before the grand jury.  Disclosure could reveal the identity of a possible grand jury and could identify a confidential source of information.  Disclosure of the individual's identity could have an adverse effect on the ongoing grand jury investigation and case and could be expected to constitute an unwarranted invasion of personal privacy. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-2233-2235 (3) | W | 5/13/03 | Withheld | Robert Connolly | Letter | (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 06-003. Letter to staff regarding grand jury subpoena. Disclosure could reveal the identity of an individual appearing before a grand jury, the identify a confidential source of information and have an adverse effect on the ongoing grand jury investigation and litigation. Its release could also be expected to constitute an unwarranted invasion of personal privacy. ATR-2233 and 2234 are duplicate letters. ATR-2235 is a fax cover sheet. |
| ATR-2236-2238 (3) | W | 4/26/04 | Antonia Hill | Withheld  Cc: Robert Connolly, Wendy Norman and Richard Rosenberg | E-mails | (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 06-003. E-mail communications between staff and attorney for confidential source, the disclosure of which could impede the ongoing grand jury investigation. It discusses information to be presented to the grand jury and includes names of individuals whose privacy could invaded by release of document. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-2239-2241 (3) | W | 4/26/04 | Withheld | Antonia Hill, Richard Rosenberg, Robert Connolly and Wendy Norman | E-mails | (7)(A), (7)(C), (7)(D), (b)(3), and Fed. R. Crim. P. 6(e) | 06-003. E-mails consisting of the text of ATR-2236-2238 and withheld for the same reasons described therein. An additional portion of the e-mail relates to information to be presented to grand jury. Its disclosure could impede the ongoing grand jury investigation. It includes names of confidential sources and individuals whose privacy could invaded by release of document. |
| ATR-2242-2245 (4) | W | 4/26/04 | Antonia Hill | Withheld<br><br>Cc: Robert Connolly, Wendy Norman and Richard Rosenberg | E-mail | (7)(A), (7)(C), (7)(D), (b)(3) and Fed. R. Crim. P. 6(e) | 06-003. Duplicate of ATR- 2236-2238, except that it is in larger font, was printed by a different staff member, and does not include tracking information. Withheld for same reasons as noted above for ATR- 2236-2238. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-2246-2247 (2) | W | 9/9/03 | Robert Connolly | Withheld | Fax sheet | (7)(A), (7)(C), and (7)(D) | 06-003.  Fax cover sheet including confirmation of receipt.  Disclosure could reveal confidential source, and hence could reasonably be expected to interfere with the ongoing grand jury investigation.  Disclosure could also reasonably be expected to constitute an unwarranted invasion of that individual's personal privacy. |
| ATR-2248 | F | Released in Full | | | | | 06-003. |
| ATR-2249-2250 (2) | W | 1/7/04 | Robert Connolly | Withheld | Letter | (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 06-003. Letter with attached fax confirmation sheet.  It discusses an individual's appearance before a grand jury and could reveal the direction of the grand jury investigation.  Release could reasonably be expected to constitute an unwarranted invasion of that person's personal privacy.  The document relates to an ongoing enforcement proceeding and, have an adverse effect on  the ongoing enforcement proceeding. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-2251 (1) | W | 4/20/04 | Antonia Hill | Withheld | E-mail | (7)(A), (7)(C), (7)(D), (b)(3), and Fed. R. Crim. P. 6(e) | 06-003.  E-mail.  Duplicate of ATR-2237-38, but for the tracking information.  The e-mail consists of communications between staff and attorney for a confidential source and discusses the need for grand jury testimony.  It includes names of individuals whose privacy could be invaded by release of document.  Disclosure could impede the ongoing grand jury investigation. |
| ATR-2252 (1) | W | 11/26/02 | Robert Connolly | Withheld | Letter | (7)(A), (7)(C) and (7)(D) | 06-003.  Letter to confidential source's attorney regarding information relevant to the ongoing investigation.  Disclosure of the document could impede the grand jury investigation by revealing the direction or strategy of the investigation and the name of a confidential source.  Disclosure also could reasonably be expected to constitute an unwarranted invasion of personal privacy. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-2253-2275 (23) | W | 11/21/03 | Withheld | Robert Connolly | Letter with attachment | (7)(A), (7)(C) and (7)(D) | 06-003. Letter with attachment and fax cover sheet. The fax cover sheet contains a handwritten notation that labels it a re-fax. The attachment document is identical to a memorandum of law contained in the document numbered ATR-2276-2324 immediately following. It is withheld in its entirety for the same reasons as described below. |
| ATR-2276-2324 (49) | W | 11/21/03 | Withheld | Robert Connolly | Letter with attachments | (7)(A), (7)(C) and (7)(D) | 06-003. Letter with attachments and fax cover sheet. Attachments includes a duplicate copy of the memorandum of law described in ATR-2253-2275. It also contains another memorandum and a redacted affidavit. It identifies a confidential source of information and reveals information provided by that source. Its release could reasonably be expected to interfere with the ongoing grand jury investigation and litigation by revealing the direction and strategy of the investigation. Disclosure could reasonably be expected to constitute an unwarranted invasion of that individual's personal privacy. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-2325-2327 (3) | W | 10/2/03 | Robert Connolly | Withheld | Letter | (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 06-003.  Letter with attached fax confirmation sheets referring to an enclosed grand jury subpoena.  The grand jury subpoena that was to be enclosed is missing.  Disclosure could reveal the identity of the individual subpoenaed to testify before a federal grand jury.  Its release could also reasonably be expected to constitute an unwarranted invasion of personal privacy and the identity of a confidential source. |
| ATR-2328-2331 (4) | W | 9/22/03 | Robert Connolly | Withheld | Letter | (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 06-003. Letter with attached fax confirmation sheets notifying subpoena recipient of the time and place of his appearance before the grand jury.  Disclosure could reveal the identity of subpoena recipient and its release could reasonably be expected to constitute an unwarranted invasion of personal privacy.  Its disclosure could also identify a confidential source of information.  Disclosure could interfere with the ongoing proceeding by revealing the direction and strategy of the investigation. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-2332-2334 (3) | W | Withheld | Robert Connolly | Withheld | Grand Jury Subpoena | (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 06-003.  Subpoena to testify before a grand jury.  Disclosure could reveal the identity of subpoena recipient and its release could reasonably be expected to constitute an unwarranted invasion of the individuals personal privacy and identify a confidential source of information. |
| ATR-2335- (1) | F | Released in Full | | | Outline  OSBA (Ohio State Bar) Antitrust Institute-Oct. 28, 2005 | | 06-019 and 06-038.  Outline of presentation of the OSBA (Ohio State Bar) Antitrust Institute-Oct. 28, 2005 provided to other panel members. |
| ATR-2336-2338 (2) | R | Spring 05 | Not Specified | Not Specified | ABA Antitrust Section Spring Meeting "Enforcers' Roundtable" Session Questions Directed to Hew Pate | (b)(5) | 06-019 and 06-038.  Draft answers written by AAG Hew Pate's subordinates for a Q&A session at the 2005 ABA Spring Meeting.  The questions were released in their entirety.  The draft answers were redacted pursuant to the deliberative process privilege because they reflect staff's thoughts and opinions about the questions presented.  Non-responsive material was also redacted.  There is no evidence that the redacted material was ever made public by Mr. Pate. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-2339-2340 (2) | R | Spring 04 | Not Specified | Not Specified | ABA Antitrust Section Spring Meeting "Enforcers' Roundtable" Session Questions Directed to Hew Pate | (b)(5) | 06-019 and 06-038.  Draft answers written by AAG Hew Pate's subordinates for a Q&A session at the 2004 ABA Spring Meeting.  The questions were released in their entirety. The draft answers were redacted pursuant to the deliberative process privilege because they reflect staff's thoughts and opinions about the questions presented. Non-responsive material was also redacted.  There is no evidence that the redacted material was ever made public by Mr. Pate. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-2341-2342 (2) | R | 3/25/04 | Belinda Barnett | Eric Grannon, former Senior Counsel to the AAG. | E-mails | (b)(5) | 06-019 and 06-038.  E-mail among staff and superior that includes e-mail communication from ABA member.  Their communications were redacted pursuant to the deliberative process privilege because they reflect questions made by superior to subordinate and their thoughts and opinions.  Its release could inhibit free and frank communications.  The external communication, released in full, discusses revisions to certain questions to be asked of Hew Pate at the 2004 ABA Spring Meeting Q&A session noted in ATR-2337-2340 above. |
| ATR-2343 (1) | R | 10/25/05 | Lisa Phelan, Chief, National Criminal Enforcement Section | Belinda Barnett | E-mails | (b)(5) and (7)(A) | 06-019 and 06-038.  Internal e-mails exchanging information between subordinates and superiors about the ongoing grand jury investigation and litigation.  The information was withheld pursuant to the deliberative process privilege and could, if released, have an adverse impact on those proceedings.  All other material contained in this document was released in its entirety. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-2344 (1) | W | 1/21/05 | Lisa Phelan | Ann Olek, Senior Counsel to DAAG Hammond, and Belinda Barnett<br><br>Cc: Kevin Hart, Special Assistant to DAAG Hammond | E-mails | (b)(5) | 06-019 and 06-038.  Internal e-mails among staff seeking and receiving guidance for upcoming presentation.  E-mail reflects the thought processes of staff and is exempt pursuant to the deliberative process privilege. |
| ATR-2345 (1) | W | 3/29/04 | Scott Hammond | James Griffin and Belinda Barnett | E-mail | (b)(5) and (7)(A) | 06-019 and 06-038.  An internal e-mail to a superior and a subordinate conveying advice about statement regarding leniency, withheld pursuant to the deliberative process privilege.  Its release could reasonably be expected to interfere with the ongoing grand jury investigation and litigation. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-2346 (1) | W | 10/20/05 | Scott Hammond | Belinda Barnett | E-mails | (b)(5) and (7)(A) | 06-019 and 06-038.  An internal e-mail to a superior and a subordinate conveying advice about statement regarding leniency, withheld pursuant to the deliberative process privilege.  Its release could reasonably be expected to interfere with the ongoing grand jury investigation and litigation. |
| ATR-2347-2351 (5) | W | Upon further review, it was determined that this document is non-responsive. | | | | | |
| ATR-2352 (1) | W | 1/21/05 | Ann Olek | Lisa Phelan and Belinda Barnett  Cc:  Kevin Hart | E-mails | (b)(5) and (7)(A) | 06-019 and 06-038.  E-mail from subordinate seeking guidance regarding content of  future presentations and replies of superior, reflecting their thoughts and opinions and is exempt pursuant to the deliberative process privilege.  In addition, document's release could have an adverse effect on the ongoing grand jury investigation and litigation. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-2353 (1) | W | 1/24/05 | Lisa Phelan | Belinda Barnett<br><br>Cc: Kevin Hart, Ann Olek and Scott Hammond | E-mails | (b)(5) and (7)(A) | 06-019 and 06-038. Internal e-mails from subordinate seeking guidance from superiors about possible content of future presentation(s) and reply from one superior reflecting staff's thoughts and opinions. It is exempt pursuant to the deliberative process privilege. The document's release could have an adverse effect on the ongoing grand jury investigation and litigation. |
| ATR-2354-2355 (2) | W | 8/3/05 | John Fonte, attorney, Appellate Section | Belinda Barnett and Antonia Hill<br><br>Cc: John Powers and Robert Connolly | E-mails | (b)(5) and (7)(A) | 06-019 and 06-038. Internal e-mails among staff seeking guidance for an upcoming speech being prepared for a superior. The e-mails are withheld in their entirety pursuant to the deliberative process privilege because they reflect staff's thoughts and opinions. Document's release could have an adverse effect on the ongoing grand jury investigation and litigation. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-2356 (1) | W | 8/3/05 | Antonia Hill | Belinda Barnett, John Powers (Assistant Chief, Appellate Section), John Fonte and Robert Connolly | E-mails | (b)(5) and (7)(A) | 06-019 and 06-038.  Internal e-mails seeking guidance for an upcoming speech being prepared for a superior.  E-mails are exempt from disclosure pursuant to the deliberative process privilege because they seek staff's opinions and suggestions.  The draft material reflects information relating to an ongoing grand jury investigation and litigation, and its release could reasonably be expected to interfere with those proceedings.  There is no evidence that the document was made public. |
| ATR-2357-2359 (3) | W | 8/3/05 | Belinda Barnett | Robert Connolly and Antonia Hill  Cc:  John Fonte and John Powers | E-mails | (b)(5) and (7)(A) | 06-019 and 06-038. Internal e-mails reflecting draft information compiled by staff for a presentation/speech being drafted for a superior's use at an upcoming ABA meeting. It includes the language described in document Bates No. ATR-2356 plus additional draft language for the same presentation. It is exempt from disclosure for the reasons set forth justifying the withholding of document Bates No. ATR-2356. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-2360 (1) | W | 8/3/05 | John Powers | Belinda Barnett, John Fonte, Robert Connolly and Antonia Hill | E-mails | (b)(5) and (7)(A) | 06-019 and 06-038. Internal e-mails reflecting draft information compiled by staff for superior's possible use at an ABA annual meeting.  Document is exempt from disclosure pursuant to the deliberative process privilege because it seeks and discusses staff's opinions and suggestions.  The compiled material reflects information relating to an ongoing grand jury investigation and litigation, and its release could reasonably be expected to interfere with those proceedings. |
| ATR-2361 (1) | W | 8/3/05 | Belinda Barnett | Ann OBrien | E-mail | (b)(5) and (7)(A) | 06-019 and 06-038. Internal e-mails among staff seeking assistance for remarks being prepared for inclusion in presentation/speech by superior.  Document is exempt from disclosure pursuant to the deliberative process privilege because it reflects the exchange of opinions and suggestions among staff.  The information compiled relates to an ongoing grand jury investigation and litigation, and its release could reasonably be expected to interfere with those proceedings. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-2362 (1) | W | 8/3/05 | Hill Wellford, Counsel to AAG | Belinda Barnett<br><br>Cc: Ann OBrien | E-mail | (b)(5) and (7)(A) | 06-019 and 06-038. Internal e-mails reflecting thoughts and opinions concerning additions to the same upcoming speech/presentation by a superior described in document Bates No. ATR-2361. It is withheld for the reasons set forth in the justification for document Bates No. ATR-2361. |
| ATR-2363 (1) | W | 10/20/05 | Scott Watson, Chief , Cleveland Field Office | Belinda Barnett | E-mail | (b)(5) | 06-019 and 06-038. Internal e-mail from subordinate to superior requesting opinions and advice regarding upcoming presentation. Document is exempt from disclosure pursuant to the deliberative process privilege because it reflects the exchange of opinions and suggestions. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-2364-2365 (2) | W | 10/20/05 | Scott Watson | Belinda Barnett | E-mail | (b)(5) and (7)(A) | 06-019 and 06-038. Internal e-mails reflecting exchange of suggestions and opinions in connection with upcoming presentation/speech and hence exempt from disclosure pursuant to the deliberative process privilege.  E-mails include language from document Bates Nos. ATR-2357-2359, as well as language from Bates Nos. ATR-2337-2338.  The draft material reflects information relating to an ongoing grand jury investigation and litigation, and its release could reasonably be expected to interfere with those proceedings. |
| ATR-2366-2367 (2) | W | 10/25/05 | Lisa Phelan | Belinda Barnett | E-mail | (b)(5) and (7)(A) | 06-019 and 06-038.  Internal e-mail containing language largely duplicative of that included in document Bates Nos. ATR-2364-2365 and withheld for the reasons set forth above for withholding that document. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-2368 (1) | W | 10/20/05 | Ann O'Brien | Belinda Barnett | E-mail | (b)(5) and (7)(A) | 06-019 and 06-038.  Internal e-mail between staff that includes part of the language contained in Bates Nos. ATR-2364-2365.  It reflects exchange of suggestions and opinions between staff relating to an ongoing grand jury investigation and litigation, its release could reasonably be expected to interfere with those proceedings. It is also exempt from disclosure pursuant to the deliberative process privilege. |
| ATR-2369-2370 (2) | R | 10/25/05 | Belinda Barnett | Lisa Phelan | E-mail | (b)(5) and (7)(A) | 06-019 and 06-038.  Internal e-mails largely duplicative of documents Bates Nos. ATR-2364-2365 and 2366-2367 and withheld for the same reasons set forth above for withholding ATR- -2364-2365.  The portion of the e-mail that quotes the Division's Reply Brief in *Stolt-Nielsen v. U.S.*, 442 F.3d 177 (3d. Cir. 2006) is disclosed. |
| ATR-2371-2372 (2) | W | Upon further review it was determined that this document was not responsive to any requests. | | | | | |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-2373-2374 (2) | W | Upon further review it was determined that this document was not responsive to any requests. | | | | | |
| ATR-2375 (1) | W | 3/29/04 | Scott Hammond | James Griffin and Belinda Barnett | E-mail | (b)(5) and (7)(A) | 06-019 and 06-038. Internal e-mail reflecting suggestions to a superior and a subordinate conveying advice about a proposed answer to a possible question at a presentation.  Its exempt pursuant to the deliberative process privilege.  Its release could reasonably be expected to interfere with the ongoing grand jury investigation and litigation. |
| ATR-2376 (1) | W | 10/20/05 | Belinda Barnett | Scott Hammond | E-mail | (b)(5) and (7)(A) | 06-019 and 06-038. Internal e-mail reflecting suggestions to a superior and a subordinate conveying advice about a proposed answer to a possible question at a presentation.  Its exempt pursuant to the deliberative process privilege.  Its release could reasonably be expected to interfere with the ongoing grand jury investigation and litigation. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-84-91 (8) | F | Documents Released in Full | | | | | 05-088 and 06-026[4] |
| ATR-647-650 (4) | W | 1/31/03 | James Griffin | R. Hewitt Pate, AAG | Memorandum with Attached Routing Slip & transmittal Slip | (b)(2), (b)(5), (7)(A), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-080, 05-088 and 06-026.  Division memorandum requesting grand jury authority.  The memorandum was prepared in anticipation of litigation and reflects staff's analysis, thought processes, opinions, mental impressions, and recommendations to superiors.  Disclosure would reveal the deliberative process and attorney work-product of Division staff and information protected from release by another statute.  The latter does not **Continued on next page** |

[4] ATR-84-91, 647-650, 663-667, 669-671, 864-867, 868-870, 872-875 and 1542-1561 are also responsive to FOIA request ATFY-05-088 and bear Bates numbers assigned in processing that request.  Because they are also responsive to ATFY06-026, they have been included on this Vaughn.  Documents numbered ATR-647-650, 663-667, 669-671, 864-867, 868-870 and 872-875 are also responsive to ATFY05-080.

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-647-650 (4) | | | | | | (b)(2), (b)(5), (7)(A), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | **Continued from prior page** provide for discretionary release. Moreover, the document relates to an ongoing investigation and its public disclosure could reasonable be expected to interfere with that proceeding by showing the direction of that investigation. Documents are exempt pursuant to the efficient operations of government privilege because confidentiality of communications with foreign authorities is vital to the Division's international anti-cartel enforcement program. Documents also reveal information relating to internal practices of the Division, disclosure of which would impede effectiveness of Division's international anti-cartel enforcement program by interfering with the confidentiality of the Division's communications with foreign enforcers. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-663-667 (5) | W | 1/31/03 | James Griffin | R. Hewitt Pate | Memorandum with Attached E-mail and Routing & Transmittal Slip | (b)(2), (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and 6(e) of Fed. R. Crim. P. | 05-080, 088 and 026.  Division memorandum requesting grand jury authority.  The memorandum was prepared in anticipation of litigation and reflects staff's analysis, thought processes, opinions, mental impressions, and recommendations to superiors.  Disclosure would reveal the deliberative process and attorney work-product of Division staff and information protected from release by another statute.  The latter does not provide for discretionary release.  Moreover, the document refers to confidential sources, relates to an ongoing investigation and its public disclosure could reasonably be expected to interfere with that proceeding by showing the direction of that investigation.  Documents are exempt pursuant to the efficient operations of government privilege because confidentiality of communications with foreign authorities is vital to the Division's international anti-cartel **Continued on next page** |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-663-667 (5) | | | | | | (b)(2), (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and 6(e) of Fed. R. Crim. P. | **Continued from prior page** enforcement program. Documents also reveal information relating to internal practices of the Division, disclosure of which would impede effectiveness of Division's international anti-cartel enforcement program by interfering with the confidentiality of the Division's communications with foreign enforcers. |
| ATR-669-671 (3) | W | 1/27/03 | Robert E. Connolly | Scott D. Hammond | Memorandum | (b)(2), (b)(5), (7)(A), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-080, 05-088 and 06-026. Division memorandum requesting grand jury authority. The memorandum was prepared in anticipation of litigation and reflects staff's analysis, thought processes, opinions, mental impressions, and recommendations to superiors. Disclosure would reveal the deliberative process and attorney work-product of Division staff and information protected from release by another statute. The latter does not provide for discretionary release. Moreover, the document relates to an ongoing investigation and its public disclosure could reasonable be expected **Continued on next page** |

51

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-669-671 (3) | | | | | | (b)(2), (b)(5), (7)(A), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | **Continued from prior page** to interfere with that proceeding by showing the direction of that investigation. Documents are exempt pursuant to the efficient operations of government privilege because confidentiality of communications with foreign authorities is vital to the Division's international anti-cartel enforcement program. Documents also reveal information relating to internal practices of the Division, disclosure of which would impede effectiveness of Division's international anti-cartel enforcement program by interfering with the confidentiality of the Division's communications with foreign enforcers. |
| ATR-864-867 | W | 1/31/03 | James Griffin | R. Hewitt Pate | Memorandum with Attached Routing and Transmittal Slip | (b)(2), (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-080, 05-088 and 06-026. Memorandum requesting grand jury authority. It was prepared in anticipation of litigation and reflects staff's analysis, thought processes, opinions, mental impressions, and recommendations to superiors. Release would disclose direction of the investigation and plans **Continued on next page** |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-864-867 | | | | | | (b)(2), (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | **Continued from prior page** for future action. Refers to confidential sources. Release would also identify parties coordinating and cooperating in the investigation. Documents are exempt pursuant to the efficient operations of government privilege because confidentiality of communications with foreign authorities is vital to the Division's international anti-cartel enforcement program. Documents also reveal information relating to internal practices of the Division, disclosure of which would impede effectiveness of Division's international anti-cartel enforcement program by interfering with the confidentiality of the Division's communications with foreign enforcers. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-868-870 (3) | W | 1/27/03 | Robert Connolly | Scott Hammond | Memorandum | (b)(2), (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-080, 05-088 and 06-026.  Document is the same as ATR-864-867 but there is no Routing and Transmittal sheet.  It is withheld for the same reasons as stated above. |
| ATR-872-875 (4) | W | Un-dated | Un-known (Phi-staff) | Not-Specified | Memorandum | (b)(2), (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-080 and 088, 06-026.  A draft memorandum prepared for superiors analyzing investigative activities and options and containing staff's opinions and thoughts, exempt pursuant to the deliberative process and work-product privilege prong of (b)(5).  The disclosure  would identify recipients of grand jury subpoenas and confidential sources of information.  In addition, its release could adversely affect the ongoing grand jury investigation and litigation and could invade the personal **Continued on next page** |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-872-875 (4) | | | | | | (b)(2), (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | **Continued from prior page** privacy of third-parties.  Documents are exempt pursuant to the efficient operations of government privilege because confidentiality of communications with foreign authorities is vital to the Division's international anti-cartel enforcement program. Documents also reveal information relating to internal practices of the Division, disclosure of which would impede effectiveness of Division's international anti-cartel enforcement program by interfering with the confidentiality of the Division's communications with foreign enforcers. |
| ATR-1542-1561 (20) | W | 6/19/03 | Antonia Hill | Jim Griffin, Scott Hammond<br><br>Cc'd  Robert Connolly | E-mail with Attachment | (b)(2), (b)(5), (b)(6), (7)(A), (7)(C), (7)(D) (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026.  This draft memorandum consists of staff's thoughts, analysis and recommendations about proposed action by grand jury.  It sets forth selected, relevant facts and evidence and an analysis of that information.  Accordingly, the memorandum is exempt from disclosure pursuant to the deliberative process and **Continued on next page** |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-1542-1561 (20) | | | | | | (b)(2), (b)(5), (b)(6), (7)(A), (7)(C), (7)(D) (b)(3) and Rule 6(e) of Fed. R. Crim. P. | **Continued from prior page** attorney work-product privileges.  It also identifies confidential sources.  If released the memo would reveal the following:   the identities of individuals who testified before the grand jury; statements made during that testimony; and the direction of the grand jury investigation.  For these reasons, the document is exempt from disclosure pursuant to Exemption 3 and Fed. R. Crim. P. 6(e).  Release of the memo could also invade the personal privacy of identified third parties.  Finally, disclosure could interfere with the ongoing grand jury investigation and litigation.  Documents are exempt pursuant to the efficient operations of government privilege because confidentiality of communications with foreign authorities is vital to the Division's international anti-cartel enforcement program.  Documents also reveal information relating to internal practices of the Division, disclosure of **Continued on next page** |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-1542-1561 (20) | | | | | | (b)(2), (b)(5), (b)(6), (7)(A), (7)(C), (7)(D) (b)(3) and Rule 6(e) of Fed. R. Crim. P. | **Continued from prior page** which would impede effectiveness of Division's international anti-cartel enforcement program by interfering with the confidentiality of the Division's communications with foreign enforcers. |
| ATR 2377-2378 (2) | R | 3/24/04 | Edward Hand, Chief, Foreign Commerce | James Griffin Scott Hammond and Belinda Barnett | E-mail | (b)(2), (b)(5), (b)(6), (7)(A), (7)(C), and (7)(D) | 05-088 and 06-026. Reflects communication from official of a foreign government that is an ICN member. Individual's identity, e-mail address, home e-mail address and cell phone number redacted because disclosure could reasonably be expected to constitute  unwarranted invasion of personal privacy. Internal communication between superior and subordinate redacted because reflects superior's comments, question, mental impressions and opinion, withheld pursuant to deliberative process and attorney work-product privileges.  The **Continued on next page** |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR 2377-2378 (2) | | | | | | (b)(2), (b)(5), (b)(6), (7)(A), (7)(C), and (7)(D) | **Continued from prior page** two governments are consultants to one another, communicate on investigative and policy issues pursuant to understanding of confidentiality and neither has an interest adverse to the other.  Redacted communication from foreign official concerned confidential investigative and policy issues and disclosure could reasonably be expected to interfere with ongoing enforcement proceeding.  Documents are exempt pursuant to the efficient operations of government privilege because confidentiality of communications with foreign authorities is vital to the Division's international anti-cartel enforcement program.  Documents also reveal information relating to internal practices of the Division, disclosure of which would impede effectiveness of Division's international anti-cartel enforcement program by interfering with the confidentiality of the Division's communications with foreign enforcers. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR 2379-2380 (2) | R | 3/24/04 | Edward Hand | Belinda Barnett | E-mail | (b)(2), (b)(5), (b)(6), (7)(A), (7)(C) and (7)(D) | 05-088 and 06-026. Certain of the information contained in this e-mail is identical to the exempt material in ATR-2377-2378 described above. It is, accordingly, withheld for the same reasons as stated above for ATR-2377-2378. However, it also contains internal e-mail communications from superior to subordinate that reflect questions, comments and opinions of the superior. Those portions are withheld pursuant to the deliberative process privilege. |
| ATR 2381-2383 (3) | R | 3/26/04 | Scott Hammond | Belinda Barnett | | (b)(2), (b)(5), (b)(6), (7)(C) and (7)(D) | 05-088 and 06-026. Certain of the information contained in this e-mail is identical to the exempt material described in ATR-2377-2378. It is, accordingly, withheld for the same reasons as stated for that document. However, it also contains internal e-mail communications between superior and subordinate reflecting their questions, comments and opinions. Those portions of the document are withheld pursuant to the deliberative process privilege. **Continued on next page** |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR 2381-2383 (3) | | | | | | (b)(2), (b)(5), (b)(6), (7)(C) and (7)(D) | **Continued from prior page** Documents are exempt pursuant to the efficient operations of government privilege because confidentiality of communications with foreign authorities is vital to the Division's international anti-cartel enforcement program. Documents also reveal information relating to internal practices of the Division, disclosure of which would impede effectiveness of Division's international anti-cartel enforcement program by interfering with the confidentiality of the Division's communications with foreign enforcers. |
| ATR 2384-2385 (2) | F | Document Released in Full | | | | | 05-088 and 06-026 |
| ATR 2386-2387 (2) | F | Document Released in Full | | | | | 05-088 and 06-026 |
| ATR 2388-2390 (3) | F | Document Released in Full | | | | | 05-088 and 06-026 |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR 2391-2396 (6) | R | 11/10/04 | Scott Hammond | Foreign Government, Ann Olek and Belinda Barnett | E-mail | (b)(2), (b)(5), (7)(A), (7)(C) and (7)(D) | 05-088 and 06-026.  Text of communications concerning planning of ICN Leniency Workshop is released.  Separate communication with officials of an ICN member foreign government, discussing confidential policy/investigative issues is withheld pursuant to the deliberative process privilege.  The two governments are consultants to one another, they communicate on a regular basis about investigative and policy issues pursuant to an understanding of confidentiality, and neither government has an interest adverse to the other.  Hence that information is exempt pursuant to the deliberative process privilege.  It could also be reasonably expected to interfere with an ongoing enforcement proceeding.  Documents are exempt pursuant to the efficient operations of government privilege because confidentiality of communications with foreign authorities is vital to the Division's international **Continued on next page** |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR 2391-2396 (6) | | | | | | (b)(2), (b)(5), (7)(A), (7)(C) and (7)(D) | **Continued from prior page** anti-cartel enforcement program. Documents also reveal information relating to internal practices of the Division, disclosure of which would impede effectiveness of Division's international anti-cartel enforcement program by interfering with the confidentiality of the Division's communications with foreign enforcers. |
| ATR 2397 (1) | W | 2/20/03 | Robert Connolly | Antonia Hill | E-mail | (b)(2), (b)(5), (7)(A), (7)(C), (7)(D) and Fed. R. Crim. P. 6(e) and (b)(3) | 05-088, 05-131, and 06-026. E-mail includes communication with official of foreign government, which is an ICN member. The two governments are consultants to one another, communicate on investigative and policy issues pursuant to an understanding of confidentiality, and neither government has an interest adverse to the other. Issues discussed relate to an ongoing enforcement proceeding and the issuance of grand jury subpoenas. The e-mails were prepared in anticipation of litigation and **Continued on next page** |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR 2397 (1) | | | | | | (b)(2), (b)(5), (7)(A), (7)(C), (7)(D) and Fed. R. Crim. P. 6(e) and (b)(3) | **Continued from prior page** are exempt pursuant to attorney work-product. In addition, disclosure could reasonably be expected to interfere with the ongoing enforcement proceeding. Documents are exempt pursuant to the efficient operations of government privilege because confidentiality of communications with foreign authorities is vital to the Division's international anti-cartel enforcement program. Documents also reveal information relating to internal practices of the Division, disclosure of which would impede effectiveness of Division's international anti-cartel enforcement program by interfering with the confidentiality of the Division's communications with foreign enforcers. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR 2398 (1) | W | 2/4/03 | Robert Connolly | James Griffin, Scott Hammond, Belinda Barnett, Laura Starling, Antonia Hill, Richard Rosenberg, Edward Hand and Maureen Casey, attorney Foreign Commerce Section<br><br>Cc: Gina Talamona, DOJ Office of Public Affairs Press Officer | E-mail | (b)(2), (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Internal e-mail communication between staff reflecting activities relating to the ongoing investigation.  It contains information about confidential sources of information, staff's thoughts and mental impressions, subpoena service, and proposed course of action.  Document was prepared in anticipation of litigation and is exempt pursuant to the attorney work-product privilege.  Disclosure could reasonably be expected to interfere with the ongoing enforcement proceeding because it could reveal the direction of the investigation. Documents are exempt pursuant to the efficient operations of government privilege because confidentiality of communications with foreign authorities is vital to the Division's international anti-cartel enforcement program. Documents also reveal information relating to internal practices of the Division, disclosure of which would impede effectiveness of Division's **Continued on next page** |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR 2398 (1) | | | | | | (b)(2), (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | **Continued from prior page** international anti-cartel enforcement program by interfering with the confidentiality of the Division's communications with foreign enforcers. |
| ATR 2399-2400 (2) | W | 1/22/03 | Robert Connolly | Foreign Government<br><br>Cc: James Griffin, Antonia Hill and Richard Rosenberg | E-mail | (b)(2), (b)(5), (7)(A), (7)(C) and (7)(D) | 05-088 and 06-026. Inter-agency e-mail exchange reflecting discussions between staff and confidential sources of information. It was created in anticipation of litigation and exempt under the attorney work-product privilege. It reflects staff's thoughts and comments and is exempt pursuant to the deliberative process privilege. It disclosure could unreasonably invade certain persons privacy. Documents are exempt pursuant to the efficient operations of government privilege because confidentiality of communications with foreign authorities is vital to the Division's international anti-cartel enforcement program. **Continued on next page** |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR 2399-2400 (2) | | | | | | (b)(2), (b)(5), (7)(A), (7)(C) and (7)(D) | **Continued from prior page** Documents also reveal information relating to internal practices of the Division, disclosure of which would impede effectiveness of Division's international anti-cartel enforcement program by interfering with the confidentiality of the Division's communications with foreign enforcers. |
| ATR 2401-2402 (2) | W | 2/10/03 | Robert Connolly | James Griffin  Cc:  Belinda Barnett, Scott Hammond, Antonia Hill, Richard Rosenberg, Jeffrey Parker and Shaan Chima | E-mail | (b)(2), (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Internal e-mail communication created in anticipation of litigation discusses current and future activities associated with the ongoing investigation.  It reveals staff's thoughts and impressions and is exempt pursuant to the deliberative process privilege. Disclosure could reveal confidential sources of information, grand jury subpoena service to particular persons and staff's proposed course of actions. Documents are exempt pursuant to the efficient operations of government privilege because confidentiality of communications with foreign authorities **Continued on next page** |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR 2401-2402 (2) | | | | | | (b)(2), (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | **Continued from prior page** is vital to the Division's international anti-cartel enforcement program. Documents also reveal information relating to internal practices of the Division, disclosure of which would impede effectiveness of Division's international anti-cartel enforcement program by interfering with the confidentiality of the Division's communications with foreign enforcers. |
| ATR 2403 (1) | W | 2/10/03 | James Griffin | Robert Connolly  Cc: Belinda Barnett, Scott Hammond, Shaan Chima, Antonia Hill, Jeffrey Parker and Richard Rosenberg | E-mail | (b)(2), (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. The majority of this document is identical to information as described in ATR 2401-2402 and is exempt for the reasons stated above. However, the second page of 2401-2402 is missing. The additional material reflects Mr. Griffin's comments to Mr. Connolly's original e-mail. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR 2404-2405 (2) | W | 3/5/03 | Robert Connolly | Foreign Government<br><br>Cc: Antonia Hill | E-mail | (b)(2), (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026.  A pre-decisional inter-agency e-mail communication between staff and a confidential source of information created in anticipation of litigation and exempt pursuant to the attorney work-product privilege.  It discusses current and future activities with regard to an ongoing investigation. Its disclosure could reveal staff's thoughts and impressions, exempt pursuant to the deliberative process privilege as well as service of grand jury subpoenas.  Documents are exempt pursuant to the efficient operations of government privilege because confidentiality of communications with foreign authorities is vital to the Division's international anti-cartel enforcement program.  Documents also reveal information relating to internal practices of the Division, disclosure of which would impede effectiveness of Division's international anti-cartel enforcement program by interfering with the confidentiality of the Division's communications with foreign enforcers. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR 2406 (1) | W | 3/7/03 | Foreign Government | Robert Connolly,<br><br>Cc: Antonia Hill | E-mail | (b)(2), (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 6-026.  This document reflects certain identical information as described in ATR 2404-2405. However, the second page is missing. Accordingly, it is exempt for the same reason as stated above. The additional material reflects the confidential source's comments and is a reply to Connolly's prior e-mail. |
| ATR 2407 (1) | W | 1/23/04 | Robert Connolly | Scott Hammond, James Griffin and Edward Hand<br><br>Cc: Antonia Hill, Kimberly Justice, Wendy Norman, Beth Fuhrhop, John Powers, Belinda Barnett and Patrick O'Shaughnessy | E-mail | (b)(2), (b)(5), (7)(A), (7)(C) and (7)(D) | 05-088 and 06-026. Internal e-mail communication reflecting a telephone call with confidential sources.  It contains staff's thoughts and impressions involving activities relating to the ongoing investigation.  Its disclosure could reasonably be expected to interfere with the ongoing enforcement proceedings because it could reveal the direction of the ongoing investigation.  Documents are exempt pursuant to the efficient operations of government privilege because confidentiality of communications with foreign authorities is vital to the Division's international anti-cartel **Continued on next page** |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR 2407 (1) | | | | | | (b)(2), (b)(5), (7)(A), (7)(C) and (7)(D) | **Continued from prior page** enforcement program.  Documents also reveal information relating to internal practices of the Division, disclosure of which would impede effectiveness of Division's international anti-cartel enforcement program by interfering with the confidentiality of the Division's communications with foreign enforcers. |
| ATR 2408 (1) | W | 3/25/04 | Robert Connolly | James Griffin, Scott Hammond, Belinda Barnett and Edward Hand<br><br>Cc:  Antonia Hill, Wendy Norman, Kimberly Justice, Richard Rosenberg and Beth Fuhrhop | E-mail | (b)(2), (b)(5), (7)(A), (7)(C) and (7)(D) | 05-088 and 06-026.  Internal e-mail communication reflecting a telephone call with confidential sources.  It contains staff's thoughts and impressions involving activities relating to an ongoing investigation, and its disclosure could reasonably be expected to interfere with the ongoing enforcement proceedings.  Documents are exempt pursuant to the efficient operations of government privilege because confidentiality of communications with foreign authorities is vital to the Division's international anti-cartel enforcement program. **Continued on next page** |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR 2408 (1) | | | | | | (b)(2), (b)(5), (7)(A), (7)(C) and (7)(D) | **Continued from prior page** Documents also reveal information relating to internal practices of the Division, disclosure of which would impede effectiveness of Division's international anti-cartel enforcement program by interfering with the confidentiality of the Division's communications with foreign enforcers. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR 2409 (1) | W | 3/25/04 | Scott Hammond | Robert Connolly, James Griffin, Belinda Barnett and Edward Hand<br><br>Cc:  Antonia Hill, Wendy Norman, Kimberly Justice, Richard Rosenberg and Beth Fuhrhop | E-mail | (b)(2), (b)(5), (7)(A), (7)(C) and (7)(D) | 05-088 and 06-026.  Internal e-mail communication reflecting a telephone call with confidential sources.  Its disclosure could constitute an unwarranted invasion of the source's privacy.  It contains staff's thoughts and impressions involving activities relating to the ongoing investigation and is exempt pursuant to the deliberative process privilege.  It also reflects superior's question to subordinate that relates to the ongoing investigation.  Documents are exempt pursuant to the efficient operations of government privilege because confidentiality of communications with foreign authorities is vital to the Division's international anti-cartel enforcement program.  Documents also reveal information relating to internal practices of the Division, disclosure of which would impede effectiveness of Division's international anti-cartel enforcement program by interfering with the confidentiality of the Division's communications with foreign enforcers. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR 2410 (1) | W | 3/25/04 | Robert Connolly | Scott Hammond, James Griffin, Belinda Barnett and Edward Hand<br><br>Cc:  Antonia Hill, Wendy Norman, Kimberly Justice, Richard Rosenberg and Beth Fuhrhop | E-mail | (b)(2), (b)(5), (7)(A), (7)(C) and (7)(D) | 05-088 and 06-026.  The information reflected on this internal e-mail is identical to the information described in ATR 2409 above.  It is, accordingly, withheld for the same reasons as stated below. |
| ATR 2411 (1) | W | 2/18/03 | Robert Connolly | James Griffin, Scott Hammond, Belinda Barnett, Laura Starling and Maureen Casey<br><br>Cc:  Antonia Hill, Jeffrey Parker, Shaan Chima and | E-mail | (b)(2), (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Internal e-mail communication from superior to staff providing an update of activities associated with the ongoing investigation.  It reflects staff's thought processes and its disclosure could inhibit frank and open discussions among staff.  Its release could identify a confidential source and subpoena recipients the release of which could reasonably be expected to constitute an **Continued on next page** |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR 2411 (1) | | | | Richard Rosenberg | | (b)(2), (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | **Continued from prior page** unwarranted invasion of personal privacy as well as reveal the direction of the ongoing investigation.  Documents are exempt pursuant to the efficient operations of government privilege because confidentiality of communications with foreign authorities is vital to the Division's international anti-cartel enforcement program.  Documents also reveal information relating to internal practices of the Division, disclosure of which would impede effectiveness of Division's international anti-cartel enforcement program by interfering with the confidentiality of the Division's communications with foreign enforcers. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR 2412 (1) | W | 6/25/03 | Scott Hammond | Robert Connolly, Edward Hand, Maureen Casey, Natalie Merry Pathwick-Paszyc (Antitrust Div Foreign Commerce paralegal), James Griffin, Belinda Barnett | E-mail | (b)(2), (b)(5), (7)(A), (7)(C) and (7)(D) | 05-088 and 06-026. Internal e-mail communication reflecting a telephone call with a confidential source. It contains staff's and superior's thoughts and impressions involving activities relating to an ongoing investigation and is exempt pursuant to the deliberation process privilege. It disclosure could also constitute an invasion of personal privacy. Documents are exempt pursuant to the efficient operations of government privilege because confidentiality of communications with foreign authorities is vital to the Division's international anti-cartel enforcement program. Documents also reveal information relating to internal practices of the Division, disclosure of which would impede effectiveness of Division's international anti-cartel enforcement program by interfering with the confidentiality of the Division's communications with foreign enforcers. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR 2413-2414 (2) | W | 4/1/04 | Edward Hand | Scott Hammond and Robert Connolly<br><br>Cc:  Maureen Casey, Antonia Hill, Wendy Norman, Kimberly Justice, Richard Rosenberg, James Griffin and Belinda Barnett | E-mail | (b)(2), (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026.  Internal e-mail created in anticipation of litigation reflecting communications among staff. It contains staff's and superior's analysis, opinions and thought processes on legal, policy, and investigative issues associated with the ongoing investigation.  Disclosure could reveal the identity of a subpoena recipient and contents of subpoenaed document, staff's thoughts and mental impressions, as well as inhibit frank and open discussions among staff.  Documents are exempt pursuant to the efficient operations of government privilege because confidentiality of communications with foreign authorities is vital to the Division's international anti-cartel enforcement program. Documents also reveal information relating to internal practices of the Division, disclosure of which would impede effectiveness of Division's international anti-cartel enforcement<br><br>**Continued on next page** |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR 2413-2414 (2) | | | | | | (b)(2), (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | **Continued from prior page** program by interfering with the confidentiality of the Division's communications with foreign enforcers. |
| ATR 2415-2416 (2) | W | 3/30/04 | Belinda Barnett | James Griffin | E-mail | (b)(2), (b)(5), (7)(A) and (7)(C) | 05-088 and 06-026.  E-mail containing internal communications between staff and a communication from an official of a foreign government which is an ICN member, to staff in connection with investigative assistance in the parcel tanker investigation.  It reflects  internal thoughts, suggestions and recommendations for responding to foreign official and is withheld pursuant to the deliberative process and attorney work-product privileges.  The two governments are consultants to one another, communicate on investigative and policy issues pursuant to an understanding of confidentiality, and neither government has an interest adverse to the other.  The name and **e-Continued on next page** |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR 2415-2416 (2) | | | | | | (b)(2), (b)(5), (7)(A) and (7)(C) | **Continued from prior page** mail address of the foreign official are exempt from disclosure because their release could reasonably be expected to constitute an unwarranted invasion of personal privacy.  Documents are exempt pursuant to the efficient operations of government privilege because confidentiality of communications with foreign authorities is vital to the Division's international anti-cartel enforcement program. Documents also reveal information relating to internal practices of the Division, disclosure of which would impede effectiveness of Division's international anti-cartel enforcement program by interfering with the confidentiality of the Division's communications with foreign enforcers. |
| ATR 2417-2418 | W | 3/30/04 | Edward Hand | James Griffin Cc:  Scott Hammond and Belinda Barnett | E-mail | (b)(2), (b)(5), (7)(A) and (7)(C) | 05-088 and 06-026.  E-mail containing internal communications between staff and a communication from an official of a foreign government which is ICN **Continued on next page** |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR 2417-2418 | | | | | | (b)(2), (b)(5), (7)(A) and (7)(C) | **Continued from prior page** member, to staff in connection with assistance in parcel tanker investigation. It reflects internal suggestions and recommendations for responding to foreign official, and is withheld pursuant to the deliberative process and attorney work-product privileges. The two governments are consultants to one another, communicate on investigative and policy issues pursuant to an understanding of confidentiality, and neither government has an interest adverse to the other. The name and e-mail address of the foreign official are exempt from disclosure because their release could reasonably be expected to constitute an unwarranted invasion of personal privacy. Documents are exempt pursuant to the efficient operations of government privilege because confidentiality of communications with foreign authorities is vital to the Division's international anti-cartel enforcement program. **Continued on next page** |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR 2417-2418 | | | | | | (b)(2), (b)(5), (7)(A) and (7)(C) | **Continued from prior page** Documents also reveal information relating to internal practices of the Division, disclosure of which would impede effectiveness of Division's international anti-cartel enforcement program by interfering with the confidentiality of the Division's communications with foreign enforcers. |
| ATR 2419-2420 (2) | W | 2/1/03 | Robert Connolly | Foreign Government Cc: Richard Rosenberg, Antonia Hill, Foreign Government, Jeffrey Parker and Shaan Chima | E-mail | (b)(2), (b)(5), (7)(A), (7)(C), (7)(D) | 05-088, 05-131, and 06-026. (A duplicate of ATFY05-088, Bates Number ATR-638-639.) Emails between Division staff and officials of a foreign government which is an ICN member, in connection with assistance in the parcel tanker investigation. Exemption 5 applies to these e-mails because the U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Release of the **Continued on next page** |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR 2419-2420 (2) | | | | | | (b)(2), (b)(5), (7)(A), (7)(C), (7)(D) | **Continued from prior page** document could disclose the names of individuals whose privacy could thereby be invaded.  Release could also disclose the names of confidential sources and the information each  provides.  Moreover, disclosure could have an adverse effect on the ongoing investigation.  Documents are exempt pursuant to the efficient operations of government privilege because confidentiality of communications with foreign authorities is vital to the Division's international anti-cartel enforcement program.  Documents also reveal information relating to internal practices of the Division, disclosure of which would impede effectiveness of Division's international anti-cartel enforcement program by interfering with the confidentiality of the Division's communications with foreign enforcers. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR 2421-2423 (3) | W | 2/6/03 | Robert Connolly | Antonia Hill, Jeffrey Parker, Shaan Chima | E-mail | (b)(2), (b)(5), (7)(A), (7)(C), (7)(D) | 05-088, 05-131, and 06-026.  (A duplicate of ATFY05-088, Bates Numbers ATR-632-634.) Contains emails between Division staff and officials of a foreign government which is an ICN member, in connection with assistance in the parcel tanker investigation.  Exemption 5 applies to these e-mails because the U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other.  Release of the document could also disclose the names of  individuals whose privacy could thereby be invaded as well as the names of confidential informants and the information each  provides.  Its disclosure could have an adverse effect on the ongoing investigation. Documents are exempt pursuant to the efficient operations of government privilege because confidentiality of **Continued on next page** |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR 2421-2423 (3) | | | | | | (b)(2), (b)(5), (7)(A), (7)(C), (7)(D) | **Continued from prior page** communications with foreign authorities is vital to the Division's international anti-cartel enforcement program. Documents also reveal information relating to internal practices of the Division, disclosure of which would impede effectiveness of Division's international anti-cartel enforcement program by interfering with the confidentiality of the Division's communications with foreign enforcers. |
| ATR 2424-2426 (3) | W | 2/3/03 | Robert Connolly | Foreign Government Cc: Antonia Hill, Richard Rosenberg, Jeffrey Parker, Shaan Chima | E-mail | (b)(2), (b)(5), (7)(A), (7)(C), (7)(D) | 05-088, 05-131, and 06-026. (A duplicate of ATFY05-088 Bates Numbers ATR-635-637.) Emails between Division staff and officials of a foreign government which is an ICN member, in connection with assistance in the parcel tanker investigation.  Exemption 5 applies to these e-mails because the U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and **Continued on next page** |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR 2424-2426 (3) | | | | | | (b)(2), (b)(5), (7)(A), (7)(C), (7)(D) | **Continued on prior page** neither government has an interest adverse to the other.  Release of the document could also disclose the names of  individuals whose privacy could thereby be invaded as well as the names of confidential informants and the information each  provides.  Its disclosure could have an adverse effect on the ongoing investigation. Documents are exempt pursuant to the efficient operations of government privilege because confidentiality of communications with foreign authorities is vital to the Division's international anti-cartel enforcement program. Documents also reveal information relating to internal practices of the Division, disclosure of which would impede effectiveness of Division's international anti-cartel enforcement program by interfering with the confidentiality of the Division's communications with foreign enforcers. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR 2427 (1) | W | 3/18/03 | Foreign Government | Robert Connolly<br><br>Cc:  Antonia Hill, Constance Webster, and Foreign Government | E-mail | (b)(2), (b)(5), (7)(A), (7)(C) and (7)(D) | 05-088 and 06-026. Emails between Division staff and officials of a foreign government which is an ICN member, in connection with assistance in the parcel tanker investigation.  Exemption 5 applies to these e-mails because the U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other.  It contains staff's thoughts and mental impressions, and recommendations, as well as statements on possible course of action and co-ordination and is exempt pursuant to the deliberation process privilege.  Disclosure could also reveal the identity of confidential sources, the name of potential interviewees, and the direction of the ongoing investigation. Documents are exempt pursuant to the efficient operations of government privilege because confidentiality of communications with foreign authorities **Continued on next page** |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR 2427 (1) | | | | | | (b)(2), (b)(5), (7)(A), (7)(C) and (7)(D) | **Continued on prior page** is vital to the Division's international anti-cartel enforcement program. Documents also reveal information relating to internal practices of the Division, disclosure of which would impede effectiveness of Division's international anti-cartel enforcement program by interfering with the confidentiality of the Division's communications with foreign enforcers. |
| ATR 2428 (1) | W | 3/17/03 | Robert Connolly | Foreign Government Cc: Antonia Hill, Constance Webster | E-mail | (b)(2), (b)(5), (7)(A), (7)(C) and (7)(D) | 05-088 and 06-026. E-mail discussing investigative strategy. All of the text of this e-mail is identical to certain of the text contained in ATR-2427. It is, accordingly, exempt from disclosure for the same reasons as stated above. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR 2429-2430 (2) | W | 4/14/05 | Scott Hammond | Ann OBrien, Cc: Belinda Barnett | E-mail | (b)(5) and (7)(A) | 05-088 and 06-026. Internal e-mail between staff seeking assistance from other staff members on legal and policy issues relating to leniency.  It reflects staff's thought processes and opinions and is, accordingly, withheld pursuant to the deliberative process privilege.  Disclosure could reasonably be expected on interfere with the ongoing enforcement proceeding. |
| ATR 2431 (1) | W | 7/16/04 | State Department | Evan Maher, paralegal Antitrust Div Foreign Commerce Section | Fax | (b)(5), (7)(A), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Inter-agency communication with attached statement (known as a "notification") advising an ICN member foreign government that identified  companies have been, or may in the future be, served grand jury subpoena(s). The notification, which was prepared in anticipation of litigation, is an inter-agency communication qualifying for exemption pursuant to the attorney work-product privilege because the U.S. and the foreign government are consultants to one another, communicate on investigative issues **Continued on next page** |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR 2431 (1) | | | | | | (b)(5), (7)(A), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | **Continued from prior page** with an understanding of confidentiality, and neither government has an interest adverse to the other. Release could identify companies subject to the grand jury investigation. Disclosure could also reasonably be expected to interfere with the ongoing enforcement proceeding. |
| ATR 2432-2438 (7) | W | 7/15/04 | Evan Maher | United States Embassy | Fax | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Inter-agency communication with attached notification advising an ICN member foreign government about the ongoing grand jury investigation and identifying companies that have been, or may in the future be, served grand jury subpoena(s). The notification, which was prepared in anticipation of litigation, is an inter-agency communication qualifying for exemption pursuant to the attorney work-product privilege because the U.S. and the foreign government are consultants to one another, communicate on investigative issues **Continued on next page** |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR 2432-2438 (7) | | | | | | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | **Continued on prior page** with an understanding of confidentiality, and neither government has an interest adverse to the other. Release could identify companies subject to the grand jury investigation. Disclosure could also reasonably be expected to interfere with the ongoing enforcement proceeding and invade the privacy of referenced individuals. |
| ATR 2439-2441 (3) | W | 7/16/04 | Anne Purcell White, Assistant Chief, Foreign Commerce Section | State Department | Letter | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Inter-agency communication with attached notification to an ICN member foreign government concerning the ongoing grand jury investigation and identifying companies that are under investigation. The notification, which was prepared in anticipation of litigation is an inter-agency communication qualifying for exemption pursuant to the attorney work-product privilege because the U.S. and the foreign government are consultants to one another, communicate on investigative issues **Continued on next page** |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR 2439-2441 (3) | | | | | | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | **Continued from prior page** with an understanding of confidentiality, and neither government has an interest adverse to the other. Disclosure could reasonably be expected to interfere with the ongoing enforcement proceeding. Disclosure could reasonably be expected to invade the privacy of the individual receiving the notification. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR 2442-2444 (3) | W | 7/15/04 | Anne Purcell White | United States Embassy | Letter | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026.  Inter-agency communication with attached notification to an ICN member foreign government concerning the ongoing grand jury investigation and identifying a company under investigation that  has been, and may in the future be, served grand jury subpoenas.  The notification, which was prepared in anticipation of litigation, is an inter-agency communication qualifying for exemption pursuant to the attorney work-product privilege because the U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Disclosure could reasonably be expected to interfere with relations with that country and with the ongoing enforcement proceeding.  Disclosure could reasonably be expected to invade<br><br>**Continued on next page** |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR 2442-2444 (3) | | | | | | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | **Continued from prior page** the privacy of the individual receiving the notification. |
| ATR 2445-2447 (3) | W | 7/15/04 | Anne Purcell White | United States Embassy | Letter | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Inter-agency communication with attached notification to an ICN member foreign government concerning the ongoing grand jury investigation and identifying companies under investigation that have been, and may in the future be, served grand jury subpoenas. The notification, which was prepared in anticipation of litigation, is an inter-agency communication qualifying for exemption pursuant to the attorney work-product privilege because the U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government **Continued on next page** |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR 2445-2447 (3) | | | | | | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | **Continued from prior page** has an interest adverse to the other. Disclosure could reasonably be expected to interfere with the ongoing enforcement proceeding. Disclosure could reasonably be expected to invade the privacy of the individuals receiving the notification. |
| ATR 2448-2449 (2) | W | 7/1/04 | Anne Purcell White | State Department | Letter | (b)(5), (7)(A), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026.  Inter-agency communication regarding notifications to ICN member foreign governments concerning the ongoing grand jury investigation and the service of grand jury subpoenas.  (The notifications are not enclosed.)  The U.S. and the foreign governments are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and the foreign governments do not have interests adverse to the U.S.  The letter was prepared in anticipation of litigation and is exempt from disclosure pursuant to the attorney work-product privilege. Disclosure could reasonably be **Continued on next page** |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR 2448-2449 (2) | | | | | | (b)(5), (7)(A), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | **Continued from prior page** expected to interfere with the ongoing enforcement proceeding and adversely affect the relations with foreign governments. |
| ATR 2450-2452 (3) | W | 7/15/04 | Anne Purcell White | United States Embassy | Letter | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Inter-agency communication with an attached notification to an ICN member foreign government concerning the ongoing grand jury investigation and identifying companies that are under investigation and have, and may in the future, be served grand jury subpoenas. The notification, which was prepared in anticipation of litigation, is an inter-agency communication qualifying for exemption pursuant to the attorney work-product privilege because the U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. **Continued on next page** |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR 2450-2452 (3) | | | | | | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | **Continued from prior page** Disclosure could reasonably be expected to interfere with the ongoing enforcement proceeding. Disclosure could reasonably be expected to invade the privacy of the individual receiving the notification. |
| ATR 2453-2454 (2) | W | 7/15/04 | Evan Maher | United States Embassy | Fax | (b)(5) and (7)(A), | 05-088 and 06-026. Fax communication about a notification to an ICN member foreign government. (No notification is attached.) Disclosure could reveal the identity of the country to which the notification was directed and could have an adverse effect on relations with that country. It could also have an adverse effect on the ongoing grand jury investigation. |
| ATR 2455 (1) | W | 9/30/03 | Natalie Merry Pathwick | United States Embassy | Fax | (b)(5) and (7)(A) | 05-088 and 06-026. Fax cover sheet transmitting a press release concerning the ongoing grand jury investigation. (The press release is not attached.) |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR 2456-2457 (2) | W | 7/15/04 | Evan Maher | United States Embassy | Fax | (b)(5) and (7)(A) | 05-088 and 06-026. Fax communication about a notification to an ICN member foreign government.   (No notification is attached.)  Disclosure could reveal the identity of the country to which the notification was directed and could have an adverse effect on relations with that country.  It could also have an adverse effect on the ongoing grand jury investigation. |
| ATR 2458-2459 (2) | W | 7/16/04 | Evan Maher | State Department | Fax | (b)(5) and (7)(A) | 05-088 and 06-026. Fax communication about a notification to an ICN member foreign government.   (No notification is attached.)  Disclosure could reveal the identity of the country to which the notification was directed and could have an adverse effect on relations with that country.  It could also have an adverse effect on the ongoing grand jury investigation. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR 2460-2461 (2) | W | 7/15/04 | Evan Maher | United States Embassy | Fax | (b)(5) and (7)(A) | 05-088 and 06-026. Fax communication about a notification to an ICN member foreign government.   (No notification is attached.)  Disclosure could reveal the identity of the country to which the notification was directed and could have an adverse effect on relations with that country.  It could also have an adverse effect on the ongoing grand jury investigation. |
| ATR 2462-2463 (2) | W | 3/5/03 | Natalie Merry Pathwick | United States Embassy | Fax | (b)(5) and (7)(A) | 05-088 and 06-026.  Fax communication about a notification to an ICN member foreign government.  (No notification is attached.)  Disclosure could reveal the identity of the country to which the notification was directed and could have an adverse effect on relations with that country.  It could also have an adverse effect on the ongoing grand jury investigation. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR 2464-2465 (2) | W | 2/28/03 | Anne Purcell White | State Department | Letter | (b)(5), (7)(A), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Inter-agency communication regarding notifications to ICN member foreign governments concerning the ongoing grand jury investigation and the service of grand jury subpoenas.  (The notifications are not enclosed.)  The U.S. and the foreign governments are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and the foreign governments do not have interests adverse to the U.S.  The letter was prepared in anticipation of litigation and is exempt from disclosure pursuant to the attorney work-product privilege. Disclosure could reasonably be expected to interfere with the ongoing enforcement proceeding and adversely affect the relations with foreign governments. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR 2466-2468 (3) | W | 3/4/03 | Anne M. Purcell | State Department | Letter | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Inter-agency communication with attached notification to an ICN member foreign government concerning the ongoing grand jury investigation and identifying a company under investigation that has been, and may in the future be, served grand jury subpoenas. The notification, which was prepared in anticipation of litigation, is an inter-agency communication qualifying for exemption pursuant to the attorney work-product privilege because the U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Disclosure could reasonably be expected to interfere with relations with that country and with the ongoing enforcement proceeding. Disclosure could reasonably be expected to invade the privacy of the individual receiving the notification. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR 2469-2471 (3) | W | 3/5/03 | Anne M. Purcell | United States Embassy | Letter | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Inter-agency communication with attached notification to an ICN member foreign government concerning the ongoing grand jury investigation and identifying companies under investigation that has been, and may in the future be, served grand jury subpoenas. The notification, which was prepared in anticipation of litigation, is an inter-agency communication qualifying for exemption pursuant to the attorney work-product privilege because the U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Disclosure could reasonably be expected to interfere with relations with that country and with the ongoing enforcement proceeding. Disclosure could reasonably be expected to invade the privacy of the individual receiving the notification. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR 2472-2474 (3) | W | 3/7/03 | Anne M. Purcell | State Department | Letter | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Inter-agency communication with attached notification to an ICN member concerning the ongoing grand jury investigation and identifying companies under investigation.  The notification, which was prepared in anticipation of litigation, is an inter-agency communication qualifying for exemption pursuant to the attorney work-product privilege because the U.S. and the foreign ICN members are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Disclosure could reasonably be expected to interfere with relations with that member and with the ongoing enforcement proceeding.  Disclosure could reasonably be expected to invade the privacy of the individual receiving the notification. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR 2475-2476 (2) | W | 11/24/03 | Edward Hand | State Department | Letter | (b)(5), (7)(A), (7)(C) (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Inter-agency notification letter to an ICN member foreign government concerning the ongoing grand jury investigation and identifying a subject of the investigation.  (The notification is not attached.)  The notification, which was prepared in anticipation of litigation, is an inter-agency communication qualifying for exemption pursuant to the attorney work-product privilege because the U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Disclosure could reasonably be expected to interfere with relations with that country and with the ongoing enforcement proceeding.  Disclosure could reasonably be expected to invade the privacy of the subject named in the notification. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR 2477-2479 (3) | W | 11/24/03 | State Department | Natalie Merry Pathwick | Cable | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Inter-agency notification letter to an ICN member foreign government concerning the ongoing grand jury investigation and identifying a subject of the investigation. (The notification is not attached.) The notification, which was prepared in anticipation of litigation, is an inter-agency communication qualifying for exemption pursuant to the attorney work-product privilege because the U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Disclosure could reasonably be expected to interfere with relations with that country and with the ongoing enforcement proceeding. Disclosure could reasonably be expected to invade the privacy of the subject named in the notification. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR 2480-2481 (2) | W | 11/26/03 | State Department | State Department, Natalie Merry Pathwick | E-mail | (b)(5), (7)(A), (7)(C) (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 6-026. Inter-agency notification letter to an ICN member foreign government concerning the ongoing grand jury investigation and identifying a subject of the investigation.  (The notification is not attached.)  The notification, which was prepared in anticipation of litigation, is an inter-agency communication qualifying for exemption pursuant to the attorney work-product privilege because the U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other.  Disclosure could reasonably be expected to interfere with relations with that country and with the ongoing enforcement proceeding.  Disclosure could reasonably be expected to invade the privacy of the subject named in the notification. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR 2482 (1) | R | 12/9/03 | Natalie Merry Pathwick-Paszyc | State Department | E-mail | (b)(5) and (7)(A) | 05-088 and 06-026.  Inter-agency communication asking the recipient to notify an ICN member foreign government of a press release posted on the Antitrust Division's website.  The identity of the recipient is redacted to shield the identity of the ICN Member government.  The U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other.  Hence, disclosure could reasonably be expected to interfere with the ongoing grand jury investigation. |
| ATR 2483 (1) | R | 12/9/03 | Natalie Merry Pathwick-Paszyc | State Department | E-mail | (b)(5) and (7)(A) | 05-088 and 06-026. A request identical to that described in ATR 2482 but for identity of the recipient.  It is redacted in the same way and for the same reason as cited for that document. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR 2484 (1) | R | 12/9/03 | Natalie Merry Pathwick-Paszyc | State Department | E-mail | (b)(5) and (7)(A) | 05-088 and 06-026.  A request identical to that described in ATR 2482 but for identity of the recipient.  It is redacted in the same way and for the same reason as cited for that document. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR 2485-2486 (2) | W | 6/24/03 | Natalie Merry Pathwick-Paszyc | United States Embassy | Fax | (b)(5) and (7)(A) | 05-088 and 06-026. Inter-agency communication regarding notification activity in grand jury investigation to foreign government, which is an ICN member.  The U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither country has an interest adverse to the other.  Hence, disclosure could reasonably be expected to interfere with ongoing grand jury investigation. |
| ATR 2487 (1) | Upon further review, it was determined that this document is non-responsive. | | | | | | |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR 2488 (1) | W | 6/25/03 | Scott Hammond | Robert Connolly, Edward Hand, Maureen Casey, Natalie Merry Pathwick-Paszyc, James Griffin and Belinda Barnett | E-mail | (b)(2), (b)(5), (7)(A), (7)(C) and (7)(D) | 05-088 and 06-026. Internal e-mail reflecting communication with confidential source of information. It reflects staff's mental impressions and thought processes and advises staff and superiors on developments associated with the ongoing investigation. Its disclosure could have an adverse effect on the ongoing investigation and invade the privacy of the confidential source. Documents are exempt pursuant to the efficient operations of government privilege because confidentiality of communications with foreign authorities is vital to the Division's international anti-cartel enforcement program. Documents also reveal information relating to internal practices of the Division, disclosure of which would impede effectiveness of Division's international anti-cartel enforcement program by interfering with the confidentiality of the Division's communications with foreign enforcers. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR 2489-2490 (2) | W | 6/24/03 | Edward Hand | State Department | Letter | (b)(5) and (7)(A) | 05-088 and 06-026.  Inter-agency letter regarding  notification of activity in grand jury investigation to ICN member foreign governments.  Exemption 5 applies to these communications because the U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other.  Disclosure could reasonably be expected to interfere with U.S. relations with the governments and could reasonably be expected to interfere with the ongoing grand jury investigation. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR 2491-2492 (2) | W | 6/25/03 | Natalie Merry Pathwick-Paszyc | State Department | E-mail | (b)(5) and (7)(A) | 05-088 and 6-026. Inter-agency e-mail regarding notification of activity in grand jury investigation to ICN member foreign governments. Exemption 5 applies to these communications because the U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Disclosure could reasonably be expected to interfere with U.S. relations with the governments and could reasonably be expected to interfere with the ongoing grand jury investigation. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR 2493-2494 (2) | W | 6/26/03 | State Department | State Department, Natalie Merry Pathwick | Cable | (b)(5) and (7)(A) | 05-088 and 6-026.  Inter-agency cable regarding  notification of activity in grand jury investigation to ICN member foreign governments.  Exemption 5 applies to these communications because the U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Disclosure could reasonably be expected to interfere with U.S. relations with the governments and could reasonably be expected to interfere with the ongoing grand jury investigation. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR 2495-2496 (2) | W | 6/24/03 | State Department | State Department, Natalie Merry Pathwick | Cable | (b)(5) and (7)(A) | 05-088 and 06-026. Inter-agency cable regarding notification of activity in grand jury investigation to ICN member foreign governments. Exemption 5 applies to these communications because the U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Disclosure could reasonably be expected to interfere with U.S. relations with the governments and could reasonably be expected to interfere with the ongoing grand jury investigation. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR 2497-2498 (2) | W | 9/25/03 | Edward Hand | State Department | Letter | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 6-026.  Inter-agency letter regarding  notification of activity in grand jury investigation to ICN member foreign governments.  Exemption 5 applies to these communications because the U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other.  Disclosure could reasonably be expected to interfere with U.S. relations with the governments and could reasonably be expected to interfere with the ongoing grand jury investigation.   It could invade the privacy of a named individual. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR 2499-2500 (2) | W | 6/25/03 | State Department | State Department, Natalie Merry Pathwick | Cable | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 6-026. Inter-agency cable regarding notification of activity in grand jury investigation to ICN member foreign governments. Exemption 5 applies to these communications because the U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Disclosure could reasonably be expected to interfere with U.S. relations with the governments and could reasonably be expected to interfere with the ongoing grand jury investigation. It could invade the privacy of a named individual. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR 2501-2502 (2) | W | 9/26/03 | State Department | State Department, Natalie Merry Pathwick | Cable | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026.  Inter-agency cable regarding  notification of activity in grand jury investigation to ICN member foreign governments.  Exemption 5 applies to these communications because the U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other.  Disclosure could reasonably be expected to interfere with U.S. relations with the governments and could reasonably be expected to interfere with the ongoing grand jury investigation.   It could invade the privacy of a named individual. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR 2503 (1) | W | 9/30/03 | Natalie Merry Pathwick | State Department | Fax | (b)(5) and (7)(A) | 05-088 and 06-026.  Inter-agency communication requesting transfer of a press release to an ICN member foreign government.  (The press release is not attached.)  Exemption 5 applies to these communications because the U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other.  Disclosure could reasonably be expected to interfere with U.S. relations with the governments and could reasonably be expected to interfere with the ongoing grand jury investigation.   It could invade the privacy of a named individual. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-2504-2505 (2) | W | 4/16/04 | Edward Hand | State Department | Letter | (b)(5), (7)(A), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Inter-agency letter regarding notification of activity in grand jury investigation to ICN member foreign governments. Exemption 5 applies to these communications because the U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Disclosure could reasonably be expected to interfere with U.S. relations with the governments and could reasonably be expected to interfere with the ongoing grand jury investigation. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR 2506-2507 (2) | W | 4/16/04 | State Department | State Department and Natalie Merry Pathwick | Cable | (b)(5), (7)(A), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026.  Inter-agency cable regarding  notification of activity in grand jury investigation to ICN member foreign government.  Exemption 5 applies to these communications because the U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Disclosure could reasonably be expected to interfere with U.S. relations with the government and could reasonably be expected to interfere with the ongoing grand jury investigation. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR 2508-2509 (2) | W | 4/16/04 | State Department | State Department and Natalie Merry Pathwick | E-mail | (b)(5), (7)(A), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Inter-agency e-mail regarding notification of activity in grand jury investigation to ICN member foreign government. Exemption 5 applies to these communications because the U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Disclosure could reasonably be expected to interfere with U.S. relations with the government and could reasonably be expected to interfere with the ongoing grand jury investigation. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR 2510-2511 (2) | W | 4/9/03 | Anne M. Purcell | State Department | Letter | (b)(5), (7)(A), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026.  Inter-agency letter regarding  notification of activity in grand jury investigation to ICN member foreign governments.  (Notifications are not enclosed.)  Exemption 5 applies to these communications because the U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Disclosure could reasonably be expected to interfere with U.S. relations with the government and could reasonably be expected to interfere with the ongoing grand jury investigation. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR 2512-2513 (2) | W | 4/15/03 | Anne M. Purcell | U.S. Embassy | Letter | (b)(5), (7)(A), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Inter-agency letter regarding notification of activity in grand jury investigation to ICN member foreign government. (Notifications are not enclosed.) Exemption 5 applies to these communications because the U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Disclosure could reasonably be expected to interfere with U.S. relations with the government and could reasonably be expected to interfere with the ongoing grand jury investigation. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR 2514-2516 (3) | W | 4/15/03 | Natalie Merry Pathwick | State Department | Fax | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Inter-agency fax regarding attached notification of activity in grand jury investigation to ICN member foreign government. Exemption 5 applies to these communications because the U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other.  Disclosure could reasonably be expected to interfere with U.S. relations with the government and could reasonably be expected to interfere with the ongoing grand jury investigation.  In addition, disclosure could identify a probable witness before the grand jury and invade that individual's privacy. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-2517-2519 (3) | W | 4/15/03 | Anne M. Purcell | State Department | Letter | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026.   Inter-agency letter regarding attached notification of activity in grand jury investigation to ICN member foreign government. Exemption 5 applies to these communications because the U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other.  Disclosure could reasonably be expected to interfere with U.S. relations with the government and could reasonably be expected to interfere with the ongoing grand jury investigation.  Disclosure could also invade the privacy of an individual to be called as a witness before the grand jury and could invade his personal privacy. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-2520-2521 (2) | W | 4/15/03 | Natalie Merry Pathwick | State Department | Fax | (b)(5), (7)(A), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026.  Inter-agency fax regarding  notification of activity in grand jury investigation to ICN member foreign government.  Exemption 5 applies to these communications because the U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Disclosure could reasonably be expected to interfere with U.S. relations with the government and could reasonably be expected to interfere with the ongoing grand jury investigation. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-2522-2524 (3) | W | 5/26/04 | U.S. District Court for the Eastern District of Pennsylvania | N/A | Order and related pleading | (7)(A), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026.  Pleadings filed under seal and *ex parte* pursuant to Fed. R. Crim. P. 6(e) in ongoing grand jury investigation, the disclosure of which could reasonably be expected to interfere with the investigation. These documents are "not 'improperly' withheld." <u>GTE Sylvania, Inc. v. Consumers Union, Inc.</u>, 445 U.S. 375, 387 (1980). Their disclosure of which could reasonably be expected to interfere with the ongoing investigation. |
| ATR-2525-2544 (20) | W | 2/19/03 | U.S. District Court for the Eastern District of Pennsylvania, Antonia Hill | N/A | Order and related pleadings | (7)(A), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026.   Pleadings filed under seal and *ex parte* pursuant to Fed. R. Crim. P. 6(e) in ongoing grand jury investigation.  These documents are "not 'improperly' withheld." <u>GTE Sylvania, Inc. v. Consumers Union, Inc.</u>, 445 U.S. 375, 387 (1980). Their disclosure of which could reasonably be expected to interfere with the ongoing investigation. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-3995-3999 (5)  (Previously Bates ATR-2545-2549) | F | Released in Full | | | | | 06-038 |
| ATR-4000-4014 (15)  (Previously Bates ATR-2550-2564) | F | Released in Full | | | | | 06-038 |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-4015-4035 (20) (Previously Bates ATR-2565-2584) | R | 5/20/04 | Redacted | none indicated | Memorandum of Law in Support of Defendants-Claimants' Motion to Enforce Arbitrator's Subpoena and for Leave to Depose a Federal Prisoner | (7)(C) and (7)(D) | 06-040. The identity of the person who provided this document was redacted because its disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy and reveal the identity of a confidential source of information. All other information was released in full. |
| ATR-4036-4059 (24) (Previously Bates ATR-2585-2608) | R | 6/8/05 | Robert Connolly | Redacted | E-mail with attachment | (b)(7)(C) and (7)(D) | 06-040. The identity of the party to whom the e-mail was sent was redacted because disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy and reveal the identity of a confidential source of information. All other information, including the attachment, was released in full. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-4060-4061 (2) (Previously Bates ATR-2609-2610) | F | Document Released in Full | | | | | 06-040 |
| ATR-4062-4064 (3) (Previously Bates ATR-2611-2613) | W | 5/13/04 | Withheld | Robert Connolly | Letter | (b)(7)(C) and (7)(D) | 06-040.  Disclosure of the document could invade the sender's individual privacy and the identity of a confident source of information. |
| ATR-4065-4066 (2) (Previously Bates ATR-2614-2615) | W | 7/11/03 | Antonia Hill | Withheld | Letter | (b)(7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 06-040.  A letter to an outside party discussing the issuance of a grand jury subpoena.  Disclosure could reveal the direction of the ongoing grand jury investigation, could invade the personal privacy of the recipient and disclose the fact that the person is a confidential source of information. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-4067 (1) (Previously Bates ATR-2616) | W | 8/29/05 | Robert Connolly | Withheld | E-mail | (b)(7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 06-040. An e-mail confirming appointment to meet. Its release could reveal the identity of a confidential source of information and invade the individual's privacy. Disclosure could harm the Division's ongoing investigation because it could reveal the identity of a probable witness. |
| ATR-4068 (1) (Previously Bates ATR-2617) | W | 5/20/04 | Antonia Hill | Robert Connolly, Wendy Norman, Kimberly Justice and Richard Rosenberg | E-mail | (b)(7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 06-040. E-mail communication reflecting updates involving possible grand jury witness. Release could reveal the direction of an ongoing enforcement proceeding as well as a possible grand jury witness. |
| ATR-4069-4070 (2) (Previously Bates ATR-2618-2619) | W | 5/10/04 | Robert Connolly | Withheld | Letter | (b)(7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 06-040. A letter concerning a subpoena and the ongoing grand jury investigation. It's disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy and identity a grand jury witness. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-4071-4072 (2)<br><br>(Previously Bates ATR-2620-2621) | W | 7/11/03 | Antonia Hill | Withheld | Letter | (b)(7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 06-040. A letter to a third party seeking information relating to the Division's ongoing grand jury investigation. Disclosure could reasonably be expected to interfere with the ongoing investigation because it could reveal the direction of that investigation. Its disclosure could also invade the privacy of an individual and identify a confidential source of information. |
| ATR-4073-4076 (4)<br><br>(Previously Bates ATR-2622-2625) | W | 5/20/04 | Withheld | Robert Connolly | Letter and attachment | (b)(7)(C) | 06-040. Letter and attachment concerning a subpoena. Its disclosure could invade the personal privacy of an individual. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-4077-4132 (56)  (Previously Bates ATR-2626-2681) | W | 6/28/04 | Antonia Hill | Robert Connolly, Wendy Norman, Kimberly Justice and Richard Rosenberg  Cc: Joseph Muoio, Jeffrey Parker and Beth Fuhrhop | E-mail | (b)(7)(A), (7)(C) and (7)(D) | 06-040. An e-mail with attachment from a confidential source of information. Disclosure could reveal the direction of the ongoing grand jury investigation and litigation as well as the identity of confidential source. Disclosure of the party's identity could reasonably be expected to constitute an unwarranted invasion of personal privacy because it could subject the party to public scrutiny. |
| ATR-4133-4134 (2)  (Previously Bates ATR-2682-2683) | W | 6/29/04 | Antonia Hill | Beth Fuhrhop | E-mail | (b)(7)(A), (7)(C) and (7)(D) | 06-040. An e-mail discussing information provided by a confidential source. Disclosure could reveal the direction of an ongoing grand jury investigation and litigation as well as the identity of a confidential source of information. Disclosure could also be expected to constitute an invasion of the person's personal privacy. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-4135-4136 (2)<br><br>(Previously Bates ATR-2684-2685) | W | 6/29/04 | Antonia Hill | Beth Fuhrhop | E-mail | (b)(7)(A), (7)(C) and (7)(D) | 06-040. An e-mail discussing information provided by a confidential source.  Disclosure could reveal the direction of an ongoing investigation as well as the identity of a confidential source.   Disclosure of the person's identity could also reasonably be expected to constitute an unwarranted invasion of personal privacy. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-4137 (1)<br><br>(Previously Bates ATR-2686) | W | 6/28/04 | Antonia Hill | Robert Connolly, Wendy Norman, Kimberly Justice and Richard Rosenberg<br><br>Cc: Joseph Muoio, Jeffrey Parker and Beth Fuhrhop | E-mail | (b)(3), (5), (7)(A), (7)(C) and (7)(D) | 06-040. Internal e-mail advising staff of her communication with a confidential source. Disclosure of the person's identity could also reasonably be expected to constitute an unwarranted invasion of personal privacy. It contains staff's thoughts and impressions and is, accordingly, withheld pursuant to the deliberative process and attorney work-product privileges. Its disclosure could reasonably be expected to interfere with the ongoing grand jury investigation and litigation because it could reveal the direction of that investigation. Disclosure would also reveal information exempt from disclosure by statute, which does not provide for discretionary release |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-4138 (1)<br><br>(Previously Bates ATR-2687) | W | 6/08/05 | Robert Connolly | Antonia Hill, Wendy Norman, Kimberly Justice, Richard Rosenberg<br><br>Cc: Beth Fuhrhop | E-mail | (b)(5), (7)(A), (7)(C) and (7)(D) | 06-040. Internal e-mail from superior to staff discussing issues relating to the ongoing enforcement proceeding. It is withheld pursuant to the deliberative process and attorney work-product privileges because it's pre-decisional and reflects superior's thoughts, mental impressions and recommendations. It also reflects a telephone call from a confidential source. Disclosure of the third party's identity could reasonably be expected to constitute an unwarranted invasion of personal privacy and interfere with the ongoing enforcement proceeding. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-4139-4140 (2) (Previously Bates ATR-2688-2689) | W | 8/31/05 | Robert Connolly | Antonia Hill, Wendy Norman, Kimberly Justice, Richard Rosenberg, Jeffrey Parker, Laura Heiser and Melissa Lenzi | E-mail | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 06-040. Internal e-mail with attached questions from superior to subordinates discussing up coming meeting with an outside party and requesting input from staff re: additional questions.  It is withheld pursuant to the deliberative process privilege because it is pre-decisional and reflects the exchange of views among staff.  It contains the identity of a confidential source.  Release could reasonably be expected to constitute an unwarranted invasion of the individual's personal privacy.  Disclosure could also interfere with the ongoing enforcement proceeding by revealing the identity of possible grand jury witnesses. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-4141 (1)<br><br>(Previously Bates ATR-2690) | W | 11/19/04 | Robert Connolly | Antonia Hill, Wendy Norman, Kimberly Justice, Richard Rosenberg<br><br>Cc: Beth Fuhrhop | E-mail | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 06-040. Internal e-mail from superior to staff reflecting a conversation with and the identity of a confidential source of information and information provided by the source. Disclosure could reasonably be expected to interfere with the ongoing enforcement proceeding because it could reveal the direction of the grand jury investigation and litigation. |
| ATR-4142-4158 (17)<br><br>(Previously Bates ATR-2691-2707) | W | 5/xx/04 | Robert Connolly | Honorable Jed S. Rakoff, United States District Judge | Letter | (b)(5) | 06-040. A draft cover letter to the court enclosing draft courtesy copies of a draft motion, memorandum of law and order. The documents were created in anticipation of litigation and are exempt pursuant to the attorney work-product privilege. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-4159 (1) <br><br> (Previously Bates ATR-2708) | W | 5/17/04 | Wendy Norman | Robert Connolly, Beth Fuhrhop, Antonia Hill, Kimberly Justice and Richard Rosenberg | E-Mail | (b)(5), (7)(A), (7)(C) and (7)(D) | 06-040. Internal e-mail from subordinate to superior and staff.  It is pre-decisional and seeks guidance on how to proceed with investigation.  The names of third parties are withheld because their disclosure could reasonably be expected to invade their privacy and reveal the identity of a confidential source of information. |
| ATR-4160-4161 (2) <br><br> (Previously Bates ATR-2709-2710) | W | Un-dated | Not specified | Not specified | Notes | (b)(5), (7)(A) and (7)(C) | 06-040.  A two page summary of selected portions of hearing testimony.  Its reflects certain facts compiled by staff in anticipation of litigation and, accordingly, withheld from disclosure pursuant to the attorney work-product privilege. It relates to a continuing grand jury investigation and litigation and its release could provide insight into the staff's thinking and the direction of the investigation.  It contains the names of individuals the release of which could reasonably be expected to constitute an unwarranted invasion of their personal privacy. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-4162-4163 (2) (Previously Bates ATR-2711-2712) | W | Un-dated | Not specified | Not specified | Notes | (b)(5), (7)(A) and (7)(C) | 06-040. A similar summary about testimony given by a different hearing witness. |
| ATR-4164 (1) (Previously Bates ATR-2713) | W | 7/1/04 | Robert Connolly | Antonia Hill, Wendy Norman, Kimberly Justice, and Richard Rosenberg  Cc: Joseph Muoio, Jeffrey Parker and Beth Fuhrhop | E-mail | (b)(5), (7)(A), (7)(C), (7)(D) and (b)(3) | 06-040. Internal e-mail from superior to staff discussing issues and relaying information regarding the ongoing enforcement proceeding.  It is withheld pursuant to the attorney work-product privilege because it sets forth selected information considered important to the ongoing litigation.  Its disclosure could identify a confidential source and reveal the information provided by the source.  Disclosure of the names of third parities' mentioned in the e-mail could reasonably be expected to constitute an unwarranted invasion of their personal privacy and could subject them to unnecessary scrutiny and harassment.  Finally, certain information is withheld pursuant to a statute that does not provide for discretionary release. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-4165 (1) (Previously Bates ATR-2714) | W | 7/14/03 | Antonia Hill | Shaan Chima, Robert Connolly, Kimberly Justice, Wendy Norman, Richard Rosenberg and Constance Webster | E-mail | (b)(5), (7)(C) and (7)(D) | 06-040. Internal staff e-mail prepared in anticipation of litigation discussing document production. Disclosure could reveal the identity of a confidential source and could reasonably be expected to constitute an unwarranted invasion of personal privacy. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-4166-4167 (2)<br><br>(Previously Bates ATR-2715-2716) | W | 8/15/05 | Antonia Hill | Jeffrey Parker | E-mail | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 06-040. Internal e-mail communications among staff.  It reflects staff's comments, ideas and thought processes.  It is withheld pursuant to the deliberative process  privilege because it is pre-decisional and its disclosure could inhibit discussions among staff.   It was also created in anticipation of litigation and is withheld pursuant to the attorney work-product privilege.  It also contains the identity of a confidential source of information.  Disclosure could interfere with the ongoing enforcement proceeding because it could reveal the direction of the investigation.  Disclosure could also reveal information exempt from disclosure by statute, which does not provide for discretionary release. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-4168 (1)<br><br>(Previously Bates ATR-2717) | W | 11/13/03 | Antonia Hill | Robert Connolly, Wendy Norman, Kimberly Justice and Shaan Chima | E-mail | (b)(5), (7)(A), (7)(C) and (7)(D) | 06-040. Internal staff e-mail communication reflecting information obtained from a confidential source and created in anticipation of litigation. Its disclosure could reasonably be expected to interfere with ongoing enforcement proceedings by revealing the direction of the investigation. Its disclosure could also reasonably be expected to interfere with the individual's personal privacy. |
| ATR-4169 (1)<br><br>(Previously Bates ATR-2718) | W | 6/28/04 | Antonia Hill | Robert Connolly, Wendy Norman, Kimberly Justice and Richard Rosenberg<br><br>Cc: Joseph Muoio, Jeffrey Parker and Beth Fuhrhup | E-mail | (7)(A), (7)(C) and (7)(D) | 06-040. Internal staff e-mail forwarding information to superior and staff that was submitted by a confidential source. Disclosure could reasonably be expected to interfere with ongoing enforcement proceedings because it could reveal the direction of the investigation. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-4170 (1)  (Previously Bates ATR-2719) | W | 9/6/05 | Robert Connolly | Files | Memorandum to the File | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Fed. R. Crim. P. 6(e) | 06-040. Internal memorandum created for the ongoing investigation file, summary of meeting with a confidential source and the information provided by the source.  It also reflects discussions regarding subpoenaed documents.  Disclosure could reasonably be expected to reveal the identity of the individual and interfere with his privacy.  Disclosure could reasonably be expected to interfere with ongoing enforcement proceeding by identifying a possible witness and revealing the direction of the grand jury investigation and litigation. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-4171 (1)  (Previously Bates ATR-2720) | W | 9/19/05 | Wendy Norman | Antonia Hill, Kimberly Justice, Richard Rosenberg, Laura Heiser, Melissa Lenzi and Nakku Chung (paralegal, Philadelphia Field Office)  Cc: Beth Fuhrhop and Wendy Norman | E-mail | (b)(5), (7)(A), (7)(C) and (7)(D) | 06-040. Internal e-mail among staff reflecting information provided by a confidential source.  It was created in anticipate of litigation and is, therefore, exempt pursuant to the attorney work-product privilege.  It is withheld pursuant to the deliberative process because release could inhibit open discussions among staff.  Its release could reasonably be expected to interfere with the ongoing enforcement proceeding, reveal the direction of the ongoing grand jury investigation and litigation and interfere with a possible witness. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-4172 (1)<br><br>(Previously Bates ATR-2721) | W | 8/31/05 | Wendy Norman | Antonia Hill, Kimberly Justice, Richard Rosenberg and Laura Heiser<br><br>Cc: Wendy Norman | E-mail | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 06-040. Internal e-mail communication relaying information from section chief to staff regarding information obtained from a confidential source. The e-mail was created in anticipation of litigation. It also reflects discussions regarding possible issuance of a grand jury subpoena. Disclosure could reasonably be expected to interfere with ongoing enforcement proceeding because it could reveal the direction of the investigation and interfere with a possible witness. |
| ATR-4173 (1)<br><br>(Previously Bates ATR-2722) | W | 9/14/05 | Robert Connolly | Antonia Hill, Wendy Norman, Kimberly Justice and Richard Rosenberg | E-mail | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 06-040. Internal e-mail from superior advising staff on his call about possibly serving a subpoena on a third party. Disclosure could reasonably be expected to interfere with the ongoing enforcement proceeding because it could reveal the direction of the investigation; identity a confidential source of information; and a possible witness. In addition, disclosure could reasonably be expected to invade the personal privacy of the individual. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-4174-4175 (2)<br><br>(Previously Bates ATR-2723-2724) | W | 6/28/04 | Antonia Hill | Jeffrey Parker, Robert Connolly, Wendy Norman and Richard Rosenberg<br><br>Cc: Melissa Lenzi, Shaan Chima, Beth Fuhrhop and Joseph Muoio | E-mail | (b)(5), (7)(A), (7)(C) and (7)(D) | 06-040. Internal e-mail communications between staff. It reflects information compiled in anticipation of litigation and is pre-decisional. It is, accordingly, withheld pursuant to the deliberative process and attorney work-product privileges because release could inhibit the flow of ideas and open discussions among staff. Disclosure could reasonably be expected to interfere with ongoing enforcement proceeding because it could reveal the direction of the investigation. It also reflects the name of a confidentiality source. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-4176-4183 (8) (Previously Bates ATR-2725-2732) | W | 6/27/03 | Robert Connolly. Antonia Hill. Wendy Norman and Kimberly Justice | James Griffin | Memorandum | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 06-040. Internal memorandum from subordinates to superiors regarding possible issuance of a subpoena. The document is pre-decisional and its disclosure could interfere with free and frank discussions among staff. In addition, it was created in anticipation of litigation and is exempt pursuant to the attorney work-product privilege. Disclosure could interfere with the ongoing enforcement proceeding by revealing its direction and possible subpoena recipient. Finally, its disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-4184 (1)<br><br>(Previously Bates ATR-2733) | W | Un-dated | Not specified | Not specified | Notes | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 06-040. A one page document created by staff in anticipation of litigation and withheld pursuant to the work-product privilege.  It is an inventory of documents submitted during the grand jury investigation.  Disclosure could reveal the direction of the ongoing investigation, staff's deliberative process, their evaluation of the facts and information the release of which could be expected to constitute an unwarranted invasion of personal privacy. |
| ATR-4185 (1)<br><br>(Previously Bates ATR-2734) | W | 7/17/03 | Antonia Hill | Shaan Chima, Robert Connolly, Kimberly Justice, Wendy Norman, Richard Rosenberg and Constance Webster | E-mail | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 06-040. Internal e-mail communication among staff.  It reflects staff's thoughts and impressions on documents obtained during a grand jury investigation. It is pre-decisional and was created in anticipation of litigation. Disclosure could reveal the direction on an ongoing investigation, staff's deliberative process, their evaluation of the facts and information the release of which could be expected to constitute an unwarranted invasion of personal privacy. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-4186 (1) (Previously Bates ATR-2735) | W | 6/2/03 | Antonia Hill | Shaan Chima, Robert Connolly, Kimberly Justice, Wendy Norman, Jeffrey Parker, Richard Rosenberg and Constance Webster | E-mail | (b)(5), (7)(A), (7)(C) and (7)(D) | 06-040. Internal communication among staff.  It is pre-decisional and was created in anticipation of litigation. It reflects a conversation with and the identity of a confidential source of information.  It reflects staff's thoughts, mental impressions and recommendations. Its disclosure could reasonably be expected to interfere with the ongoing enforcement proceeding because it could reveal the direction of the investigation and could interfere with a possible witness. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-4187 (1)  (Previously Bates ATR-2736) | W | 4/22/04 | Robert Connolly | Antonia Hill, Wendy Norman, Kimberly Justice and Richard Rosenberg  Cc: Regina Kedziora | E-mail | (b)(5), (7)(A), (7)(C) and (7)(D) | 06-040. Internal e-mail from superior to subordinates reflecting his discussion with an outside party. It is withheld pursuant to the deliberative process privilege because its disclosure could interfere with frank and open discussions among staff. It contains the identity of a confidential source of information. Release could also reasonably be expected to constitute an unwarranted invasion of the party's personal privacy and could interfere with the ongoing enforcement proceeding by revealing the direction of the ongoing investigation. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-4188 (1)  (Previously Bates ATR-2737) | W | Un-dated | Robert Connolly | Antonia Hill | E-mail | (b)(5), (7)(A), (7)(C) and (7)(D) | 06-040. Internal e-mail from superior to staff reflecting a complaint, containing the name and phone number of the complainant.  Its release could reasonably be expected to interfere with the ongoing enforcement by  potentially interfering with a possible witness and their personal privacy and his personal privacy. |
| ATR-4189 (1)  (Previously Bates ATR-2738) | W | 3/8/03 | Not specified | Not specified | Notes | (b)(5), (7)(A), (7)(C) and (7)(D) | 06-040. Handwritten notes containing the information communicated in e-mail described in ATR-4188 above. |
| ATR-4190 (1)  (Previously Bates ATR-2739) | W | 7/14/03 | Withheld | Antonia Hill | Letter | (b)(7)(A), (7)(C) and (7)(D) | 06-040. A letter from a confidential source enclosing document submission. Disclosure could reveal  the direction of an ongoing investigation and could reveal the identity of the confidential source and could reasonably be expected to constitute an unwarranted invasion of personal privacy. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-4191-4212 (22) (Previously Bates ATR-2740-2761) | W | Un-dated | Not specified | Withheld | Typed document | (b)(7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 06-040.  Same as ATR-2762. |
| ATR-4213-4279 (66) (Previously Bates ATR-2762-2827) | W | Un-dated | Not specified | Withheld | Handwritten document | (b)(7)(A), (7)(C) and (7)(D) | 06-040.  Document obtained from confidential source of information.  Its release could reveal the direction of the ongoing grand jury investigation and litigation and could reasonably be expected to constitute an unwarranted invasion of personal privacy. |
| ATR-4280-4345 (67) (Previously Bates ATR-2828-2894) | W | Un-dated | | Withheld | Handwritten document | (b)(7)(A), (7)(C) and (7)(D) | 06-040.  Same as ATR-2762. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-4346-4431 (86)  (Previously Bates ATR-2895-2980) | W | Un-dated | | Withheld | Handwritten document | (b)(7)(A), (7)(C) and (7)(D) | 06-040.  Same as ATR-2762. |
| ATR-4432-4585 (154)  (Previously Bates ATR-2981-3134) | W | Un-dated | | Withheld | Handwritten document | (b)(7)(A), (7)(C) and (7)(D) | 06-040.  Same as ATR-2762. |
| ATR-4586-4597 (12)  (Previously Bates ATR-3135-3146) | W | Un-dated | Hill Wellford | Bruce McDonald | Typed Notes | (b)(5) | 06-019 and 06-038.  Draft notes compiled by Antitrust Division staff for Deputy Assistant Attorney General Bruce McDonald's speech at the ABA Annual meeting in 2005.  It is withheld pursuant to the deliberative process privilege because it reflects staff's thoughts and its release could discourage open and frank communications among staff. |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-4598-4609 (12)<br><br>(Previously Bates ATR-3147-3158) | W | Un-dated | Hill Wellford | Bruce McDonald | Typed Notes | (b)(5) | 06-019 and 06-038.  Draft notes compiled by Antitrust Division staff for Deputy Assistant Attorney General Bruce McDonald's speech at the ABA Annual meeting in 2005.  It is withheld pursuant to the deliberative process privilege because it reflects staff's thoughts and its release could discourage open and frank communications among staff. |
| ATR-4610<br><br>(Previously Bates ATR-3159) | W | 2/11/05 | Belinda Barnett | Ann Olek | E-mail | (b)(5) | 06-019 and 06-038.  Internal e-mail regarding information to be used in an upcoming presentation.  E-mail reflects the thought processes of staff and is exempt pursuant to the deliberative process privilege. |
| ATR-4611-4616<br><br>(Previously Bates ATR-3160-3164) | Released in Full | | | | | | 06-002 |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and justification for the exemption used |
|---|---|---|---|---|---|---|---|
| ATR-4617-4621 (Previously Bates ATR-3165-3169) | | Released in Full | | | | | 06-002 |

| ATR-4622-4649 (28) (Previously Bates ATR-3170-3179, 3184-3186, 3189, 3200-3202, 3204-3208, 3434-3437, 3462-3463) | W | 1994, 1995, 1996, 2003, 2004 | Antitrust Division | Withheld | Amnesty Agreements | (7)(A), (7)(C), (7)(D), (b)(5), (b)(2) | ATFY06-002.   Documents are amnesty agreements with confidential sources in criminal antitrust investigations, both individuals and corporate entities, who cooperate against co-conspirators pursuant to these confidential agreements. Documents reveal sources' names and could reasonably be expected to reveal identifying information about sources and information provided by the sources.  The Division routinely promotes the confidentiality of the amnesty program, and the program's confidentiality incentivizes amnesty applications, which have advanced the majority of the Division's major cartel investigations.  The documents contain names of individuals, disclosure of which could invade the individuals' privacy. Release could reasonably be expected to interfere with ongoing or prospective enforcement proceedings and the operation of the Division's amnesty program, and discourage future amnesty applications.  **(Cont'd on next page)** |

| ATR-4622-4649 (28) (Previously Bates ATR-3170-3179, 3184-3186, 3189, 3200-3202, 3204-3208, 3434-3437, 3462-3463) | | | | | | (7)(A), (7)(C), (7)(D), (b)(5), (b)(2) | **Continuation of justification from prior page--** Agreements are also exempt pursuant to the efficient operations of government privilege because confidentiality of the amnesty program is needed to obtain amnesty applications.  Documents also reveal information relating to internal practices of the Division. Documents also reveal information relating to internal practices of the Division, including trivial internal agency matters, such as file numbers, that are not subject to a genuine and significant public interest and internal agency matters, the disclosure of which would impede the effectiveness of the Division's law enforcement activities by interfering with the confidentiality of the Division's amnesty program. |
|---|---|---|---|---|---|---|---|

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient (s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-4650-4965 (316)<br><br>(Previously Bates ATR-3180-3183, 3187-3188, 3190-3195, 3199, 3203, 3209-3292, 3299-3413, 3418-3433, 3446-3461, 3464-3497, 3502-3538) | W | 1994-2005 | Antitrust Division | Withheld | Amnesty Agreements | (7)(A), (7)(C), (7)(D), (b)(5) and (b)(2) | ATFY06-002.  Documents are amnesty agreements with confidential sources in criminal antitrust investigations, both individuals and corporate entities, who cooperate against co-conspirators pursuant to these confidential agreements.  Documents reveal sources' names and could reasonably be expected to reveal identifying information about sources and information provided by the sources.  The Division routinely promotes the confidentiality of the amnesty program, and the program's confidentiality incentivizes amnesty applications, which have advanced the majority of the Division's major cartel investigations.  The documents contain names of individuals, disclosure of which could invade the individuals' privacy.  Release could reasonably be expected to interfere with ongoing or prospective enforcement proceedings and the operation of the Division's amnesty program, and discourage future amnesty applications.  Agreements are also exempt pursuant to the efficient operations of government privilege because confidentiality of the amnesty program is needed to obtain amnesty applications.  **(Cont'd on next page)** |

| Bates Nos. (Pages) | W R F | Date | Author (s) | Recipient (s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR-4650-4965 (316)<br><br>(Previously Bates ATR-3180-3183, 3187-3188, 3190-3195, 3199, 3203, 3209-3292, 3299-3413, 3418-3433, 3446-3461, 3464-3497, 3502-3538) | | | | | | (7)(A), (7)(C), (7)(D), (b)(5) and (b)(2) | **Continuation of justification from prior page–**<br><br>Documents also reveal information relating to internal practices of the Division, including internal agency matters, the disclosure of which would impede the effectiveness of the Division's law enforcement activities by interfering with the confidentiality of the Division's amnesty program. |

| ATR- 4966-4989 (24) (Previously Bates ATR-3196-3198, 3293-3297, 3414-3417, 3438-3445, 3498-3501) | W | 1995, 1999, 2003, and 2004 | Antitrust Division | Withheld | Amnesty Agreements | (7)(A), (7)(C), (7)(D), (b)(3), Fed. R. Crim. P. 6(e), (b)(5) and (b)(2) | ATFY06-002.  Documents are amnesty agreements with confidential sources in criminal antitrust investigations, who cooperate against co-conspirators pursuant to the confidential agreements.  The Division routinely promotes the confidentiality of the amnesty program, and the program's confidentiality incentivizes amnesty applications, which have advanced the majority of the Division's major cartel investigations.  Documents reveal sources' names and could reasonably be expected to reveal identifying information about sources and information provided by the sources.  The documents contain names of individuals, disclosure of which could invade the individuals' privacy.  ATR-4969-4973, 4974-4977, 4978-4985, and 4986-4989 are grand jury exhibits, reveal information discussed before the grand jury, and were created for the purposes of the investigations at issue.  ATR- 4969-4973, 4978-4985, and 4986-4989 contain the name of a grand jury witness, ATR-4978-4985 also contains the name of the grand jury foreperson, and ATR- 4974-4977 contains the initials of a grand jury witness. ATR-4966-4968 contains information about the scope, direction, and subjects of the grand jury investigation.  **Cont'd on next page** |

| Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient (s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|
| ATR- 4966-4989 (24) (Previously Bates ATR-3196-3198, 3293-3297, 3414-3417, 3438-3445, 3498-3501) | | | | | | (7)(A), (7)(C), (7)(D), (b)(3), Fed. R. Crim. P. 6(e), (b)(5) and (b)(2) | **Continuation of justification from prior page--** Release could reasonably be expected to interfere with ongoing or prospective enforcement proceedings and the operation of the Division's amnesty program, and discourage future amnesty applications. Agreements are also exempt pursuant to the efficient operations of government privilege because confidentiality of the amnesty program is needed to obtain amnesty applications. Documents also reveal information relating to internal practices of the Division, including internal agency matters, the disclosure of which would impede the effectiveness of the Division's law enforcement actiivities by interfering with the confidentiality of the Division's amnesty program. |