# Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| _____ | ) | Civil Action No. <u>1:05-cv-02217 (RJL)</u> |
| Stolt-Nielsen Transportation Group, Ltd. | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

**Chronological Index of Withheld Documents in Amended *Vaughn* Indices**
**Contains White & Case LLP Control Numbers**
**Department of Justice Amendments Noted in Bold**

**W** means Document Withheld in Full
**R** means Document Released as Redacted
**F** means Document Released in Full

9/25/2006 8:55 PM (2K)
WASHINGTON 1046155 v2
[1046155_2.doc]

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| 46 | ATR-366-374 (9) | W | Undated | Unknown | Unknown | Draft Excerpt | (b)(5), (7)(A) and (7)(C) | 05-072. Document created by ATR staff marked draft. It is very similar but not identical to the draft memorandum attached to bates No. ATR-358 reflecting staff deliberations and selection of facts and is withheld pursuant to the deliberative process privileges. It contains third parties names release of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. The document could reveal the direction of the ongoing investigation and its release could reasonably be expected to interfere with that proceeding. |
| 47 | ATR-375-377 (3) | W | Undated | Belinda Barnett | Scott Hammond | Typed Notes | (b)(5) and (7)(A) | 05-072. Notes compiled for superior with input and advice from the Division's Appellate Section reflecting author's advice, recommendations and opinions. Notes were not shared outside the Division. Notes are withheld pursuant to the deliberative process and work-product privileges. The text relates to an ongoing grand jury investigation |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | and its release could reasonably be expected to interfere with those proceedings. |
| 48 | ATR-378 (1) | W | Undated | Belinda Barnett | Unknown | Notes | (b)(5) and (7)(A) | 05-072. Draft notes compiled for Scott Hammond, with input and advice from the Division's Appellate Section reflecting author's opinions, recommendations and thoughts. The document was not shared with anyone outside the Division and unclear if ever given to Mr. Hammond. It is withheld pursuant to the deliberative process and work-product privileges. The text relates to an ongoing grand jury investigation and litigation and its release could reasonably be expected to interfere with those proceedings. |
| 142 | ATR-651 (1) | W | Undated | Donna Wills-Simms | Robert E. Connolly and Joseph Muoio  Cc'd SpAssisants, OCE, Elaine | E-mail | (b)(5) and (7)(A) | 05-080. Internal e-mail responding to staff recommendation to superior regarding action taken in course of ongoing investigation. Disclosure could reasonably be expected to interfere with that proceeding. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| 161 | ATR-872-875 (4) | W | Undated | Unknown (Phi-staff) | Not Specified | Memorandum | (b)(2), (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-080 and 088, 06-026. A draft memorandum prepared for superiors analyzing investigative activities and options and containing staff's opinions and thoughts, exempt pursuant to the deliberative process and work-product privilege prong of (b)(5). The disclosure would identify recipients of grand jury subpoenas and confidential sources of information. In addition, its release could adversely affect the ongoing grand jury investigation and litigation and could invade the personal privacy of third parties. **Documents are exempt pursuant to the efficient operations of government privilege because confidentiality of communications with foreign authorities is vital to the Division's international anti-cartel enforcement program. Documents also reveal information relating to internal practices of the Division, disclosure of which would impede effectiveness of** |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | ~~Division's international anti-cartel enforcement program by interfering with the confidentiality of the Division's communications with foreign enforcers.~~ |
| ~~162~~ | ~~ATR-876-878 (3)~~ | ~~W~~ | ~~Undated~~ | ~~Unknown (Phi-staff)~~ | ~~Not Specified~~ | ~~Memorandum~~ | ~~(b)(5), (7)(A), (7)(C), and (7)(D)~~ | ~~05-080. A memorandum prepared for superiors reflecting staff's thoughts and opinions regarding investigative activities and options, exempt pursuant to the work-product privilege prong of (b)(5). Its disclosure could invade the personal privacy of third parties and disclose confidential sources of information. In addition, its release could adversely effect the ongoing investigation.~~ |
| ~~163~~ | ~~ATR-879-911 (33)~~ | ~~W~~ | ~~Undated~~ | ~~Robert Connolly, Antonia Hill, Wendy Norman, Kimberly Justice and Richard Rosenberg~~ | ~~United States District Court for the Eastern District of Pennsylvania~~ | ~~Filing~~ | ~~(b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P.~~ | ~~05-071 and 080. Draft memorandum to be filed in camera discussing investigative activities, legal theories, relevant facts, confidential sources of information and grand jury testimony. Its release could adversely effect the ongoing investigation.~~ |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| 164 | ATR-912-915 (4) | W | Undated | James Griffin | Not Specified | Draft Declaration | (b)(5) and (7)(A) | 05-071 and 080. Draft declaration discussing investigative activities and relevant facts, the disclosure of which could adversely effect the ongoing investigation. |
| 167 | ATR-923-927 (5) | W | Undated | Not Specified (Phi-staff) | Not Specified | Typed Notes | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-080. Document with same text as ATR-917-922 but is not identical. E-mail is missing. It is withheld for the same reasons as described above. |
| 170 | ATR-941-948 (8) | W | Undated | Not Specified | Not Specified | Presentation Notes | (b)(5), (7)(A) and (7)(C) | 05-071 and 080. Litigation proposals substantially identical to those in ATR-932-940, but some phrases highlighted and e-mail missing. It is withheld for the same reasons as stated above. |
| 175 | ATR-1029-1042 (14) | W | Un-dated | Not Specified | Not Specified | Portion of Memorandum | (b)(5), (7)(A), (7)(C) and (7)(D) | 05-071. This portion of a draft pleading relating to *Stolt-Nielsen v. U.S.*, E.D. Pa. (2005) is exempt from disclosure pursuant to the deliberative process and attorney-work product privileges. Its release could invade the privacy of named individuals and impede the ongoing grand jury investigation and litigation. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| 176 | ATR 1043-1044 (2) | W | Un-dated | Not Specified | Not Specified | Portion of Memorandum | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-080. This portion of a memorandum prepared as a briefing for superiors describing progress of the grand jury investigation and litigation to date is exempt from disclosure pursuant to the deliberative process and work-product prongs of (b)(5). Because it identifies persons who may be indicted, potential witnesses, and subjects of the investigation, its disclosure would violate F. R. Crim. P (6)(e). Its release could also have an adverse effect on the ongoing grand jury investigation and litigation. |
| 177 | ATR 1045-1053 (9) | W | Un-dated | Not Specified | Not Specified | Portion of Memorandum | (b)(5), (7)(A) and (7)(C) | 05-071 and 05-080. This portion of a draft pleading concerning *Stolt-Nielsen v. U.S.*, E.D. Pa. (2005), is exempt from disclosure pursuant to the deliberative process and attorney-work product privileges. Its release could invade the privacy of named individuals and impede the ongoing grand jury investigation and litigation. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| 178 | ATR-1054-1066 (13) | W | Un-dated | Not Specified | Not Specified | Portion of Memorandum | (b)(5), (7)(A) and (7)(C) | 05-071 and 05-080. This portion of a draft pleading concerning *Stolt-Nielsen v. U.S.*, E.D. Pa. (2005), is exempt from disclosure pursuant to the deliberative process and attorney-work product privileges. Its release could invade the privacy of named individuals and impede the ongoing grand jury investigation and litigation. |
| 191 | ATR-1166-1169 (4) | W | Un-dated | Not Specified | Not Specified | Declaration | (b)(5) and (7)(A) | 05-071 and 080. This draft Declaration is exempt from disclosure pursuant to the deliberative process and attorney work-product prongs of (b)(5). Its disclosure could adversely affect the ongoing grand jury investigation and litigation. |
| 193 | ATR-1171-1174 (4) | W | Un-dated | Not Specified | Not Specified | Memorandum | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-071 and 05-080. Portion of a draft memorandum that discusses the conduct of the investigation, exempt from disclosure pursuant to the deliberative process and attorney-work product prongs of (b)(5). Its disclosure could invade the privacy of certain individuals and disclose the identities of confidential sources of information. In addition, the |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | memorandum identifies grand jury subpoena recipients and grand jury testimony, and its release would violate Fed. R. Crim. P. 6(e). |
| 195 | ATR-1182-1198 (17) | W | Un-dated | Not Specified | Not Specified | Typed Notes | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-071. Another version of document Bates numbered 1175-1181. It is exempt for the reasons the previous version is exempt. |
| 197 | ATR-1205-1210 | W | Un-dated | Richard Rosenberg | Not Specified | Declaration | (b)(5), (7)(A), (7)(C) and (7)(D) | 05-071 and 05-080. This draft Declaration is identical to the document Bates numbered ATR-1199-1204 but for the fact that this document is not dated. It is exempt from disclosure for the reasons the previous version is exempt. |
| 198 | ATR-1211-1222 (12) | W | Undated (printed 7/1/05) | Not Specified (Phi-staff) | Not Specified | Typed Notes | (b)(5), (7)(A), (7)(C) and (7)(D) and Rule 6(e) of Fed. R.Crim. P. | 05-071 and 05-080. This draft cross examination of possible witness, including staff analysis, is exempt from disclosure pursuant to the attorney work-product privilege of (b)(5). Its disclosure could invade the privacy of certain individuals, and identify a confidential source of information, and reveal information learned before the grand jury. In |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | addition, its release could adversely affect the ongoing grand jury investigation and litigation. |
| 199 | ATR-1223-1234 (12) | W | Undated (printed 6/16/05) | Not Specified (Phi-staff) | Not Specified | Draft Witness Examination | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3), and Fed. R. Crim. P. 6(e) | 05-071 and 080. This draft cross examination of possible witness, including staff analysis, is substantially identical to the cross examination Bates numbered ATR-1211 - 1222 and is exempt from disclosure for the reasons the previous version of the document is exempt. |
| 200 | ATR-1235-1247 (13) | W | Un-dated | Not Specified | Not Specified | Draft Witness Examination | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3), and Fed. R. Crim. P. 6(e) | 05-071 and 080. This document is a duplicate of the document Bates numbered ATR-1068-1080 but for the covering e-mail, which is Bates numbered ATR-1067. It is exempt from disclosure for the reasons its duplicate is exempt. |
| 222 | ATR-1527-1538 (12) | W | Un-dated | Not Specified | Not Specified | Memorandum | (b)(5), (7)(A) and (7)(C) | 05-071. Notes for use in drafting pleadings related to *Stolt-Nielsen v. U.S.*, E.D. Pa. (2005). It consists of attorney thought processes and recommendations as well as their selection and analysis of relevant facts. Its disclosure could have an adverse effect on the ongoing grand jury investigation and |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | litigation as well as identify third parties whose privacy could thereby be invaded. |
| 223 | ATR-1539-1541 (3) | W | Un-dated | Not Specified | Not Specified | Notes | (b)(5) and (7)(A), (7)(D) | 05-071. Notes regarding possible examination of future witness and reflecting staff's thought processes and information provided by confidential source. They are protected from disclosure pursuant to the attorney work product privilege and their disclosure could have an adverse effect on the ongoing grand jury investigation and litigation. |
| 204 | ATR-1292-1335 (44) | W | Un-dated | Not Specified | Not Specified | Draft Memorandum | (b)(5), (7)(A), (7)(C) | 05-071 and 080. Draft post hearing brief in *Stolt-Nielsen v. U.S.*, E.D. Pa. (2005), exempt from disclosure pursuant to the attorney work product privilege prong of the (b)(5). Its release could invade third parties' privacy and could adversely affect the ongoing grand jury investigation and litigation. |
| 205 | ATR-1336-1344 (9) | W | Un-dated | Not Specified | Not Specified | Draft Memorandum | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3), Fed. | 05-071 and 05-080. Draft portion of ATR-1248-1282 and is exempt from disclosure for the same reasons as listed above for that document. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | R. Crim. P. 6(e) | |
| 207 | ATR-1346-1349 (4) | W | Un-dated | Robert Connolly | Jim Griffin, Scott Hammond | Memorandum | (b)(5), (7)(A), (7)(C) and (7)(D) | 05-071 and 131. Internal document providing information to superiors about an interview and recommendations for future actions related to the interview. It reflects staff's mental impressions thoughts, and analysis of relevant facts and evidence. The memo is, accordingly, exempt from disclosure pursuant to the deliberative process and attorney work-product privileges. It also identifies confidential sources, parties interviewed, the content of those discussions and the identity of potential witnesses, the disclosure of which could reasonably be expected to constitute an unwarranted invasion of their personal privacy as well as show the direction of the ongoing investigation. |
| 215 | ATR-1433-1451 (19) | W | | | | | | Upon further review, it was determined that this document is not responsive to any request. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| 217 | ATR-1464-1472 (9) | W | | | | | | Upon further review, it was determined that this document is not responsive to any request. |
| 221 | ATR-1508-1526 (19) | W | Un-dated | Not Specified | Not Specified | Memorandum | (b)(5), (7)(A), (7)(C) and (7)(D) | 05-071. Internal document for use in drafting pleadings regarding the ongoing grand jury investigation and litigation. It consists of staff's thoughts, mental impressions and analysis of facts deemed relevant to the ongoing investigation and is, thus, exempt pursuant to the deliberative process and attorney work-product privileges. It also contains the names of third parties, the disclosure of which could invade their personal privacy and could identify confidential sources of information. Its disclosure could adversely affect the ongoing grand jury investigation and litigation. |
| 203 | ATR-1285-1291 (7) | W | Un-dated | Not Specified | Not Specified | Draft Memorandum | (b)(5), (7)(A) and (7)(C) | 05-071 and 080. Portion of draft brief containing edits. It is exempt from disclosure pursuant to the attorney work-product privilege prong of (b)(5). Its disclosure could invade third parties' privacy and could adversely affect the ongoing grand jury investigation |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption ~~Used~~ |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | ~~and litigation.~~ |
| ~~300~~ | ~~ATR 3157-3974 (818 pages)~~ | ~~W~~ | ~~Dates range from Mar. 3, 2004 to May 27, 2004 and some are undated~~ | ~~Robert Connolly, Antonia Hill, Wendy Norman, Kimberly Justice, John Fonte, John Powers,~~ | ~~Robert Connolly, Wendy Norman, Kimberly Justice, Richard Rosenberg, Antonia Hill, John Powers, Hew Pate, Makan Delrahim (Antitrust Div Appellate DAAG), Scott Hammond, Belinda Barnett, Andrew Finch (Antitrust Div AAG Counsel),~~ | ~~Draft Pleadings~~ | ~~(b)(5), (7)(A), (b)(3), (7)(C), (7)(D) and Fed. R. Crim. P. 6(e)~~ | ~~05-071 and 05-080. Multiple copies of draft pleadings for Stolt-Nielsen amnesty revocation litigation in E.D.Pa. And Third Circuit and related attached e-mails. Draft pleadings reveal staff's thought processes, mental impressions, opinions, and legal theories, and hence are exempt under the work product prong of (b)(5). Contains grand jury testimony. Disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy and would reveal confidential sources and information they provided. Disclosure would have an adverse effect on the ongoing grand jury investigation.~~ |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | David Higbee, Marc Siegel, Gloria Jenkins, Antitrust Div Appellate Section Chief and Asst Chief Catherine O'Sullivan and Robert Nicholson | | | |
| 298 | ATR 2733-2756 (24 pages) | W | Undated | Robert Connolly, Antonia Hill, Wendy Norman, Kimberly Justice | Philadelphia Staff | Draft Pleadings | (b)(5), (7)(A), (b)(3), and Fed. R. Crim. P. 6(e) | 05-080. Two copies of drafts of same pleading to be filed under seal regarding activity to occur before the grand jury. Draft The pleadings reveal staff's thought processes, mental impressions, legal theories, and opinions, and hence are exempt under the work product prong of (b)(5). Disclosure would have an adverse effect on the ongoing grand jury investigation. |
| 299 | ATR 2757-3156 (400 pages) | W | Dates range from 2/27/04 to 4/25/04 and | Robert Connolly, Antonia Hill, Wendy | Philadelphia Staff | Draft Pleadings | (b)(5), (7)(A), (b)(3), and Fed. R. | 05-071 and 5-080. Multiple copies of drafts of same pleading to be filed under seal, *ex parte*, and in *camera* regarding activity to occur |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | some undated | Norman, Kimberly Justice, Richard Rosenberg | | | Crim. P. 6(e) | before the grand jury, some with attached e-mails relating to the pleading drafts. Draft pleadings and e-mails reveal staff's thought processes, mental impressions, legal theories, and opinions, and hence are exempt under the work product prong of (b)(5). Disclosure would have an adverse effect on the ongoing grand jury investigation. |
| 296 | ATR 2596-2631 (36 pages) | W | Undated | Robert Connolly, Antonia Hill, Wendy Norman, Kimberly Justice, Richard Rosenberg | U.S. District Court for the Eastern District of Pennsylvania | Pleading | (7)(A), (7)(C), (7)(D), (b)(3), and Fed. R. Crim. P. 6(e) | 05-080. Pleading filed under seal, in camera, and *ex parte* relating to activity occurring before the grand jury. Document reveals grand jury testimony, confidential sources, and could reasonably be expected to constitute an unwarranted invasion of personal privacy. Disclosure wcould have an adverse effect on the ongoing grand jury investigation.  **These documents are "not 'improperly' withheld." GTE Sylvania, Inc. v. Consumers Union, Inc., 445 U.S. 375, 387 (1980).  Their disclosure of which could reasonably be expected to interfere with the ongoing investigation.** |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| 347 | ATR-2207-2214 (8) | W | undated | not specified | not specified | Memorandum | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 06-003. Internal draft memorandum concerning matters before a federal grand jury. It contains the names of subpoena recipients and confidential sources, potential grand jury testimony, and discusses evidence and facts regarding the ongoing investigation. It reflects staffs thought processes, research and was prepared in anticipation of litigation, exempt pursuant to the deliberative process and work product privileges. Its release could reveal the direction of an ongoing grand jury investigation and litigation and invade the privacy of named individuals. |
| 397 | ATR-872-875 (4) | W | Un-dated | Un-known (Phi-staff) | Not-Specified | Memorandum | (b)(2), (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. | 05-080 and 088, 06-026. A draft memorandum prepared for superiors analyzing investigative activities and options and containing staff's opinions and thoughts, exempt pursuant to the deliberative process and work product privilege prong of (b)(5). The disclosure would identify |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | P. | recipients of grand jury subpoenas and confidential sources of information. In addition, its release could adversely affect the ongoing grand jury investigation and litigation and could invade the personal privacy of third parties. Documents are exempt pursuant to the efficient operations of government privilege because confidentiality of communications with foreign authorities is vital to the Division's international anti-cartel enforcement program. Documents also reveal information relating to internal practices of the Division, disclosure of which would impede effectiveness of the Division's international anti-cartel enforcement program by interfering with the confidentiality of the Division's communications with foreign enforcers. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| 373 | ATR-2347-2351 (5) | W | Upon further review, it was determined that this document is non-responsive. | | | | | |
| 493 | ATR-4160-4161 (Previously Bates ATR-2709-2710) | W | Un-dated | Not specified | Not specified | Notes | (b)(5), (7)(A) and (7)(C) | 06-040. A two page summary of selected portions of hearing testimony. Its reflects certain facts compiled by staff in anticipation of litigation and, accordingly, withheld from disclosure pursuant to the attorney work-product privilege. It relates to a continuing grand jury investigation and litigation and its release could provide insight into the staffs thinking and the direction of the investigation. It contains the names of individuals the release of which could reasonably be expected to constitute an unwarranted invasion of their personal privacy. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| 494 | ATR-4162-4163 (2) <br><br> (Previously Bates ATR-2711-2712 | W | Un-dated | Not specified | Not specified | Notes | (b)(5), (7)(A) and (7)(C) | 06-040. A similar summary about testimony given by a different hearing witness. |
| 506 | ATR-4184 (1) <br><br> (Previously Bates ATR-2733) | W | Un-dated | Not specified | Not specified | Notes | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 06-040. A one page document created by staff in anticipation of litigation and withheld pursuant to the work-product privilege. It is an inventory of documents submitted during the grand jury investigation. Disclosure could reveal the direction of the ongoing investigation, staff's deliberative process, their evaluation of the facts and information the release of which could be expected to constitute an unwarranted invasion of personal privacy. |
| 510 | ATR-4188 (1) <br><br> (Previously Bates ATR- | W | Un-dated | Robert Connolly | Antonia Hill | E-mail | (b)(5), (7)(A), (7)(C) and (7)(D) | 06-040. Internal e-mail from superior to staff reflecting a complaint, containing the name and phone number of the complainant. Its release could reasonably be expected to interfere |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | ~~2737)~~ | | | | | | | ~~with the ongoing enforcement by potentially interfering with a possible witness and their personal privacy and his personal privacy.~~ |
| 513 | ATR-**4191-4212** **(Previously Bates ATR-**2740-2761) | W | Un-dated | Not specified | Withheld | Typed document | (b)(7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 06-040. Same as ATR-2762. |
| 514 | ATR-**4213-4279** (66) **(Previously Bates ATR-**2762-2827 (66) | W | Un-dated | Not specified | Withheld | Handwritten document | (b)(7)(A), (7)(C) and (7)(D) | 06-040. Document obtained from confidential source of information. Its release could reveal the direction of the ongoing grand jury investigation and litigation and could reasonably be expected to constitute an unwarranted invasion of personal privacy. |
| 515 | ATR-**4280-4345** (67) **(Previously Bates ATR-** | W | Un-dated | | Withheld | Handwritten document | (b)(7)(A), (7)(C) and (7)(D) | 06-040. Same as ATR-2762. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | 2828-2894) | | | | | | | |
| 516 | ATR-**4346-4431** (86)  **(Previously Bates ATR-**2895-2980) | W | Un-dated | | Withheld | Handwritten document | (b)(7)(A), (7)(C) and (7)(D) | 06-040. Same as ATR-2762. |
| 517 | ATR-**4432-4585** (154)  **(Previously Bates ATR-**2981-3134) | W | Un-dated | | Withheld | Handwritten document | (b)(7)(A), (7)(C) and (7)(D) | 06-040. Same as ATR-2762. |
| 518 | ATR-**4586-4597** (12)  **(Previously Bates ATR-** | W | Un-dated | Hill Wellford | Bruce McDonald | Typed Notes | (b)(5) | 06-019 and 06-038. Draft notes compiled by Antitrust Division staff for Deputy Assistant Attorney General Bruce McDonald's speech at the ABA Annual meeting in 2005. It is withheld pursuant to the deliberative process privilege |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | 3135-3146) | | | | | | | because it reflects staffs thoughts and its release could discourage open and frank communications among staff. |
| 519 | ATR-**4598-4609** (12) **(Previously Bates ATR-**3147-3158) | W | Un-dated | Hill Wellford | Bruce McDonald | Typed Notes | (b)(5) | 06-0 19 and 06-038. Draft notes compiled by Antitrust Division staff for Deputy Assistant Attorney General Bruce McDonald's speech at the ABA Annual meeting in 2005. It is withheld pursuant to the deliberative process privilege because it reflects staff's thoughts and its release could discourage open and frank communications among staff. |
| 99 | ATR-550-551 (2) | W | Withheld | Robert Connolly | Belinda Barnett, James Griffin, Scott Hammond, Patrick O'Shaughnessy | E-mail entitled "New WSJ Article on Stolt" including Article" | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-131. Internal e-mail communication reflecting staffs thoughts and queries about article. It relates to an ongoing enforcement proceeding and disclosure could reasonably be expected to interfere with that proceeding. Release could also disclose the identity of possible witnesses and subjects of the grand jury investigation and constitute an unwarranted invasion of person privacy. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| 364 | ATR-2332-2334 (3) | W | Withheld | Robert Connolly | Withheld | Grand Jury Subpoena | (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 06-003. Subpoena to testify before a grand jury. Disclosure could reveal the identity of subpoena recipient and its release could reasonably be expected to constitute an unwarranted invasion of the individuals personal privacy and identify a confidential source of information. |
| 387 | ATR-2371-2372 (2) | W | Upon further review it was determined that this document was not responsive to any requests. | | | | | |
| 388 | ATR-2373-2374 (2) | W | Upon further review it was determined that this document was not responsive | | | | | |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | ~~to any requests.~~ | | | | | |
| ~~452~~ | ~~ATR 2487 (1)~~ | | ~~Upon further review, it was determined that this document is non-responsive.~~ | | | | | |
| 523 | ATR-**4622-4649** (28)  **(Previously Bates** 3170-3179, 3184 3186, 3189 3200-3202, 3204-3208, 3434-3437, 3462-3463) | W | 1994, 1995 1996 2003 2004 | Antitrust Division | Withheld | Amnesty Agreements | (7)(A), (7)(C) (7)(D), (b)(5), (b)(2) | ATFY06-002. Documents are amnesty agreements with confidential sources in criminal antitrust investigations, both individuals and corporate entities, who cooperate against co-conspirators pursuant to these confidential agreements. Documents reveal sources' names and could reasonably be expected to reveal identifying information about sources and information provided by the sources. The Division |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | routinely promotes the confidentiality of the amnesty program, and the program's confidentiality incentives amnesty applications, which have advanced the majority of the Division's major cartel investigations. The documents contain names of individuals, disclosure of which could invade the individuals' privacy.  Release could reasonably be expected to interfere with ongoing or prospective enforcement proceedings and the operation of the Division's amnesty program, and discourage future amnesty applications. **(Cont'd on next page)** |
| 524 | ATR-**4622-4649** (28)  **(Previously Bates ATR-3170-3179, 3184-3186,** | | | | | | (7)(A), (7)(C) (7)(D), (b)(5) (b)(2) | **Continuation of justification from prior page—** Agreements are also exempt pursuant to the efficient operations of government privilege because confidentiality of the amnesty program is needed to obtain amnesty applications. Documents also reveal information relating to internal practices of the Division. **Documents also reveal** |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | 3189, 3200-3202, 3204-3208, 3434-3437, 3462-3463 (28) | | | | | | | **information relating to internal practices of the Division, including trivial internal agency matters, such as file numbers, that are not subject to a genuine and significant public interest and internal agency matters, the disclosure of which would impede the effectiveness of the Division's law enforcement activities by interfering with the confidentiality of the Division's amnesty program.** |
| 525 | **ATR-4650-4965 (316)** **(Previously Bates** ATR-3l80-3183, 3187-3188, 3190-3195, 3199, 3203, 3209- | W | 1994-2005 | Antitrust Division | Withheld | Amnesty Agreements | (7)(A), (7)(C), (7)(D), (b)(5) **and (b)(2)** | ATFY06-002. Documents are amnesty agreements with confidential sources in criminal antitrust investigations, both individuals and corporate entities, who cooperate against co-conspirators pursuant to these confidential agreements. Documents reveal sources' names and could reasonably be expected to reveal identifying information about sources and information provided by the sources. The Division routinely promotes the confidentiality of the amnesty |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | 3292, 32996~ 3413, 3418- 3433, 3446- 3461, 3464- 3497, 3502- 3538 (3l6) | | | | | | | program, and the program's confidentiality incentives amnesty **applications, which have advanced the majority of the Division's major cartel investigations.  The documents** contain names of individuals, disclosure of which could invade the individuals' privacy.  Release could reasonably be expected to interfere with ongoing or prospective enforcement proceedings and the operation of the Division's amnesty program, and discourage future amnesty applications. Agreements are also exempt pursuant to the efficient operations of government privilege because confidentiality of the amnesty program is needed to obtain amnesty applications. **Documents also reveal information relating to internal practices of the Division, including internal agency matters, the disclosure of which would impede the effectiveness of the Division's law enforcement activities by** |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | **interfering with the confidentiality of the Division's amnesty program.** |
| 526 | ATR-**4966-4989** **(Previously Bates ATR-**3l96-3198, 3293-3297, 3414-3417, 3438-3445, 3498-3501 (24) | W | l995, 1999, 2003, and 2004 | Antitrust Division | Withheld | Amnesty Agreements | (7)(A), (7)(C), (7)(D), (b)(3), Fed R. Crim. P 6(e), (b)(5) **and (b)(2)** | ATFY06-002. Documents are amnesty agreements with confidential sources in criminal antitrust investigations, who cooperate against co-conspirators pursuant to the confidential agreements. The Division routinely promotes the confidentiality of the amnesty program, and the program's confidentiality incentives amnesty applications, which have advanced the majority of the Division's major cartel investigations. Documents reveal sources' names and could reasonably be expected to reveal identifying information about sources and information provided by the sources. The documents contain names of individuals, disclosure of which could invade the individuals' privacy. ATR 3293-3297, 3414-3417, 3438-3445, and 3498-3501 are grand jury exhibits, reveal |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | information discussed before the grand jury, and were created for the purposes of the investigations at issue. ATR 3293-3297, 3438-3445, and 3498-3501 contain the name of a grand jury witness, ATR 3438-3445 also contains the name of the grand jury foreperson, and ATR 3414-34l7 contains the initials of a grand jury witness. ATR 3196-3198 contains information about the scope, direction, and subjects of the grand jury investigation. **Cont'd on next page** |
| 527 | ATR-**4966-4989** **(Previously Bates ATR-**3l96-3198, 3293-3297, 3414-3417, 3438-3445, | | | | | | (7)(A), (7)(C), (7)(D), (b)(3), Fed. R. Crim. P. 6(e), (b)(5) **and (b)(2)** | **Continuation of justification from prior page--**Release could reasonably be expected to interfere with ongoing or prospective enforcement proceedings and the operation of the Division's amnesty program, and discourage future amnesty applications. Agreements are also exempt pursuant to the efficient operations of government privilege because confidentiality of the amnesty program is needed to obtain |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | 3498-3501 (24) | | | | | | | amnesty applications. **Documents also reveal information relating to internal practices of the Division, including internal agency matters, the disclosure of which would impede the effectiveness of the Division's law enforcement activities by interfering with the confidentiality of the Division's amnesty program.** |
| 328 | ATR-2184 (1) | W | 11/22/02 | Joseph Muoio, Assistant Chief of Philadelphia Field Office | Robert Connolly, Chief of Philadelphia Field Office | E-mail | (b)(5), (7)(A), (7)(C) and (7)(D) | 06-003. An internal e-mail from subordinate informing superior about his communication with a confidential source. It summarizes the conversation and reflects author's thoughts and recommendations. The document was created in anticipation of litigation and withheld pursuant to the attorney work-product privilege. It is also exempt pursuant to the deliberative process privilege which is designed to prevent injury to the quality of agency's communications. Disclosure could reasonably be expected to interfere with an ongoing enforcement |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | proceeding because it could reveal the direction and strategies of the Division's investigation. It contains the name of a confidential source and its disclosure could also reasonably be expected to constitute an unwarranted invasion of the individual's personal privacy. |
| 50 | ATR-382-384 (3) | W | 11/26/02 | Robert Connolly, Antonia Hill and Wendy Norman | Scott Hammond | Memorandum | (b)(5), (7)(A), (7)(C), (7)(D) and (b)(3) | 05-080. The memorandum was prepared in anticipation of litigation and reflects staff's analysis, thought processes, opinions, mental impressions, and recommendations to superiors. In addition, it is exempt from public disclosure because it reveals the deliberative process and attorney work-product of Division staff. It contains the names of third parties who are potential witnesses as well as the identity of a confidential source of information. Disclosure of those names could invade the individual's privacy and interfere with ongoing litigation. Finally, disclosure could reveal information protected from release by another statute. The latter does |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | not provide for discretionary release. Moreover, the document relates to an ongoing investigation and its public disclosure could reasonably be expected to interfere with that proceeding. |
| 143 | ATR-652-657 (6) | W | 11/26/02 | Regina Kedziora, secretary Philadelphia FO | Ann Olek, Robert Connolly and CRIM-ENF (Office of DAAG), and PI Requests | E-mail with Attached Memorandum & Routing and Transmittal Slip | (b)(3), (b)(5), (7)(A), (7)(C) and (7)(D) | 05-080. The memorandum was prepared in anticipation of litigation and reflects staff's analysis, thought processes, opinions, mental impressions, and recommendations to superiors. In addition, it is exempt from public disclosure because it reveals the deliberative process and attorney work-product of Division staff. It contains the names of third parties who are potential witnesses as well as the identity of a confidential source of information. Disclosure of those names could invade the individual's privacy and interfere with ongoing litigation. Finally, disclosure could reveal information protected from release by another statute. The latter does not provide for discretionary release. Moreover, the document relates to an ongoing investigation |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | and its public disclosure could reasonably be expected to interfere with that proceeding. |
| 152 | ATR-733-736 (4) | W | 11/26/02 | Robert Connolly, Antonia Hill and Wendy Norman | Scott Hammond | Memorandum | (b)(5), (7)(A), (7)(C), (7)(D) and (b)(3) | 05-080. The memorandum was prepared in anticipation of litigation and reflects staff's analysis, thought processes, opinions, mental impressions, and recommendations to superiors. In addition, it is exempt from public disclosure because it reveals the deliberative process and attorney work-product of Division staff. It contains the names of third parties who are potential witnesses as well as the identity of a confidential source of information. Disclosure of those names could invade the individual's privacy and interfere with ongoing litigation. Finally, disclosure could reveal information protected from release by another statute. The latter does not provide for discretionary release. Moreover, the document relates to an ongoing investigation and its public disclosure could reasonably be expected to interfere |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | with that proceeding. |
| 359 | ATR-2252 (1) | W | 11/26/02 | Robert Connolly | Withheld | Letter | (7)(A), (7)(C) and (7)(D) | 06-003. Letter to confidential source's attorney regarding information relevant to the ongoing investigation. Disclosure of the document could impede the grand jury investigation by revealing the direction or strategy of the investigation and the name of a confidential source. Disclosure also could reasonably be expected to constitute an unwarranted invasion of personal privacy. |
| 35 | ATR-285-289 (5) | W | December 4, 2002 | Patrick O'Shaughnessey, Special Assistant to DAAG Griffin and Scott Hammond | Robert Connolly | Handwritten Notes | (b)(5), (7)(A), and (7)(C) | 05-071. Fax cover from Patrick O'Shaughnessy transmitting an identical copy of the notes described in ATR 281 - 284 above and withheld for the reasons described therein. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| 36 | ATR-290-299 (10) | W | December 4, 2002 | Belinda Barnett | Robert Connolly | Handwritten Notes | (b)(5), (7)(A), and (7)(C) | 05-071. Internal fax between ATR staff with attached handwritten notes taken during the same December 4, 2002 meeting with John Nannes. The notes, which were taken in anticipation of litigation and internally shared among staff, reflect the author's thoughts, mental impressions, analysis of the meeting, selection of important facts and, thus, constitute work-product shielded by the FOIA. The notes also contain the names of third parties, the disclosure of which could reasonably be expected to invade their personal privacy. Disclosure could be expected to impede the ongoing investigation. |
| 37 | ATR-300-302 (3) | W | December 4, 2002 | Jim Griffin | Melissa Lenzi, Philadelphia Field Office | Handwritten Notes | (b)(5), (7)(A) and (7)(C) | 05-071. Handwritten notes taken during the same December 4, 2002 meeting with John Nannes. The notes, which were taken in anticipation of litigation were internally shared among staff, reflect the author's thoughts, mental impressions, analysis of the meeting, selection of important facts and, thus, constitute work- |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | ~~product shielded by the FOIA. The notes also contain the names of third parties, the disclosure of which could reasonably be expected to invade their personal privacy. Disclosure could be expected to impede the ongoing investigation.~~ |
| ~~38~~ | ~~ATR-303-305 (3)~~ | ~~W~~ | ~~December 4, 2002~~ | ~~Robert Connolly~~ | ~~Unknown~~ | ~~Handwritten Notes~~ | ~~(b)(5), (7)(A), and (7)(C)~~ | ~~05-071. Notes taken during the same December 4, 2002 meeting with John Nannes. The notes, which were taken in anticipation of grand jury investigation and litigation, were internally shared among staff, reflect the author's thoughts, mental impressions, analysis of the meeting, selection of important facts and, thus, constitute work-product shielded by the FOIA. The notes also contain the names of third parties, the disclosure of which could reasonably be expected to invade their personal privacy. Disclosure could be expected to impede the ongoing investigation.~~ |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| 39 | ATR-306-311 (6) | W | December 4, 2002 | Wendy Norman | Unknown | Handwritten Notes | (b)(5), (7)(A) and (7)(C) | 05-071. Notes taken during the same December 4, 2002 meeting with John Nannes. The notes, which were taken in anticipation of grand jury investigation and litigation, were internally shared among staff, reflect the author's thoughts, mental impressions, analysis of the meeting, selection of important facts and, thus, constitute work-product shielded by the FOIA. The notes also contain the names of third parties, the disclosure of which could reasonably be expected to invade their personal privacy. Disclosure could be expected to impede the ongoing investigation. |
| 40 | ATR-312-320 (9) | W | December 4, 2002 | Belinda Barnett | Unknown | Handwritten Notes | (b)(5), (7)(A) and (7)(C) | 05-071. Duplicate of notes Bates numbered ATR - 291-299 and withheld for same reasons stated above for that document. |
| 160 | ATR-871 | W | 12/5/02 | Robert Connolly | Phil-All Staff | E-mail | (b)(5) and (7)(A) | 05-071 and 080. An e-mail the release of which would disclose Mr. Connolly's evaluation of and comments upon investigative activities and could interfere with the ongoing grand jury |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | investigation and litigation. |
| 192 | ATR-1170 | W | 12/5/02 | Robert Connolly | Philadelphia Staff | E-mail | (b)(5) and (7)(A) | 05-071 and 05-080. E-mail describing the initiation of the investigation. Because the author has selected certain facts and has analyzed the import of those facts, it is exempt from disclosure pursuant to the attorney work-product privilege of (b)(5). Its disclosure could have an adverse effect on the ongoing grand jury investigation and litigation. |
| 144 | ATR-658-662 (5) | W | 12/9/02 | Elaine Gibbs, Antitrust Div Premerger Unit Chief | Philadelphia and F.O. and CRIM-ENF | E-mail with Attached Memorandum | (b)(5), (7)(A), (7)(C), (7)(D) and (b)(3) | 05-080. The document was prepared in anticipation of litigation and reflects staff's analysis, thought processes, opinions, mental impressions, and recommendations to superiors. In addition, it is exempt from public disclosure because it reveals the deliberative process and attorney work-product of Division staff. It contains the names of third parties who are potential witnesses as well as the identity of a confidential |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | source of information. Disclosure of those names could invade the individual's privacy and interfere with ongoing litigation. Finally, disclosure could reveal information protected from release by another statute. The latter does not provide for discretionary release. Moreover, the document relates to an ongoing investigation and its public disclosure could reasonably be expected to interfere with that proceeding. |
| 139 | ATR-642-644 (3) | W | 12/10/02 | Jeffrey Parker | Jeffrey Parker, Robert Connolly, Joseph Muoio, Antonia Hill and Wendy Norman | E-mail | (b)(5), (7)(A) and (7)(C) | 05-131. Internal e-mail from one staff member to other staff members circulating press stories and additional research. The e-mail shows the selection of information chosen by the sender for potential investigative use in ongoing matter and is, thus, exempt pursuant to the attorney-work product privilege. Disclosure could identify an individual who may become a grand jury or trial witness, thus impeding the ongoing enforcement proceeding. Disclosure could also be expected to invade the individual's personal |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | privacy. |
| 140 | ATR-645-646 (2) | W | 12/10/02 | Jeffrey Parker | Robert Connolly, Joseph Muoio, Antonia Hill, Wendy Norman and Jeffrey Parker | E-mail | (b)(5), (7)(A) and (7)(C) | 05-131. Internal e-mail from one staff member to other staff members circulating press story. The e-mail shows the selection of information chosen by the sender for potential investigative use in ongoing mater and is, thus, exempt pursuant to the attorney-work product privilege. Disclosure could identify an individual who may become a grand jury or trial witness, thus impeding the ongoing enforcement proceeding. Disclosure could also be expected to invade the individual's personal privacy. |
| 138 | ATR-640-641 (2) | W | 12/12/02 | Robert Connolly | Wendy Norman, James Griffin, Scott Hammond, Belinda Barnett, Ann Olek, | E-mail | (b)(5), (7)(A), (7)(C) and (7)(D) | 05-131. Internal e-mails between Division staff concerning conversation with another executive agency of the government and containing quotation from news article that is of potential investigative use in ongoing investigation. Contains |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | Antonia Hill, Richard Rosenberg, Jeffrey Parker and Joseph Muoio | | | analysis of other agency's actions and recommendations about the Division potential response. Document also discusses and recommends investigative strategies, assembling of information, and determination of relevant facts. Both e-mails also identify the names of individuals who were likely to be interviewed and perhaps used as witnesses in the ongoing proceeding. Document is exempt pursuant to work product prong of (b)(5). Disclosure of their names could invade their personal privacy. Disclosure may also identify a confidential source, exempt pursuant to (7)(D). Disclosure could impede ongoing enforcement proceeding. |
| 234 | ATR 2399-2400 (2) | W | 1/22/03 | Robert Connolly | Foreign Government<br><br>Cc'd James Griffin, Antonia Hill and Richard Rosenberg | E-mail | (b)(2), (b)(5), (7)(A), (7)(C) and (7)(D) | 05-088 and 06-026. Inter-agency email exchange reflecting discussions between staff and confidential sources of information. It was created in anticipation of litigation, reflects their thoughts and comments, as well as seeks information associated with the ongoing |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | investigation. Documents are exempt pursuant to the efficient operations of government privilege because confidentiality of communications with foreign authorities is vital to the Division's international anti-cartel enforcement program. Documents also reveal information relating to internal practices of the Division, disclosure of which would impede effectiveness of Division's international anti-cartel enforcement program by interfering with the confidentiality of the Division's communications with foreign enforcers. |
| 408 | ATR 2399-2400 (2) | W | 1/22/03 | Robert Connolly | Foreign Government Cc: James Griffin, Antonia Hill and Richard Rosenberg | E-mail | (b)(2), (b)(5), (7)(A), (7)(C) and (7)(D) | 05-088 and 06-026. Inter-agency e-mail exchange reflecting discussions between staff and confidential sources of information. It was created in anticipation of litigation and exempt under the attorney client privilege. It reflects staff's thoughts and comments and is exempt pursuant to the deliberative |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | process privilege. It disclosure could unreasonably invade certain persons privacy.  Documents are exempt pursuant to the efficient operations of government privilege because confidentiality of communications with foreign authorities is vital to the Division's international anti-cartel enforcement program. Documents also reveal information relating to internal practices of the Division, disclosure of which would impede effectiveness of the Division's international anti-cartel enforcement program by interfering with the confidentiality of the Division's communications with foreign enforcers. |
| 147 | ATR 669-671 (3) | W | 1/27/03 | Robert E. Connolly | Scott D. Hammond | Memorandum | (b)(2), (b)(5), (7)(A), (b)(3), and Rule 6(e) of Fed. R. Crim. P. | 05-080 and 088. Division memorandum requesting grand jury authority. The memorandum was prepared in anticipation of litigation and reflects staff's analysis, thought processes, opinions, mental impressions, and recommendations to superiors. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | ~~Disclosure would reveal the deliberative process and attorney work-product of Division staff and information protected from release by another statute. The latter does not provide for discretionary release. Moreover, the document relates to an ongoing investigation and its public disclosure could reasonably be expected to interfere with that proceeding by showing the direction of that investigation.__ **Documents are exempt pursuant to the efficient operations of government privilege because confidentiality of communications with foreign authorities is vital to the Division's international anti-cartel enforcement program. Documents also reveal information relating to internal practices of the Division, disclosure of which would impede effectiveness of Division's international anti-cartel enforcement program by interfering with the confidentiality of the Division's** |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | communications with foreign enforcers. |
| 159 | ATR-868-870 (3) | W | 1/27/03 | Robert Connolly | Scott Hammond | Memorandum | (b)(2), (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-080 and 088. Document is the same as ATR-864-867 but there is no Routing and Transmittal sheet. It is withheld for the same reasons as stated above. |
| 394 | ATR-669-671 (3) | W | 1/27/03 | Robert E. Connolly | Scott D. Hammond | Memorandum | (b)(2), (b)(5), (7)(A), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-080, 05-088 and 06-026. Division memorandum requesting grand jury authority. The memorandum was prepared in anticipation of litigation and reflects staff's analysis, thought processes, opinions, mental impressions, and recommendations to superiors. Disclosure would reveal the deliberative process and attorney work-product of Division staff and information protected from release by another statute. The latter does not provide for discretionary release. Moreover, the document relates to an ongoing |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | investigation and its public disclosure could reasonable be expected to interfere with that proceeding by showing the direction of that investigation. Documents are exempt pursuant to the efficient operations of government privilege because confidentiality of communications with foreign authorities is vital to the Division's international anti-cartel enforcement program. Documents also reveal information relating to internal practices of the Division, disclosure of which would impede effectiveness of the Division's international anti-cartel enforcement program by interfering with the confidentiality of the Division's communications with foreign enforcers. |
| 396 | ATR-868-870 (3) | W | 1/27/03 | Robert Connolly | Scott Hammond | Memorandum | (b)(2), (b)(5), (7)(A), (7)(C), (b)(3) and | 05-080, 05-088 and 06-026. Document is the same as ATR-864-867 but there is no Routing and Transmittal sheet. It is withheld for the same reasons as |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | Rule 6(e) of Fed. R. Crim. P. | stated above. |
| 141 | ATR-647-650 (4) | W | 1/31/03 | James Griffin | R. Hewitt Pate | Memorandum with Attached Routing Slip & Transmittal Slip | (b)(2), (b)(5), (7)(A), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-080 and 088. Division memorandum requesting grand jury authority. The memorandum was prepared in anticipation of litigation and reflects staff's analysis, thought processes, opinions, mental impressions, and recommendations to superiors. Disclosure would reveal the deliberative process and attorney work-product of Division staff and information protected from release by another statute. The latter does not provide for discretionary release. Moreover, the document relates to an ongoing investigation and its public disclosure could reasonably be expected to interfere with that proceeding by showing the direction of that investigation. Documents are exempt pursuant to the efficient operations of government privilege because confidentiality of |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | communications with foreign authorities is vital to the Division's international anti-cartel enforcement program. Documents also reveal information relating to internal practices of the Division, disclosure of which would impede effectiveness of Division's international anti-cartel enforcement program by interfering with the confidentiality of the Division's communications with foreign enforcers. |
| 145 | ATR 663-667 (5) | W | 1/31/03 | James Griffin | R. Hewitt Pate | Memorandum with Attached E-mail and Routing & Transmittal Slip | (b)(2), (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and 6(e) of Fed. R. Crim. P. | 05-080 and 088. Division memorandum requesting grand jury authority. The memorandum was prepared in anticipation of litigation and reflects staff's analysis, thought processes, opinions, mental impressions, and recommendations to superiors. Disclosure would reveal the deliberative process and attorney work-product of Division staff and information protected from release by another statute. The latter does not provide for discretionary |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | ~~release. Moreover, the document relates to an ongoing investigation and its public disclosure could reasonably be expected to interfere with that proceeding by showing the direction of that investigation. Documents are exempt pursuant to the efficient operations of government privilege because confidentiality of communications with foreign authorities is vital to the Division's international anti-cartel enforcement program. Documents also reveal information relating to internal practices of the Division, disclosure of which would impede effectiveness of Division's international anti-cartel enforcement program by interfering with the confidentiality of the Division's communications with foreign enforcers.~~ |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| 158 | ATR-864-867 | W | 1/31/03 | James Griffin | R. Hewitt Pate | Memorandum with Attached Routing and Transmittal Slip | (b)(2), (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-080 and 088. Memorandum requesting grand jury authority. Release would disclose direction of the investigation and plans for future action. Release would also identify parties coordinating and cooperating in the investigation. Documents are exempt pursuant to the efficient operations of government privilege because confidentiality of communications with foreign authorities is vital to the Division's international anti-cartel enforcement program. Documents also reveal information relating to internal practices of the Division, disclosure of which would impede effectiveness of Division's international anti-cartel enforcement program by interfering with the confidentiality of the Division's communications with foreign enforcers. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| 392 | ATR-647-650 (4) | W | 1/31/03 | James Griffin | R.Hewitt Pate, AAG | Memorandum with Attached Routing Slip & transmittal Slip | (b)(2), (b)(5), (7)(A), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-080, 05-088 and 06-026. Division memorandum requesting grand jury authority. The memorandum was prepared in anticipation of litigation and reflects staff's analysis, thought processes, opinions, mental impressions, and recommendations to superiors. Disclosure would reveal the deliberative process and attorney work-product of Division staff and information protected from release by another statute. The latter does not provide for discretionary release. Moreover, the document relates to an ongoing investigation and its public disclosure could reasonable be expected to interfere with that proceeding by showing the direction of that investigation. Documents are exempt pursuant to the efficient operations of government privilege because confidentiality of communications with foreign authorities is vital to the Division's international anti- |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | cartel enforcement program. Documents also reveal information relating to internal practices of the Division, disclosure of which would impede effectiveness of the Division's international anti-cartel enforcement program by interfering with the confidentiality of the Division's communications with foreign enforcers. |
| 393 | ATR-663-667 (5) | W | 1/31/03 | James Griffin | R. Hewitt Pate | Memorandum with Attached E-mail and Routing & Transmittal Slip | (b)(2), (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and 6(e) of Fed. R. Crim. P. | 05-080, 088 and 026. Division memorandum requesting grand jury authority. The memorandum was prepared in anticipation of litigation and reflects staffs analysis, thought processes, opinions, mental impressions, and recommendations to superiors. Disclosure would reveal the deliberative process and attorney work-product of Division staff and information protected from release by another statute. The latter does not provide for discretionary release. Moreover, the document relates to an ongoing investigation |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | and its public disclosure could reasonably be expected to interfere with that proceeding by showing the direction of that investigation. Documents are exempt pursuant to the efficient operations of government privilege because confidentiality of communications with foreign authorities is vital to the Division's international anti-cartel enforcement program. Documents also reveal information relating to internal practices of the Division, disclosure of which would impede effectiveness of the Division's international anti-cartel enforcement program by interfering with the confidentiality of the Division's communications with foreign enforcers. |
| 395 | ATR-SM864-867 | W | 1/31/03 | James Griffin | R. Hewitt Pate | Memorandum with Attached Routing and Transmittal Slip | (b)(2), (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and | 05-080, 05-088 and 06-026. Memorandum requesting grand jury authority. It was prepared in anticipation of litigation and reflects staff's analysis, thought processes, opinions, mental |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | Rule 6(e) of Fed. R. Crim. P. | impressions, and recommendations to superiors. Release would disclose direction of the investigation and plans for future action. Refers to confidential sources. Release would also identify parties coordinating and cooperating in the investigation. Documents are exempt pursuant to the efficient operations of government privilege because confidentiality of communications with foreign authorities is vital to the Division's international anti-cartel enforcement program. Documents also reveal information relating to internal practices of the Division, disclosure of which would impede effectiveness of the Division's international anti-cartel enforcement program by interfering with the confidentiality of the Division's communications with foreign enforcers. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| 247 | ATR 2419-2420 (2) | W | 2/1/03 | Robert Connolly | Foreign Government  Cc'd Richard Rosenberg, Antonia Hill, Foreign Government, Jeffrey Parker and Shaan Chima | E-mail | (b)(2), (b)(5), (7)(A), (7)(C), (7)(D) | 05-088, 05-131, and 06-026. (duplicate of 05-088 bates numbers ATR-638-639) Emails between Division staff and officials of a foreign government, which is an ICN member, in connection with assistance in the parcel tanker investigation. Exemption 5 applies to these e-mails because the U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Release of the document could disclose the names of individuals whose privacy could thereby be invaded. Release could also disclose the names of confidential sources and the information each provides. Finally, disclosure could have an adverse effect on the ongoing investigation. **Documents are exempt pursuant to the efficient operations of government privilege because confidentiality of** |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | communications with foreign authorities is vital to the Division's international anti-cartel enforcement program. Documents also reveal information relating to internal practices of the Division, disclosure of which would impede effectiveness of Division's international anti-cartel enforcement program by interfering with the confidentiality of the Division's communications with foreign enforcers. |
| 137 | ATR-638-639 (2) | W | 2/1/03 | Robert Connolly | Exempt | E-mail | (b)(5), (7)(A), (7)(C), (7)(D) and (b)(2) | 05-088 and 06-026 (Bates numbers ATR-2419 - 2420). Emails between Division staff and officials of a foreign government, which is an ICN member, in connection with assistance in the parcel tanker investigation. Exemption 5 applies to these e-mails because the U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | interest adverse to the other. Documents are exempt pursuant to the efficient operations of government privilege because confidentiality of communications with foreign authorities is vital to the Division's international anti-cartel enforcement program. Release of the document could disclose the names of individuals whose privacy could thereby be invaded. Release could also disclose the names of confidential sources and the information each provides. Finally, disclosure could have an adverse effect on the ongoing investigation. Documents also reveal information relating to internal practices of the Division, disclosure of which would impede effectiveness of Division's international anti-cartel enforcement program by interfering with the confidentiality of the Division's communications with foreign enforcers. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| 422 | ATR 2419-2420 (2) | W | 2/1/03 | Robert Connolly | Foreign Government Cc: Richard Rosenberg, Antonia Hill, Foreign Government, Jeffrey Parker and Shaan Chima | E-mail | (b)(2), (b)(5), (7)(A), (7)(C), (7)(D) | 05-088, 05-131, and 06-026. (A duplicate of ATFYO5-088, Bates Number ATR-638-639.) Emails between Division staff and officials of a foreign government which is an ICN member, in connection with assistance in the parcel tanker investigation. Exemption 5 applies to these e-mails because the U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Release of the document could disclose the names of individuals whose privacy could thereby be invaded. Release could also disclose the names of confidential sources and the information each provides. Finally, disclosure could have an adverse effect on the ongoing investigation. **Documents are exempt pursuant to the efficient operations of government privilege because confidentiality of** |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | communications with foreign authorities is vital to the Division's international anti-cartel enforcement program. Documents also reveal information relating to internal practices of the Division, disclosure of which would impede effectiveness of the Division's international anti-cartel enforcement program by interfering with the confidentiality of the Division's communications with foreign enforcers. |
| 136 | ATR 635-637 (3) | W | 2/3/03 | Robert Connolly | Exempt | E-mail | (b)(5), (7)(A), (7)(C), (7)(D) and (b)(2) | 05-088, 131 and 06-026 (Bates numbers ATR 2424 - 2426). Emails between Division staff and officials of a foreign government, which is an ICN member, in connection with assistance in the parcel tanker investigation. Exemption 5 applies to these e-mails because the U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | interest adverse to the other. Documents are exempt pursuant to the efficient operations of government privilege because confidentiality of communications with foreign authorities is vital to the Division's international anti-cartel enforcement program. Release of the document could also disclose the names of individuals whose privacy could thereby be invaded. Release could also disclose the names of confidential sources and the information each provides. Finally, disclosure could have an adverse effect on the ongoing investigation. Documents also reveal information relating to internal practices of the Division, disclosure of which would impede effectiveness of Division's international anti-cartel enforcement program by interfering with the confidentiality of the Division's communications with foreign enforcers. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| 249 | ATR 2424-2426 (3) | W | 2/3/03 | Robert Connolly | Foreign Government

Cc'd Antonia Hill, Richard Rosenberg, Jeffrey Parker, Shaan Chima | E-mail | (b)(2), (b)(5), (7)(A), (7)(C), (7)(D) | 05-088, 05-131, and 06-026. (duplicate of 05-088 bates numbers ATR-635-637) Emails between Division staff and officials of a foreign government, which is an ICN member, in connection with assistance in the parcel tanker investigation. Exemption 5 applies to these e-mails because the U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Release of the document could also disclose the names of individuals whose privacy could thereby be invaded. Release could also disclose the names of confidential informants and the information each provides. Finally, disclosure could have an adverse effect on the ongoing investigation. Documents are exempt pursuant to the efficient operations of government privilege because confidentiality |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | of communications with foreign authorities is vital to the Division's international anti-cartel enforcement program. Documents also reveal information relating to internal practices of the Division, disclosure of which would impede effectiveness of Division's international anti-cartel enforcement program by interfering with the confidentiality of the Division's communications with foreign enforcers. |
| 424 | ATR 2424-2426 (3) | W | 2/3/03 | Robert Connolly | Foreign Government Cc: Antonia Hill, Richard Rosenberg, Jeffrey Parker, Shaan Chima | E-mail | (b)(2), (b)(5), (7)(A), (7)(C), (7)(D) | 05-088, 05-131, and 06-026. (A duplicate of ATFYO5-088 Bates Numbers ATR-635-637.) Emails between Division staff and officials of a foreign government which is an ICN member, in connection with assistance in the parcel tanker investigation. Exemption 5 applies to these e-mails because the U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | and neither government has an interest adverse to the other. Release of the document could also disclose the names of individuals whose privacy could thereby be invaded as well as the names of confidential informants and the information each provides. Finally, Its disclosure could have an adverse effect on the ongoing investigation. Documents are exempt pursuant to the efficient operations of government privilege because confidentiality of communications with foreign authorities is vital to the Division's international anti-cartel enforcement program. Documents also reveal information relating to internal practices of the Division, disclosure of which would impede effectiveness of the Division's international anti-cartel enforcement program by interfering with the confidentiality of the Division's communications with foreign enforcers. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| 233 | ATR 2398 (1) | W | 2/4/03 | Robert Connolly | James Griffin Scott Hammond Belinda Barnett, Laura Starling, Antonia Hill, Richard Rosenberg, Edward Hand and Maureen Casey  Cc'd Gina Talamona | E-mail | (b)(2), (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Internal e-mail communication between staff reflecting activities relating to the ongoing investigation. It contains information about confidential sources of information, staff's thoughts, mental impressions, subpoena service, and proposed course of action. Document was prepared in anticipation of litigation. Disclosure would reasonably be expected to interfere with the ongoing enforcement proceeding because it would reveal the direction of the investigation. Documents are exempt pursuant to the efficient operations of government privilege because confidentiality of communications with foreign authorities is vital to the Division's international anti-cartel enforcement program. Documents also reveal information relating to internal practices of the Division, disclosure of which would impede effectiveness of Division's international anti- |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | cartel enforcement program by interfering with the confidentiality of the Division's communications with foreign enforcers. |
| 407 | ATR 2398 (1) | W | 2/4/03 | Robert Connolly | James Griffin, Scott Hammond, Belinda Barnett, Laura Starling, Antonia Hill, Richard Rosenberg, Edward Hand and Maureen Casey, attorney Foreign Commerce Section Cc: Gina Talamona, DOJ Office of Public | E-mail | (b)(2), (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Internal e-mail communication between staff reflecting activities relating to the ongoing investigation. It contains information about confidential sources of information, staffs thoughts and mental impressions, subpoena service, and proposed course of action. Document was prepared in anticipation of litigation and is exempt pursuant to the attorney client privilege. Disclosure could reasonably be expected to interfere with the ongoing enforcement proceeding because it could reveal the direction of the investigation. Documents are exempt pursuant to the efficient operations of government privilege because confidentiality of communications with foreign authorities is vital to the Division's international anti- |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | Affairs Press Officer | | | cartel enforcement program. Documents also reveal information relating to internal practices of the Division, disclosure of which would impede effectiveness of the Division's international anti-cartel enforcement program by interfering with the confidentiality of the Division's communications with foreign enforcers. |
| 135 | ATR-632-634 (3) | W | 2/06/03 | Robert Connolly | Antonia Hill, Jeffrey Parker and Shaan Chima | E-mail | (b)(5), (7)(A), (7)(C), (7)(D) and (b)(2) | 05-088, 131 and 06-026 (Bates numbers ATR-2421 - 2423). Contains emails between Division staff and officials of a foreign government, which is an ICN member, in connection with assistance in the parcel tanker investigation. Exemption 5 applies to these e-mails because the U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Documents are exempt pursuant to the efficient |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | operations of government privilege because confidentiality of communications with foreign authorities is vital to the Divisions's international anti-cartel enforcement program. Release of the document could also disclose the names of individuals whose privacy could thereby be invaded. Release could also disclose the names of confidential sources and the information each provides. Finally, disclosure could have an adverse effect on the ongoing investigation. Documents also reveal information relating to internal practices of the Division, disclosure of which would impede effectiveness of Division's international anti-cartel enforcement program by interfering with the confidentiality of the Division's communications with foreign enforcers. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| 248 | ATR 2421-2423 (3) | W | 2/6/03 | Robert Connolly | Antonia Hill, Jeffrey Parker, Shaan Chima | E-mail | (b)(2), (b)(5), (7)(A), (7)(C), (7)(D) | 05-088, 05-131, and 06-026. (duplicate of 05-088 bates numbers ATR-632-634) Contains emails between Division staff and officials of a foreign government, which is an ICN member, in connection with assistance in the parcel tanker investigation. Exemption 5 applies to these e-mails because the U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Release of the document could also disclose the names of individuals whose privacy could thereby be invaded. Release could also disclose the names of confidential informants and the information each provides. Finally, disclosure could have an adverse effect on the ongoing investigation. Documents are exempt pursuant to the efficient operations of government privilege because confidentiality |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | of communications with foreign authorities is vital to the Division's international anti-cartel enforcement program. Documents also reveal information relating to internal practices of the Division, disclosure of which would impede effectiveness of Division's international anti-cartel enforcement program by interfering with the confidentiality of the Division's communications with foreign enforcers. |
| 423 | ATR 2421-2423 (3) | W | 2/6/03 | Robert Connolly | Antonia Hill, Jeffrey Parker, Shaan Chima | E-mail | (b)(2), (b)(5), (7)(A), (7)(C), (7)(D) | 05-088, 05-131, and 06-026. (A duplicate of ATFYO5-088, Bates Numbers ATR-632-634.) Contains emails between Division staff and officials of a foreign government which is an ICN member, in connection with assistance in the parcel tanker investigation. Exemption 5 applies to these e-mails because the U.S. and the foreign government are consultants to one another, communicate on investigative |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Release of the document could also disclose the names of individuals whose privacy could thereby be invaded as well as the names of confidential informants and the information each provides. Finally, disclosure could have an adverse effect on the ongoing investigation. **Documents are exempt pursuant to the efficient operations of government privilege because confidentiality of communications with foreign authorities is vital to the Division's international anti-cartel enforcement program. Documents also reveal information relating to internal practices of the Division, disclosure of which would impede effectiveness of the Division's international anti-cartel enforcement program by interfering with the confidentiality of the Division's** |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | communications with foreign enforcers. |
| 235 | ATR 2401-2402 (2) | W | 2/10/03 | Robert Connolly | James Griffin,\n\nCc'd Belinda Barnett, Scott Hammond, Antonia Hill, Richard Rosenberg, Jeffrey Parker and Shaan Chima | E-mail | (b)(2), (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. 6(e) and (b)(3) | 05-088 and 06-026. Internal e-mail communication created in anticipation of litigation that discusses current and future activities associated with the ongoing investigation. It reveals staff's thoughts and impressions, confidential sources of information, grand jury subpoena service to particular parties and staff's proposed course of actions. Documents are exempt pursuant to the efficient operations of government privilege because confidentiality of communications with foreign authorities is vital to the Division's international anti-cartel enforcement program. Documents also reveal information relating to internal practices of the Division, disclosure of which would impede effectiveness of |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | Division's international anti-cartel enforcement program by interfering with the confidentiality of the Division's communications with foreign enforcers. |
| 236 | ATR 2403 (1) | W | 2/10/03 | James Griffin | Robert Connolly Cc'd Belinda Barnett, Scott Hammond, Shaan Chima, Antonia Hill, Jeffrey Parker and Richard Rosenberg | E-mail | (b)(2), (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. This document reflects certain identical information as described in ATR 2401–2402. However, the second page is missing. Accordingly, it is exempt for the same reason as stated above for ATR 2401–2402. The additional material reflects Mr. Griffin's comments and is a reply to Connolly's original e-mail. Documents are exempt pursuant to the efficient operations of government privilege because confidentiality of communications with foreign authorities is vital to the Division's international anti-cartel enforcement program. Documents also reveal information relating to internal practices of the Division, disclosure of which would impede effectiveness of |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | Division's international anti-cartel enforcement program by interfering with the confidentiality of the Division's communications with foreign enforcers. |
| 409 | ATR 2401-2402 (2) | W | 2/10/03 | Robert Connolly | James Griffin  Cc: Belinda Barnett, Scott Hammond, Antonia Hill, Richard Rosenberg, Jeffrey Parker and Shaan Chima | E-mail | (b)(2), (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Internal e-mail communication created in anticipation of litigation discusses current and future activities associated with the ongoing investigation. It reveals staff's thoughts and impressions and is exempt pursuant to the deliberative process privilege. Disclosure could reveal confidential sources of information, grand jury subpoena service to particular persons and staff's proposed course of actions. Documents are exempt pursuant to the efficient operations of government privilege because confidentiality of communications with foreign authorities is vital to the Division's international anti-cartel enforcement program. Documents also reveal information relating to internal |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | practices of the Division, disclosure of which would impede effectiveness of the Division's international anti-cartel enforcement program by interfering with the confidentiality of the Division's communications with foreign enforcers. |
| 410 | ATR 2403 (1) | W | 2/10/03 | James Griffin | Robert Connolly<br><br>Cc: Belinda Barnett, Scott Hammond, Shaan Chima, Antonia Hill, Jeffrey Parker and Richard Rosenberg | E-mail | (b)(2), (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. The majority of this document is identical to information as described in ATR 2401-2402 and is exempt for the reasons stated above. However, the second page of 2401-2402 is missing. The additional material reflects Mr. Griffin's comments to Mr. Connolly's original e-mail. |
| 242 | ATR 2411 (1) | W | 2/18/03 | Robert Connolly | James Griffin, Scott Hammond, Belinda Barnett, Laura Starling and Maureen Casey | E-mail | (b)(2), (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Internal e-mail communication from superior to staff providing an update of activities associated with the ongoing investigation. It reflects staff's thought processes and a confidential source and disclosure would inhibit frank and open discussions among staff. It also |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | Cc'd Antonia Hill, Jeffrey Parker, Shaan Chima and Richard Rosenberg | | | contains the identity of subpoenas recipients the release of which would reasonably be expected to constitute an unwarranted invasion of personal privacy as well as reveal the direction of the ongoing investigation. Documents are exempt pursuant to the efficient operations of government privilege because confidentiality of communications with foreign authorities is vital to the Division's international anti-cartel enforcement program. Documents also reveal information relating to internal practices of the Division, disclosure of which would impede effectiveness of Division's international anti-cartel enforcement program by interfering with the confidentiality of the Division's communications with foreign enforcers. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| 417 | ATR-2411 (1) | W | 2/18/03 | Robert Connolly | James Griffin, Scott Hammond, Belinda Barnett, Laura Starling and Maureen Casey  Cc: Antonia Hill, Jeffrey Parker, Shaan Chima and Richard Rosenberg | E-mail | (b)(2), (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Internal e-mail communication from superior to staff providing an update of activities associated with the ongoing investigation. It reflects staff's thought processes and its disclosure could inhibit frank and open discussions among staff. Its release could identify a confidential source and subpoena recipients the release of which could reasonably be expected to constitute an unwarranted invasion of personal privacy as well as reveal the direction of the ongoing investigation.  Documents are exempt pursuant to the efficient operations of government privilege because confidentiality of communications with foreign authorities is vital to the Division's international anti-cartel enforcement program. Documents also reveal information relating to internal practices of the Division, disclosure of which would impede effectiveness of the Division's international anti- |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | cartel enforcement program by interfering with the confidentiality of the Division's communications with foreign enforcers. |
| 294 | ATR 2525-2544 (20) | W | 2/19/03 | U.S. District Court for the Eastern District of Pennsylvania, Antonia Hill | Clerk of Court of U.S. District Court for the Eastern District of Pennsylvania | Order and related pleadings | (7)(A), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Pleadings filed under seal and *ex parte* pursuant to Fed. R. Crim. P. 6(e) in ongoing grand jury investigation, the disclosure of which would reasonably be expected to interfere with the investigation. These documents are "not 'improperly' withheld." GTE Sylvania, Inc. v. Consumers Union, Inc., 445 U.S. 375, 387 (1980). Their disclosure of which could reasonably be expected to interfere with the ongoing investigation. |
| 471 | ATR-2525-2544 (20) | W | 2/19/03 | U.S. District Court for the Eastern District of Pennsylvania, Antonia Hill | N/A | Order and related pleadings | (7)(A), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Pleadings filed under seal and *ex parte* pursuant to Fed. R. Crim. P.6(e) in ongoing grand jury investigation, the disclosure of which could reasonably be expected to interfere with the investigation. These documents are "not 'improperly' withheld." GTE |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | Sylvania, Inc. v. Consumers Union, Inc., 445 U.S. 375, 387 (1980). Their disclosure of which could reasonably be expected to interfere with the ongoing investigation. |
| 128 | ATR-601-602 (2) | W | 2/20/03 | Shaan Chima | Shaan Chima, Jeffrey Parker, Antonia Hill, Robert Connolly and Richard Rosenberg | E-mail | (b)(5), (7)(A) and (7)(C) | 05-131. Internal e-mails transferring and analyzing selected information useful to the ongoing grand jury investigation. It reflects staff's mental impressions and contains the name of a third party. Disclosure of his identify could impede the ongoing matter and invade his privacy. |
| 129 | ATR-603-604 (2) | W | 2/20/03 | Shaan Chima | Jeffrey Parker, Antonia Hill, Robert Connolly and Richard Rosenberg | E-mail | (b)(5), (7)(A) and (7)(C) | 05-131. Internal e-mails transferring and analyzing selected information useful to the ongoing GJ investigation. It reflects staff's mental impressions and contains the name of a third party. Disclosure of his identify could impede the ongoing matter and invade his privacy. |
| 130 | ATR-605-611 (7) | W | 2/20/03 | Jeffrey Parker | Jeffrey Parker, Antonia Hill, Shaan Chima, Robert | E-mail | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of | 05-131. Internal e-mail conveying staff analysis of specific information in selected documents responsive to a GJ subpoena. Document is exempt from |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | Connolly and Richard Rosenberg | | Fed. R. Crim. P. | disclosure pursuant to the work-product privilege. It also contains the names of individuals, the disclosure of which could invade their privacy and impede the ongoing GJ proceeding. |
| 131 | ATR-612 (1) | W | 2/20/03 | Antonia Hill | Scott Hammond, James Griffin, Robert Connolly and Joseph Muoio | E-mail | (b)(5), (7)(C), and (7)(D) | 05-131. Internal e-mail conveying information from confidential source in an ongoing investigation. E-mail is exempt from disclosure pursuant to the work-product privilege. It also contains the names of individuals, the disclosure of which could invade their privacy and impede the ongoing GJ proceeding. |
| 132 | ATR-613-619 (7) | W | 2/20/03 | Shaan Chima | Jeffrey Parker and Antonia Hill | E-mail | (b)(3), (5), (7)(A), (7)(C), and Rule 6(e) of Fed. R. Crim. P. | 05-131. Internal e-mails conveying staff analysis of specific information in selected documents responsive to GJ subpoena. Document is exempt from disclosure pursuant to the work-product privilege. It also contains the names of individuals, the disclosure of which could invade their privacy and impede the ongoing GJ proceeding. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| 133 | ATR-620-626 (7) | W | 2/20/03 | Shaan Chima | Jeffrey Parker | E-mail | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-131. Internal e-mails conveying staff analysis of specific information in selected documents responsive to a GJ subpoena. Document is exempt from disclosure pursuant to the work-product privilege. It also contains the names of individuals, the disclosure of which could invade their privacy and impede the ongoing GJ proceeding. |
| 134 | ATR-627-631 (5) | W | 2/20/03 | Antonia Hill | Jeffrey Parker | E-mail | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-131. Internal e-mails conveying staff analysis of specific information in selected documents submitted to the Division responsive to a grand jury subpoena and is exempt from disclosure pursuant to the work-product privilege. It also contains the names of individuals, the disclosure of which could invade their privacy and impede the ongoing GJ proceeding. |
| 232 | ATR 2397 (1) | W | 2/20/03 | Robert Connolly | Antonia Hill | E-mail | (b)(2), (b)(5), (7)(A), (7)(C), (7)(D) and Fed. R. | 05-088, 05-131, and 06-026. E-mail includes communication with official of foreign government, which is ICN member. The two governments are consultants to one another, communicate on |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | Crim. P. 6(e) and (b)(3) | investigative and policy issues pursuant to an understanding of confidentiality, and neither government has an interest adverse to the other. Issues discussed relate to an ongoing enforcement proceeding, the issuance of grand jury subpoenas, and preliminary activities involving the ongoing investigation. Document was prepared in anticipation of litigation. Disclosure could reasonably be expected to interfere with the ongoing enforcement proceeding because it would reveal the direction of the investigation. Documents are exempt pursuant to the efficient operations of government privilege because confidentiality of communications with foreign authorities is vital to the Division's international anti-cartel enforcement program. Documents also reveal information relating to internal practices of the Division, disclosure of which would impede effectiveness of |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | Division's international anti-cartel enforcement program by interfering with the confidentiality of the Division's communications with foreign enforcers. |
| 406 | ATR 2397 (1) | W | 2/20/03 | Robert Connolly | Antonia Hill | E-mail | (b)(2), (b)(5), (7)(A), (7)(C), (7)(D) and Fed. R. Crim. P. 6(e) and (b)(3) | 05-088, 05-131, and 06-026. E-mail includes communication with official of foreign government, which is an ICN member. The two governments are consultants to one another, communicate on investigative and policy issues pursuant to an understanding of confidentiality, and neither government has an interest adverse to the other. Issues discussed relate to an ongoing enforcement proceeding and the issuance of grand jury subpoenas. The e-mails were prepared in anticipation of litigation and are exempt pursuant to attorney work-product. In addition, disclosure could reasonably be expected to interfere with the ongoing enforcement proceeding. Documents are exempt pursuant to the efficient |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | operations of government privilege because confidentiality of communications with foreign authorities is vital to the Division's international anti-cartel enforcement program. Documents also reveal information relating to internal practices of the Division, disclosure of which would impede effectiveness of the Division's international anti-cartel enforcement program by interfering with the confidentiality of the Division's communications with foreign enforcers. |
| 127 | ATR-599-600 (2) | W | 2/21/03 | Jeffrey Parker | Antonia Hill, Robert Connolly, Shaan Chima, Richard Rosenberg and Jeffrey Parker | E-mail | (b)(5), (7)(A) and (7)(C) | 05-131. Internal e-mail from subordinate to superiors providing details and mental impressions about certain aspects of the ongoing investigation. It is withheld pursuant to the attorney work-product and deliberative process privileges. In addition, disclosure could reveal the direction of the ongoing GJ investigation, and impede the ongoing enforcement proceeding. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | The names of third parties were redacted to protect their privacy and/or their status as confidential informants or potential witnesses. |
| 126 | ATR-597-598 (2) | W | 2/24/03 | Robert Connolly | Antonia Hill, Jeffrey Parker, Shaan Chima and Richard Rosenberg | E-mail | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-131. E-mails among Division staff consisting of mental impressions and analysis of e-mails from confidential sources in ongoing investigation and discussion of alternative responses to the information conveyed. It is withheld pursuant to the attorney work-product and deliberative process privileges. In addition, disclosure could reveal the direction of the ongoing GJ investigation, and impede the ongoing enforcement proceeding. The names of third parties were redacted to protect their privacy and/or their status as confidential informants or potential witnesses. |
| 98 | ATR-549 (1) | W | 2/25/03 | Robert Connolly | James Griffin, Scott Hammond, Belinda Barnett, Laura | E-mail | (b)(5) and (7)(A) | 05-131. Internal e-mail reflecting staff's comments on ongoing enforcement proceeding. Release could reveal aspects of investigation and the release of which could reasonably be |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | Starling (Special Asst DAAG), Maureen Casey(Antitrust Div Foreign Commerce attorney), Gina Talamona, Antonia Hill, Shaan Chima (Philadelphia FO paralegal) and Jeffrey Parker | | | expected to interfere with the ongoing proceeding. |
| ~~125~~ | ~~ATR-594-596 (3)~~ | ~~W~~ | ~~2/27/03~~ | ~~Shaan Chima~~ | ~~Robert Connolly, Antonia Hill, Richard Rosenberg and Jeffrey Parker~~ | ~~E-mail~~ | ~~(b)(5) and (7)(A)~~ | ~~05-131. Internal e-mail reflecting subordinate's research and comments. Disclosure could impede the ongoing investigation because its disclosure could reveal potential witnesses.~~ |
| ~~264~~ | ~~ATR 2464-2465 (2)~~ | ~~W~~ | ~~2/28/03~~ | ~~Anne Purcell White~~ | ~~State Department~~ | ~~Letter~~ | ~~(b)(5), (7)(A), (b)(3) and Rule 6(e) of Fed. R.~~ | ~~05-088 and 06-026. Inter-agency communication regarding subpoena service notification to foreign governments that are ICN members. The U.S. and the foreign~~ |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | Crim. P. | governments are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and the foreign governments do not have interests adverse to the U.S. Disclosure would reveal investigation activities covered by Rule 6(e) and would reasonably be expected to interfere with the ongoing enforcement proceeding. |
| 441 | ATR 2464-2465 (2) | W | 2/28/03 | Anne Purcell White | State Department | Letter | (b)(5), (7)(A), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Inter-agency communication regarding notifications to ICN member foreign governments concerning the ongoing grand jury investigation and the service of grand jury subpoenas. (The notifications are not enclosed.) The U.S. and the foreign governments are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and the foreign governments do not have interests adverse to the U.S. The letter was prepared in anticipation of litigation and |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | is exempt from disclosure pursuant to the attorney work-product privilege. Disclosure could reasonably be expected to interfere with the ongoing enforcement proceeding and adversely affect the relations with foreign governments. |
| 265 | ATR 2466-2468 (3) | W | 3/4/03 | Anne M. Purcell | State Department | Letter | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Inter-agency communication regarding subpoena service notification to foreign government that is ICN member. The U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Disclosure would reveal investigation activities involving companies and individuals covered by Rule 6(e) and ewould reasonably be expected to interfere with the ongoing enforcement proceeding. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| 442 | ATR 2466-2468 (3) | W | 3/4/03 | Anne M. Purcell | State Department | Letter | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Inter-agency communication with attached notification to an ICN member foreign government concerning the ongoing grand jury investigation and identifying a company under investigation that has been, and may in the future be, served grand jury subpoenas. The notification, which was prepared in anticipation of litigation, is an inter-agency communication qualifying for exemption pursuant to the attorney work-product privilege because the U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | Disclosure could reasonably be expected to interfere with relations with that country and with the ongoing enforcement proceeding. Disclosure could reasonably be expected to invade the privacy of the individual receiving the notification. |
| 237 | ATR 2404-02405 (2) | W | 3/5/03 | Robert Connolly | Foreign Government Ce'd Antonia Hill | E-mail | (b)(2), (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. A pre-decisional inter-agency e-mail communication between staff and a confidential source of information created in anticipation of litigation. It discusses current and future activities of an ongoing investigation. It also reveals staff's thoughts and impressions, and grand jury subpoena service. **Documents are exempt pursuant to the efficient operations of government privilege because confidentiality of communications with foreign authorities is vital to the Division's international anti-cartel enforcement program.** |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | Documents also reveal information relating to internal practices of the Division, disclosure of which would impede effectiveness of Division's international anti-cartel enforcement program by interfering with the confidentiality of the Division's communications with foreign enforcers. |
| 263 | ATR 2462-2463 (2) | W | 3/5/03 | Natalie Merry Pathwick | State Department | Fax with Attached Transmission Results | (b)(5), and (7)(A), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Inter-agency communication regarding subpoena service notification to foreign government that is ICN member. The U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Disclosure could reveal the identity of government to which notification sent, could have an adverse effect on relations with that government and could Disclosure would reveal investigation activities covered |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | by Rule 6(e) and would reasonably be expected to interfere with the ongoing enforcement proceeding. Fax indicates that there were four pages. However, two pages are missing. |
| 266 | ATR 2469-2471 (3) | W | 3/5/03 | Anne M. Purcell | State Department | Letter | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Inter-agency communication regarding subpoena service notification to foreign government that is ICN member. The U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Disclosure would reveal investigation activities involving companies and individuals covered by Rule 6(e) and weould reasonably be expected to interfere with the ongoing enforcement proceeding. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| 411 | ATR 2404-02405 (2) | W | 3/5/03 | Robert Connolly | Foreign Government<br><br>Cc: Antonia Hill | E-mail | (b)(2), (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. A pre-decisional inter-agency e-mail communication between staff and a confidential source of information created in anticipation of litigation and exempt pursuant to the attorney work-product privilege. It discusses current and future activities with regard to an ongoing investigation. Its disclosure could reveal staff's thoughts and impressions, exempt pursuant to the deliberative process privilege as well as service of grand jury subpoenas. **Documents are exempt pursuant to the efficient operations of government privilege because confidentiality of communications with foreign authorities is vital to the Division's international anti-cartel enforcement program. Documents also reveal information relating to internal practices of the Division, disclosure of which would impede effectiveness of the Division's international anti-** |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | cartel enforcement program by interfering with the confidentiality of the Division's communications with foreign enforcers. |
| 440 | ATR 2462-2463 (2) | W | 3/5/03 | Natalie Merry Pathwick | United States Embassy | Fax | (b)(5) and (7)(A) | 05-088 and 06-026. Fax communication about a notification to an ICN member foreign government. (No notification is attached.) Disclosure could reveal the identity of the country to which the notification was directed and could have an adverse effect on relations with that country. It could also have an adverse effect on the ongoing grand jury investigation. |
| 443 | ATR 2469-2471 (3) | W | 3/5/03 | Anne M. Purcell | United States Embassy | Letter | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Inter-agency communication with attached notification to an ICN member foreign government concerning the ongoing grand jury investigation and identifying companies under investigation that has been, and may in the future be, served |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | grand jury subpoenas. The notification, which was prepared in anticipation of litigation, is an inter-agency communication qualifying for exemption pursuant to the attorney work-product privilege because the U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Disclosure could reasonably be expected to interfere with relations with that country and with the ongoing enforcement proceeding. Disclosure could reasonably be expected to invade the privacy of the individual receiving the notification. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| 238 | ATR 2406 (1) | W | 3/7/03 | Foreign Government | Robert Connolly, Cc'd Antonia Hill | E-mail | (b)(2), (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 6-026. This document reflects certain identical information as described in ATR 2404-2405. However, the second page is missing. Accordingly, it is exempt for the same reason as stated above. The additional material reflects the confidential source's comments and is a reply to Connolly's prior e-mail. Documents are exempt pursuant to the efficient operations of government privilege because confidentiality of communications with foreign authorities is vital to the Division's international anti-cartel enforcement program. Documents also reveal information relating to internal practices of the Division, disclosure of which would impede effectiveness of Division's international anti-cartel enforcement program by interfering with the confidentiality of the Division's communications with foreign enforcers. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| 267 | ATR 2472-2474 (3) | W | 3/7/03 | Anne M. Purcell | State Department | Letter | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Inter-agency communication with attached notification to a foreign government, which is an ICN member, concerning grand jury investigation. The U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Disclosure would reveal information involving companies and individuals covered by Rule 6(e) and would reasonably be expected to interfere with the ongoing enforcement proceeding. |
| 412 | ATR 2406 (1) | W | 3/7/03 | Foreign Government | Robert Connolly; Cc: Antonia Hill | E-mail | (b)(2), (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 6-026. This document reflects certain identical information as described in ATR 2404-2405. However, the second page is missing. Accordingly, it is exempt for the same reason as stated above. The additional material reflects the confidential source's comments and is a reply to Connolly's prior e-mail. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| 444 | ATR 2472-2474 (3) | W | 3/7/03 | Anne M. Purcell | State Department | Letter | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Inter-agency communication with attached notification to an ICN member concerning the ongoing grand jury investigation and identifying companies under investigation. The notification, which was prepared in anticipation of litigation, is an inter-agency communication qualifying for exemption pursuant to the attorney work-product privilege because the U.S. and the foreign ICN members are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Disclosure could reasonably be expected to interfere with relations with that member and with the ongoing enforcement proceeding. Disclosure |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | could reasonably be expected to invade the privacy of the individual receiving the notification. |
| 511 | ATR 4189 (1) (Previously Bates ATR 2738) | W | 3/8/03 | Not specified | Not specified | Notes | (b)(5), (7)(A), (7)(C) and (7)(D) | 06-040. Handwritten notes containing the information communicated in e-mail described in ATR 27384188 above. |
| 251 | ATR 2428 (1) | W | 3/17/03 | Robert Connolly | Foreign Government Cc'd Antonia Hill, Constance Webster | E-mail | (b)(2), (b)(5), (7)(A), (7)(C) and (7)(D) | 05-088 and 06-026. E-mail discussing investigative strategy. All of the text of this e-mail is identical to certain of the text contained in ATR-2427. It is, accordingly, exempt from disclosure for the same reasons as stated above. |
| 426 | ATR 2428 (1) | W | 3/17/03 | Robert Connolly | Foreign Government Cc: Antonia Hill, Constance Webster | E-mail | (b)(2), (b)(5), (7)(A), (7)(C) and (7)(D) | 05-088 and 06-026. E-mail discussing investigative strategy. All of the text of this e-mail is identical to certain of the text contained in ATR-2427. It is, accordingly, exempt from disclosure for the same reasons as stated above. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| 250 | ATR 2427 (1) | W | 3/18/03 | Foreign Government | Robert Connolly, Ce'd Antonia Hill, Constance Webster, and Foreign Government | E-mail | (b)(2), (b)(5), (7)(A), (7)(C) and (7)(D) | 05-088 and 06-026. Emails between Division staff and officials of a foreign government, which is an ICN member, in connection with assistance in the parcel tanker investigation. Exemption 5 applies to these e-mails because the U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. It contains staff's thoughts and mental impressions, and recommendations, as well as statements on possible course of action and co-ordination. Disclosure would reveal the identity of confidential sources, the name of potential interviewees, and the direction of the ongoing investigation. Documents are exempt pursuant to the efficient operations of government privilege because confidentiality of communications with foreign authorities is vital to the |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | Division's international anti-cartel enforcement program. Documents also reveal information relating to internal practices of the Division, disclosure of which would impede effectiveness of Division's international anti-cartel enforcement program by interfering with the confidentiality of the Division's communications with foreign enforcers. |
| 425 | ATR 2427 (1) | W | 3/18/03 | Foreign Government | Robert Connolly   Cc: Antonia Hill, Constance Webster, and Foreign Government | E-mail | (b)(2), (b)(5), (7)(A), (7)(C) and (7)(D) | 05-088 and 06-026. Emails between Division staff and officials of a foreign government which is an ICN member, in connection with assistance in the parcel tanker investigation. Exemption 5 applies to these e-mails because the U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. It contains staff's thoughts and mental impressions, |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | and recommendations, as well as statements on possible course of action and co-ordination and is exempt pursuant to the deliberation process privilege. Disclosure could also reveal the identity of confidential sources, the name of potential interviewees, and the direction of the ongoing investigation.  Documents are exempt pursuant to the efficient operations of government privilege because confidentiality of communications with foreign authorities is vital to the Division's international anti-cartel enforcement program. Documents also reveal information relating to internal practices of the Division, disclosure of which would impede effectiveness of the Division's international anti-cartel enforcement program by interfering with the confidentiality of the Division's communications with foreign enforcers. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| 348 | ATR-2215-2223 (9) | W | 3/19/03 | Robert Connolly | James M. Griffin and Scott Hammond | Memorandum | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 06-003. Internal memorandum to superiors regarding recommended action by the grand jury. Disclosure could reveal the direction and strategies of an ongoing investigation; the identity of a confidential source; staff's thoughts and opinions and staff's selection and evaluation of information relating to ongoing investigation, exempt pursuant to the deliberative process and attorney-work-product privileges; and information the release of which could be expected to constitute an unwarranted invasion of personal privacy. |
| 157 | ATR-862-863 (2) | W | 4/2/03 | Jeffrey Parker | Jeffrey Parker, Antonia Hill<br><br>Cc'd Robert Connolly, Richard Rosenberg, Shaan Chima, Wendy Norman and Constance | E-mail | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-071 and 080. Internal e-mail created by subordinate for superior. It was created in anticipation of litigation and provides a time-line for selected facts associated with an ongoing investigation. **Contains the names of individuals, disclosure of which could reasonably be expected to invade their personal privacy. Discusses the grand jury subpoena and direction on** |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | Webster | | | **investigation. Disclosure could reasonably be expected to interfere with the ongoing enforcement proceeding.** |
| 165 | ATR-916 (1) | W | 4/2/03 | Antonia Hill | Shaan Chima, Robert Connolly, Wendy Norman, Jeffrey Parker, Richard Rosenberg and Constance Webster | E-mail | (b)(5) and (7)(A) | 05-080. Request for research from superior to subordinate regarding selected facts. |
| 288 | ATR 2510-2511 (2) | W | 4/9/03 | Anne M. Purcell | State Department | Letter | (b)(5), (7)(A), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Inter-agency communication regarding notification to foreign governments, which are ICN members, regarding service of grand jury subpoenas. The U.S. and the foreign governments are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and the foreign governments do not have interests |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | adverse to the U.S. Disclosure would reveal investigation activities covered by Rule 6(e) and would reasonably be expected to interfere with the ongoing enforcement proceeding. |
| 465 | ATR 2510-2511 (2) | W | 4/9/03 | Anne M. Purcell | State Department | Letter | (b)(5), (7)(A), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Inter-agency letter regarding notification of activity in grand jury investigation to ICN member foreign governments. (Notifications are not enclosed.) Exemption 5 applies to these communications because the U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Disclosure could reasonably be expected to interfere with U.S. relations with the government and could reasonably be expected to interfere with the ongoing grand jury investigation. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| 289 | ATR 2512-2513 (2) | W | 4/15/03 | Anne M. Purcell | State Department | Letter | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Inter-agency communication regarding notification to foreign government, which is ICN member, regarding service of grand jury subpoena. The U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither has an interest adverse to the other. Disclosure would reveal investigation activities involving a company and individuals that are covered by Rule 6(e) and would reasonably be expected to interfere with the ongoing enforcement proceeding. |
| 290 | ATR 2514-2516 (3) | W | 4/15/03 | Natalie Merry Pathwick | State Department | Fax | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Inter-agency communication regarding notification to foreign government, which is ICN member, regarding service of grand jury subpoena. The U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither has an interest adverse |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | to the other. Disclosure would reveal investigation activities involving a company and individuals that are covered by Rule 6(e) and would reasonably be expected to interfere with the ongoing enforcement proceeding. |
| 291 | ATR 2517-2519 (3) | W | 4/15/03 | Anne M. Purcell | State Department | Letter | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Inter-agency communication regarding notification to foreign government, which is ICN member, regarding service of grand jury subpoena. The U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither has an interest adverse to the other. Disclosure would reveal investigation activities involving a company and individual that are covered by Rule 6(e) and would reasonably be expected to interfere with the ongoing enforcement proceeding. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| 292 | ATR 2520-2521 (2) | W | 4/15/03 | Natalie Merry Pathwick | State Department | Fax | (b)(5), (7)(A), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Inter-agency communication regarding notification to foreign government, which is ICN member, regarding service of grand jury subpoena. The U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither has an interest adverse to the other. Disclosure would reveal investigation activities involving a company and individual that are covered by Rule 6(e) and would reasonably be expected to interfere with the ongoing enforcement proceeding. |
| 466 | ATR 2512-2513 (2) | W | 4/15/03 | Anne M. Purcell | U.S. Embassy | Letter | (b)(5), (7)(A), (b)(3) and Rule 6(e) of Fed. R. Crim P. | 05-088 and 06-026. Inter-agency letter regarding notification of activity in grand jury investigation to ICN member foreign government. (Notifications are not enclosed.) Exemption 5 applies to these communications because the U.S. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Disclosure could reasonably be expected to interfere with U.S. relations with the government and could reasonably be expected to interfere with the ongoing grand jury investigation. |
| 467 | ATR 2514-2516 (3) | W | 4/15/03 | Natalie Merry Pathwick | State Department | Fax | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Inter-agency fax regarding attached notification of activity in grand jury investigation to ICN member foreign government. Exemption 5 applies to these communications because the U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | interest adverse to the other. Disclosure could reasonably be expected to interfere with U.S. relations with the government and could reasonably be expected to interfere with the ongoing grand jury investigation. In addition, disclosure could identify a probably witness before the grand jury and invade that individual's privacy. |
| 468 | ATR-2517-2519 (3) | W | 4/15/03 | Anne M. Purcell | State Department | Letter | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Inter-agency letter regarding attached notification of activity in grand jury investigation to ICN member foreign government. Exemption 5 applies to these communications because the U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Disclosure could reasonably be expected to interfere with U.S. relations with the government and could reasonably be expected to |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | interfere with the ongoing grand jury investigation. Disclosure could also invade the privacy of an individual to be called as a witness before the grand jury and could invade his personal privacy. |
| 469 | ATR-2520-2521 (2) | W | 4/15/03 | Natalie Merry Pathwick | State Department | Fax | (b)(5), (7)(A), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Inter-agency fax regarding notification of activity in grand jury investigation to ICN member foreign government. Exemption 5 applies to these communications because the U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Disclosure could reasonably be expected to interfere with U.S. relations with the government and could reasonably be expected to interfere with the ongoing grand jury investigation. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| 344 | ATR-2204 (1) | W | 4/21/03 | Robert Connolly | James Griffin, Scott Hammond and Laura Starling<br><br>Cc: Antonia Hill, Wendy Norman, Kimberly Justice, Jeffrey Parker, Shaan Chima and Constance Webster | E-mail | (b)(5), (7)(A), (7)(C), (7)(D) (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 06-003. Internal e-mail prepared in anticipation of litigation summarizing selected facts from meeting with outside counsel, exempt from disclosure pursuant to the attorney work-product privilege. It also contains information about grand jury documents, an actual grand jury witness, and a potential grand jury witness. It contains thoughts and opinions regarding the meeting and the ongoing investigation, exempt pursuant to the deliberative process privilege. It also contains the names of third parties and confidential sources. Its disclosure could interfere with ongoing enforcement proceedings and invade the personal privacy of named individuals. |
| 345 | ATR-2205 (1) | W | 4/21/03 | Robert Connolly | James Griffin, Scott Hammond and Laura Starling | E-mail | (b)(5), (7)(A), (7)(C), (7)(D) (b)(3) and Rule 6(e) of Fed. R. Crim. | 06-003. E-mail is a duplicate of ATR2204, except that ATR-2204 shows from whose e-mail box the document was produced, and is withheld for the same reasons as stated above. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | P. | |
| 333 | ATR-2189 (1) | W | 4/22/03 | Robert Connolly | James Griffin, Scott Hammond (Director of Criminal Enforcement) and Laura Starling Cc: Antonia Hill, Wendy Norman, Kimberly Justice, Jeffery Parker and Shaan Chima | E-mail | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 06-003. Internal e-mail from subordinate to superiors that discusses potential response to a grand jury subpoena. It is an internal document created in anticipation of litigation and is withheld pursuant to the attorney work-product privilege. It is also withheld because disclosure could inhibit frank and open discussions among staff, and is thus exempt pursuant to the deliberative process privilege. Release could reveal the identity of a confidential source, could reasonably be expected to constitute an unwarranted invasion of personal privacy of identified third parties, and could reasonably be expected to interfere with ongoing enforcement proceedings by revealing the direction and strategies of the investigation. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| ~~346~~ | ~~ATR-2206 (1)~~ | ~~W~~ | ~~4/24/03~~ | ~~Robert Connolly~~ | ~~Antonia Hill, Wendy Norman, Kimberly A. Justice, Jeffery Parker, Constanee Webster and Shaan Chima~~ | ~~E-mail~~ | ~~(b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P.~~ | ~~06-003. Internal e-mail from superior to Staff. It discusses a grand jury subpoena, contains the name of a confidential source, and reflects discussion among Division staff regarding investigation procedures. It was prepared in anticipation of litigation, is exempt as attorney work product, and its release could interfere with ongoing enforcement proceedings. Its disclosure could invade the personal privacy of a named individual.~~ |
| ~~335~~ | ~~ATR-219l (1)~~ | ~~W~~ | ~~4/28/03~~ | ~~Robert Connolly~~ | ~~Lucy McClain (attorney, Philadelphia Field Office), Regina Kedziora (secretary, Philadelphia Pield Office), Tanya Turner, (II Specialist, Philadelphia~~ | ~~E-mail~~ | ~~(b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P.~~ | ~~06-003. Internal e-mail from superior to staff instructing them about a grand jury subpoena document production that was prepared in anticipation of litigation and is exempt pursuant to the attorney work-product privilege. The document reflects the identity of a subpoena recipient and its disclosure could reasonably be expected to constitute an unwarranted invasion of personal~~ |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | Field Office), Constance Webster, Beth Fuhrhop, Shaan Chima, Jeffery Parker, Antonia Hill, Wendy Norman and Kimberly Justice | | | privacy and could reveal the identity of a confidential source of information. It is also exempt from disclosure because it could interfere with the ongoing grand jury investigation and case by revealing the direction and strategies of the investigation. |
| 331 | ATR-2187 (1) | W | 4/29/03 | James Griffin, DAAG for Criminal Enforce-ment | Robert Connolly, Antonia Hill, Wendy Norman, Kimberly Justice, Jeffrey Parker (paralegal, Philadelphia Field Office), Chima Shaan (paralegal, Philadelphia Field Office) | E-Mail | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 06-003. Internal e-mails summarizing a phone conversation with an attorney for a recipient of a grand jury subpoena concerning the production of documents. This information is exempt in accordance with Rule 6(e) of the Federal Rules of Criminal Procedure. This e-mail was prepared in anticipation of litigation and is, therefore, |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | and Constance Webster (secretary, Philadelphia Field Office) Cc: Scott Hammond and Laura Starling (Special Assistant to | | | exempt from disclosure pursuant to the attorney work product privilege. Its disclosure could interfere with an open investigation by revealing the direction and strategies of the investigation, invade the privacy of an individual, and reveal the identity of a confidential source. |
| 123 | ATR-592 (1) | W | 5/1/03 | Scott Hammond | Robert Connolly, James Griffin, Laura Starling, Antonia Hill, Wendy Norman, Kimberly Justice, Jeffrey Parker, Shaan Chima and Gina Talamona | E-mail | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-131. Internal e-mails reflecting exchange of information between subordinate and supervisor and an analysis of the information subordinate conveyed to superior in a ongoing grand jury investigation. E-mails contain the names of confidential sources of information and third parties. Disclosure could reasonably be expected to interfere with the ongoing investigation because release could identify possible witnesses, information they have conveyed, and investigative |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | avenues in the ongoing matter. |
| 124 | ATR-593 (1) | W | 5/1/03 | Robert Connolly | James Griffin, Scott Hammond, Laura Starling, Antonia Hill, Wendy Norman, Kimberly Justice, Jeffrey Parker, Shaan Chima and Gina Talamona | E-mail | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-131. Internal e-mail the majority of which is identical to text in the e-mail numbered ATR 592. It is exempt for the same reasons as stated above. |
| 334 | ATR-2190 (1) | W | 5/13/03 | Robert Connolly | Constance Webster (secretary, Philadelphia Field Office) | E-mails | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 06-003. Internal e-mails from a superior to his subordinates. It was created as a record for the file and reflects a phone conversation with attorney for a grand jury recipient for the production of documents. It also discusses other information relating to the investigation. The |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | ~~document was prepared in anticipation of litigation, and is exempt from disclosure pursuant to the attorney work-product privilege. It is also exempt from disclosure because it could interfere with the ongoing grand jury investigation and case by revealing the direction and strategies of the investigation. In addition, its release could reveal the identity of confidential sources and could invade individuals' personal privacy.~~ |
| 351 | ATR-2233-2235 (3) | W | 5/13/03 | Withheld | Robert Connolly | Letter | (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 06-003. Letter to staff regarding grand jury subpoena. Disclosure could reveal the identity of an individual appearing before a grand jury, the identify a confidential source of information and have an adverse effect on the ongoing grand jury investigation and litigation. Its release could also be expected to constitute an unwarranted invasion of personal privacy. ATR-2233 and 2234 are duplicate letters. ATR-2235 is a fax cover sheet. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| 122 | ATR-591 (1) | W | 5/21/03 | Robert Connolly | Antonia Hill, Wendy Norman, Kimberly Justice, Shaan Chima, Constance Webster (Philadelphia FO Secretary), Gina Talamona, James Griffin and Scott Hammond | E-mail | (b)(5), (7)(A) and (7)(C) | 05-131. Internal e-mail summarizing for staff information received from confidential source in an ongoing grand jury investigation. The disclosure of which could impede the ongoing matter. |
| 508 | ATR-4186 (1) (Previously Bates ATR-2735) | W | 6/2/03 | Antonia Hill | Shaan Chima, Robert Connolly, Kimberly Justice, Wendy Norman, Jeffrey Parker, Richard Rosenberg and Constance | E-mail | (b)(5), (7)(A), (7)(C) and (7)(D) | 06-040. Internal communication among staff It is pre-decisional and was created in anticipation of litigation. It reflects a conversation with and the identity of a confidential source of information. It reflects staff's thoughts, mental impressions and recommendations. Its disclosure could reasonably be expected to interfere with the ongoing enforcement proceeding because it could reveal the |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | ~~Webster~~ | | | ~~direction of the investigation and could interfere with a possible witness.~~ |
| ~~166~~ | ~~ATR-917-922 (6)~~ | ~~W~~ | ~~6/10/03~~ | ~~Robert Connolly~~ | ~~James Griffin, Scott Hammond and Laura Starling~~ ~~Cc'd Joseph Muoio, Antonia Hill, Wendy Norman, Kimberly Justice and Shaan Chima~~ | ~~E-mail with Attachment~~ | ~~(b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P.~~ | ~~05-080. E-mail transmitting a document describing and analyzing issues for discussion in order to plan future investigation, the disclosure of which is exempt pursuant to the deliberative process and attorney work-product privileges. Its release could also have an adverse effect on the ongoing grand jury investigation and litigation as well as interfere with the privacy of third parties and identify confidential sources. The document includes excerpts of grand jury testimony, exempt from disclosure pursuant to (b)(3) and Rule 6(e) of Fed. R. Crim. P.~~ |
| 93 | ATR-539 (1) | W | 6/12/03 | Scott Hammond | Belinda Barnett | E-mail | (b)(5), (7)(A), (7)(C) and (7)(D) | 05-131. Internal e-mail reflecting staff's thoughts and impressions involving an ongoing enforcement proceeding. It identifies a third party entitled to protection from an invasion of his privacy and who is a confidential source of |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | information. |
| 112 | ATR-575 (1) | W | 6/12/03 | Antonia Hill | E-mail | E-mail | (b)(5), (7)(A), (7)(C) and (7)(D) | 05-131. Internal e-mail communication reflecting staff's thoughts and impressions regarding ongoing investigation. It contains the names of third parties and the identity of a confidential source of information. **Disclosure could reasonably be expected to interfere with ongoing enforcement proceedings.** |
| 224 | ATR-1542-1561 (20) | W | 6/19/03 | Antonia Hill | Jim Griffin, Scott Hammond Cc'd Robert Connolly | E-mail with Attachment | (b)(2), (b)(5), (b)(6), (7)(A), (7)(C), (7)(D) (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. This draft memorandum consists of staff's thoughts, analysis and recommendations of about proposed action by grand jury. It sets forth selected, relevant facts and evidence and an analysis of that information. Accordingly, the memorandum is exempt from disclosure pursuant to the deliberative process and attorney work-product privileges. It also includes confidential sources **If released the memo would reveal** |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | ~~the following: the identities of individuals who testified before the federal grand jury and quotes from that testimony, statements made during that testimony; and the direction of the grand jury investigation. For these reasons, the document is exempt from disclosure pursuant to Exemption 3 of Fed. R. Crim. P. 6(3). the disclosure of which~~ would violate Fed. R. Crim. P. 6(e). ~~In addition, disclosure would violate Fed. R. Crim. P. 6(e) by revealing the direction of the grand jury investigation. The document implicitly reflects communications with a foreign government that is an ICN member. Its~~ Release ~~of the memo could also invade the personal privacy of identified third parties.~~ would invade the personal privacy of one individual and could invade the privacy of third parties identified in the memorandum. Finally, disclosure could interfere with the ongoing grand jury |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | ~~investigation and litigation. Documents are exempt pursuant to the efficient operations of government privilege because confidentiality of communications with foreign authorities is vital to the Division's international anti-cartel enforcement program. Documents also reveal information relating to internal practices of the Division, disclosure of which would impede effectiveness of Division's international anti-cartel enforcement program by interfering with the confidentiality of the Division's communications with foreign enforcers.~~ |
| ~~398~~ | ~~ATR-1542-1561 (20)~~ | ~~W~~ | ~~6/19/03~~ | ~~Antonia Hill~~ | ~~Jim Griffin, Scott Hammond~~<br><br>~~Cc'd Robert Connolly~~ | ~~E-mail with Attachment~~ | ~~(b)(2), (b)(5), (b)(6), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R.~~ | ~~05-088 and 06-026.~~  ~~This draft memorandum consists of staff's thoughts, analysis and recommendations~~ ~~of~~ ~~about proposed action by grand jury. It sets forth selected, relevant facts and evidence and an analysis of that information. Accordingly, the memorandum is exempt from~~ |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | Crim. P. | disclosure pursuant to the deliberative process and attorney work-product privileges. It also includes confidential sources.  If released the memo would reveal the following: the identities of individuals who testified before the federal grand jury; statements made during that testimony; and the direction of the grand jury investigation.  For these reasons, the document is exempt from disclosure pursuant to Exemption 3 and Fed. R. Crim. P. 6(e). Release of the memo could also invade the personal privacy of identified third parties.  and quotes from that testimony, the disclosure of which would violate Fed. R. Crim. P. 6(e). In addition, disclosure would violate Fed. R. Crim. P. 6(e) by revealing the direction of the grand jury investigation. The document implicitly reflects communications with a foreign government that is an ICN member. Its release would |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | ~~invade the personal privacy of one individual and could invade the privacy of third parties identified in the memorandum. Finally, disclosure could interfere with the ongoing grand jury investigation and litigation. Documents are exempt pursuant to the efficient operations of government privilege because confidentiality of communications with foreign authorities is vital to the Division's international anti-cartel enforcement program. Documents also reveal information relating to internal practices of the Division, disclosure of which would impede effectiveness of the Division's international anti-cartel enforcement program by interfering with the confidentiality of the Division's communications with foreign enforcers.~~ |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| 92 | ATR-538 (1) | W | 6/24/03 | Ann Olek | Belinda Barnett | E-mail | (b)(5) | 05-131. Internal e-mail among staff conveying information about an ongoing enforcement proceeding. It is withheld pursuant to the attorney work-product privilege. |
| 274 | ATR 2485-2486 (2) | W | 6/24/03 | Natalie Merry Pathwick-Paszye | State Department | Fax | (b)(5) and (7)(A) | 05-088 and 06-026. Inter-agency communication regarding notification of activity in grand jury investigation to foreign government, which is an ICN member. The U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither country has an interest adverse to the other. Hence, disclosure would reasonably be expected to interfere with the ongoing grand jury investigation. |
| 275 | ATR 2487 (1) | W | 6/24/03 | Robert Connolly | James Griffin, Scott Hammond and Laura Starling  Cc'd | E-mail | (b)(5), (7)(A), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Internal e-mail to superior and staff updating superior and staff on matters associated with the ongoing investigation and possible future activity by the grand jury covered by Rule 6(e). |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | ~~Upon further review, it was determined that this document is non-responsive.~~ | | ~~Antonia Hill, Wendy Norman, Kimberly Justice, Shaan Chima, Daniel B. Tehrani, Lisa Candera, Joseph Muoio and Natalie Merry Pathwick-Paszye~~ | | | |
| ~~277~~ | ~~ATR 2489-2490 (2)~~ | ~~W~~ | ~~6/24/03~~ | ~~Edward Hand~~ | ~~State Department~~ | ~~Letter~~ | ~~(b)(5) and (7)(A)~~ | ~~05-088 and 06-026. Inter-agency letter regarding notification of activity in grand jury investigation to foreign governments, which are ICN members. The U.S. and the foreign governments are consultants to one another, communicate on investigative issues with an understanding of~~ |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | confidentiality, and the foreign governments do not have interests adverse to the U.S. Hence, disclosure would reasonably be expected to interfere with the ongoing grand jury investigation. |
| 280 | ATR 2495-2496 (2) | W | 6/24/03 | State Department | State Department, Natalie Merry Pathwick | Cable | (b)(5) and (7)(A) | 05-088 and 06-026. Inter-agency communication regarding notification of activity in grand jury investigation to foreign governments, which are ICN members. The U.S. and the foreign governments are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and the foreign governments do not have interests adverse to the U.S. Hence, disclosure would reasonably be expected to interfere with the ongoing grand jury investigation. |
| 451 | ATR 2485-2486 (2) | W | 6/24/03 | Natalie Merry Pathwick Paszye | United States Embassy | Fax | (b)(5) and (7)(A) | 05-088 and 06-026. A request identical to that described in ATR 2483 but for identity of the recipient. It is redacted in the same way and for the same reason as cited for that document.  Inter-agency |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | communication regarding notification activity in grand jury investigation to foreign government, which is an ICN member.  The U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither country has an interest adverse to the other.  Hence, disclosure could reasonably be expected to interfere with ongoing grand jury investigation. |
| 454 | ATR 2489-2490 (2) | W | 6/24/03 | Edward Hand | State Department | Letter | (b)(5) and (7)(A) | 05-088 and 06-026. Inter-agency letter regarding notification of activity in grand jury investigation to ICN member foreign governments.  Exemption 5 applies to these communications because the U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Disclosure could |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | reasonably be expected to interfere with U.S. relations with the governments and could reasonably be expected to interfere with the ongoing grand jury investigation. |
| 457 | ATR 2495-2496 (2) | W | 6/24/03 | State Department | State Department, Natalie Merry Pathwick | Cable | (b)(5) and (7)(A) | 05-088 and 06-026. Inter-agency cable regarding notification of activity in grand jury investigation to ICN member foreign governments. Exemption 5 applies to these communications because the U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Disclosure could reasonably be expected to interfere with U.S. relations with the governments and could reasonably be expected to interfere with the ongoing grand jury investigation. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| 243 | ATR 2412 (1) | W | 6/25/03 | Scott Hammond | Robert Connolly, Edward Hand, Maureen Casey, Natalie Merry Pathwick-Paszye (Antitrust Div Foreign Commerce paralegal), James Griffin, Belinda Barnett | E-mail | (b)(2), (b)(5), (7)(A), (7)(C) and (7)(D) | 05-088 and 06-026. Internal e-mail communication reflecting a telephone call with a confidential source. It contains staff's and superior's thoughts and impressions involving activities relating to an ongoing investigation. Documents are exempt pursuant to the efficient operations of government privilege because confidentiality of communications with foreign authorities is vital to the Division's international anti-cartel enforcement program. Documents also reveal information relating to internal practices of the Division, disclosure of which would impede effectiveness of Division's international anti-cartel enforcement program by interfering with the confidentiality of the Division's communications with foreign enforcers. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| 276 | ATR 2488 (1) | W | 6/25/03 | Scott Hammond | Robert Connolly, Edward Hand, Maureen Casey, Natalie Merry Pathwick-Paszye, James Griffin and Belinda Barnett | E-mail | (b)(2), (b)(5), (7)(A), (7)(C) and (7)(D) | 05-088 and 6-026. Internal e-mail reflecting communication with confidential sources of information. It reflect staff's mental impressions and thought processes and advises staff and superiors on developments associated with the ongoing investigation. Also reflects superior's reaction to and opinion and analysis of information presented by staff. Documents are exempt pursuant to the efficient operations of government privilege because confidentiality of communications with foreign authorities is vital to the Division's international anti-cartel enforcement program. Documents also reveal information relating to internal practices of the Division, disclosure of which would impede effectiveness of Division's international anti-cartel enforcement program by interfering with the confidentiality of the Division's |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | communications with foreign enforcers. |
| 278 | ATR 2491-2492 (2) | W | 6/25/03 | Natalie Merry Pathwick Paszye | State Department | E-mail | (b)(5) and (7)(A) | 05-088 and 6-026. Inter-agency communication regarding notification of activity in grand jury investigation to foreign governments, which are ICN members. The U.S. and the foreign governments are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and the foreign governments do not have interests adverse to the U.S. Hence, disclosure would reasonably be expected to interfere with the ongoing grand jury investigation. |
| 282 | ATR 2499-2500 (2) | W | 6/25/03 | State Department | State Department, Natalie Merry Pathwick | Cable | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 6-026. Inter-agency communication regarding notification of proposed action in grand jury investigation to a foreign government, that is an ICN member. The U.S. and the foreign government are consultants to one another, communicate on |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Disclosure would reveal investigation activities covered by Rule 6(e) and we would reasonably be expected to interfere with the ongoing enforcement proceeding. |
| 418 | ATR 2412 (1) | W | 6/25/03 | Scott Hammond | Robert Connolly, Edward Hand, Maureen Casey, Natalie Merry Pathwick-Paszye (Antitrust Div Foreign Commerce paralegal), James Griffin, Belinda Barnett | E-mail | (b)(2), (b)(5), (7)(A), (7)(C) and (7)(D) | 05-088 and 06-026. Internal e-mail communication reflecting a telephone call with a confidential source. It contains staff's and superior's thoughts and impressions involving activities relating to an ongoing investigation and is exempt pursuant to the deliberation process privilege. It disclosure could also constitute an invasion of personal privacy. **Documents are exempt pursuant to the efficient operations of government privilege because confidentiality of communications with foreign authorities is vital to the Division's international anti-cartel enforcement program. Documents also reveal** |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | information relating to internal practices of the Division, disclosure of which would impede effectiveness of the Division's international anti-cartel enforcement program by interfering with the confidentiality of the Division's communications with foreign enforcers. |
| 453 | ATR 2488 (1) | W | 6/25/03 | Scott Hammond | Robert Connolly, Edward Hand, Maureen Casey, Natalie Merry Pathwick-Paszye, James Griffin and Belinda Barnett | E-mail | (b)(2), (b)(5), (7)(A), (7)(C) and (7)(D) | 05-088 and 06-026. Internal e-mail reflecting communication with confidential source of information. It reflects staff's mental impressions and thought processes and advises staff and superiors on developments associated with the ongoing investigation. Its disclosure could have an adverse effect on the ongoing investigation and invade the privacy of the confidential source. Documents are exempt pursuant to the efficient operations of government privilege because confidentiality of communications with foreign authorities is vital to the Division's international anti- |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | cartel enforcement program. Documents also reveal information relating to internal practices of the Division, disclosure of which would impede effectiveness of the Division's international anti-cartel enforcement program by interfering with the confidentiality of the Division's communications with foreign enforcers. |
| 455 | ATR 2491-2492 (2) | W | 6/25/03 | Natalie Merry Pathwick-Paszye | State Department | E-mail | (b)(5) and (7)(A) | 05-088 and 6-026. Inter-agency e-mail regarding notification of activity in grand jury investigation to ICN member foreign governments. Exemption 5 applies to these communications because the U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Disclosure could reasonably be expected to interfere with U.S. relations with the governments and could reasonably |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | be expected to interfere with the ongoing grand jury investigation. |
| 459 | ATR 2499-2500 (2) | W | 6/25/03 | State Department | State Department, Natalie Merry Pathwick | Cable | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 6-026. Inter-agency cable regarding notification of activity in grand jury investigation to ICN member foreign governments. Exemption 5 applies to these communications because the U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Disclosure could reasonably be expected to interfere with U.S. relations with the governments and could reasonably be expected to interfere with the ongoing grand jury investigation. It could invade the privacy of a named individual. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| 279 | ATR 2493-2494 (2) | W | 6/26/03 | State Department | State Department, Natalie Merry Pathwick | Cable | (b)(5) and (7)(A) | 05-088 and 6-026. Inter-agency communication regarding notification of activity in grand jury investigation to foreign governments, which are ICN members. The U.S. and the foreign governments are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and the foreign governments do not have interests adverse to the U.S. Hence, disclosure would reasonably be expected to interfere with the ongoing grand jury investigation. |
| 456 | ATR 2493-2494 (2) | W | 6/26/03 | State Department | State Department, Natalie Merry Pathwick | Cable | (b)(5) and (7)(A) | 05-088 and 6-026. Inter-agency cable regarding notification of activity in grand jury investigation to ICN member foreign governments. Exemption 5 applies to these communications because the U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | to the other. Disclosure could reasonably be expected to interfere with U.S. relations with the governments and could reasonably be expected to interfere with the ongoing grand jury investigation. |
| 349 | ATR-2224-2231 (8) | W | 6/27/03 | Robert Connolly, Antonia Hill, Wendy Bostwick Norman and Kimberly A. Justice | James M. Griffin and Scott Hammond | Memorandum | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 06-003. Internal memorandum to superiors regarding recommended action by the grand jury. Disclosure could reveal the direction and strategies of an ongoing investigation; the identity of confidential sources; staff's thoughts and opinions and staff's selection and evaluation of information relating to the ongoing investigation, exempt pursuant to the deliberative process and attorney work-product privileges; and information the release of which could be expected to constitute an unwarranted invasion of personal privacy. |
| 505 | ATR-4176-4183 (8) (Previously Bates | W | 6/27/03 | Robert Connolly, Antonia Hill, Wendy Norman and Kimberly | James Griffin | Memorandum | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of | 06-040. Internal memorandum from subordinates to superiors regarding possible issuance of a subpoena. The document is pre-decisional and its disclosure could interfere |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | 2725-2732) | | | Justice | | | Fed. R. Crim. P. | with free and frank discussions among staff. In addition, it was created in anticipation of litigation and is exempt pursuant to the attorney work-product privilege. Disclosure could interfere with the ongoing enforcement proceeding by revealing its direction and possible subpoena recipient. Finally, its disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy. |
| 121 | ATR-590 (1) | W | 7/2/03 | Robert Connolly | Antonia Hill | E-mail | (b)(7)(A), (7)(C) and (7)(D) | 05-131. E-mail forwarding a confidential source and a description of that communication. Disclosure could reveal the identity of a confidential source, information provided, and could reasonably be expected to invade the person's privacy and interfere with ongoing investigation. |
| 478 | ATR-4065-4066 (2) (Previously Bates ATR-2614- | W | 7/11/03 | Antonia Hill | Withheld | Letter | (b)(7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. | 06-040. A letter to an outside party discussing the issuance of a grand jury subpoena. Disclosure could reveal the direction of the ongoing grand jury investigation, could invade the personal privacy of the recipient and disclose the fact that |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | 2615) | | | | | | P. | the person is a confidential source of information. |
| 482 | ATR-**4071-4072** (2) **(Previously Bates ATR-**2620-2621) | W | 7/11/03 | Antonia Hill | Withheld | Letter | (b)(7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 06-040. A letter to a third party seeking information relating to the Division's ongoing grand jury investigation. Disclosure could reasonably be expected to interfere with the ongoing investigation because it could reveal the direction of that investigation. Its disclosure could also invade the privacy of an individual and identify a confidential source of information. |
| 496 | ~~ATR- **4165** (1)~~ ~~**(Previously Bates ATR-** 2714)~~ | ~~W~~ | ~~7/14/03~~ | ~~Antonia Hill~~ | ~~Shaan Chima, Robert Connolly, Kimberly Justice, Wendy Norman, Richard Rosenberg and Constance Webster~~ | ~~E-mail~~ | ~~(b)(5), (7)(C), and (7)(D)~~ | ~~06-040. Internal staff e-mail **prepared in anticipation of litigation** discussing document production. Disclosure could reveal the identity of a confidential source and could reasonably be expected to constitute an unwarranted invasion of personal privacy.~~ |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| 512 | ATR-**4190** (1) **(Previously Bates ATR-**2739) | W | 7/14/03 | Withheld | Antonia Hill | Letter | (b)(7)(A), (7)(C) and (7)(D) | 06-040. A letter from a confidential source enclosing document submission. Disclosure could reveal the direction of an ongoing investigation and could reveal the identity of the confidential source and could reasonably be expected to constitute an unwarranted invasion of personal privacy. |
| 507 | ATR-**4185** (1) **(Previously Bates ATR-**2734) | W | 7/17/03 | Antonia Hill | Shaan Chima, Robert Connolly, Kimberly Justice, Wendy Norman, Richard Rosenberg and Constance Webster | E-mail | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 06-040. Internal e-mail communication among staff. It reflects staffs thoughts and impressions on documents obtained during a grand jury investigation. It is pre-decisional and was created in anticipation of litigation. Disclosure could reveal the direction on an ongoing investigation, staffs deliberative process, their evaluation of the facts and information the release of which could be expected to constitute an unwarranted invasion of personal privacy. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| ~~100~~ | ~~ATR-552 (1)~~ | ~~W~~ | ~~8/15/03~~ | ~~Robert Connolly~~ | ~~Antonia Hill, Wendy Norman, Kimberly Justice, John Sharp (FBI agent detailed to Philadelphia FO), Gina Talamona, Belinda Barnett, Scott Hammond and James Griffin~~ | ~~E-mail~~ | ~~(b)(5), (7)(A) and (7)(C)~~ | ~~05-131. Internal e-mail informing staff of matters relating to the ongoing investigation. It reflects author's thoughts and analysis, exempt under the deliberative process privilege and is also exempt under the attorney work-product privilege. It also contains the name of a third party.~~ |
| 350 | ATR-2232 (1) | W | 9/9/03 | Robert Connolly | Withheld | Letter | (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 06-003. Letter seeking to schedule an appearance before the grand jury. Disclosure could reveal the identity of a possible grand jury and could identify a confidential source of information. Disclosure of the individual's identity could have an adverse effect on the ongoing grand jury investigation and case and could be expected to constitute an unwarranted invasion of personal privacy. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| 355 | ATR-2246-2247 (2) | W | 9/9/03 | Robert Connolly | Withheld | Fax sheet | (7)(A), (7)(C), and (7)(D) | 06-003. Fax cover sheet including confirmation of receipt. Disclosure could reveal confidential source, and hence could reasonably be expected to interfere with the ongoing grand jury investigation. Disclosure could also reasonably be expected to constitute an unwarranted invasion of that individual's personal privacy. |
| ~~189~~ | ~~ATR-1154-1163 (12)~~ | ~~W~~ | ~~9/10/03~~ | ~~Antonia Hill~~ | ~~James Griffin, Scott Hammond, Belinda Barnett, Laura Starling, Patrick O'Shaughnessy~~ ~~Cc'd Robert Connolly, Wendy Norman, Kimberly Justice~~ | ~~E-mail~~ | ~~(b)(5), (7)(A), (7)(C), (b)(3), and Fed. R. Crim. P. 6(e)~~ | ~~05-071 and 080. E-mail transmitting draft outline of response to submission by opponent. The outline consists of analysis of factual and legal issues raised by the submission and is exempt from disclosure pursuant to the deliberative process and attorney work-product prongs of (b)(5). Discusses grand jury testimony. Release could invade the privacy of certain individuals and impede the ongoing grand jury investigation and litigation.~~ |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| 88 | ATR-531 (1) | W | 9/22/03 | Douglas Ross, AAG Counsel | Belinda Barnett, O'Shaughnessy (Special Asst DAAG), Robert Connolly, Scott Hammond, James Griffin | E-mail | (b)(5), (7)(A), (b)(3) and Rule 6(e) Fed. R. Crim. P. | 05-131. Internal e-mail from subordinate to superior about a potential witness Release could violate grand jury rules and interfere with ongoing enforcement proceedings. |
| 363 | ATR-2328-2331 (4) | W | 9/22/03 | Robert Connolly | Withheld | Letter | (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 06-003. Letter with attached fax confirmation sheets notifying subpoena recipient of the time and place of his appearance before the grand jury. Disclosure could reveal the identity of subpoena recipient and its release could reasonably be expected to constitute an unwarranted invasion of personal privacy. Its disclosure could also identify a confidential source of information. Disclosure could interfere with the ongoing proceeding by revealing the direction and strategy of the investigation. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| 150 | ATR 724-728 (5) | W | 9/24/03 | James M. Griffin | R. Hewitt Pate<br><br>Cc'd Scott Hammond | Memorandum with Attached Routing Slip | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-080. Draft recommendation from subordinate seeking approval from superior. It reflects certain facts, opinions and background material relating to an ongoing investigation. It also contains the identities of grand jury subpoena recipients as well as witnesses who testified before a federal grand jury. It is pre-decisional and was created in anticipation of litigation. |
| 281 | ATR 2497-2498 (2) | W | 9/25/03 | Edward Hand | State Department | Letter | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 6-026. Inter-agency letter regarding notification of proposed action in grand jury investigation to a foreign government, that is an ICN member. The U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Disclosure would reveal investigation activities covered by Rule 6(e) and wcould reasonably be expected to interfere with the ongoing enforcement proceeding. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| 458 | ATR 2497-2498 (2) | W | 9/25/03 | Edward Hand | State Department | Letter | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 6-026. Inter-agency letter regarding notification of activity in grand jury investigation to ICN member foreign governments. Exemption 5 applies to these communications because the U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Disclosure could reasonably be expected to interfere with U.S. relations with the governments and could reasonably be expected to interfere with the ongoing grand jury investigation. It could invade the privacy of a named individual. |
| 283 | ATR 2501-2502 (2) | W | 9/26/03 | State Department | State Department, Natalie Merry Pathwick | E-mail | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Inter-agency communication regarding notification of proposed action in grand jury investigation to a foreign government, that is an ICN member. The U.S. and the foreign government are consultants to one another, communicate on |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Disclosure would reveal investigation activities covered by Rule 6(e) and we~~ould~~ reasonably be expected to interfere with the ongoing enforcement proceeding. |
| 460 | ATR 2501-2502 (2) | W | 9/26/03 | State Department | State Department, Natalie Merry Pathwick | Cable | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Inter-agency cable regarding notification of activity in grand jury investigation to ICN member foreign governments. Exemption 5 applies to these communications because the U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Disclosure could reasonably be expected to interfere with U.S. relations with the governments and could reasonably be expected to interfere with the ongoing grand jury investigation. It could invade the privacy of a |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | named individual. |
| 260 | ATR 2455 (1) | W | 9/30/03 | Natalie Merry Pathwick | State Department | Fax | (b)(5) and (7)(A) | 05-088 and 06-026. Inter-agency communication regarding notification to a foreign government, which is an ICN member, concerning action in ongoing grand jury investigation. The U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Hence, disclosure could reasonably be expected to interfere with the ongoing grand jury investigation. |
| 284 | ATR 2503 (1) | W | 9/30/03 | Natalie Merry Pathwick | State Department | Fax | (b)(5) and (7)(A) | 05-088 and 06-026. Inter-agency communication regarding notification of proposed action in grand jury investigation to a foreign government, that is an ICN member. The U.S. and the foreign government are consultants to one |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Hence, disclosure would reasonably be expected to interfere with the ongoing grand jury investigation. |
| 436 | ATR 2455 (1) | W | 9/30/03 | Natalie Merry Pathwick | United States Embassy | Fax | (b)(5) and (7)(A) | 05-088 and 06-026. Fax cover sheet transmitting a press release concerning the ongoing grand jury investigation. (The press release is not attached.) |
| 461 | ATR 2503 (1) | W | 9/30/03 | Natalie Merry Pathwick | State Department | Fax | (b)(5) and (7)(A) | 05-088 and 06-026. Inter-agency communication requesting transfer of a press release to an ICN member foreign government. (The press release is not attached.) Exemption 5 applies to these communications because the U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Disclosure could reasonably be expected to interfere |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | with U.S. relations with the governments and could reasonably be expected to interfere with the ongoing grand jury investigation. It could invade the privacy of a named individual. |
| 362 | ATR-2325-2327 (3) | W | 10/2/03 | Robert Connolly | Withheld | Letter | (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 06-003. Letter with attached fax confirmation sheets referring to an enclosed grand jury subpoena. The grand jury subpoena that was to be enclosed is missing. Disclosure could reveal the identity of the individual subpoenaed to testify before a federal grand jury. Its release could also reasonably be expected to constitute an unwarranted invasion of personal privacy and the identity of a confidential source. |
| 498 | ATR-4168 (1) (Previously Bates ATR-2717) | W | 11/13/03 | Antonia Hill | Robert Connolly, Wendy Norman, Kimberly Justice and Shaan Chima | E-mail | (b)(5), (7)(A), (7)(C) and (7)(D) | 06-040. Internal staff e-mail communication reflecting information obtained from a confidential source and created in anticipation of litigation. Its disclosure could reasonably be expected to interfere with ongoing enforcement proceedings by revealing the direction of the investigation. Its disclosure could |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | also reasonably be expected to interfere with the individual's personal privacy. |
| 174 | ATR-1016-1028 (13) | W | 11/14/03 | Antonia Hill, Wendy Bostwick Norman and Kimberly Justice | James Griffin and Scott Hammond | Memorandum | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-080. This memorandum contains staff's thoughts, analysis and recommendations to superiors concerning a proposed prosecution. It is exempt from disclosure for the same reasons set for in ATR-949-963 above. |
| 360 | ATR-2253-2275 (23) | W | 11/21/03 | Withheld | Robert Connolly | Letter with attachment | (7)(A), (7)(C) and (7)(D) | 06-003. Letter with attachment and fax cover sheet. The fax cover sheet contains a handwritten notation that labels it a re-fax. The attachment document is identical to a memorandum of law contained in the document numbered ATR-2276-2324 immediately following. It is withheld in its entirety for the same reasons as described below. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| 361 | ATR-2276-2324 (49) | W | 11/21/03 | Withheld | Robert Connolly | Letter with attachments | (7)(A), (7)(C) and (7)(D) | 06-003. Letter with attachments and fax cover sheet. Attachments includes a duplicate copy of the memorandum of law described in ATR-2253-2275. It also contains another memorandum and a redacted affidavit. It identifies a confidential source of information and reveals information provided by that source. Its release could reasonably be expected to interfere with the ongoing grand jury investigation and litigation by revealing the direction and strategy of the investigation. Disclosure could reasonably be expected to constitute an unwarranted invasion of that individual's personal privacy. |
| ~~268~~ | ~~ATR 2475-2476 (2)~~ | ~~W~~ | ~~11/24/03~~ | ~~Edward Hand~~ | ~~State Department~~ | ~~Letter~~ | ~~(b)(5), (7)(A), (b)(3) and Rule 6(e) of Fed. R. Crim. P.~~ | ~~05-088 and 06-026. Inter-agency communication regarding notification of proposed action in grand jury investigation to foreign governments, which are ICN members. The U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality,~~ |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | and neither government has an interest adverse to the other. Disclosure would reveal information covered by Rule 6(e), and would reasonably be expected to interfere with the ongoing enforcement proceeding and to invade the privacy of the named subject. |
| 269 | ATR 2477-2479 (3) | W | 11/24/03 | State Department | State Department and Natalie Merry Pathwick | Cable | (b)(5), (7)(A), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Inter-agency communication regarding notification of proposed action in grand jury investigation to foreign governments, which are ICN members. The U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Disclosure would reveal investigation activities covered by Rule 6(e), and would reasonably be expected to interfere with the ongoing enforcement proceeding and to invade the privacy of the subject named in the notification. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| 445 | ATR 2475-2476 (2) | W | 11/24/03 | Edward Hand | State Department | Letter | (b)(5), (7)(A), (7)(C) (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Inter-agency notification letter to an ICN member foreign government concerning the ongoing grand jury investigation and identifying a subject of the investigation. (The notification is not attached.) The notification, which was prepared in anticipation of litigation, is an inter-agency communication qualifying for exemption pursuant to the attorney work-product privilege because the U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Disclosure could reasonably be expected to interfere with relations |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | with that country and with the ongoing enforcement proceeding. Disclosure could reasonably be expected to invade the privacy of the subject named in the notification. |
| 446 | ATR 2477-2479 (3) | W | 11/24/03 | State Department | Natalie Merry Pathwick | Cable | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Inter-agency notification letter to an ICN member foreign government concerning the ongoing grand jury investigation and identifying a subject of the investigation. (The notification is not attached.) The notification, which was prepared in anticipation of litigation, is an inter-agency communication qualifying for exemption pursuant to the attorney work-product privilege because the U.S. and the foreign government are |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | ~~consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Disclosure could reasonably be expected to interfere with relations with that country and with the ongoing enforcement proceeding. Disclosure could reasonably be expected to invade the privacy of the subject named in the notification.~~ |
| ~~270~~ | ~~ATR 2480-2481 (2)~~ | ~~W~~ | ~~11/26/03~~ | ~~State Department~~ | ~~State Department, Natalie Merry Pathwick~~ | ~~E-mail~~ | ~~(b)(5), (7)(A), (b)(3) and Rule 6(e) of Fed. R. Crim. P.~~ | ~~05-088 and 6-026. Inter-agency communication regarding notification of proposed action in grand jury investigation to foreign governments, which are ICN members. The U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an~~ |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | ~~interest adverse to the other. Disclosure would reveal investigation activities covered by Rule 6(e), and we~~ould reasonably be expected to interfere with the ~~ongoing enforcement proceeding~~ **and to invade the privacy of the named subject.** |
| ~~447~~ | ~~ATR 2480-2481 (2)~~ | ~~W~~ | ~~11/26/03~~ | ~~State Department~~ | ~~State Department, Natalie Merry Pathwick~~ | ~~E-mail~~ | ~~(b)(5), (7)(A), (7)(C) (b)(3) and Rule 6(e) of Fed. R. Crim. P.~~ | ~~05-088 and 6-026. Inter-agency notification letter to an ICN member foreign government concerning the ongoing grand jury investigation and identifying a subject of the investigation. (The notification is not attached.) The notification, which was prepared in anticipation of litigation, is an inter-agency communication qualifying for exemption pursuant to the attorney work-product privilege because the U.S. and the foreign government are consultants to one another,~~ |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Disclosure could reasonably be expected to interfere with relations with that country and with the ongoing enforcement proceeding. Disclosure could reasonably be expected to invade the privacy of the subject named in the notification. |
| 271 | ATR 2482 (1) | W | 12/9/03 | Natalie Merry Pathwick Paszye | State Department | E-mail | (b)(5) and (7)(A) | 05-088 and 06-026. Inter-agency communication regarding notification of activity in grand jury investigation to foreign government, which is an ICN member. The U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | Hence, disclosure would reasonably be expected to interfere with the ongoing grand jury investigation. |
| 272 | ATR 2483 (1) | W | 12/9/03 | Natalie Merry Pathwick-Paszye | State Department | E-mail | (b)(5) and (7)(A) | 05-088 and 06-026. Inter-agency communication regarding notification of activity in grand jury investigation to foreign government, which is an ICN member. The U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Hence, disclosure would reasonably be expected to interfere with the ongoing grand jury investigation. |
| 273 | ATR 2484 (1) | W | 12/9/03 | Natalie Merry Pathwick-Paszye | State Department | E-mail | (b)(5) and (7)(A) | 05-088 and 06-026. Inter-agency communication regarding notification of activity in grand jury investigation to foreign governments, which are ICN members. The U.S. and the foreign governments are consultants to one another, communicate on |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | investigative issues with an understanding of confidentiality, and the foreign countries do not have interests adverse to the U.S. Hence, disclosure would reasonably be expected to interfere with the ongoing grand jury investigation. |
| 156 | ATR-826-861 (36) | W | 12/11/03 | Antonia Hill | James Griffin, Scott Hammond, Belinda Barnett, Laura Starling, Patrick O'Shaughnessy and John Powers  Cc'd Robert Connolly, Wendy Norman and Kimberly Justice | Memorandum with Attached E-mail | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-071 and 080. Recommendation memorandum from subordinates to superiors which sets forth the basis for the recommendation, strategies, staff's opinions and analysis, legal theories and summary of relevant facts associated with an ongoing investigation. It contains the names of third parties interviewed, the identities of individuals appearing before a grand jury as well as grand jury testimony. It relates to an ongoing investigation and its disclosure could reasonably be expected to interfere with that proceeding. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| ~~201~~ | ~~ATR-1248-1282 (35)~~ | ~~W~~ | ~~12/11/03~~ | ~~Antonia Hill, Wendy Bostwick Norman, Kimberly Justice, Robert Connolly~~ | ~~James Griffin, Scott Hammond~~ | ~~Memorandum~~ | ~~(b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P.~~ | ~~05-071 and 080. This memorandum to superiors recommending course of action in ongoing grand jury investigation is exempt from disclosure pursuant to the deliberative process and attorney work-product prongs of (b)(5). Its disclosure could invade the privacy of certain individuals and identify confidential sources of information. Its release would disclose the identities of grand jury witnesses and grand jury testimony and, therefore, violate Fed. R. Crim. P. 6(e). Finally, its release could adversely affect the ongoing grand jury investigation and litigation.~~ |
| 357 | ATR-2249-2250 (2) | W | 1/7/04 | Robert Connolly | Withheld | Letter | (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 06-003. Letter with attached fax confirmation sheet. It discusses an individual's appearance before a grand jury and could reveal the direction of the grand jury investigation. Release could reasonably be expected to constitute an unwarranted invasion of that person's personal privacy. The document relates to an ongoing enforcement proceeding |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | and, have an adverse effect on the ongoing enforcement proceeding. |
| 239 | ATR 2407 (1) | W | 1/23/04 | Robert Connolly | Scott Hammond, James Griffin and Edward Hand  Cc'd Antonia Hill, Kimberly Justice, Wendy Norman, Beth Fuhrhop, John Powers, Belinda Barnett and Patrick O'Shaughnessy | E-mail | (b)(2), (b)(5), (7)(A), (7)(C) and (7)(D) | 05-088 and 06-026. Internal e-mail communication reflecting a telephone call with confidential sources. It contains staff's thoughts and impressions involving activities relating to an ongoing investigation. Its disclosure would reasonably be expected to interfere with the ongoing enforcement proceedings because it would reveal the direction of the ongoing investigation. Documents are exempt pursuant to the efficient operations of government privilege because confidentiality of communications with foreign authorities is vital to the Division's international anti-cartel enforcement program. Documents also reveal information relating to internal practices of the Division, disclosure of which would impede effectiveness of |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | Division's international anti-cartel enforcement program by interfering with the confidentiality of the Division's communications with foreign enforcers. |
| 413 | ATR 2407 (1) | W | 1/23/04 | Robert Connolly | Scott Hammond, James Griffin and Edward Hand  Cc: Antonia Hill, Kimberly Justice, Wendy Norman, Beth Fuhrhop, John Powers, Belinda Barnett and Patrick O'Shaughnessy | E-mail | (b)(2), (b)(5), (7)(A), (7)(C) and (7)(D) | 05-088 and 06-026. Internal e-mail communication reflecting a telephone call with confidential sources. It contains staff's thoughts and impressions involving activities relating to the ongoing investigation. Its disclosure could reasonably be expected to interfere with the ongoing enforcement proceedings because it could reveal the direction of the ongoing investigation. Documents are exempt pursuant to the efficient operations of government privilege because confidentiality of communications with foreign authorities is vital to the Division's international anti-cartel enforcement program. Documents also reveal information relating to internal practices of the Division, disclosure of which would |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | impede effectiveness of the Division's international anti-cartel enforcement program by interfering with the confidentiality of the Division's communications with foreign enforcers. |
| 148 | ATR-672-709 (38) | W | 2/12/04 | Antonia R. Hill, Wendy Bostwick Norman, Kimberly Justice and Robert Connolly | James M. Griffin and Scott Hammond | Memorandum | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-071 and 080. Recommendation memorandum from subordinates to superior created in anticipation of litigation and regarding proposed action by grand jury. It is withheld pursuant to the attorney work-product and deliberative process privileges because the recommendations are pre-decisional and release would reveal staff's thought processes, opinions and analysis of selected facts and evidence and the direction of the investigation. It contains the names of third parties interviewed, the identities of individuals appearing before a grand jury as well as grand jury testimony, and potential targets of the grand jury investigation. It relates to an ongoing investigation and its disclosure could reasonably |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | be expected to interfere with that proceeding. Duplicate of ATR-750-787 and 788-825. |
| 154 | ATR-750-787 (38) | W | 2/12/04 | Antonia Hill, Wendy Bostwick Norman, Kimberly Justice and Robert Connolly | James Griffin and Scott Hammond | Memorandum | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-071 and 080. Recommendation memorandum from subordinates to superiors created in anticipation of litigation and regarding proposed action by grand jury. It is withheld pursuant to the attorney work-product and deliberative process privileges because the recommendations are pre-decisional and release would reveal staff's thought processes, opinions and analysis of selected facts and evidence and the direction of the grand jury. It contains the names of third parties interviewed, the identities of individuals appearing before a grand jury as well as grand jury testimony and potential targets of the grand jury. It relates to an ongoing investigation and its disclosure could reasonably be expected to interfere with that proceeding. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| 155 | ATR-788-825 (38) | W | 2/12/04 | Antonia Hill, Wendy Bostwick Norman, Kimberly Justice and Robert Connolly | James Griffin and Scott Hammond | Memorandum | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-071 and 080. Recommendation memorandum from subordinates to superiors created in anticipation of litigation and regarding proposed action by grand jury. The text is the identical with the exception of the I-manage file numbers to ATR-750-787 and is withheld for the same reasons noted above for that document. |
| 173 | ATR-978-1015 (38) | W | 2/12/04 | Antonia Hill, Wendy Bostwick Norman, Kimberly Justice and Robert Connolly | James Griffin and Scott Hammond | Memorandum | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-080. This memorandum contains staff's thoughts, analysis and recommendations to superiors concerning proposed action by the grand jury. It is exempt from disclosure for the same reasons set forth in ATR-949-963 above. |
| 168 | ATR-928-931 (4) | W | 2/20/04 | John Powers | Robert Connolly and Antonia Hill Cc'd Wendy Norman, Kimberly Justice and Richard Rosenberg | E-mail | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-080. E-mails analyzing and exchanging opinions, legal theories, and factual inquiries regarding ongoing investigation and, thus, exempt pursuant to the deliberative process and work-product prong of (b)(5). Its disclosure could identify confidential sources of information and have an adversely effect on the ongoing matter. Release would |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | ~~also disclose a target of the grand jury investigation.~~ |
| 95 | ATR-543-544 (2) | W | 2/23/04 | James Griffin | Gina Talamona, Scott Hammond, Belinda Barnett and Robert Connolly | E-mail with Attachment | (b)(5), (7)(A) and (7)(C) | 05-131. Internal e-mail between staff members advising them of factual information and draft material relating to an ongoing enforcement proceeding. Its release could reasonably be expected to interfere with that proceeding. It also contains the identity of a third party, the release of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. |
| 90 | ATR-534-535 (2) | W | 2/24/04 | Leslie Overton | Belinda Barnett, Gina Talamona | E-mail | (b)(5), (7)(A), and (7)(C) | 05-131. Internal e-mail exchange reflecting staff's comments and opinions relating to document prepared for superior's approval. It also reflects information relating to an ongoing enforcement proceeding the release of which could interfere with that proceeding. Disclosure could also identify a third party who became a witness. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| 80 | ATR-518 (1) | W | 2/25/04 | Gina Talamona | Belinda Barnett and Leslie Overton | E-mail | (b)(5), and (7)(A) | 05-131. Internal e-mail concerning draft material provided by staff to superior and DOJ press officer. It reflects deliberations and recommendations. It is withheld pursuant to the deliberative process and attorney work-product privileges. Release could reveal information relating to an ongoing investigation and could interfere with that proceeding. The draft was not attached to this e-mail string. |
| 81 | ATR-519-520 (2) | W | 2/25/04 | Gina Talamona | Leslie Overton and Belinda Barnett | E-mail | (b)(5) and (7)(A) | 05-131. Internal e-mail reflecting draft material and recommendations requiring approval of superiors. It's an ongoing enforcement proceeding its release could interfere with that proceeding. |
| 82 | ATR-521-522 (2) | W | 2/25/04 | Gina Talamona | Leslie Overton and Belinda Barnett | E-mail | (b)(5) and (7)(A) | 05-131. Internal e-mail reflecting staff's opinions and recommendations to superiors. Document reflects information relating to an ongoing enforcement proceeding and its release could reasonably be expected to interfere with that proceeding. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| 85 | ~~ATR-526-527 (2)~~ | ~~W~~ | ~~2/25/04~~ | ~~Gina Talamona~~ | ~~Belinda Barnett, Leslie Overton, Nellie Pittman and Luke Macaulay~~ | ~~E-mail~~ | ~~(b)(5) and (7)(A)~~ | ~~05-131. Internal e-mail reflecting the exchange of thoughts, comments, and recommendations concerning draft material among staff. It was compiled in anticipation of litigation, is pre-decisional, and was generated for superior approval. It is, therefore, exempt from disclosure pursuant to the deliberative process and attorney work-product privilege. The information relates to an ongoing enforcement proceeding and its release could interfere with that proceeding.~~ |
| 91 | ATR-536-537 (2) | W | 2/25/04 | Leslie Overton | Belinda Barnett | E-mail | (b)(5), (7)(A) and (7)(C) | 05-131. Internal e-mail exchange reflecting staff's comments relating to information prepared for superior's approval. It also reflects information relating to an ongoing enforcement proceeding, the release of which could interfere with that proceeding. Finally, disclosure could identify third party who might become a witness. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| 202 | ATR-1283-1284 (2) | W | 2/27/04 | Antonia Hill | Robert Connolly | E-mail | (b)(5) and (7)(A) | 05-071 and 080. E-mails exchanged among staff based upon their selection and analyses of factual information, exempt from disclosure pursuant to the deliberative process and attorney work-product exemptions of (b)(5). Its disclosure could have an adverse effect on the ongoing grand jury investigation and litigation. |
| 153 | ATR-737-749 (13) | W | 3/1/04 | Belinda Barnett | Robert Connolly, Antonia Hill, Wendy Norman, Kimberly Justice, Richard Rosenberg, Beth Fuhrhop and James Griffin  Ce'd John Powers, Patrick O'Shaughnessy, and Scott | E-mail with Attachment | (b)(5) and (7)(A) | 05-071 and 080. Internal e-mail and attachment withheld pursuant to the deliberative process and attorney work-product privileges because it is a draft, was compiled in anticipation of litigation, reflects staff's thoughts and mental impressions and was created for potential use for ongoing enforcement proceedings. Its disclosure could reasonably be expected to interfere with the ongoing proceedings. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | Hammond | | | |
| ~~187~~ | ~~ATR-1135-1147 (13)~~ | ~~W~~ | 3/1/04 | ~~Belinda Barnett~~ | ~~Robert Connolly, Antonia Hill, Wendy Norman, Kimberly Justice, Richard Rosenberg, James Griffin, Beth Fuhrhop~~ ~~Cc'd John Powers, Patrick O'Shaughnessy and Scott Hammond~~ | ~~E-mail with Attachment~~ | ~~(b)(5) and (7)(A)~~ | ~~05-071 and 05-080. E-mail discussing and analyzing changes to an attached Declaration. It is exempt from disclosure pursuant to the deliberative process and attorney work-product prongs of (b)(5). Its release could impede the ongoing grand jury investigation and litigation.~~ |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| 188 | ATR 1148-1153 (6) | W | 3/1/04 | Beth Fuhrhop | James Griffin, Scott Hammond, Belinda Barnett, Robert Connolly, Antonia Hill, Wendy Norman, Kimberly Justice and Richard Rosenberg<br><br>Cc'd Beth Fuhrop and Regina Kedziora | E-mail with Attachment | (b)(5), (7)(A) | 05-071 and 080. E-mail transmitting changes to a portion of a draft declaration. The memorandum is exempt from disclosure pursuant to the deliberative process and attorney work-product prongs of (b)(5). Its release could impede the ongoing grand jury investigation and litigation. |
| 295 | ATR 2545-2595 (51 pages) | W | Mar. 2, 2004 | Robert Connolly, Antonia Hill, Wendy Norman, Kimberly Justice, Richard Rosenberg | U.S. District Court for the Eastern District of Pennsylvania | Pleading | (7)(A), (7)(C), (7)(D), (b)(3), and Fed. R. Crim. P. 6(e) | 05-080. Pleading filed under seal, in camera, and *ex parte* regarding potential action by the grand jury. **These documents are "not 'improperly' withheld." GTE Sylvania, Inc. v. Consumers Union, Inc., 445 U.S. 375, 387 (1980).** Document reveals grand jury testimony, confidential sources, and could reasonably be |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | ~~expected to constitute an unwarranted invasion of personal privacy. Disclosure would have an adverse effect on the ongoing grand jury investigation.~~ |
| ~~330~~ | ~~ATR-2186 (1)~~ | ~~W~~ | ~~3/11/04~~ | ~~Robert Connolly~~ | ~~Antonia Hill, Wendy Norman, Kimberly Justice, Richard Rosenberg and Beth Fuhrhop~~ | ~~E-mail~~ | ~~(b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R.Crim. P.~~ | ~~06-003. An internal e-mail from superior to staff reflecting certain aspects of the ongoing enforcement proceeding. It contains the names of third parties the release of which could reasonably be expected to invade their personal privacy and could subject those parties to unnecessary public scrutiny. It summarizes a phone conversation with the attorney for a grand jury subpoena recipient. The e-mail was prepared in anticipation of litigation and reflects Division staff attorney work-product. The e-mail also contains the names of confidential~~ |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | sources. The document is withheld pursuant to the deliberative process privilege because it reflects the thoughts and opinion of the superior and its disclosure could impede the flow of information among Division staff. compiled for law enforcement purposes. Its release could adversely affect the ongoing proceeding because it could reveal the direction of the investigation. |
| 84 | ATR-524-525 (2) | W | 3/22/04 | Gina Talamona | R. Hewitt Pate, Scott Hammond, James Griffin, Gloria Jenkins, Belinda Barnett, Nellie Pittman | E-mail | (b)(5) and (7)(A) | 05-131. Internal e-mail ATR staff on draft materials relating to an ongoing enforcement proceeding and seeks advice from superior. It is exempt from disclosure under the attorney work-product and deliberative process privileges. Release could reasonably be expected to interfere with the ongoing proceeding. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | (DAAG paralegal), Luke Macaulay (DOJ Press Asst), Mark Corallo (DOJ Director of Public Affairs), and Monica Goodling (Deputy Director FOJ Public Affairs Office) | | | |
| 169 | ATR 932-940 (9) | W | 3/22/04 | Robert Connolly | Antonia Hill, Wendy Norman, Kimberly Justice and Richard Rosenberg | E-mail with Presentation Notes | (b)(5), (7)(A) and (7)(C) | 05-071 and 080. E-mail transmitting draft argument proposals for use in litigation, exempt from release pursuant to the work-product privilege prong of (b)(5). Its disclosure could have an adverse effect on the ongoing grand jury investigation and litigation and could interfere with the privacy of third parties. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| 86 | ATR-528 (1) | W | 3/22/04 | Gina Talamona | Gina Talamona, Hewitt R. Pate, Scott Hammond, James Griffin, Gloria Jenkins, Belinda Barnett, Nellie Pittman, Luke Macaulay, Mark Corallo and Monica Goodling | E-mail | (b)(5) and (7)(A) | 05-131. Internal e-mail reflecting the thoughts and recommendations of subordinates to superior concerning draft material that was compiled in anticipation of litigation. The information relates to ongoing enforcement proceedings and its release could reasonably be expected to interfere with that proceeding. It is exempt from disclosure under the attorney work-product and deliberative process privileges. |
| 101 | ATR-553 (1) | W | 3/22/04 | Robert Connolly | James Griffin, Scott Hammond, Belinda Barnett, Antonia Hill, Wendy Norman, Richard Rosenberg and Kimberly | E-mail | (b)(5) | 05-131. Internal e-mail communication between staff advising of certain developments in the investigation, withheld pursuant to the attorney work-product privilege. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | ~~Justice~~ | | | |
| ~~120~~ | ~~ATR-588-589 (2)~~ | ~~W~~ | ~~3/23/04~~ | ~~Robert Connolly~~ | ~~Staff~~ | ~~E-mail~~ | ~~(b)(5) and (7)(A)~~ | ~~05-131. Internal e-mail reflecting staff briefing by superior reflecting certain information about important aspects of the ongoing investigation. Its disclosure could reveal the author's selection of information and could interfere with the ongoing enforcement proceeding.~~ |
| ~~240~~ | ~~ATR-2408 (1)~~ | ~~W~~ | ~~3/25/04~~ | ~~Robert Connolly~~ | ~~James Griffin, Scott Hammond, Belinda Barnett and Edward Hand~~  ~~Cc'd Antonia Hill, Wendy Norman, Kimberly Justice, Richard Rosenberg and Beth~~ | ~~E-mail~~ | ~~(b)(2), (b)(5), (7)(A), (7)(C) and (7)(D)~~ | ~~05-088 and 06-026. Internal e-mail communication reflecting a telephone call with confidential sources. It contains staff's thoughts and impressions involving activities relating to an ongoing investigation, and its disclosure would reasonably be expected to interfere with the ongoing enforcement proceedings.~~  **~~Documents are exempt pursuant to the efficient operations of government privilege because confidentiality of communications with foreign~~** |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | ~~Fuhrhop~~ | | | ~~authorities is vital to the Division's international anti-cartel enforcement program. Documents also reveal information relating to internal practices of the Division, disclosure of which would impede effectiveness of Division's international anti-cartel enforcement program by interfering with the confidentiality of the Division's communications with foreign enforcers.~~ |
| | ~~ATR 2409 (1)~~ | ~~W~~ | ~~3/25/04~~ | ~~Scott Hammond~~ | ~~Robert Connolly, James Griffin, Belinda Barnett and Edward Hand~~<br><br>~~CC'd Antonia Hill, Wendy Norman, Kimberly Justice,~~ | ~~E-mail~~ | ~~(b)(2), (b)(5), (7)(A), (7)(C) and (7)(D)~~ | ~~05-088 and 06-026. The information reflected on this internal e-mail is identical to the information described in ATR 2410 below. It is, accordingly, withheld for the same reasons as stated below.~~ |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | Richard Rosenberg and Beth Fuhrhop | | | |
| 241 | ATR 2410 (1) | W | 3/25/04 | Robert Connolly | Scott Hammond, James Griffin, Belinda Barnett and Edward Hand <br><br> Cc'd Antonia Hill, Wendy Norman, Kimberly Justice, Richard Rosenberg and Beth Fuhrhop | E-mail | (b)(2), (b)(5), (7)(A), (7)(C) and (7)(D) | 05-088 and 06-026. The information reflected on this internal e-mail is identical to the information described in ATR 2410 below. It is, accordingly, withheld for the same reasons as stated below. Internal e-mail communication reflecting a telephone call with confidential sources. It contains staff's thoughts and impressions involving activities relating to an ongoing investigation. It also reflects superior's question to subordinate that relate to that ongoing investigation. Disclosure could reasonably be expected to interfere with ongoing enforcement proceedings. Documents are exempt pursuant to the efficient operations of government privilege because confidentiality of communications with foreign |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | authorities is vital to the Division's international anti-cartel enforcement program. Documents also reveal information relating to internal practices of the Division, disclosure of which would impede effectiveness of Division's international anti-cartel enforcement program by interfering with the confidentiality of the Division's communications with foreign enforcers. |
| 414 | ATR 2408 (1) | W | 3/25/04 | Robert Connolly | James Griffin, Scott Hammond, Belinda Barnett and Edward Hand  Cc: Antonia Hill, Wendy Norman, Kimberly Justice, Richard | E-mail | (b)(2), (b)(5), (7)(A), (7)(C) and (7)(D) | 05-088 and 06-026. Internal e-mail communication reflecting a telephone call with confidential sources. It contains staffs thoughts and impressions involving activities relating to an ongoing investigation, and its disclosure could reasonably be expected to interfere with the ongoing enforcement proceedings. Documents are exempt pursuant to the efficient operations of government privilege because confidentiality of communications with foreign |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | Rosenberg and Beth Fuhrhop | | | authorities is vital to the Division's international anti-cartel enforcement program. Documents also reveal information relating to internal practices of the Division, disclosure of which would impede effectiveness of the Division's international anti-cartel enforcement program by interfering with the confidentiality of the Division's communications with foreign enforcers. |
| 415 | ATR 2409 (1) | W | 3/25/04 | Scott Hammond | Robert Connolly, James Griffin, Belinda Barnett and Edward Hand<br><br>Cc: Antonia Hill, Wendy Norman, Kimberly Justice, Richard | E-mail | (b)(2), (b)(5), (7)(A), (7)(C) and (7)(D) | 05-088 and 06-026. Internal e-mail communication reflecting a telephone call with confidential sources. Its disclosure could constitute an unwarranted invasion of the source's privacy. It contains staff's thoughts and impressions involving activities relating to the ongoing investigation and is exempt pursuant to the deliberative process privilege. It also reflects superior's question to subordinate that relates to the ongoing investigation. Documents are exempt pursuant to the efficient |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | Rosenberg and Beth Fuhrhop | | | operations of government privilege because confidentiality of communications with foreign authorities is vital to the Division's international anti-cartel enforcement program. Documents also reveal information relating to internal practices of the Division, disclosure of which would impede effectiveness of the Division's international anti-cartel enforcement program by interfering with the confidentiality of the Division's communications with foreign enforcers. |
| 416 | ATR 2410 (1) | W | 3/25/04 | Robert Connolly | Scott Hammond, James Griffin, Belinda Barnett and Edward Hand Cc: Antonia Hill, Wendy Norman, | E-mail | (b)(2), (b)(5), (7)(A), (7)(C) (7)(D) and | 05-088 and 06-026. The information reflected on this internal e-mail is identical to the information described in ATR 2409 above. It is, accordingly, withheld for the same reasons as stated below. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | Kimberly Justice, Richard Rosenberg and Beth Fuhrhop | | | |
| 329 | ATR-2185 (1) | W | 3/29/04 | Robert Connolly | Antonia Hill, Wendy Norman, Kimberly Justice, Richard Rosenberg (all attorneys Philadelphia Field Office) and Beth Fuhrhop (secretary, Philadelphia Field Office) | E-mail | (b)(5), (7)(A), (7)(C) and (7)(D) | 06-003.  An internal e-mail from superior to staff summarizing a communication with a confidential source. The document reflects the opinion and thoughts of the superior and is withheld pursuant to that deliberative process privilege. Disclosure could reasonably be expected to interfere with an ongoing enforcement proceeding because it could reveal the direction of the Division's investigation. Disclosure of the individual's identity could reasonably be expected to constitute an unwarranted invasion of the individual's personal privacy. |
| 371 | ATR-2345 (1) | W | 3/29/04 | Scott Hammond | James Griffin and Belinda Barnett | E-mail | (b)(5) and (7)(A) | 06-019 and 06-038. An internal e-mail to a superior and a subordinate conveying advice about statement regarding leniency, withheld pursuant to the |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | deliberative process privilege. Its release could reasonably be expected to interfere with the ongoing grand jury investigation and litigation. |
| 389 | ATR-2375 (1) | W | 3/29/04 | Scott Hammond | James Griffin and Belinda Barnett | E-mail | (b)(5) and (7)(A) | 06-019 and 06-038. Internal e-mail reflecting suggestions to a superior and a subordinate conveying advice about a proposed answer to a possible question at a presentation. Its exempt pursuant to the deliberative process privilege. Its release could reasonably be expected to interfere with the ongoing grand jury investigation and litigation. |
| ~~172~~ | ~~ATR-964-977 (14)~~ | ~~W~~ | ~~3/30/04~~ | ~~Antonia Hill, Wendy Bostwick Norman and Richard Rosenberg~~ | ~~James Griffin~~ | ~~Memorandum~~ | ~~(b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P.~~ | ~~05-080. The memorandum contains staff's thoughts, analysis and recommendations to superiors concerning a proposed prosecution. It is exempt from disclosure for the reasons set for in ATR-949-963 above.~~ |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| 245 | ATR 2415-2416 (2) | W | 3/30/04 | Belinda Barnett | James Griffin | E-mail | (b)(2), (b)(5), (7)(A) and (7)(C) | 05-088 and 06-026. E-mail containing internal communications between staff and a communication from an official of a foreign government, which is an ICN member, to staff in connection with investigative assistance in the parcel tanker investigation. It reflects internal thoughts, suggestions and recommendations for responding to foreign official and are withheld pursuant to the deliberative process and attorney work-product privileges. The two governments are consultants to one another, communicate on investigative and policy issues pursuant to an understanding of confidentiality, and neither government has an interest adverse to the other. Name and e-mail address of foreign official are exempt from disclosure because their release would reasonably be expected to constitute an unwarranted invasion of personal privacy. **Documents are exempt pursuant to the efficient operations of** |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | government privilege because confidentiality of communications with foreign authorities is vital to the Division's international anti-cartel enforcement program. Documents also reveal information relating to internal practices of the Division, disclosure of which would impede effectiveness of Division's international anti-cartel enforcement program by interfering with the confidentiality of the Division's communications with foreign enforcers. |
| 246 | ATR 2417-2418 | W | 3/30/04 | Edward Hand | James Griffin Cc'd Scott Hammond and Belinda Barnett | E-mail | (b)(2), (b)(5), (7)(A) and (7)(C) | 05-088 and 06-026. E-mail containing internal communications between staff and a communication from official of foreign government, which is ICN member, to staff in connection with assistance in parcel tanker investigation. It reflects internal suggestions and recommendations for responding to foreign official, and are, withheld pursuant to the deliberative process and attorney |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | work-product privileges. The two governments are consultants to one another, communicate on investigative and policy issues pursuant to an understanding of confidentiality, and neither government has an interest adverse to the other. Documents are exempt pursuant to the efficient operations of government privilege because confidentiality of communications with foreign authorities is vital to the Division's international anti-cartel enforcement program. Documents also reveal information relating to internal practices of the Division, disclosure of which would impede effectiveness of Division's international anti-cartel enforcement program by interfering with the confidentiality of the Division's communications with foreign enforcers. Name and e-mail address of foreign official are exempt from disclosure because their release would reasonably |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | be expected to constitute an unwarranted invasion of personal privacy. |
| 420 | ATR 2415-2416 (2) | W | 3/30/04 | Belinda Barnett | James Griffin | E-mail | (b)(2), (b)(5), (7)(A) and (7)(C) | 05-088 and 06-026. E-mail containing internal communications between staff and a communication from an official of a foreign government which is an ICN member, to staff in connection with investigative assistance in the parcel tanker investigation. It reflects internal thoughts, suggestions and recommendations for responding to foreign official and is withheld pursuant to the deliberative process and attorney work-product privileges. The two governments are consultants to one another, communicate on investigative and policy issues pursuant to an understanding of confidentiality, and neither government has an interest adverse to the other. The name and email address of the |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | foreign official are exempt from disclosure because their release could reasonably be expected to constitute an unwarranted invasion of personal privacy.  **Documents are exempt pursuant to the efficient operations of government privilege because confidentiality of communications with foreign authorities is vital to the Division's international anti-cartel enforcement program.  Documents also reveal information relating to internal practices of the Division, disclosure of which would impede effectiveness of the Division's international anti-cartel enforcement program by interfering with the confidentiality of the Division's communications with foreign enforcers.** |
| 421 | ATR 2417-2418 | W | 3/30/04 | Edward Hand | James Griffin  Cc:  Scott Hammond and | E-mail | **(b)(2), (b)(5), (7)(A) (7)(C) And** | 05-088 and 06-026. E-mail containing internal communications between staff and a communication from an official of a foreign government |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | ~~Belinda Barnett~~ | | | ~~which is ICN member, to staff in connection with assistance in parcel tanker investigation. It reflects internal suggestions and recommendations for responding to foreign official, and is withheld pursuant to the deliberative process and attorney work-product privileges. The two governments are consultants to one another, communicate on investigative and policy issues pursuant to an understanding of confidentiality, and neither government has an interest adverse to the other. The name and email address of the foreign official are exempt from disclosure because their release could reasonably be expected to constitute an unwarranted invasion of personal privacy. **Documents are exempt pursuant to the efficient operations of government privilege because confidentiality of communications with foreign authorities is vital to the Division's international anti-cartel enforcement program.**~~ |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | Documents also reveal information relating to internal practices of the Division, disclosure of which would impede effectiveness of the Division's international anti-cartel enforcement program by interfering with the confidentiality of the Division's communications with foreign enforcers. |
| 244 | ATR 2413-2414 (2) | W | 4/1/04 | Edward Hand | Scott Hammond and Robert Connolly  Cc'd Maureen Casey, Antonia Hill, Wendy Norman, Kimberly Justice, Richard Rosenberg, James Griffin and Belinda Barnett | E-mail | (b)(2), (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Internal e-mail created in anticipation of litigation reflecting communications among staff. It contains staff's and superior's analysis, opinions and thought processes on legal, policy, and investigative issues associated with the ongoing investigation. Disclosure would reveal the identity of a subpoena recipient and contents of subpoenaed document, staff's thoughts and mental impressions, as well as inhibit frank and open discussions among staff. Documents are exempt pursuant to the efficient operations of government privilege because confidentiality |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | of communications with foreign authorities is vital to the Division's international anti-cartel enforcement program. Documents also reveal information relating to internal practices of the Division, disclosure of which would impede effectiveness of Division's international anti-cartel enforcement program by interfering with the confidentiality of the Division's communications with foreign enforcers. |
| 419 | ATR 2413-2414 (2) | W | 4/1/04 | Edward Hand | Scott Hammond and Robert Connolly<br><br>Cc: Maureen Casey, Antonia Hill, Wendy Norman, Kimberly Justice, Richard | E-mail | (b)(2), (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Internal e-mail created in anticipation of litigation reflecting communications among staff It contains staff's and superior's analysis, opinions and thought processes on legal, policy, and investigative issues associated with the ongoing investigation. Disclosure could reveal the identity of a subpoena recipient and contents of subpoenaed document, staff's thoughts and mental impressions, as well as inhibit frank and open discussions |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | ~~Rosenberg, James Griffin and Belinda Barnett~~ | | | ~~among staff. Documents are exempt pursuant to the efficient operations of government privilege because confidentiality of communications with foreign authorities is vital to the Division's international anti-cartel enforcement program. Documents also reveal information relating to internal practices of the Division, dislosure of which would impede effectiveness of the Division's international anti-cartel enforcement program by interfering with the confidentiality of the Division's communications with foreign enforcers.~~ |
| 83 | ATR-523 (1) | W | 4/15/04 | Gina Talamona | Robert Connolly, James Griffin, Scott Hammond, Belinda Barnett, Antonia Hill, R. Hewitt Pate, Gloria | E-mail | (b)(5) and (7)(A) | 05-131. Internal e-mail from subordinate reflecting advice and recommendations to superiors. It relates to an ongoing enforcement proceeding and its release could interfere with the ongoing proceeding. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | Jenkins (AAG Secretary) and Philadelphia Field Office staff | | | |
| 97 | ATR-548 (1) | W | 4/15/04 | James Griffin | Gina Talamona, Robert Connolly, Scott Hammond, Belinda Barnett, Antonia Hill, Hewitt R. Pate and Gloria Jenkins | E-mail | (b)(5) and (7)(A) | 05-131. Internal e-mail to and from superior and subordinate reflecting impressions, advice and thoughts on ongoing enforcement proceeding, **disclosure of which could reasonably be expected to interfere with the proceeding**. |
| ~~119~~ | ~~ATR-587 (1)~~ | ~~W~~ | ~~4/15/04~~ | ~~James Griffin~~ | ~~Gina Talamona, Robert Connolly, Scott Hammond, Belinda Barnett, Antonia Hill,~~ | ~~E-mail~~ | ~~(b)(5) and (7)(A)~~ | ~~05-131. Exchange of internal e-mail between superiors and subordinates relaying information, advice, and recommendation relating to the ongoing investigation, **disclosure of which could reasonably be expected to interfere with the ongoing criminal proceeding**.~~ |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | Hewitt R. Pate, Gloria Jenkins and Philadelphia Staff | | | |
| 287 | ATR 2508-2509 (2) | W | 4/16/04 | State Department | State Department and Natalie Merry Pathwick | E-mail | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Inter-agency communication regarding notification of proposed action in grand jury investigation to a foreign government, that is an ICN member. The U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Disclosure would reveal investigation activities covered by Rule 6(e) and would reasonably be expected to interfere with the ongoing enforcement proceeding. |
| 286 | ATR 2506-2507 (2) | W | 4/16/04 | State Department | State Department and Natalie Merry Pathwick | Cable | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Inter-agency communication regarding notification of proposed action in grand jury investigation to a foreign government, that is an ICN member. The U.S. and the foreign government are consultants to one |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Disclosure would reveal investigation activities covered by Rule 6(e) and would reasonably be expected to interfere with the ongoing enforcement proceeding. |
| 285 | ATR 2504–2505 (2) | W | 4/16/04 | Edward Hand | State Department | Letter | (b)(5), (7)(A), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Inter-agency communication regarding notification of proposed action in grand jury investigation to a foreign government, that is an ICN member. The U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Disclosure would reveal investigation activities covered by Rule 6(e) and would reasonably be expected to interfere with the ongoing enforcement proceeding. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| 462 | ATR-2504-2505 (2) | W | 4/16/04 | Edward Hand | State Department | Letter | (b)(5), (7)(A), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Inter-agency letter regarding notification of activity in grand jury investigation to ICN member foreign governments. Exemption 5 applies to these communications because the U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Disclosure could reasonably be expected to interfere with U.S. relations with the governments and could reasonably be expected to interfere with the ongoing grand jury investigation. |
| 463 | ATR 2506-2507 (2) | W | 4/16/04 | State Department | State Department and Natalie Merry Pathwick | Cable | (b)(5), (7)(A), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Inter-agency cable regarding notification of activity in grand jury investigation to ICN member foreign government. Exemption 5 applies to these communications because the U.S. and the foreign government are consultants to one another, communicate on investigative |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Disclosure could reasonably be expected to interfere with U.S. relations with the government and could reasonably be expected to interfere with the ongoing grand jury investigation. |
| 464 | ATR 2508-2509 (2) | W | 4/16/04 | State Department | State Department and Natalie Merry Pathwick | E-mail | (b)(5), (7)(A), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Inter-agency e-mail regarding notification of activity in grand jury investigation to ICN member foreign government. Exemption 5 applies to these communications because the U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Disclosure could reasonably be expected to interfere with U.S. relations with the government and could reasonably be expected to interfere with the ongoing grand jury investigation. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| 358 | ATR-2251 (1) | W | 4/20/04 | Antonia Hill | Withheld | E-mail | (7)(A), (7)(C), (7)(D), (b)(3), and Fed. R. Crim. P. 6(e) | 06-003. E-mail. Duplicate of ATR-2237-38, but for the tracking information. The e-mail consists of communications between staff and attorney for a confidential source and discusses the need for grand jury testimony. It includes names of individuals whose privacy could be invaded by release of document. Disclosure could impede the ongoing grand jury investigation. |
| 509 | ATR-**4187** (1)  **(Previously Bates ATR-2736)** | W | 4/22/04 | Robert Connolly | Antonia Hill, Wendy Norman, Kimberly Justice and Richard Rosenberg  Cc: Regina Kedziora | E-mail | (b)(5), (7)(A), (7)(C) and (7)(D) | 06-040. Internal e-mail from superior to subordinates reflecting his discussion with an outside party. It is withheld pursuant to the deliberative process privilege because its disclosure could interfere with frank and open discussions among staff. It contains the identity of a confidential source of information. Release could also reasonably be expected to constitute an unwarranted invasion of the party's personal privacy and could interfere with the ongoing enforcement proceeding by |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | revealing the direction of the ongoing investigation. |
| ~~332~~ | ~~ATR-2188 (1)~~ | ~~W~~ | ~~4/23/04~~ | ~~Robert Connolly~~ | ~~Richard Rosenberg~~ | ~~E-mails~~ | ~~(b)(5), (7)(A), (7)(C) and (7)(D)~~ | ~~06-003. Internal e-mails from superior to staff reflecting developments in ongoing investigation. It also summarizes a communication with a confidential source. The document is withheld in its entirety because it was prepared in anticipation of litigation and its release could also inhibit frank and open discussions among staff. It is exempt pursuant to the attorney work-product and the deliberative process privileges. It is also withheld because its disclosure could interfere with an ongoing grand jury investigation and case by revealing the direction and strategies of the investigation. The identities of third parties are exempt because release could reasonably be expected to constitute an unwarranted invasion of personal privacy and could~~ |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | reveal the identity of a confidential source. |
| 352 | ATR-2236-2238 (3) | W | 4/26/04 | Antonia Hill | Withheld Cc: Robert Connolly, Wendy Norman and Richard Rosenberg | E-mails | (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 06-003. E-mail communications between staff and attorney for confidential source, the disclosure of which could impede the ongoing grand jury investigation. It discusses information to be presented to the grand jury and includes names of individuals whose privacy could invaded by release of document. |
| 353 | ATR-2239-2241 (3) | W | 4/26/04 | Withheld | Antonia Hill, Richard Rosenberg, Robert Connolly and Wendy Norman | E-mails | (7)(A), (7)(C), (7)(D), (b)(3), and Fed. R. Crim. P. 6(e) | 06-003. E-mails consisting of the text of ATR-2236-2238 and withheld for the same reasons described therein. An additional portion of the e-mail relates to information to be presented to grand jury. Its disclosure could impede the ongoing grand jury investigation. It includes names of confidential sources and individuals whose privacy could invaded by release of document. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| 354 | ATR-2242-2245 (4) | W | 4/26/04 | Antonia Hill | Withheld<br><br>Cc: Robert Connolly, Wendy Norman and Richard Rosenberg | E-mail | (7)(A), (7)(C), (7)(D), (b)(3) and Fed. R. Crim. P. 6(e) | 06-003. Duplicate of ATR-2236-2238, except that it is in larger font, was printed by a different staff member, and does not include tracking information. Withheld for same reasons as noted above for ATR-2236-2238. |
| 151 | ATR-729-732 (4) | W | 4/27/04 | Scott Hammond | Leslie Overton and R. Hewitt Pate | Memorandum with Attached Routing Slip | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-080. Draft recommendation from subordinate seeking approval from superiors. It reflects certain facts, opinions and background material relating to an ongoing investigation. It also contains the identities of grand jury subpoena recipients as well as witnesses who testified before a federal grand jury. It is pre-decisional and was created in anticipation of litigation. **Disclosure could reasonably be expected to interfere with the ongoing proceeding.** |
| 491 | ATR-4142-4158 (17)<br><br>(Previously Bates ATR- | W | 5/xx/04 | Robert Connolly | Honorable Jed S. Rakoff, United States District Judge | Letter | (b)(5) | 06-040. A draft cover letter to the court enclosing draft courtesy copies of a draft motion, memorandum of law and order. The documents were created in anticipation of litigation and are exempt pursuant to the attorney |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | 2691 – 2707) | | | | | | | work-product privilege. |
| 337 | ATR-2193 | W | 5/6/04 | Robert Connolly | Antonia Hill, Wendy Norman, Kimberly Justice and Richard Rosenberg | E-mails | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 06-003. Exchange of internal e-mails between subordinate and a superior about a confidential source and information that could be presented to the grand jury. Disclosure could reasonably be expected to constitute an unreasonable invasion of the privacy of identified individuals. Staff's communications reveal their thoughts and opinions and their release could inhibit the flow of Division communications. They are, accordingly, exempt from disclosure pursuant to the deliberative process privilege. In addition, the e-mails were prepared in anticipation of litigation and exempt pursuant to the attorney work-product privilege. Disclosure could also reveal the direction and strategies of the ongoing grand jury investigation and litigation. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| 481 | ATR-**4069-4070** (2) **(Previously Bates ATR-**2618-26l9) | W | 5/10/04 | Robert Connolly | Withheld | Letter | (b)(7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 06-040. A letter concerning a subpoena and the ongoing grand jury investigation. It's disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy and identity a grand jury witness. |
| 89 | ATR-532-533 (2) | W | 5/11/04 | John Powers | Robert Connolly, James Griffin, Scott Hammond, Belinda Barnett, Antonia Hill, Wendy Norman, Kimberly Justice and Richard Rosenberg | E-mail | (b)(5), (7)(A) and (7)(C) | 05-131. Internal e-mail exchange among ATR staff reflecting their thoughts, comments, and recommendations about draft document and a matter in litigation that are protected by the deliberative process privilege. Its release could be expected to interfere with an ongoing enforcement proceeding. Contains the names of third parties the disclosure of which could invade their privacy. |
| 477 | ATR-**4062-4064** (3) **(Previously Bates ATR-**2611- | W | 5/13/04 | Withheld | Robert Connolly | Letter | (b)(7)(C) and (7)(D) | 06-040. Disclosure of the document could invade the sender's individual privacy and the identity of a confident source of information. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | 2613) | | | | | | | |
| 149 | ATR-710-723 (14) | W | 5/14/04 | Antonia R. Hill, Wendy Bostwick Norman, Richard Rosenberg and Robert Connolly | James M. Griffin and Scott Hammond | Memorandum | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-080. Draft recommendation memorandum from subordinates to superior created in anticipation of litigation and regarding proposed action by the grand jury. It is withheld pursuant to the attorney work-product and deliberative process privileges because the recommendations are pre-decisional and release would reveal staff's thought processes, opinions, analysis of selected facts and evidence and the direction of the grand jury. It contains the names of third parties interviewed, the identities of individuals appearing before a grand jury as well as grand jury testimony and potential targets of the grand jury. It relates to an ongoing investigation and its disclosure could reasonably be expected to interfere with that proceeding. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| ~~171~~ | ~~ATR-949-963 (15)~~ | ~~W~~ | ~~5/14/04~~ | ~~Antonia Hill, Wendy Bostwick Norman and Richard Rosenberg~~ | ~~James Griffin and Scott Hammond~~ | ~~Memorandum~~ | ~~(b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P.~~ | ~~05-080. This memorandum contains staff's thoughts, analysis and recommendations to superiors proposing action by grand jury and is exempt from disclosure pursuant to the deliberative process and attorney work-product prongs of (b)(5). The memorandum also includes the identities of third parties whose privacy could be invaded by its release, as well as the identities of the confidential sources of information. Finally, release of the memo could adversely affect the ongoing grand jury investigation and litigation.~~ |
| 492 | ATR-**4159** (1)  **(Previously Bates ATR-2708)** | W | 5/17/04 | Wendy Norman | Robert Connolly, Beth Fuhrhop, Antonia Hill, Kimberly Justice and Richard Rosenberg | E-Mail | (b)(5), (7)(A), (7)(C) and (7)(D) | 06-040. Internal e-mail from subordinate to superior and staff. It is pre-decisional and seeks guidance on how to proceed with investigation. The names of third parties are withheld because their disclosure could reasonably be expected to invade their privacy and reveal the identity of a confidential source of information. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| 480 | ATR-**4068** (1) **(Previously Bates ATR-**2617) | W | 5/20/04 | Antonia Hill | Robert Connolly, Wendy Norman, Kimberly Justice and Richard Rosenberg | E-mail | (b)(7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 06-040. E-mail communication reflecting updates involving possible grand jury witness. Release could reveal the direction of an ongoing enforcement proceeding as well as a possible grand jury witness. |
| 483 | ATR-**4073-4076** (4) **(Previously Bates ATR-**2622-2625) | W | 5/20/04 | Withheld | Robert Connolly | Letter and attachment | (b)(7)(C) | 06-040. Letter and attachment concerning a subpoena. Its disclosure could invade the personal privacy of an individual. |
| ~~186~~ | ~~ATR-1134 (1)~~ | ~~W~~ | ~~5/23/04~~ | ~~Richard Rosenberg~~ | ~~Robert Connolly, Antonia Hill, Wendy Norman, Kimberly Justice~~ | ~~E-mail~~ | ~~(b)(5) and (7)(A)~~ | ~~05-071. E-mail among staff discussing suggestion for appellate pleading, exempt from disclosure pursuant to the attorney-work product privilege. Its release could impede the ongoing grand jury investigation and litigation.~~ |
| ~~293~~ | ~~ATR 2522-2524 (3)~~ | ~~W~~ | ~~5/26/04~~ | ~~U.S. District Court for the Eastern District of Pennsylvania~~ | ~~Clerk of Court of U.S. District Court for the Eastern District of~~ | ~~Order and related pleading~~ | ~~(7)(A), (b)(3) and Rule 6(e) of Fed. R. Crim. P.~~ | ~~05-088 and 06-026. Pleadings filed under seal and ex parte pursuant to Fed. R. Crim. P. 6(e) in ongoing grand jury investigation,~~ **the disclosure of which would reasonably be expected to** |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | Pennsylvania | | | interfere with the investigation. These documents are "not 'improperly' withheld." GTE Sylvania, Inc. v. Consumers Union, Inc., 445 U.S. 375, 387 (1980). Their disclosure of which could reasonably be expected to interfere with the ongoing investigation. |
| 470 | ATR-2522-2524 (3) | W | 5/26/04 | U.S. District Court for the Eastern District of Pennsylvania | N/A | Order and related pleading | (7)(A), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Pleadings filed under seal and *ex parte* pursuant to Fed. R. Crim. P.6(e) in ongoing grand jury investigation, the disclosure of which could reasonably be expected to interfere with the investigation. These documents are "not 'improperly' withheld." GTE Sylvania, Inc. v. Consumers Union, Inc., 445 U.S. 375, 387 (1980). Their disclosure of which could reasonably be expected to interfere with the ongoing investigation. |
| 117 | ATR-584-585 (2) | W | 6/2/04 | Jeffrey Parker | Joseph Muoio and Robert Connolly | E-mail | (b)(5) and (7)(A) | 05-131. Internal e-mail from subordinate to superiors transmitting article on which the sender had identified what he considers useful to the investigation, withheld pursuant to |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | the attorney work-product privilege. Disclosure could reveal the direction of the government's ongoing investigation and could impede the ongoing enforcement proceeding. |
| 118 | ATR-586 (1) | W | 6/2/04 | Jeffrey Parker | Joseph Muoio | E-mail | (b)(5) and (7)(A) | 05-131. Internal e-mail from subordinate to superiors transmitting article on which the sender identified information he selected as useful to the investigation, withheld pursuant to the attorney work-product privilege. Disclosure could reveal the direction of the investigation, and could be expected to impeded it. |
| 196 | ATR-1199-1204 (12) | W | June 3, 2004 | Richard Rosenberg | Not Specified | Declaration | (b)(5), (7)(A), (7)(C) and (7)(D) | 05-071 and 080. This draft Declaration is exempt from disclosure pursuant to the deliberative process and attorney work-product privileges of (b)(5). Its disclosure could invade an individual's privacy and identify a confidential source of information. In addition, its release could adversely affect the ongoing grand jury investigation and litigation. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| 185 | ATR-1126-1133 (8) | W | 6/7/04 | Valerie Quinn, legal intern Philadelphia Office | Robert Connolly | Memorandum | (b)(5) and (7)(A) | 05-080. This memorandum is an analysis of a legal issue related to the grand jury investigation and litigation. It is exempt from disclosure pursuant to the deliberative process and attorney work product privileges. Its release could impede the ongoing grand jury investigation and litigation. |
| 114 | ATR-578-579 (2) | W | 6/28/04 | Jeffrey Parker | Kimberly Justice | E-mail | (b)(3), (5) and (7)(A) | 05-131. Internal e-mail among staff reflecting their selection of facts important to the ongoing litigation. Disclose could harm the ongoing investigation. **Disclosure would also reveal information protected from disclosure by statute, which leaves no discretion on non-disclosure.** |
| 115 | ATR-580-581 (2) | W | 6/28/04 | Antonia Hill | Jeffrey Parker, Robert Connolly, Wendy Norman, Richard Rosenberg, Melissa Lenzi, Shaan Chima, Beth | E-mail | (b)(3), (b)(5) and (7)(A) | 05-131. Internal e-mail among staff reflecting their selection of facts important to the ongoing investigation, **disclosure of which could reasonably be expected to interfere with the ongoing proceeding.** Finally, disclosure could reveal information protected from release by another statute. The latter does not provide for discretionary release. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | Fuhrhop (Philadelphia FO secretary) and Joseph Muoio | | | |
| ~~116~~ | ~~ATR-582-583 (2)~~ | ~~W~~ | ~~6/28/04~~ | ~~Antonia Hill~~ | ~~Jeffrey Parker, Robert Connolly, Wendy Norman, Richard Rosenberg, Melissa Lenzi, Shaan Chima, Beth Fuhrhop and Joseph Muoio~~ | ~~E-mail~~ | ~~(b)(3), (b)(5) and (7)(A)~~ | ~~05-131. Same as ATR-580-581, but does not include information tracking receipt of e-mail.~~ |
| 484 | ATR-**4077-4132** (56) **(Previously Bates ATR-**2626-2681) | W | 6/28/04 | Antonia Hill | Robert Connolly, Wendy Norman, Kimberly Justice and Richard Rosenberg<br><br>Cc: Joseph Muoio, | E-mail | (b)(7)(A), (7)(C) and (7)(D) | 06-040. An e-mail with attachment from a confidential source of information. Disclosure could reveal the direction of the ongoing grand jury investigation and litigation as well as the identity of confidential source. Disclosure of the party's identity could reasonably be expected to constitute an unwarranted invasion of personal privacy because it |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | Jeffrey Parker and Beth Fuhrhop | | | could subject the party to public scrutiny. |
| 487 | ATR-4137 (1) (Previously Bates ATR-2686) | W | 6/28/04 | Antonia Hill | Robert Connolly, Wendy Norman, Kimberly Justice and Richard Rosenberg Cc: Joseph Muoio, Jeffrey Parker and Beth Fuhrhop | E-mail | (b)(3), (5), (7)(A), (7)(C) and (7)(D) | 06-040. Internal e-mail advising staff of her communication with a confidential source with and expectation of privacy. Disclosure of the person's identity could also reasonably be expected to constitute an unwarranted invasion of personal privacy. It contains staff's thoughts and impressions and is, accordingly, withheld pursuant to the deliberative process and attorney work-product privileges. Its disclosure could reasonably be expected to interfere with the ongoing grand jury investigation and litigation because it could reveal the direction of that investigation. Disclosure would also reveal information exempt from disclosure by statute, which does not provide for discretionary release. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| 499 | ATR-**4169** (1) **(Previousl y Bates ATR-** 2718) | W | 6/28/04 | Antonia Hill | Robert Connolly, Wendy Norman, Kimberly Justice and Richard Rosenberg Cc: Joseph Muoio, Jeffrey Parker and Beth Fuhrhup | E-mail | (7)(A), (7)(C) and (7)(D) | 06-040. Internal staff e-mail forwarding information to superior and staff that was submitted by a confidential source. Disclosure could reasonably be expected to interfere with ongoing enforcement proceedings because it could reveal the direction of the investigation. |
| ~~504~~ | ~~ATR-4174-4175~~ ~~(2)~~ ~~(Previousl y Bates ATR-2723-2724)~~ | ~~W~~ | ~~6/28/04~~ | ~~Antonia Hill~~ | ~~Jeffrey Parker, Robert Connolly, Wendy Norman and Richard Rosenberg~~ ~~Cc: Melissa Lenzi, Shaan Chima, Beth Fuhrhop and Joseph Muoio~~ | ~~E-mail~~ | ~~(b)(5), (7)(A), (7)(C) and (7)(D)~~ | ~~06-040. Internal e-mail communications between staff. It reflects information compiled in anticipation of litigation and is pre-decisional. It is, accordingly, withheld pursuant to the deliberative process and attorney-work-product privileges because release could inhibit the flow of ideas and open discussions among staff. Disclosure could reasonably be expected to interfere with ongoing enforcement~~ |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | ~~proceeding because it could reveal the direction of the investigation. It also reflects the name of a confidentiality source.~~ |
| 485 | ATR-**4133-4134** (2) **(Previously Bates ATR-**2682-2683) | W | 6/29/04 | Antonia Hill | Beth Fuhrhop | E-mail | (b)(7)(A), (7)(C) and (7)(D) | 06-040. An e-mail discussing information provided by a confidential source. Disclosure could reveal the direction of an ongoing grand jury investigation and litigation as well as the identity of a confidential source of information. Disclosure could also be expected to constitute an invasion of the person's personal privacy. |
| 486 | ATR-**4135-4136** (2) **(Previously Bates ATR**2684-2685) | W | 6/29/04 | Antonia Hill | Beth Fuhrhop | E-mail | (b)(7)(A), (7)(C) and (7)(D) | 06-040. An e-mail discussing information provided by a confidential source. Disclosure could reveal the direction of an ongoing investigation as well as the identity of a confidential source. Disclosure of the person's identity could also reasonably be expected to constitute an unwarranted invasion of personal privacy. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| ~~257~~ | ~~ATR 2448-2449 (2)~~ | ~~W~~ | ~~7/1/04~~ | ~~Anne Purcell White~~ | ~~State Department~~ | ~~Letter~~ | ~~(b)(5), (7)(A), (b)(3) and Rule 6(e) of Fed. R. Crim. P.~~ | ~~05-088 and 06-026. Inter-agency communication regarding notifications to foreign governments that are ICN members regarding grand jury investigation and subpoena service. The U.S. and the foreign governments are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and the foreign governments do not have interests adverse to the U.S. Disclosure would reveal investigation activities covered by Rule 6(e) and would reasonably be expected to interfere with the ongoing enforcement proceeding.~~ |
| ~~433~~ | ~~ATR 2448-2449 (2)~~ | ~~W~~ | ~~7/1/04~~ | ~~Anne Purcell White~~ | ~~State Department~~ | ~~Letter~~ | ~~(b)(5), (7)(A), (b)(3) and Rule 6(e) of Fed. R. Crim. P.~~ | ~~05-088 and 06-026. Inter-agency communication regarding notifications to ICN member foreign governments concerning the ongoing grand jury investigation and the service of grand jury subpoenas. (The notifications are not enclosed.) The U.S. and the foreign governments are consultants to one another,~~ |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | communicate on investigative issues with an understanding of confidentiality, and the foreign governments do not have interests adverse to the U.S. The letter was prepared in anticipation of litigation and is exempt from disclosure pursuant to the attorney work-product privilege. Disclosure could reasonably be expected to interfere with the ongoing enforcement proceeding and adversely affect the relations with foreign governments. |
| 495 | ATR-4164 (1) (Previously Bates ATR-2713) | W | 7/1/04 | Robert Connolly | Antonia Hill, Wendy Norman, Kimberly Justice, and Richard Rosenberg Cc: Joseph Muoio, Jeffrey Parker and Beth | E-mail | (b)(5), (7)(A), (7)(C), (7)(D) and (b)(3) | 06-040. Internal e-mail from superior to staff discussing issues and relaying information regarding the ongoing enforcement proceeding. It is withheld pursuant to the attorney work-product privilege because it sets forth selected information considered important to the ongoing litigation. Its disclosure could identify a confidential source and reveal the information provided by the source. Disclosure of the names of |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | Fuhrhop | | | third parties' mentioned in the e-mail could reasonably be expected to constitute an unwarranted invasion of their personal privacy and could subject them to unnecessary scrutiny and harassment. Finally, certain information is withheld pursuant to a statute that does not provide for discretionary release. |
| 253 | ATR 2432-2438 (7) | W | 7/15/04 | Evan Maher | State Department | Fax with Transmission Results and Attached letter | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Inter-agency communication with attached notification for foreign government, which is ICN member, regarding subpoena service. The U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Disclosure would reveal investigation activities and enforcement activities involving companies and individuals covered by Rule 6(e) and would reasonably be expected to interfere with the ongoing enforcement proceeding. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | Disclosure cold reasonably be expected to invade the privacy of referenced individuals. |
| 255 | ATR 2442-2444 (3) | W | 7/15/04 | Anne Purcell White | State Department | Letter | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Inter-agency communication, with attached notification for foreign government, which is ICN member, concerning grand jury subpoena service. The U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Disclosure would reveal investigation activities involving companies and individuals covered by Rule 6(e) and would reasonably be expected to interfere with the ongoing enforcement proceeding. |
| 256 | ATR 2445-2447 (3) | W | 7/15/04 | Anne Purcell White | State Department | Letter | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. | 05-088 and 06-026. Inter-agency communication with attached notification for a foreign government, which is an ICN member, concerning grand jury subpoena service. The U.S. and the |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | ~~Crim. P.~~ | ~~foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Disclosure would reveal investigation activities involving companies and individuals covered by Rule 6(e) and would reasonably be expected to interfere with the ongoing enforcement proceeding.~~ |
| ~~258~~ | ~~ATR 2450-2452 (3)~~ | ~~W~~ | ~~7/15/04~~ | ~~Anne Pureell White~~ | ~~State Department~~ | ~~Letter~~ | ~~(b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P.~~ | ~~05-088 and 06-026. Inter-agency communication with attached notification for a foreign government, which is an ICN member, concerning grand jury subpoena service. The U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Disclosure would reveal investigation activities involving companies and individuals covered by Rule 6(e) and would reasonably be expected to interfere with the~~ |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | ongoing enforcement proceeding. |
| 259 | ATR 2453-2454 (2) | W | 7/15/04 | Evan Maher | State Department | Fax with Attached Transmission Results | (b)(5), and (7)(A), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Fax communication regarding subpoena service notification to a foreign government, which is an ICN member. The U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Disclosure would reveal investigation activities covered by Rule 6(e). Disclosure could have an adverse effect on relations with that government and could reasonably be expected to interfere with the ongoing enforcement proceeding. The fax indicates that there were four pages. However, two pages are missing. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| 261 | ATR 2456-2457 (2) | W | 7/15/04 | Evan Maher | State Department | Fax with Attached Transmission Results | (b)(5), and (7)(A), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Inter-agency communication regarding grand jury investigation and subpoena service notification for foreign government that is ICN member. The U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. The fax indicates that there were four pages. However, two pages are missing. Disclosure could reveal the identity of government to which notification sent, could have an adverse effect on relations with that government and would reveal investigation activities covered by Rule 6(e) and could reasonably be expected to interfere with the ongoing enforcement proceeding. |
| | ATR 2460-2461 (2) | W | 7/15/04 | Evan Maher | State Department | Fax with Attached Transmission Results | (b)(5) and (7)(A) | 05-088 and 06-026. Inter-agency communication regarding notification to foreign government that is ICN member regarding service of grand jury |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | subpoenas. The U.S. and foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Disclosure could reveal the identity of government to which notification sent, could have an adverse effect on relations with that government and could reasonably be expected to interfere with the ongoing enforcement proceeding. |
| 429 | ATR 2432-2438 (7) | W | 7/15/04 | Evan Maher | United States Embassy | Fax | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Inter-agency communication with attached notification advising an ICN member foreign government about the ongoing grand jury investigation and identifying companies that have been, or may in the future be, served grand jury subpoena(s). The notification, which was prepared in anticipation of |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | litigation, is an inter-agency communication qualifying for exemption pursuant to the attorney work-product privilege because the U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Release could identify companies subject to the grand jury investigation. Disclosure could also reasonably be expected to interfere with the ongoing enforcement proceeding **and invade the privacy of referenced individuals.** |
| 431 | ATR 2442-2444 (3) | W | 7/15/04 | Anne Purcell White | United States Embassy | Letter | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. | 05-088 and 06-026. Inter-agency communication with attached notification to an ICN member foreign government concerning the ongoing |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | ~~Crim P.~~ | ~~grand jury investigation and identifying a company under investigation that has been, and may in the future be, served grand jury subpoenas. The notification, which was prepared in anticipation of litigation, is an inter-agency communication qualifying for exemption pursuant to the attorney work-product privilege because the U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Disclosure could reasonably be expected to interfere with relations with that country and with the ongoing enforcement proceeding. Disclosure~~ |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | could reasonably be expected to invade the privacy of the individual receiving the notification. |
| 432 | ATR 2445-2447 (3) | W | 7/15/04 | Anne Purcell White | United States Embassy | Letter | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Inter-agency communication with attached notification to an ICN member foreign government concerning the ongoing grand jury investigation and identifying companies under investigation that have been, and may in the future be, served grand jury subpoenas. The notification, which was prepared in anticipation of litigation, is an inter agency communication qualifying for exemption pursuant to the attorney work-product privilege because the U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | ~~confidentiality, and neither government has an interest adverse to the other. Disclosure could reasonably be expected to interfere with the ongoing enforcement proceeding. Disclosure could reasonably be expected to invade the privacy of the individuals receiving the notification.~~ |
| ~~434~~ | ~~ATR 2450-2452 (3)~~ | ~~W~~ | ~~7/15/04~~ | ~~Anne Purcell White~~ | ~~United States Embassy~~ | ~~Letter~~ | ~~(b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P.~~ | ~~05-088 and 06-026. Inter-agency communication with an attached notification to an ICN member foreign government concerning the ongoing grand jury investigation and identifying companies that are under investigation and have, and may in the future, be served grand jury subpoenas. The notification, which was prepared in anticipation of litigation, is an inter agency~~ communication qualifying for |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | exemption pursuant to the attorney work-product privilege because the U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Disclosure could reasonably be expected to interfere with the ongoing enforcement proceeding. Disclosure could reasonably be expected to invade the privacy of the individual receiving the notification. |
| 435 | ATR 2453-2554 (2) | W | 7/15/04 | Evan Maher | United States Embassy | Fax | (b)(5), and (7)(A), | 05-088 and 06-026. Fax communication about a notification to an ICN member foreign government. (No notification is attached.) Disclosure could reveal the identity of the country to which the notification was directed and could |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | have an adverse effect on relations with that country. It could also have an adverse effect on the ongoing grand jury investigation. |
| 437 | ATR 2456-2457 (2) | W | 7/15/04 | Evan Maher | United States Embassy | Fax | (b)(5) and (7)(A) | 05-088 and 06-026. Fax communication about a notification to an ICN member foreign government. (No notification is attached.) Disclosure could reveal the identity of the country to which the notification was directed and could have an adverse effect on relations with that country. It could also have an adverse effect on the ongoing grand jury investigation. |
| 439 | ATR 2460-2461 (2) | W | 7/15/04 | Evan Maher | United States Embassy | Fax | (b)(5) and (7)(A) | 05-088 and 06-026. Fax communication about a notification to an ICN member foreign government. (No notification is attached.) Disclosure could reveal the identity of the country to which the notification was directed and could have an adverse effect on relations with that country. It could |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | also have an adverse effect on the ongoing grand jury investigation. |
| 252 | ATR 2431 (1) | W | 7/16/04 | State Department | Evan Maher, paralegal Antitrust Div Foreign Commerce Section | Fax | (b)(5), (7)(A), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Internal e-mail between staff seeking assistance from other staff members on legal and policy issues relating to leniency. It reflects staff's thought processes and opinions and is, accordingly, withheld pursuant to the attorney work-product and deliberative process privileges. Disclosure would reasonably be expected on interfere with the ongoing enforcement proceeding. Inter-agency communication reflecting notification for foreign government, which is ICN member, regarding grand jury subpoena service. The U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | government has an interest adverse to the other.  Disclosure would reveal investigation activities covered by Rule 6(3) and could reasonably be expected to interfere with the ongoing enforcement proceeding. |
| 254 | ATR 2439-2441 (3) | W | 7/16/04 | Anne Purcell White, Antitrust Div, Foreign Commerce Asst Chief | State Department | Letter | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Inter-agency communication, with attached notification for foreign government, which is ICN member, concerning grand jury investigation and subjects of the investigation. The U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Disclosure would reveal information relating to companies and individuals that is covered by Rule 6(e) and would reasonably be expected to interfere with the ongoing enforcement proceeding. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| 262 | ATR 2458-2459 (2) | W | 7/16/04 | Evan Maher | State Department | Fax with Attached Transmission Results | (b)(5), (7)(A), and (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Inter-agency communication regarding notification to a foreign government, which is an ICN member, concerning grand jury investigation and subjects of the investigation. The U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Disclosure could reveal the identity of government to which notification sent, could have an adverse effect on relations with that government and could would reveal information covered by Rule 6(e) and would reasonably be expected to interfere with the ongoing enforcement proceeding. |
| 428 | ATR 2431 (1) | W | 7/16/04 | State Department | Evan Maher, paralegal Antitrust Div Foreign Commerce Section | Fax | (b)(5), (7)(A), (b)(3) and Rule 6(e) of Fed. R. Crim. | 05-088 and 06-026. Inter-agency communication with attached statement (known as a "notification") advising an ICN member foreign government that identified companies have been, or |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | P. | may in the future be, served grand jury subpoena(s). The notification, which was prepared in anticipation of litigation, is an inter-agency communication qualifying for exemption pursuant to the attorney work-product privilege because the U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Release could identify companies subject to the grand jury investigation. Disclosure could also reasonably be expected to interfere with the ongoing enforcement proceeding. |
| 430 | ATR 2439-2441 (3) | W | 7/16/04 | Anne Purcell White, Assistant Chief, Foreign Commerce Section | State Department | Letter | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-088 and 06-026. Inter-agency communication with attached notification to an ICN member foreign government concerning the ongoing grand jury investigation and identifying companies that are under investigation. The notification, which was prepared in anticipation of litigation is an interagency communication |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | qualifying for exemption pursuant to the attorney work-product privilege because the U.S. and the foreign government are consultants to one another, communicate on investigative issues with an understanding of confidentiality, and neither government has an interest adverse to the other. Disclosure could reasonably be expected to interfere with the ongoing enforcement proceeding. Disclosure could reasonably be expected to invade the privacy of the individual receiving the notification. |
| 438 | ATR 2458-2459 (2) | W | 7/16/04 | Evan Maher | State Department | Fax | (b)(5) and (7)(A) | 05-088 and 06-026. Fax communication about a notification to an ICN member foreign government. (No notification is attached.) Disclosure could reveal the identity of the country to which the notification was directed and could have an adverse effect on relations with that country. It could also have an adverse effect on the ongoing grand jury investigation. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| 336 | ATR-2192 (1) | W | 9/21/04 | Robert Connolly | Antonia Hill, Wendy Norman, Richard Rosenberg and Beth Fuhrhop | E-mail | (b)(5), (7)(A), (7)(C) and (7)(D) | 06-003. Internal e-mail from superior to staff describing his communication with confidential source, the release of which could reasonably be expected to interfere with the ongoing enforcement proceeding and could reasonably be expected to constitute and invasion of the privacy of identified individuals. The e-mail was prepared in anticipation of litigation and is exempt pursuant to the work product privilege. |
| 490 | ATR-4141 (1)  (Previously Bates ATR-2690) | W | 11/19/04 | Robert Connolly | Antonia Hill, Wendy Norman, Kimberly Justice, Richard Rosenberg  Cc: Beth Fuhrhop | E-mail | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 06-040. Internal e-mail from superior to staff reflecting a conversation with and the identity of a confidential source of information and information provided by the source. Disclosure could reasonably be expected to interfere with the ongoing enforcement proceeding because it could reveal the direction of the grand jury investigation and litigation. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| ~~113~~ | ~~ATR-576-577 (2)~~ | ~~W~~ | ~~12/28/04~~ | ~~Jeffrey Parker~~ | ~~Robert Connolly, Wendy Norman, Antonia Hill, Kimberly Justice, Richard Rosenberg and Joseph Muoio~~ | ~~E-mail~~ | ~~(b)(5) and (b)(7)(A)~~ | ~~05-131. Internal e-mail communication from subordinate to superior forwarding certain facts and information associated with the ongoing investigation. It is withheld pursuant to the attorney work-product privilege. Release could reasonably be expected to interfere with the ongoing enforcement proceedings because it could show the direction of the investigation.~~ |
| 87 | ATR-529-530 (2) | W | 1/14/05 | Gina Talamona | Scott Hammond, Hewitt R. Pate, David Higbee (DAAG), Ann Olek and Belinda Barnett | E-mail | (b)(5), (7)(A) and (7)(C) | 05-131. Internal e-mail containing staff's recommendations and thoughts concerning a possible witness. It reflects information relating to an ongoing enforcement proceeding and its release could reasonably be expected to interfere with that proceeding. Contains the name of third party, the disclosure of which could invade the person's privacy. |
| ~~94~~ | ~~ATR-540-542 (3)~~ | ~~W~~ | ~~1/14/05~~ | ~~Scott Hammond~~ | ~~Belinda Barnett, Ann Olek, Nellie Pittman~~ | ~~E-mail with Attachment~~ | ~~(b)(5)~~ | ~~05-131. Internal e-mail reflecting staff's exchange of thoughts and recommendations regarding attached draft document. The draft was never made public. It is withheld from public disclosure~~ |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | because it constitutes attorney work-product and the deliberative process privilege of Division staff. |
| 183 | ATR-1116-1117 (2) | W | 1/14/05 | Belinda Barnett | Robert Nicholson, Scott Hammond, John Powers, Catherine O'Sullivan and John Fonte<br><br>Cc'd Robert Connolly, Wendy Norman and Antonia Hill | E-mail | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-071. E-mails among staff analyzing the decision in *Stolt-Nielsen v. U.S.*, E.D. Pa. (2005). It is exempt from disclosure pursuant to the deliberative process and attorney work-product prongs of (b)(5). Its disclosure could invade the privacy of certain individuals and have an adverse effect on the ongoing grand jury investigation and litigation. In addition, its describes grand jury testimony and, accordingly, its disclosure would violate Fed. R. Crim. P. 6(e). |
| 182 | ATR-1107-1115 (9) | W | 1/20/05 | Robert Connolly, Antonia Hill, Wendy Norman, Kimberly Justice, Richard Rosenberg | Scott Hammond | Memorandum | (b)(5), (7)(A), (7)(C), (b)(3), and Fed. R. Crim. P. 6(e) | 05-071. This draft memorandum discusses and analyses *Stolt-Nielsen v. U.S.*, E.D. Pa. (2005), and, accordingly, is exempt from disclosure pursuant to the deliberative process and attorney work-product prongs of (b)(5). Memo discusses grand jury testimony. Its disclosure could |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | invade the privacy of certain individuals and have an adverse effect on the ongoing grand jury investigation and litigation. |
| 370 | ATR-2344 (1) | W | 1/21/05 | Lisa Phelan | Ann Olek, Senior Counsel to DAAG Hammond, and Belinda Barnett Cc: Kevin Hart, Special Assistant to DAAG Hammond | E-mails | (b)(5) | 06-019 and 06-038. Internal e-mails among staff seeking and receiving guidance for upcoming presentation. Email reflects the thought processes of staff and is exempt pursuant to the deliberative process privilege. |
| 374 | ATR-2352 (1) | W | 1/21/05 | Ann Olek | Lisa Phelan and Belinda Barnett Cc: Kevin Hart | E-mails | (b)(5) and (7)(A) | 06-019 and 06-038. E-mail from subordinate seeking guidance regarding content of future presentations and replies of superior, reflecting their thoughts and opinions and is exempt pursuant to the deliberative process privilege. In addition, document's release could have an adverse effect on the ongoing |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | grand jury investigation and litigation. |
| 375 | ATR-2353 (1) | W | 1/24/05 | Lisa Phelan | Belinda Barnett<br><br>Cc: Kevin Hart, Ann Olek and Scott Hammond | E-mails | (b)(5) and (7)(A) | 06-019 and 06-038. Internal e-mails from subordinate seeking guidance from superiors about possible content of future presentation(s) and reply from one superior reflecting staff's thoughts and opinions. It is exempt pursuant to the deliberative process privilege. The document's release could have an adverse effect on the ongoing grand jury investigation and litigation. |
| ~~181~~ | ~~ATR-1105-1106 (2)~~ | ~~W~~ | ~~1/26/05~~ | ~~Robert Connolly~~ | ~~John Fonte and John Powers~~<br><br>~~Cc'd Antonia Hill, Wendy Norman, Kimberly Justice and Richard Rosenberg~~ | ~~E-mail~~ | ~~(b)(5), (7)(A)~~ | ~~05-071. E-mail analyzing and answering questions from staff. Its disclosure would reveal the author's selection of facts necessary to respond to inquiries and his thoughts about and analysis of that information. The document is, accordingly, exempt from disclosure pursuant to the deliberative process and attorney work-product prongs of (b)(5). Its disclosure could have an adverse~~ |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | effect on the ongoing grand jury investigation and litigation. |
| 180 | ATR-1081-1104 (24) | W | 1/27/05 | John Powers | Robert Connolly, Antonia Hill, Wendy Norman, Kimberly Justice and Richard Rosenberg

Cc'd John Fonte | E-mail and Attachment | (b)(5), (7)(A) and (7)(C) | 05-071 and 05-080. E-mail forwarding draft memorandum prepared for superiors recommending appeal of *Stolt-Nielsen v. U.S.*, E.D. Pa. (2005), exempt pursuant to the deliberative process and attorney-work product privileges. Its release could invade the privacy of named individuals and impede the ongoing grand jury investigation and litigation. |
| 44 | ATR-348-357 (10) | W | February 1, 2005 | Robert Connolly | Scott Hammond, Belinda Barnett, Antonia Hill, Wendy Norman, Richard Rosenberg and Kimberly Justice | E-mail and attachment | (b)(5), (7)(A) and (7)(C) | 05-072. Internal e-mail to superior and staff with attached draft memorandum relating to possible future speech. There is no evidence that the draft was used as a speech or made public in any other way. It reflects staff's deliberations and recommendations as well as its work-product. The draft also contains the names of third parties, some of whom may become |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | ~~witnesses. The release of their identities could invade their privacy and interfere with the ongoing enforcement proceeding.~~ |
| 520 | ATR-**4610** (1) **(Previously Bates ATR-** 3159) | W | 2/11/05 | Belinda Barnett | Ann Olek | E-mail | (b)(5) | 06-019 and 06-038. Internal e-mail regarding information to be used in an upcoming presentation. E-mail reflects the thought processes of staff and is exempt pursuant to the deliberative process privilege. |
| ~~72~~ | ~~ATR-485 (1)~~ | ~~W~~ | ~~3/02/05~~ | ~~Jeffrey Parker~~ | ~~Melissa Lenz, paralegal Philadelphia FO and Kimberly Justice, attorney Philadelphia FO~~ | ~~E-mail entitled "Stolt-Nielsen S.A. Announces Exercise of Stock Options and Sale of Shares by Primary Insiders"~~ | ~~(b)(5)~~ | ~~05-131. Internal e-mail communication between staff reflects staff's thoughts about news article and possible investigative avenues.~~ **~~It is withheld pursuant to the deliberative process and attorney work-product privileges.~~** |
| ~~184~~ | ~~ATR-1118-1125 (8)~~ | ~~W~~ | ~~3/7/05~~ | ~~Robert Connolly~~ | ~~Antonia Hill, Wendy Norman, Kimberly Justice and Richard Rosenberg~~ | ~~E-mail with Attachment~~ | ~~(b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P.~~ | ~~05-071. E-mail forwarding attached draft summary analysis regarding appeal of *Stolt-Nielsen v. U.S.*, E.D. Pa. (2005), is exempt from disclosure pursuant to the deliberative process and attorney-work product privileges. Document discusses subjects of~~ |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | the grand jury investigation. Disclosure could invade the privacy of certain individuals and impede the ongoing grand jury investigation and litigation. |
| 194 | ATR 1175-1181 (7) | W | 3/7/05 | Not Specified (Phi-staff) | Not Specified | Typed Notes | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-071. This portion of a draft memorandum contains factual and legal analysis of the decision in *Stolt-Nielsen v. U.S.*, E.D. Pa. (2005), and is exempt from disclosure pursuant to the deliberative process and attorney work-product prongs of (b)(5). Its disclosure could invade the privacy of certain individuals and have an adverse effect on the ongoing grand jury investigation and litigation. In addition, the memorandum discusses subjects of the investigation, and its release would violate F. R. Crim. P. 6(e). |
| | ATR 2429-2430 (2) | W | 4/14/05 | Scott Hammond | Ann O'Brien CC'd Belinda Barnett | E-Mail | (b)(5) and (7)(A) | 05-088 and 06-026. Internal e-mail between staff seeking assistance from other staff members on legal and policy issues relating to leniency. It reflects staff's thought processes and opinions and is, accordingly, withheld pursuant to the |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | attorney work-product and deliberative process privileges. Disclosure could reasonably be expected on interfere with the ongoing enforcement proceeding. |
| 427 | ATR 2429-2430 (2) | W | 4/14/05 | Scott Hammond | Ann OBrien, Cc: Belinda Barnett | E-mail | (b)(5) and (7)(A) | 05-088 and 06-026. Internal e-mail between staff seeking assistance from other staff members on legal and policy issues relating to leniency. It reflects staff's thought processes and opinions and is, accordingly, withheld pursuant to the deliberative process privilege. Disclosure could reasonably be expected on interfere with the ongoing enforcement proceeding. |
| 42 | ATR-343-3476 (4) | W | May 3, 2005 | Robert Connolly | Scott Hammond, Scott Watson, Chief Cleveland Field Office, Antitrust Division, James Ragsdale, paralegal to DAAG | E-mail with Attachment | (b)(5), (7)(A) and (7)(C) | 05-072. Internal e-mail transmitting an attached document consisting of information compiled for investigation and litigation that staff suggest may be useful in preparing a speech. The document reflects attorney work-product. The information also contains names of third parties, some of whom could become witnesses. The disclosure of their identities could be expected to constitute an |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | Hammond, Antonia Hill, Wendy Norman, Kimberly Justice, and Richard Rosenberg | | | invasion of personal privacy and interfere with the ongoing litigation. |
| 179 | ATR-1067-1080 (14) | W | 5/31/05 | Robert Connolly | Antonia Hill, Wendy Norman, Kimberly Justice and Richard Rosenberg | E-mail with Attachment | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3), and Fed. R. Crim. P. 6(e) | 05-071 and 080. E-mail and attached draft notes and analysis for possible use in future direct testimony, exempt pursuant to the deliberative process and attorney work-product privilege prongs of (b)(5). Discusses grand jury testimony and confidential source of information. Their release could adversely affect the privacy rights of some individuals discussed and could have an adverse effect on the ongoing grand jury investigation and litigation. |
| 488 | ATR-4138 (1)  (Previously Bates ATR-2687) | W | 6/08/05 | Robert Connolly | Antonia Hill, Wendy Norman, Kimberly Justice, Richard Rosenberg | E-mail | (b)(5), (7)(A), (7)(C) and (7)(D) | 06-040. Internal e-mail from superior to staff discussing issues relating to the ongoing enforcement proceeding. It is withheld pursuant to the deliberative process and attorney work-product privileges |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | Cc: Beth Fuhrhop | | | because it's pre-decisional and reflects superior's thoughts, mental impressions and recommendations. It also reflects a telephone call from a confidential source. Disclosure of the third party's identity could reasonably be expected to constitute an unwarranted invasion of personal privacy. |
| 110 | ATR-568-569 (2) | W | 7/20/05 | Kimberly Justice | Jeffrey Parker | E-mail | (b)(5), (7)(A) and (7)(C) | 05-131. Internal e-mail communication containing certain information associated with the ongoing investigation staff selected as of investigative interest. It reflects attorney work-product because it reveals their thought processes. It contains the names of third parties the release of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. |
| 111 | ATR-570-574 (5) | W | 7/22/05 | Robert Connolly | Potential Witness | E-mail | (b)(5), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. | 05-131. E-mail to potential grand jury witness describing the investigation and forwarding article. Disclosure of the email could constitute an unwarranted invasion of personal privacy, may |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | Crim. P. | reveal a confidential source, and could have an adverse effect on the ongoing proceeding. |
| 376 | ATR-2354-2355 (2) | W | 8/3/05 | John Ponte, attorney, Appellate Section | Belinda Barnett and Antonia Hill<br><br>Cc:  John Powers and Robert Connolly | E-mails | (b)(5) and (7)(A) | 06-019 and 06-038. Internal e-mails among staff seeking guidance for an upcoming speech being prepared for a superior. The e-mails are withheld in their entirety pursuant to the deliberative process privilege because they reflect staff's thoughts and opinions. Document's release could have an adverse effect on the ongoing grand jury investigation and litigation. |
| 377 | ATR-2356 (1) | W | 8/3/05 | Antonia Hill | Belinda Barnett, John Powers (Assistant Chief, Appellate Section), John Ponte and Robert | E-mails | (b)(5) and (7)(A) | 06-019 and 06-038. Internal e-mails seeking guidance for an upcoming speech being prepared for a superior. E-mails are exempt from disclosure pursuant to the deliberative process privilege because they seek staff's opinions and suggestions. The draft material reflects information relating to an ongoing grand jury investigation |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | Connolly | | | and litigation, and its release could reasonably be expected to interfere with those proceedings. There is no evidence that the document was made public. |
| 378 | ATR-2357-2359 (3) | W | 8/3/05 | Belinda Barnett | Robert Connolly and Antonia Hill<br><br>Cc: John Ponte and John Powers | E-mails | (b)(5) and (7)(A) | 06-019 and 06-038. Internal e-mails reflecting draft information compiled by staff for a presentation/speech being drafted for a superior's use at an upcoming ABA meeting. It includes the language described in document Bates No. ATR-2356 plus additional draft language for the same presentation. It is exempt from disclosure for the reasons set forth justifying the withholding of document Bates No. ATR-2356. |
| 379 | ATR-2360 (1) | W | 8/3/05 | John Powers | Belinda Barnett, John Ponte, Robert Connolly and Antonia Hill | E-mails | (b)(5) and (7)(A) | 06-019 and 06-038. Internal e-mails reflecting draft information compiled by staff for superior's possible use at an ABA annual meeting. Document is exempt from disclosure pursuant to the deliberative process privilege because it seeks and discusses staff's opinions and suggestions. The compiled material reflects |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | information relating to an ongoing grand jury investigation and litigation, and its release could reasonably be expected to interfere with those proceedings. |
| 380 | ATR-236l (1) | W | 8/3/05 | Belinda Barnett | Ann OBrien | E-mail | (b)(5) and (7)(A) | 06-019 and 06-038. Internal e-mails among staff seeking assistance for remarks being prepared for inclusion in presentation/speech by superior. Document is exempt from disclosure pursuant to the deliberative process privilege because it reflects the exchange of opinions and suggestions among staff. The information compiled relates to an ongoing grand jury investigation and litigation, and its release could reasonably be expected to interfere with those proceedings. |
| 381 | ATR-2362 (1) | W | 8/3/05 | Hill Wellford, Counsel to AAG | Belinda Barnett Cc: Ann OBrien | E-mail | (b)(5) and (7)(A) | 06-019 and 06-038. Internal e-mails reflecting thoughts and opinions concerning additions to the same upcoming speech/presentation by a superior described in document Bates No. ATR-2361. It is withheld for the |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | reasons set forth in the justification for document Bates No. ATR-236l. |
| 79 | ATR-516-517 (2) | W | 8/4/05 | Belinda Barnett | Scott Hammond, John Powers, Robert Connolly and Marc Siegal | E-mail | (b)(5) and (7)(A) | 05-131. Internal e-mail communications between staff and superiors which reflects internal Division deliberations and is, therefore, exempt from disclosure pursuant to the deliberative process privilege. The document's release could reveal information concerning the ongoing investigation and litigation. Its disclosure could interfere with that proceedings. |
| 104 | ATR-557-558 (2) | W | 8/4/05 | Scott Hammond | John Powers, Belinda Barnett, Robert Connolly, Marc Siegel and Donna Simms | E-mail | (b)(5) and (7)(A) | 05-131. Internal e-mail communications between staff reflecting staff's opinion and recommendation on how to proceed with ongoing investigation. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| 105 | ATR-559 (1) | W | 8/4/05 | Scott Hammond | Belinda Barnett, Robert Connolly, Marc Siegel and John Powers | E-mail | (b)(5) and (7)(A) | 05-131. Internal e-mail communications reflecting staff analysis and recommendation about responding to a telephone call. Its disclosure could interfere with an ongoing enforcement proceeding. |
| 106 | ATR-560-561 (2) | W | 8/4/05 | John Powers | Belinda Barnett, Scott Hammond, Robert Connolly, Marc Siegel, Donna Simms | E-mail | (b)(5) and (7)(A) | 05-131. Internal e-mail communications reflecting staff analysis and recommendation about responding to a telephone call. It's disclosure could interfere with an ongoing enforcement proceeding. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| 107 | ATR-562-563 (2) | W | 8/4/05 | John Powers | Belinda Barnett, Scott Hammond, Robert Connolly, Marc Siegel and Donna Simms | E-mail | (b)(5) and (7)(A) | 05-131. Internal e-mail between staff reflecting staff's opinion and recommendation about responding to a telephone call. Its disclosure could interfere with ongoing investigation. |
| ~~109~~ | ~~ATR-566-567 (2)~~ | ~~W~~ | 8/8/05 | ~~Jeffrey Parker~~ | ~~Laura Heiser, Melissa Lenzi~~ | ~~E-mail~~ | ~~(b)(5), (7)(A) and (7)(C)~~ | ~~05-131. Internal e-mail communication reflecting staff's research of certain facts connected with the ongoing investigation, withheld pursuant to the attorney work-product privilege. It also contains names of third parties, the release of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. Its disclosure could reveal the direction of the ongoing enforcement proceeding.~~ |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| 338 | ATR-2194 (1) | W | 8/8/05 | Antonia Hill | Robert Connolly, Richard Rosenberg, Beth Fuhrhop, Laura Heiser (attorney, Philadelphia Field Office), Kimberly A. Justice, Melissa Lenzi (paralegal, Philadelphia Field Office), Wendy Norman and Jeffrey Parker (attorney, Philadelphia Field Office) | E-mails | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 06-003. Internal e-mail communications among staff prepared in anticipation of litigation and reflecting staff's advice and opinions about the issuance of a grand jury subpoena to a named individual, withheld pursuant to the deliberative process privilege. The communications, which reflect staffs questions and opinions on how to proceed with the ongoing investigation, was prepared in anticipation of litigation and, accordingly, are exempt pursuant to the attorney work-product privilege. The e-mails contains the names of third parties and confidential sources. Their disclosure could invade the personal privacy of named individuals and identify confidential sources. Their disclosure could also interfere with ongoing grand jury investigation and litigation. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| 342 | ATR-2201-2202 (2) | W | 8/8/05 | Kimberly A. Justice | Jeffrey Parker | E-mails | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 06-003. Internal (running) e-mail communications among staff. A portion of this e-mail contains identical information as described in ATR-2194-2200. It is, accordingly, withheld for the same reasons. The additional material is staff's reply which reflects their opinions and information compiled by subordinate for superiors in anticipation of litigation during the course of the ongoing investigation. That portion of the e-mail is exempt from public disclosure pursuant to the attorney work-product privilege. The disclosure of the additional material could also interfere with ongoing enforcement proceedings by revealing the direction and strategy of the investigation. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| 343 | ATR-2203 (1) | W | 8/8/05 | Jeffery Parker | Kimberly A. Justice | E-mails | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 06-003. Internal (running) e-mail communications among staff. These e-mails are duplicates of e-mails contained within ATR-2201-2202. E-mails were prepared in anticipation of litigation reflecting staffs deliberative processes and attorney work-product. E-mails contain staff's advice and opinions about the issuance of a grand jury subpoena to a named individual. The communications reflect staff's questions and opinions on how to proceed with the ongoing investigation. It also contains the names of third parties and confidential sources. Its disclosure could interfere with ongoing enforcement proceedings and invade the personal privacy of named individuals. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| 339 | ATR 2195 2196 (2) | W | 8/11/05 | Kimberly A. Justice | Wendy Norman, Jeffery Parker and Antonia Hill | E-mails | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 06-003. Internal (running) e-mail communications among staff. A portion of this e-mail contains information identical to that described above in ATR 2194 and is, accordingly, withheld for the same reasons. The additional material in staff's reply reflects investigative information compiled by subordinate for superiors in anticipation of litigation during the course of the ongoing investigation and is exempt from public disclosure pursuant to the attorney work product privilege. The additional material also reflects the name of a confidential source, the disclosure of which could interfere with ongoing enforcement proceedings and invade the personal privacy of the named individual. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| 340 | ATR-2197-2198 (2) | W | 8/11/05 | Jeffrey Parker | Antonia Hill, Robert Connolly, Richard Rosenberg, Laura Heiser, Kimberly A. Justice and Wendy Norman<br><br>Cc: Monica Hamilton (paralegal, Philadelphia Field Office) | E-mails | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 06-003. Internal e-mail communications among staff. A portion of this e-mail contains information identical to that described in ATR-2194–2196 above. It is, accordingly, withheld for the same reasons. The remaining material is staff's reply which reflects superior's opinions and information compiled by subordinate for superiors in anticipation of litigation. That portion of the e-mail is exempt from public disclosure pursuant to the attorney work-product privilege. The additional material also reflects the name of a confidential source, the disclosure of which could interfere with ongoing enforcement proceedings and invade the personal privacy of the named individual. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| 341 | ATR-2199-2200 (2) | W | 8/11/05 | Laura Heiser | Jeffery Parker | E-mails | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 06-003. Internal (running) e-mail communications among staff. A portion of this e-mail contains identical information as described in ATR-2194-2198. It is, accordingly, withheld for the same reasons. The additional material is staff's reply which reflects staff's opinions and information compiled by subordinate for superiors in anticipation of litigation during the course of the ongoing investigation. That portion of the e-mail is exempt from public disclosure pursuant to the attorney work-product privilege. |
| 497 | ATR-4166-4167 (2) (Previously Bates ATR-2715-2716) | W | 8/15/05 | Antonia Hill | Jeffrey Parker | E-mail | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 06-040. Internal e-mail communications among staff. It reflects staffs comments, ideas and thought processes. It is withheld pursuant to the deliberative process privilege because it is pre-decisional and its disclosure could inhibit discussions among staff. It was also created in anticipation of litigation and is withheld pursuant to the attorney work-product privilege. It also contains the |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | identity of a confidential source of information. Disclosure could interfere with the ongoing enforcement proceeding because it could reveal the direction of the investigation. Disclosure could also reveal information exempt from disclosure by stature, which does not provide for discretionary release. |
| 108 | ATR-564-565 (2) | W | 8/26/05 | Jeffrey Parker | Joseph Muoio | E-mail | (b)(5), (7)(A), (7)(C), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 05-131. Internal e-mail containing staff's thought processes, deliberations, opinions, and potential direction of the ongoing investigation. Disclosure could reasonably be expected to interfere with the ongoing enforcement proceeding. It reflects staff's deliberative process and attorney work-product, and its disclosure could stifle frank and open discussions. It contains the identity of a subpoena recipient and a possible subpoena recipients, disclosure of which could reasonably be expected to constitute an unwarranted invasion of personal privacy and a violation |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | of Rule 6(e) of Federal Rules of Criminal Procedure. |
| 479 | ATR-**4067** (1) **(Previousl y Bates ATR-** 2616) | W | 8/29/05 | Robert Connolly | Withheld | E-mail | (b)(7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 06-040. An e-mail confirming appointment to meet. Its release could reveal the identity of a confidential source of information and invade the individual's privacy. Disclosure could harm the Division's ongoing investigation because it could reveal the identity of a probable witness. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| 489 | ATR-**4139-4140** (2) **(Previously Bates ATR-**2688-2689) | W | 8/31/05 | Robert Connolly | Antonia Hill, Wendy Norman, Kimberly Justice, Richard Rosenberg, Jeffrey Parker, Laura Heiser and Melissa Lenzi | E-mail | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 06-040. Internal e-mail with attached questions from superior to subordinates discussing up coming meeting with an outside party and requesting input from staff re: additional questions. It is withheld pursuant to the deliberative process privilege because it is predecisional and reflects the exchange of views among staff. It contains the identity of a confidential source. Release could reasonably be expected to constitute an unwarranted invasion of the individual's personal privacy. Disclosure could also interfere with the ongoing enforcement proceeding by revealing the identity of possible grand jury witnesses. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| 502 | ATR-4172 (1) (Previously Batyes ATR-2721) | W | 8/31/05 | Wendy Norman | Antonia Hill, Kimberly Justice, Richard Rosenberg and Laura Heiser Cc: Wendy Norman | E-mail | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 06-040. Internal e-mail communication relaying information from section chief to staff regarding information obtained from a confidential source. The e-mail was created in anticipation of litigation. It also reflects discussions regarding possible issuance of a grand jury subpoena. Disclosure could reasonably be expected to interfere with ongoing enforcement proceeding because it could reveal the direction of the investigation and interfere with a possible witness. |
| 500 | ATR-4170 (1) (Previously Bates ATR-2719) | W | 9/6/05 | Robert Connolly | Piles | Memorandum to the File | (b)(5), (7)(A), (7)(C), (7)(D) and (b)(3) and Fed. R. Crim. P. 6(e) | 06-040. Internal memorandum created for the ongoing investigation file, summary of meeting with a confidential source and the information provided by the source. It also reflects discussions regarding subpoenaed documents. Disclosure could reasonably be expected to reveal the identity of the individual and interfere with his privacy. Disclosure could reasonably be expected to interfere |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | with ongoing enforcement proceeding by identifying a possible witness and revealing the direction of the grand jury investigation and litigation. |
| 503 | ATR-4173 (1)<br><br>(Previously Bates ATR-2722) | W | 9/14/05 | Robert Connolly | Antonia Hill, Wendy Norman, Kimberly Justice and Richard Rosenberg | E-mail | (b)(5), (7)(A), (7)(C), (7)(D), (b)(3) and Rule 6(e) of Fed. R. Crim. P. | 06-040. Internal e-mail from superior advising staff on his call about possibly serving a subpoena on a third party. Disclosure could reasonably be expected to interfere with the ongoing enforcement proceeding because it could reveal the direction of the investigation; identity a confidential source of information; and a possible witness. In addition, disclosure could reasonably be expected to invade the personal privacy of the individual. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| 501 | ATR-4171 (1) (Previously Bates ATR-2720) | W | 9/19/05 | Wendy Norman | Antonia Hill, Kimberly Justice, Richard Rosenberg, Laura Heiser, Melissa Lenzi and Nakku Chung (paralegal, Philadelphia Pield Office) Cc: Beth Fuhrhop and Wendy Norman | E-mail | (b)(5), (7)(A), (7)(C) and (7)(D) | 06-040. Internal e-mail among staff reflecting information provided by a confidential source. It was created in anticipate of litigation and is, therefore, exempt pursuant to the attorney work product privilege. It is withheld pursuant to the deliberative process because release could inhibit open discussions among staff. Its release could reasonably be expected to interfere with the ongoing enforcement proceeding, reveal the direction of the ongoing grand jury investigation and litigation and interfere with a possible witness. |
| 372 | ATR-2346 (1) | W | 10/20/05 | Scott Hammond | Belinda Barnett | E-mails | (b)(5) and (7)(A) | 06-019 and 06-038. An internal e-mail to a superior and a subordinate conveying advice about statement regarding leniency, withheld pursuant to the deliberative process privilege. Its release could reasonably be expected to interfere with the ongoing grand jury investigation and litigation. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| 382 | ATR-2363 (1) | W | 10/20/05 | Scott Watson, Chief, Cleveland Field Office | Belinda Barnett | E-mail | (b)(5) | 06-0l9 and 06-038. Internal e-mail from subordinate to superior requesting opinions and advice regarding upcoming presentation. Document is exempt from disclosure pursuant to the deliberative process privilege because it reflects the exchange of opinions and suggestions. |
| 383 | ATR-2364-2365 (2) | W | 10/20/05 | Scott Watson | Belinda Barnett | E-mail | (b)(5) and (7)(A) | 06-019 and 06-038. Internal e-mails reflecting exchange of suggestions and opinions in connection with upcoming presentation/speech and hence exempt from disclosure pursuant to the deliberative process privilege. E-mails include language from document Bates Nos. ATR-2357-2359, as well as language from Bates Nos. ATR-2337-2338. The draft material reflects information relating to an ongoing grand jury investigation and litigation, and its release could reasonably be expected to interfere with those proceedings. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| 385 | ATR-2368 (1) | W | 10/20/05 | Ann O'Brien | Belinda Barnett | E-mail | (b)(5) and (7)(A) | 06-019 and 06-038. Internal e-mail between staff that includes part of the language contained in Bates Nos. ATR 2364-2365. It reflects exchange of suggestions and opinions between staff relating to an ongoing grand jury investigation and litigation, its release could reasonably be expected to interfere with those proceedings. It is also exempt from disclosure pursuant to the deliberative process privilege. |
| 390 | ATR-2376 (1) | W | 10/20/05 | Belinda Barnett | Scott Hammond | E-mail | (b)(5) and (7)(A) | 06-019 and 06-038. Internal e-mail reflecting suggestions to a superior and a subordinate conveying advice about a proposed answer to a possible question at a presentation. Its exempt pursuant to the deliberative process privilege. Its release could reasonably be expected to interfere with the ongoing grand jury investigation and litigation. |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| 384 | ATR-2366-2367 (2) | W | 10/25/05 | Lisa Phelan | Belinda Barnett | E-mail | (b)(5) and (7)(A) | 06-019 and 06-038. Internal e-mail containing language largely duplicative of that included in document Bates Nos. ATR-2364-2365 and withheld for the reasons set forth above for withholding that document. |
| ~~103~~ | ~~ATR-556 (1)~~ | ~~W~~ | ~~12/15/05~~ | ~~Antonia Hill~~ | ~~Robert Connolly, Wendy Norman, Kimberly Justice, Richard Rosenberg, Jeffrey Parker and Richard Hess (Antitrust Div Contract Attorney Manager Information Systems Support~~ | ~~E-mail~~ | ~~(b)(5) and (7)(C)~~ | ~~05-131. Internal e-mail requesting staff to research certain information associated with the ongoing enforcement proceeding. It constitutes attorney work-product and disclosure could reasonably be expected to interfere with ongoing enforcement proceedings. It also identifies third party, the release of whose name could invade his privacy.~~ |

| Control Number | Bates Nos. (Pages) | W R F | Date | Author(s) | Recipient(s) | Title and/or Type of Document | Exemptions | Request to which document is responsive and Justification of Exemption Used |
|---|---|---|---|---|---|---|---|---|
| | | | | | ~~Group)~~ | | | |
| ~~102~~ | ~~ATR-554-555 (2)~~ | ~~W~~ | ~~12/19/05~~ | ~~Robert Connolly~~ | ~~Philadelphia FO Attorneys Antonia Hill, Wendy Norman, Kimberly Justice, Richard Rosenberg, Jeffrey Parker, Laura Heiser and Philadelphia paralegal Melissa Lenzi~~ | ~~E-mail~~ | ~~(b)(5) and (7)(A)~~ | ~~05-131. Internal e-mail between staff containing information associated with, and/or potentially of investigative use, for the ongoing investigation. It constitutes attorney work-product the release of which could interfere with the ongoing enforcement proceeding if disclosed. It also identifies a third party, the release of whose name could invade his privacy.~~ |