# Exhibit 9



**92nd Street Y Family M**
Concerts Designed with Chil
AGES 6-10  STEVEN ISSERLIS  Oct

October 18, 2006 Edition > Section: Editorials > Printer-Friendly Version

# Corporate Leniency

New York Sun Staff Editorial
October 18, 2006
URL: http://www.nysun.com/article/41738

Later this month, the Supreme Court will decide whether to hear arguments in Stolt-Nielsen, S.A., et al., v. United States, and the court's action could have a major impact on the Department of Justice's increasingly aggressive pursuit of corporate crime. The court has an opportunity, if it agrees to take the case, to place another judicial roadblock in front of the abuse of prosecutorial discretion in pursuit of alleged white-collar crime.

The case sitting before the justices centers on Justice's 13-year-old Corporate Leniency Program, under which the antitrust division promises not to prosecute the first company to blow the whistle on antitrust violations in a particular industry. In February 2003, Stolt-Nielsen, a Norwegian company, struck such a deal when it alerted Justice to collusion going on in the parcel tanker industry.

Yet within two months of signing the papers, Stolt-Nielsen was ejected from the program. As one of the conditions for leniency under the program, companies have to agree to stop any illegal practices immediately. Prosecutors charged that Stolt-Nielsen hadn't ended its participation in the collusion scheme when it claimed it had, pointing to the word of a whistleblower within the company.

A tangle of litigation ensued. Once Justice ousted Stolt-Nielsen from the program, the company tried to enforce the deferred prosecution agreement it had signed with government lawyers. It went to a federal district court seeking an order barring prosecutors from indicting the firm. Such orders are rare. Out of respect for separation of powers, courts try to avoid inserting themselves in questions of prosecutorial discretion and won't often interfere in a case against a prosecutor's will until after an indictment has been filed.

ADVERTISEMENT



THE POWER-TO-DO SALE IS ON
Shop now >  NEXTEL only from Sprint

ADVERTISEMENT



Her vision of "Maternity Chic" opened her business

Stolt-Nielsen argued that corporate cases are different. It's bad enough when the government wrongly indicts an individual, but an indictment can destroy a publicly traded company long before the case ever goes to verdict. A federal district judge appointed by President Bush, Timothy Savage, found that the company had lived up to its end of the bargain and barred prosecution. The Third Circuit overturned that ruling, and the circuit court's decision to allow prosecution to proceed is under appeal to the Supreme Court.

This is but the latest occasion to focus attention on federal prosecutors' pursuit of corporate crime. In respect of corporations, the power to indict is the power to destroy, since the mere threat of prosecution can drive away investors, lenders, customers, suppliers, and employees. After Enron, Justice has all too often abused that power. Its case against Arthur Andersen was fatally flawed, the Supreme Court eventually discovered, but that ruling came long after the mere indictment had ended a great accounting company's life.

Then there was the 2003 Thompson Memorandum, in which a deputy attorney general, Larry Thompson, spelled out the steps, such as waiving attorneyclient privilege and hanging former employees out to dry, companies would need to undertake to avoid prosecution. This piece of crack lawyering has won stinging rebukes from a federal judge, Lewis Kaplan, and 10 legal titans from the Carter, Reagan, Clinton, and both Bush administrations.

Stolt-Nielsen's supporters worry that the Nine might pass on the case on a technicality. The appeal is about whether courts can intervene pre-indictment, but an indictment has now been filed. So, in this instance, the justices could conclude that the issue is moot. Never mind that the Justice Department filed the indictment while Stolt-Nielsen's appeal was still pending, in what looks like an attempt to create just such a technicality to deflect the Supreme Court's interest. If that's true it would mean that Justice has perpetrated an even worse abuse in order to avoid a judicial slap-down.

October 18, 2006 Edition > Section: Editorials > Printer-Friendly Version

ADVERTISEMENT

Be more productive instantly. With Nextel* Walkie-Talkie.  
NEXTEL only from Sprint