# Exhibit 13

# COMPETITION LAW360

Portfolio Media, Inc. | 648 Broadway, Suite 200 | New York, NY 10012 | www.law360.com
Phone: +1 212 537 6331 | Fax: +1 212 537 6371 | customerservice@portfoliomedia.com

## Support For Stolt Comes Pouring In

*Monday, September 25, 2006* --- The U.S. Chamber of Commerce and eight other organizations have filed amicus curiae briefs with the U.S. Supreme Court on behalf of Stolt-Nielsen S.A., a Norwegian shipping company that has been charged with bid-rigging by the Department of Justice despite previously signing an amnesty agreement.

In the amnesty agreement, the government promised not to bring charges against the company or its executives for conspiring to fix prices, allocate customers and rig bids on shipping contracts. Stolt was booted out of the government's corporate leniency program, however, for carrying on with its alleged anti-competitive behavior for a longer period than it had originally admitted.

According to the DOJ, the company was the first to ever have its amnesty revoked.

Now, Stolt wants the Supreme Court to review a decision by the U.S. Court of Appeals for the Third Circuit, which held that the federal courts lack the authority to stop federal prosecutors from bringing a criminal indictment even if an amnesty agreement has been signed.

"In breaching its promises with Stolt-Nielsen, the Department of Justice overstepped any legitimate prosecutorial boundary," said James B. Hurlock of Stolt's Legal Affairs Committee. "These amicus briefs make clear the need for the federal courts to be vigilant in protecting companies and their executives from the Justice Department simply ignoring its own signed agreements."

In one of the amicus briefs, filed Sept. 20 with the Supreme Court, the Washington Legal Foundation, the National Association of Manufacturers and the National Association of Criminal Defense Lawyers said a ruling against Stolt would stop companies from coming forward with evidence of antitrust behavior.

"If businesses discover that they lack legal recourse to ensure that they receive the benefit of their bargains, they will be far less likely to report antitrust violations—thereby hindering enforcement and lessening free-market competition," the document said.

"The demise of Arthur Andersen LLP—despite its ultimate vindication in the criminal courts—well illustrates the crippling effect that pending criminal charges can have on a company's ability to continue as a going concern," it added.

All Content Copyright 2006, Portfolio Media, Inc.                                          1

# COMPETITION LAW360

Also on Sept. 20, the U.S. Chamber of Commerce and the Association of Corporate Counsel added that the courts should be able to enforce amnesty deals and that separation of power questions do not come into play.

"While it is true that as a general principle the Executive Branch has absolute discretion whether to prosecute a case, it is equally true that once the Executive Branch knowingly exercises that discretion by entering into an immunity agreement it is bound to honor the agreement's terms," they said.

The other organizations to file amicus briefs on behalf of Stolt are the New York Council of Defense Lawyers, the Grand Duchy of Luxembourg, the New England Legal Foundation and the International Association of Independent Tanker Owners.

On Sept. 6, a federal grand jury in Philadelphia indicted Stolt-Nielsen, two of its executives and two of its subsidiaries for their role in a bid-rigging scheme in the global carrier industry.

"The indictment charges Stolt-Nielsen and its executives with serious antitrust crimes," said Thomas O. Barnett, assistant attorney general in charge of the DOJ's antitrust division, at the time. "Cracking down on international cartels is the antitrust division's top priority and the division will continue its efforts to aggressively pursue such illegal activity."

The indictment came just a few weeks after the Supreme Court turned down an application that would have preserved an injunction barring government prosecutors from bringing charges against the Norwegian shipping company.

The injunction, issued in January 2005 by a federal district court, prevented criminal prosecution of Stolt and its executives based on an amnesty agreement the transport company had signed with the DOJ's antitrust division in January 2003.

The U.S. Court of Appeals for the Third Circuit reversed that injunction in March, holding that district courts do not have the authority to enjoin the DOJ prior to an indictment. Stolt had requested a stay of that ruling.

But Justice David Souter turned away Stolt's request to stay the ruling without comment, opening the door for federal prosecutors to seek indictments against the company and its executives.

The decision may indicate a pattern. In late July, Justice Souter refused to grant Stolt's emergency petition seeking to temporarily block the government from filing charges against the company.

While the global carrier industry in general has long been the focus of regulators, Stolt's court battle with the DOJ has emerged as a bellwether concerning the fate of the antitrust division's cartel amnesty program.

All Content Copyright 2006, Portfolio Media, Inc.    2

# COMPETITION LAW360

Adopted in 1993, the program has secured over $2 billion in fines, exposed major cartel networks and incarcerated executives with a substantial amount of jail time. The program's success depends in part on the government's ability to foment uncertainty, rivalry and doubt among cartel participants.

The Supreme Court is expected to decide sometime in October whether to hear the case.

Stolt-Nielsen is one of the world's leading providers of transportation services for bulk liquid chemicals, edible oils, acids and other specialty liquids. It is represented in the matter by White & Case LLP.

The Supreme Court case is Stolt-Nielsen et al. v. the United States of America, case no. 06-97/06-A79, in the U.S. Supreme Court.

--By Jesse Greenspan
jesse.greenspan@portfoliomedia.com
--Additional reporting by Bailey Somers