# Exhibit 20



| Home | Commentary and Analysis | New Filings | Orders and Opinions | Multimedia | Term Tracker |

links open new w

« Tuesday's Argument in *Norfolk Southern* v. *Sorrell* | Main | Tomorrow's Argument in *Global Crossing* v. *Metrophones* »

Monday, October 09, 2006

### Moot or live controversy? A case study

Posted by Lyle Denniston at 04:19 PM

A Norwegian shipping company's energetic legal and public relations campaign to stave off a criminal antitrust trial has become a case study in the Supreme Court on the doctrine of mootness. In its simplest form, the mootness question in a case the Court will consider on Oct. 27 turns on whether a criminal indictment of a company that is trying to head off any such charges is enough to moot the company's case, when company executives are still at risk of new but not yet filed charges.

But this case also provides the first test of the Justice Department Antitrust Division's freedom to withdraw a promise of immunity to a company, and then seek to end the controversy over that authority by bringing an indictment and suggesting mootness. The Norwegian firm, Stolt-Nielsen, S.A., is the first company to be drummed out of the Antitrust Division's "Corporate Leniency Program" since that program began in 1993. Thus, the lingering dispute is of signal importance to antitrust law.

The company's pending appeal to the Supreme Court (*Stolt-Nielsen, S.A., et al., v. U.S.,* docket 06-97) seeks -- if the controversy can be kept alive -- to test whether the federal courts have any authority to hear a challenge to such a withdrawal of a promise of leniency. The Third Circuit Court said no; but the company reads a Seventh Circuit Court ruling in 1998 as saying yes. Although there is disagreement between the two sides on just how deep or certain that circuit conflict is, the underlying issue of court review of the withdrawal of immunity seems significant enough that it might attract the Justices' interest.

But the government's suggestion of mootness in the case has complicated Stolt-Nielsen's path to an answer to that separation-of-powers dispute. For more than two years, company attorneys have been pressing their client's cause in the courts. Recently, the company's publicists have been working the press to get its attention as the controversy ran on. The Supreme Court, too, has been in on the preliminaries and now awaits a second turn.

Stolt-Nielsen S.A., once promised no prosecution by the Justice Department's Antitrust Division in return for cooperation, now faces (as do two of its executives and two subsidiaries) charges of a criminal conspiracy to divide up customers, fix prices and rig

RECENT PC
- Tomorrow's Argume
States v. Resendiz-Por
- Tomorrow's Argume
Crossing v. Metrophor
- Moot or live controv
study
- Tuesday's Argument
Southern v. Sorrell
- Court grants two cas
- Round-Up
- Podcast #4 -- Intervie
Linda Greenhouse
- More Questions Pres
- Round-Up
- Briefs in Monday's C

CALENDAR
10/10/2006: Orders; R
Ponce, Global Crossir
Norfolk So. args
10/11/2006: Cunningh
Carey args
10/13/2006: Conferen
10/16/2006: Orders

SEARCH
Search this site:

ARCHIVES
- Archives -

CONTRIBUT
- **Tom**
Tom Goldstein
Partner, Akin Gump
- **Amy**
Amy Howe
Partner, H&R
- **Kevin**
Kevin Russell

bids in a liquids-shipping global market. The indictment came on Sept. 6, from a grand jury sitting in Philadelphia. Thomas O. Barnett, in charge of the Antitrust Division, said in a press release: "Removing a company from the Corporate Leniency Program is not something the Division takes lightly but regrettably was necessary in this case to maintain the integrity of the program, which requires that those in the program provide full and truthful cooperation."

The charges emerged 16 days after the Supreme Court on Aug. 21 had refused to recall and stay the mandate of the Third Circuit Court that permitted the prosecution. A U.S. District Court in Philadelphia had ruled that antitrust prosecution could not proceed; the District Court found that the Antitrust Division "got what it had bargained for" in the no-prosecution agreement, because Stolt-Nielsen had cooperated. The judge expressly disagreed with the Division's claim that the company had breached the bargain.

The Third Circuit never reached the question of whether Stolt-Nielsen had violated the bargain, because the appeals court found the District Court had had no authority to block an indictment. Stolt-Nielsen, if indicted, would have to litigate all over again its claim that it did not violate the deal, the Third Circuit declared. (Samuel A. Alito, Jr., was a member of the Third Circuit panel that heard the case, but was promoted to the Supreme Court before the panel issued its decision; he has not taken part in Supreme Court actions in the case up to now.) *En banc* review was denied.

Stolt-Nielsen then tried to head off the indictment by filing an appeal to the Supreme Court, and seeking to block the Third Circuit ruling in the meantime. The Justice Department opposed that effort, and the stay request failed on Aug. 21 with the full Court's denial, but with Justice Alito recused. The underlying appeal was still pending when the indictment emerged, and the Department did not respond to the appeal until two weeks after the indictment (its time for responding had been extended at its request). The Department then argued that the case had become moot. Stolt-Nielsen, it contended, "makes clear throughout [its petition] that the issue petitioner seeks to raise is whether they are entitled to *pre*-indictment relief in the form of an injunction barring the government from obtaining an indictment against them." (emphasis in original) Even if the case is not moot, the Department went on, "the fact of the indictment weighs strongly against granting" review.

And, the Department said, the issue was not capable of repetition in the future (which could provide an exception to mootness), because "there is no reasonable expectation that petitioners will again be indicted for the anticompetitive conduct encompassed by the indictment, or that the issue of petitioner's entitlement under the agreement to an injunction barring their indictment will again be presented."

Stolt-Nielsen, in its reply a week ago, contended that the case was very much alive. "The Antitrust Division's decision to bring an indictment....while this Court is considering the petition (and, indeed, during the period of an extension granted by the office of the clerk of this Court) does not defeat this Court;s ability to review this case." Should the Court hear it and overturned the Third Circuit, the company contended, the indictment would be wiped out and the District Court ban on injunction would be revived.

The company said that it should not be forced to litigate, for a second time, the issue of whether it broke the agreement. That would be a waste of everybody's resources, it said.
*Partner, H&R*
- Lyle
*Lyle Denniston*

Bravenet Free Counter

And, in what may be its strongest argument for saving the case, Stolt-Nielsen noted that the no-prosecution deal covered not only the company but its directors, officers and employees. The Antitrust Division, it noted, had sent "target letters" to "no fewer than three additional directors, officers, or employees who have not yet been indicted." And, it said, the press release announcing the indictment had said that the investigation was "ongoing." So, it concludes, "the Division's own words confirm that there is at least a 'reasonable expectation' that Stolt-Nielsen's bargained-for rights under the amnesty agreement will be violated again by the Antitrust Division."

The company's efforts to keep the case alive in the Court may be complicated by two factors: first, the Court has a general reluctance to hear pre-trial challenges, and, second, the non-participation of Justice Alito raises at least the theoretical possibility that the Court might wind up split 4-4 on the important separation-of-powers question at stake, resulting in no final resolution of that issue.

DESIGN BY C

## Comments

**Post a comment**

You are not signed in. You need to be registered to comment on this site. Sign in