# Exhibit 3

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF NORTH CAROLINA

CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 3:02CR220-V |
| | ) | |
| v. | ) | Filed: |
| | ) | |
| ROBERT BRADLEY DUTTON, | ) | Violation: 15 U.S.C. § 1 |
| | ) | |
| Defendant. | ) | Judge: Honorable Richard L. Voorhees |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE AMNESTY AGREEMENT

The United States of America, through its attorneys, hereby responds to Defendant's Motion *in Limine* To Exclude Amnesty Agreement. In his motion, the defendant requests that the Court preclude the government from introducing into evidence the Amnesty Agreement entered into between the government and DuPont-Akra Polyester, LLC (DuPont-Akra) and the two joint venture partners in DuPont-Akra, E.I. du Pont de Nemours and Company and Alfa S.A. de C.V.[1] The government intends to introduce the Amnesty Agreement as evidence to make clear to the jury the precise terms of the government's relationship to its witnesses.

I

### THE AMNESTY AGREEMENT IS ANALOGOUS TO A PLEA AGREEMENT AND AS SUCH, SUBJECT TO THE SAME ADMISSIBILITY PRINCIPLES

The government has entered into an Amnesty Agreement with DuPont-Akra. The

---

[1] For simplicity and clarity, all three corporations will be referred to as "DuPont-Akra."

Amnesty program is unique to the Department of Justice Antitrust Division and allows for a corporation or individual to report its participation in Sherman Act violations and attain amnesty from criminal prosecution. Under this program, companies and individuals may approach the Division and apply for immunity from criminal prosecution if they are the first to come forward and fully cooperate.

The Amnesty Agreement with DuPont-Akra obligates the government not to prosecute DuPont-Akra, or their employees for their part in the charged conspiracy, provided they cooperate with the government to prosecute remaining conspirators. Because the nature of the Amnesty Agreement, the obligations of the parties, and the public policy behind the Amnesty Agreement is akin to those of a Plea Agreement, the Amnesty Agreement should be afforded the same considerations regarding its admissibility.

II

### THE GOVERNMENT DOES NOT SEEK TO ADMIT THE AMNESTY AGREEMENT SUBSTANTIVE EVIDENCE OF THE DEFENDANT'S GUILT.

"Guilty pleas or convictions of non-testifying co-defendants or co-conspirators are not admissible as substantive evidence of the defendant's guilt." United States v. Beeks, 55 Fed. Appx. 660, 661 (4th Cir. 2003). In United States v. McEachern the Fourth Circuit held that where the defense counsel indicated the intention to use the plea bargain to show a witness' bias, the government is permitted to present the guilty plea to the jury in its case in chief. United States v. McEachern, 675 F.2d 618, 625 (4th Cir. 1982). When the defense relies upon the existence of a plea bargain to attack the credibility of a witness, it is not then entitled to preclude the jury from being apprised of additional matters relevant to the bargain so as to leave an incorrect inference

that the witness has made a better bargain for himself, than in fact he has made. Id. Moreover, where the defendant plans to impeach a witness by showing the existence of a plea agreement, the government's direct examination need not be restricted to the scope of the defendant's intended cross-examination. Id; United States v. Whitehead, 618 F.2d 523, 529 (4th Cir. 1980).

A plea agreement is admissible to show the extent of a witness' relationship with the government and does not constitute improper bolstering. See generally United States v. Henderson, 717 F.2d 135, 137 (4th Cir. 1983) cert denied. It is generally recognized that the existence of a plea agreement "may be elicited by the prosecutor on direct examination so that the jury may assess the credibility of the witnesses the government asks them to believe." Henderson at 137. Additionally, "[t]he plea agreement may be portrayed fully and placed in context so the jury is not misled about its terms or importance." United States v. Whitehead at 529.

The defendant argues that guilty pleas or convictions of non-testifying co-defendants or co-conspirators are not admissible as substantive evidence of the defendant's guilt on the basis that a defendant may be convicted upon the charges against the co-defendants, rather than upon on individual assessment of the remaining defendant's personal culpability. (Def. Mot. at 3). The defendant is correct on this point; however, the government does not intend to introduce DuPont-Akra's Amnesty Agreement to prove the defendant's guilt. The Amnesty Agreement will only be used to provide the jury a clear understanding of the relationship between the government and its witnesses. In so doing, the jury is able to evaluate the witness' testimony, and adjudge credibility with a full understanding of the protections afforded by the Amnesty Agreement. In addressing a guilty plea's admissibility, the Fourth Circuit has held that, "when a

3

co-conspirator pleads guilty and later testifies, evidence of the guilty plea may be introduced to aid the jury in assessing the witness's credibility." United States v. Beeks, 55 Fed. Appx. 660, 661 (4th Cir. 2003). While the Amnesty Agreement is not an admission of guilt by either DuPont-Akra or its employees, given the protections it affords the company and, more importantly its employees, it creates an inference of guilt meriting treatment analogous to a guilty plea.

In this case, since the government will introduce the testimony of individuals who have non-prosecution protection under the Amnesty Agreement, it is proper and important for the government to bring forth the existence of the details in the Agreement so as to fully inform the jury of the extent of a witness' relationship with the government. The defendant will have an opportunity to cross-examine the witnesses who are parties to the Amnesty Agreement. This provides a procedural safeguard which further lessens the likelihood of unfair prejudice to the defendant. United States v. Blevins, 960 Fed. 1252 (4th Cir. 1992). In his cross-examination the defendant is free to explore the terms of the Agreement with the witnesses and any bias that may result therefrom. In fact, the government believes that the defendant plans to impeach the witnesses by establishing that their testimony is pursuant to an Amnesty Agreement. It is important to note, however, that admissibility of the Amnesty Agreement does not rest upon the defendant's intention to impeach a witness based on the protections the agreement provides. Even if the defendant indicates that he would forego any reference to the Amnesty Agreement to avoid any introduction of the Agreement into evidence, Fourth Circuit case law still permits the government's admission of the Amnesty Agreement. See Henderson at 138 (holding that the government may elicit details of a plea agreement even if the defendant does not indicate he

4

plans to use it for impeachment). Because the Amnesty Agreement is highly probative of the witnesses' credibility and because the defendant will be able to exercise his right of cross-examination, the probative value substantially outweighs the danger of unfair prejudice.

### III

### CONCLUSION

The government does not plan to use the Amnesty Agreement as substantive proof of defendant's guilt. With the availability of procedural safeguards in the form of cross-examination and limiting instructions to the jury, there is little danger that admission of the Amnesty Agreement will result in an unfair advantage to the government, to confusion of issues, or the misleading of the jury. Given these circumstances, the defendant's motion *in limine* should be denied in its entirety.

Respectfully Submitted,

_____

Mitchell R. Chitwood
Assistant Chief
U.S. Department of Justice
Antitrust Division
1601 Elm Street, Suite 4950
Dallas, TX 75201-4717
Tel: (214) 880-9401

5

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF NORTH CAROLINA

CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Criminal No. 3:02CR220-V |
| ) | |
| v. ) | Filed: |
| ) | |
| ROBERT BRADLEY DUTTON, ) | Violation: 15 U.S.C. § 1 |
| ) | |
| Defendant. ) | Judge: Honorable Richard L. Voorhees |

### ORDER

Upon consideration of the Defendant's Motion *In Limine* to Exclude Amnesty Agreement, and the Government's Response, the Defendant's Motion is hereby DENIED.

DONE AND ENTERED THIS _____ day of _____, 2003.


_____
RICHARD L. VOORHEES
UNITED STATES DISTRICT COURT JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF NORTH CAROLINA

CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 3:02CR220-V |
| | ) | |
| v. | ) | Filed: |
| | ) | |
| ROBERT BRADLEY DUTTON, | ) | Violation: 15 U.S.C. § 1 |
| | ) | |
| Defendant. | ) | Judge: Honorable Richard L. Voorhees |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE AMNESTY AGREEMENT

The United States of America, through its attorneys, hereby responds to Defendant's Motion *in Limine* To Exclude Amnesty Agreement. In his motion, the defendant requests that the Court preclude the government from introducing into evidence the Amnesty Agreement entered into between the government and DuPont-Akra Polyester, LLC (DuPont-Akra) and the two joint venture partners in DuPont-Akra, E.I. du Pont de Nemours and Company and Alfa S.A. de C.V.[1] The government intends to introduce the Amnesty Agreement as evidence to make clear to the jury the precise terms of the government's relationship to its witnesses.

I

## THE AMNESTY AGREEMENT IS ANALOGOUS TO A PLEA AGREEMENT AND AS SUCH, SUBJECT TO THE SAME ADMISSIBILITY PRINCIPLES

The government has entered into an Amnesty Agreement with DuPont-Akra. The

---

[1] For simplicity and clarity, all three corporations will be referred to as "DuPont-Akra."

Amnesty program is unique to the Department of Justice Antitrust Division and allows for a corporation or individual to report its participation in Sherman Act violations and attain amnesty from criminal prosecution. Under this program, companies and individuals may approach the Division and apply for immunity from criminal prosecution if they are the first to come forward and fully cooperate.

The Amnesty Agreement with DuPont-Akra obligates the government not to prosecute DuPont-Akra, or their employees for their part in the charged conspiracy, provided they cooperate with the government to prosecute remaining conspirators. Because the nature of the Amnesty Agreement, the obligations of the parties, and the public policy behind the Amnesty Agreement is akin to those of a Plea Agreement, the Amnesty Agreement should be afforded the same considerations regarding its admissibility.

## II

### THE GOVERNMENT DOES NOT SEEK TO ADMIT THE AMNESTY AGREEMENT SUBSTANTIVE EVIDENCE OF THE DEFENDANT'S GUILT.

"Guilty pleas or convictions of non-testifying co-defendants or co-conspirators are not admissible as substantive evidence of the defendant's guilt." United States v. Beeks, 55 Fed. Appx. 660, 661 (4th Cir. 2003). In United States v. McEachern the Fourth Circuit held that where the defense counsel indicated the intention to use the plea bargain to show a witness' bias, the government is permitted to present the guilty plea to the jury in its case in chief. United States v. McEachern, 675 F.2d 618, 625 (4th Cir. 1982). When the defense relies upon the existence of a plea bargain to attack the credibility of a witness, it is not then entitled to preclude the jury from being apprised of additional matters relevant to the bargain so as to leave an incorrect inference

2

that the witness has made a better bargain for himself, than in fact he has made. Id. Moreover, where the defendant plans to impeach a witness by showing the existence of a plea agreement, the government's direct examination need not be restricted to the scope of the defendant's intended cross-examination. Id; United States v. Whitehead, 618 F.2d 523, 529 (4th Cir. 1980).

A plea agreement is admissible to show the extent of a witness' relationship with the government and does not constitute improper bolstering. See generally United States v. Henderson, 717 F.2d 135, 137 (4th Cir. 1983) cert denied. It is generally recognized that the existence of a plea agreement "may be elicited by the prosecutor on direct examination so that the jury may assess the credibility of the witnesses the government asks them to believe." Henderson at 137. Additionally, "[t]he plea agreement may be portrayed fully and placed in context so the jury is not misled about its terms or importance." United States v. Whitehead at 529.

The defendant argues that guilty pleas or convictions of non-testifying co-defendants or co-conspirators are not admissible as substantive evidence of the defendant's guilt on the basis that a defendant may be convicted upon the charges against the co-defendants, rather than upon on individual assessment of the remaining defendant's personal culpability. (Def. Mot. at 3). The defendant is correct on this point; however, the government does not intend to introduce DuPont-Akra's Amnesty Agreement to prove the defendant's guilt. The Amnesty Agreement will only be used to provide the jury a clear understanding of the relationship between the government and its witnesses. In so doing, the jury is able to evaluate the witness' testimony, and adjudge credibility with a full understanding of the protections afforded by the Amnesty Agreement. In addressing a guilty plea's admissibility, the Fourth Circuit has held that, "when a

co-conspirator pleads guilty and later testifies, evidence of the guilty plea may be introduced to aid the jury in assessing the witness's credibility." United States v. Beeks, 55 Fed. Appx. 660, 661 (4th Cir. 2003). While the Amnesty Agreement is not an admission of guilt by either DuPont-Akra or its employees, given the protections it affords the company and, more importantly its employees, it creates an inference of guilt meriting treatment analogous to a guilty plea.

In this case, since the government will introduce the testimony of individuals who have non-prosecution protection under the Amnesty Agreement, it is proper and important for the government to bring forth the existence of the details in the Agreement so as to fully inform the jury of the extent of a witness' relationship with the government. The defendant will have an opportunity to cross-examine the witnesses who are parties to the Amnesty Agreement. This provides a procedural safeguard which further lessens the likelihood of unfair prejudice to the defendant. United States v. Blevins, 960 Fed. 1252 (4th Cir. 1992). In his cross-examination the defendant is free to explore the terms of the Agreement with the witnesses and any bias that may result therefrom. In fact, the government believes that the defendant plans to impeach the witnesses by establishing that their testimony is pursuant to an Amnesty Agreement. It is important to note, however, that admissibility of the Amnesty Agreement does not rest upon the defendant's intention to impeach a witness based on the protections the agreement provides. Even if the defendant indicates that he would forego any reference to the Amnesty Agreement to avoid any introduction of the Agreement into evidence, Fourth Circuit case law still permits the government's admission of the Amnesty Agreement. See Henderson at 138 (holding that the government may elicit details of a plea agreement even if the defendant does not indicate he

4

plans to use it for impeachment). Because the Amnesty Agreement is highly probative of the witnesses' credibility and because the defendant will be able to exercise his right of cross-examination, the probative value substantially outweighs the danger of unfair prejudice.

### III

### CONCLUSION

The government does not plan to use the Amnesty Agreement as substantive proof of defendant's guilt. With the availability of procedural safeguards in the form of cross-examination and limiting instructions to the jury, there is little danger that admission of the Amnesty Agreement will result in an unfair advantage to the government, to confusion of issues, or the misleading of the jury. Given these circumstances, the defendant's motion *in limine* should be denied in its entirety.

Respectfully Submitted,

_____
Mitchell R. Chitwood
Assistant Chief
U.S. Department of Justice
Antitrust Division
1601 Elm Street, Suite 4950
Dallas, TX 75201-4717
Tel: (214) 880-9401

5

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF NORTH CAROLINA

CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Criminal No. 3:02CR220-V |
| ) | |
| v. ) | Filed: |
| ) | |
| ROBERT BRADLEY DUTTON, ) | Violation: 15 U.S.C. § 1 |
| ) | |
| Defendant. ) | Judge: Honorable Richard L. Voorhees |

### ORDER

Upon consideration of the Defendant's Motion *In Limine* to Exclude Amnesty Agreement, and the Government's Response, the Defendant's Motion is hereby DENIED.

DONE AND ENTERED THIS _____ day of _____, 2003.

_____
RICHARD L. VOORHEES
UNITED STATES DISTRICT COURT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Criminal No. 3:02CR220-V |
| ) | |
| v. ) | Filed: |
| ) | |
| ROBERT BRADLEY DUTTON ) | Violation: 15 U.S.C. § 1 |
| ) | |
| Defendant. ) | Judge: Honorable Richard L. Voorhees |

## CERTIFICATE OF SERVICE

This is to certify that on the __15__ day of September, 2003, a copy of the foregoing Government's Response to Defendant's Motion in Limine to Exclude Amnesty Agreement has been sent via facsimile and mailed to:

Mark T. Calloway, Esquire
ALSTON & BIRD LLP
Bank of America Plaza
101 South Tryon Street, Suite 4000
Charlotte, NC 28280-4000

E. Bart Daniel, Esquire
Seven State Street
Charleston, SC 29401

Matthew R. Hubbell, Esquire
Seven State Street
Charleston, SC 29401

Attorneys for Defendant

_____
Mitchell R. Chitwood, Attorney
U.S. Department of Justice
Antitrust Division
401 West Trade Street, B-1 West
Charlotte, NC 28202
(704) 372-0152